UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION _____/ | No. M 02-1486 PJH<br><br>**FURTHER CASE MANAGEMENT ORDER** |

All parties appeared before this court for a further case management conference (sixth) on July 14, 2005.

**Pretrial Order No. 1**

The court granted the request of all indirect purchasers for relief from Pretrial Order No. 1, to the extent that this group of plaintiffs shall have its own consolidated complaint and leadership structure separate from those of the direct purchaser group. Thus, this matter will proceed with two distinct groups comprised of direct purchasers and indirect purchasers. The court defers any decision on whether a third group comprised of direct purchasers making purchases outside of the United States, requires yet a third leadership structure or whether Centerprise shall simply join the existing group of direct purchasers. Direct purchasers shall meet and confer before the next case management conference and advise the court in their case management statements whether a third leadership structure will be required. Indirect purchasers shall meet and confer about their leadership structure and if unable to agree upon one structure, shall submit separate proposals by July 21, 2005. The court will simply select the proposal that appears the most reasonable.

**Discovery**

All discovery is now open subject only to the limitations contained in the stipulated protective order entered into by the parties and the Department of Justice. Although it is not clear to the court that the indirect purchasers took part in the negotiations concerning this

protective order, they are nonetheless bound by it. The discovery schedule submitted by the direct purchasers and the defendants was adopted by the court. The direct purchasers and the defendants shall meet and confer with the indirect purchasers in an attempt to arrive at a similar proposal for discovery with an eye towards avoiding the duplication of discovery events. If a joint stipulation is not possible, any party may submit a proposal concerning discovery procedures for the court's consideration no later than August 12, 2005. To the extent possible, these proposals should also include the parties' suggestions concerning the necessity for any accommodations for the Centerprise plaintiffs. The court expects to revisit Centerprise-related matters at the next case management conference. The court is encouraged by the progress that the parties made in their meetings held before the case management conference and expects the parties to proceed in a similarly cooperative fashion in the future.

**Pretrial Schedule**

The pretrial schedule included in the sixth joint case management statement submitted by the direct purchasers and the defendants, was adopted by the court and shall control the pretrial proceedings and trial as between those parties unless modified by a subsequent order. The parties shall meet and confer about the pretrial schedule for the indirect purchasers and shall submit a stipulation or separate proposals in conjunction with their case management statements prior to the next conference.

**Motions**

All pending motions for remand filed in the indirect purchaser cases will be heard on September 14, 2005 at 9:00 a.m. There are two options for briefing. The court would prefer, but does not order, that a consolidated brief be filed covering all indirect purchasers currently before the court who wish to move for remand back to their respective states, and a consolidated opposition from all defendants. If consolidated briefs are filed, the parties may agree to a briefing schedule as long as it affords the court **at least** two full weeks between the filing date of the reply brief and the hearing date. If the parties for some reason cannot file

2

consolidated briefs, the parties shall submit paper copies of all papers already filed in connection with the pending motions to remand no later than July 29, 2005, because the court does not have hard copies of the papers actually filed before the transferor courts. Additionally, if consolidated briefs are not filed plaintiffs may submit supplemental briefs not exceeding 10 pages, no later than August 19, 2005, and defendants may submit supplemental oppositions not exceeding 10 pages no later than August 26, 2005.

The court also orders the parties to meet and confer and thereafter to clarify the status of the pending motions to remand. There appears to be some inconsistency in the parties' papers concerning in which cases remand has been requested. For the parties' reference, the court's files show that motions to remand have been filed in the following cases: Elias, Kongkham, Kinkade, Greene, Kaplan, and Microprocessor Designs. The court has also been apprised to expect motions to remand in Maher, McKinnon, and Smith, if the cases are consolidated and transferred by the JPML. At the CMC, however, the parties indicated that to the best of their knowledge, the only pending motions for remand were in Kongkham, Kinkade, Greene, and Kaplan. The court requests an update on the status of the remand motions in Elias and Microprocessor Designs (if any were in fact filed), and requests that, if possible, the parties work with the plaintiffs in Maher, McKinnon, and Smith so that if those cases are transferred to this court, additional motions to remand can be disposed of in an expeditious manner. The parties shall inform the court as to these matters in a letter to be filed no later than July 29, 2005.

The hearing on the pending motions to dismiss, currently scheduled for September 14, 2005, is VACATED. The hearing will be rescheduled, if necessary, following resolution of the motions to remand.

//
//
//
//

3

**Further CMC**

The next (seventh) case management conference in this matter will be held on November 3, 2005 at 2:30 p.m.  A joint case management statement shall be filed at least 7 calendar days before the conference, along with the separate proposals referred to above.

**IT IS SO ORDERED.**

Dated: July 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge