1    JOSEF D. COOPER (Cal. S.B. 53015)      TERRY GROSS (Cal. S.B. 103878)
     TRACY R. KIRKHAM (Cal. S.B. 69913)    ADAM C. BELSKY (Cal. S.B. 147800)
2    JOHN J. BOGDANOR (Cal. S.B. 215830)   MONIQUE ALONSO (Cal. S.B. 127078)
     COOPER & KIRKHAM, P.C.             GROSS & BELSKY LLP
3    655 Montgomery Street, 17th Floor      180 Montgomery Street, Suite 2200
     San Francisco CA  94111                San Francisco CA  94104
4    Telephone:  (415) 788-3030           Telephone:  (415) 544-0200
     Facsimile:  (415) 882-7040            Facsimile:  (415) 544-0201
5    jdc@coopkirk.com                   terry@grossbelsky.com

6

7    DAVID BOIES, III                  DANIEL E. GUSTAFSON
     TIMOTHY D. BATTIN             RENAE D. STEINER
8    IAN OTTO                       GUSTAFSON GLUEK PLLC
     STRAUS & BOIES, LLP             725 Northstar East
9    4041 University Drive, Ste. 500       608 Second Avenue South
     Fairfax, VA 22030                 Minneapolis, MN 55402
10   Tel: (703) 764-8700              Tel: (612) 333-8844
     Fax: (703) 764-8704              Fax: (612) 339-6622

11

12   Attorneys for Plaintiffs in Cases Identified Herein
     and Proposed Indirect Plaintiffs' Co-Lead Counsel
13   [Additional attorneys listed on signature page]

14               UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
15                 SAN FRANCISCO DIVISION

16

17   IN RE DYNAMIC RANDOM ACCESS MEMORY      Master File No. M-02-1486-PJH
     (DRAM) ANTITRUST LITIGATION
18                                   MDL No. 1486
     This Document Relates To:
19                                   **MAJORITY INDIRECT**
     *Petro Computer Sys., Inc., et al. v. Micron Technology,*   **PURCHASER PLAINTIFFS'**
20    *Inc., et al.*, No. 3:05-CV-02472 (PJH) (N.D. Cal.);    **APPLICATION FOR ENTRY**
     *Kongkham v. Micron Technology, Inc., et al.*, No. 3:05-  **OF PROPOSED PRETRIAL**
21    CV-02013 (PJH) (N.D. Cal.); *Elias v. Micron*       **ORDER NO. 2 GOVERNING**
     *Technology, Inc., et al.*, No. 3:05-CV-00475 (PJH) (N.D.  **INDIRECT PURCHASER**
22    Cal.); *Weisburgh v. Micron Technology, Inc., et al.*, No.  **ACTIONS**
     3:05-CV-021227 (PJH) (N.D. Cal.); *Greene v. Elpida*
23    *Memory, Inc., et al.*, 3:05-CV-01884 (PJH); *Kinkade v.*
     *Micron Technology, Inc., et al.*, No. 3:05-CV-01883
24    (PJH) (N.D. Cal.); *Kaplan v. Micron Technology, Inc.,et*
     *al.*,  No. 3:05-CV-02907 (PJH) (N.D. Cal.);
25    *Microprocessor Designs, Inc. v. Micron Technology,*
     *Inc., et al*., No. 3:05-CV-02903 (PJH) (N.D. Cal.);
26    *Brown, et al. v. Micron Technology, Inc., et al.*, No. 3:05-
     CV-02701 (PJH) (N.D. Cal.); *Pritchett, et al. v. Micron*
27    *Technology, Inc.*, et *al*., No. 3:05-CV-02825 (MEJ) (N.D.
     Cal.)

28

    57163.1

1    Pursuant to the Court's "Further Case Management Order" (July 19, 2005), the

2    Indirect Purchaser Plaintiffs in eight of the ten indirect purchaser actions currently before this

3    Court[1] respectfully submit this Memorandum of Law in support of their Application for Entry of

4    [Proposed] Pretrial Order No. 2 ("PTO 2"), governing the organization of plaintiffs' counsel for

5    indirect purchaser claims.

6    As discussed below, some of the plaintiffs' counsel submitting this proposal are

7    counsel on state court actions that currently have motions for remand to state court pending

8    before this Court.  These counsel are also the attorneys in other indirect purchaser cases currently

9    before, or expected to be transferred to, this Court, for which no remand motion is expected to be

10    filed.  In addition, counsel are in discussions with defendants' counsel to resolve the status of

11    those cases in which remand motions have been filed.

12    **I. INTRODUCTION AND FACTUAL BACKGROUND**

13    The indirect purchaser attorneys currently or expected to come before this Court

14    fall into three groups:  (1) the California counsel who filed the *Petro Computer* action in this

15    Court on June 17, 2005, on behalf of a nationwide class of indirect purchasers (the "*Petro*

16    *Computer* Group"), and who, beginning three years ago in August 2002, filed the first indirect

17    purchaser actions on behalf of a 50-state class under California law in California Superior Court,

18    which cases have been coordinated in the San Francisco Superior Court; (2) the group of counsel

19    who, beginning in 2004, filed at least 41 state indirect purchaser class actions in 25 states under

20    each state's antitrust/consumer protection laws, seven of which have been removed to this Court

21    (the "Multistate Indirect Purchaser Group"); and (3) those counsel who recently filed cases

22    mirroring the *Petro Computer* action in this Court, and who previously had minimal or no

23

---

24    [1]   These cases are:  *Petro Computer Sys., Inc., et al. v. Micron Technology, Inc., et al.*, No. 3:05-CV-02472 (PJH) (N.D. Cal.) ("*Petro Computer*"); *Kongkham v. Micron Technology, Inc., et al.*,
25    No. 3:05-CV-02013 (PJH) (N.D. Cal.) ("*Kongkham*"); *Elias v. Micron Technology, Inc., et al.*, No. 3:05-CV-00475 (PJH) (N.D. Cal.) ("*Elias*"); *Weisburgh v. Micron Technology, Inc., et al.*,
26    No. 3:05-CV-01227 (PJH) (N.D. Cal.) ("*Weisburgh*"); *Greene v. Elpida Memory, Inc., et al.*, No. 3:05-CV-01884 (PJH) ("*Greene*"); *Kaplan v. Micron Technology, Inc., et al.*, No. 3:05-CV-02907
27    (PJH) (N.D. Cal.) ("*Kaplan*"); *Microprocessor Designs, Inc. v. Micron Technology, Inc., et al.*, No. 3:05-CV-02903 (PJH) (N.D. Cal.) ("*Microprocessor Designs*"); and *Kinkade v. Micron*
28    *Technology, Inc., et al.,* No. 3:05-CV-01883 (PJH) (N.D. Cal.) ("*Kinkade*").

57163.1                                                        2

1    involvement with indirect purchaser cases.

2           This proposal is being submitted jointly by counsel in the first two groups.  These

3    counsel have been involved for years in prosecuting indirect purchaser claims concerning DRAM,

4    and enjoy the support of counsel in every indirect purchaser action pending before this Court and

5    state courts across the country except those filed by Hallisey & Johnson ("Hallisey") and

6    Bonsignore & Brewer ("Bonsignore").

7           A.      The *Petro Computer* Group

8           The Indirect Purchaser Plaintiffs in *Petro Computer* filed a complaint against the

9    defendant DRAM manufacturers[2] on behalf of themselves and all others similarly situated,

10   alleging:  (1) violations of the Sherman Act (15 U.S.C. §1) for which injunctive relief is sought;

11   (2) claims under the California Cartwright Act (Cal. Bus. & Prof. Code §16700 *et seq*.) and

12   claims under the California Unfair Competition Law (Cal. Bus. & Prof. Code §17200 *et seq*.) on

13   behalf of indirect DRAM purchasers in all 50 states; (3) violations of the antitrust laws of 22

14   states; (4) violations of the consumer protection/unfair competition laws in 22 states; and

15   (5) unjust enrichment.

16          The *Petro Computer* action was the first suit filed directly in this or any other

17   federal court on behalf of indirect purchasers.  It was filed by the 17 California law firms who had

18   previously brought the *DRAM Cases*, J.C.C.P. No. 4265 (San Francisco Superior Court), a

19   coordinated proceeding involving California antitrust and consumer protection claims brought on

20   behalf of indirect purchasers in all 50 states.  Those California coordinated cases were the first

21   indirect purchaser actions filed in any forum in connection with claims for price-fixing of DRAM,

22   having been commenced three years ago.  In the California coordinated proceedings, the

23   defendants have produced all discovery and documents produced to the direct purchaser plaintiffs

24

25   _____
     [2]   These defendants are the same defendants sued by the direct purchasers now before this Court:
     Micron Technology, Inc.; Micron Semiconductor Products, Inc.; Infineon Technologies AG;
26   Infineon Technologies North America Corp.; Hynix Semiconductor, Inc.; Hynix Semiconductor
     America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Mosel-Vitelic
27   Corp.; Mosel-Vitelic (USA), Inc.; Nanya Technology Corp.; Nanya Technology Corp. USA, Inc.;
     Winbond Electronics Corp.; Winbond Electronics Corp. America, Inc.; Elpida Memory, Inc.;
28   Elpida Memory (USA), Inc.; and NEC Electronics America, Inc. (collectively "Defendants").

1   in this MDL proceeding, and Plaintiffs' counsel in the California proceeding have been reviewing

2   and analyzing this discovery material.  Cooper & Kirkham, P.C. ("C&K") and Gross & Belsky

3   LLP ("G&B") are Plaintiffs' Co-Liaison Counsel in that proceeding, and are being proposed as

4   two of the Indirect Purchaser Plaintiffs' Co-Lead Counsel here.

5          **B.      The Multistate Indirect Purchaser Group**

6                  After investigating the factual and legal bases for their cases for many months,

7   beginning in October 2004, a number of indirect purchaser plaintiffs in various state jurisdictions

8   began filing, under each state's respective antitrust, consumer protection, and unfair and

9   deceptive trade practices statutes, class actions concerning the price-fixing conspiracy in DRAM.

10  To date, there are 41 indirect purchaser class actions in 25 jurisdictions being prosecuted by the

11  Multistate Indirect Purchaser Group, a group of 45 law firms headed by Straus & Boies, LLP

12  ("S&B") and Gustafson Gluek, PLLC ("GG").  The Multistate Indirect Purchaser Group

13  comprises collectively the vast majority of individual state indirect purchaser actions filed

14  throughout the country, and all but two of them were filed before the passage of the Class Action

15  Fairness Act ("CAFA").[3]

16                 Given the similarity of the conduct alleged in the Multistate Indirect Purchaser

17  Group's actions, the Group has endeavored, where practicable and in the best interests of the state

18  indirect purchaser classes, to coordinate pre-trial matters in an efficient manner.  These efforts

19  include: jointly negotiated agreements with defendants on service of process; establishment of, in

20  cooperation with defendants, uniform response dates to complaints; agreements with defendants

21  regarding coordinated briefing schedules for motions to dismiss based on standing and

22  jurisdictional issues; agreements with defendants on a master protective order for each Multistate

23  Indirect Purchaser Group case and to provide for submission and sharing of discovery; transfer or

24  consolidation of multiple cases pending in the same jurisdictions; retainer of and consultation

25  with various experts to analyze indirect purchaser liability and damages issues; and numerous

26  ─────────────────────
[3]   A list of 36 of the Multistate Indirect Purchaser Group's cases is found in Exhibit A to the
27  "Case Management Conference Statement of Certain Indirect Purchaser Plaintiffs" (July 7, 2005).
    This list does not include S&B's Puerto Rico indirect purchaser action or Gilman & Pastor LLP's
28  four actions in Florida, Massachusetts, New York, and Pennsylvania.

57163.1                                         4

1   negotiations with defendants and other indirect purchaser plaintiffs' counsel on many other

2   coordination issues.  The coordination efforts of the Multistate Indirect Purchaser Group have

3   been ongoing from the inception of their actions.

4            Seven of the Multistate Indirect Purchaser Group's actions are now before this

5   Court: *Kongkham, Elias*, *Weisburgh, Greene, Kaplan, Microprocessor Designs,* and *Kinkade*

6   were removed to federal court and then transferred here.[4]  These state actions assert claims on

7   behalf of indirect purchaser classes under Tennessee (*Kinkade*, *Elias, Greene*), North Carolina

8   (*Kaplan*, *Kongkham*) and Vermont (*Microprocessor Designs*, *Weisburgh*) antitrust/consumer

9   protection laws against the same defendants as the *Petro Computer* action.  The Multistate

10  Indirect Purchaser Group also represents Indirect Purchaser Plaintiffs in two removed actions

11  conditionally transferred to this Court: *Maher v. Micron Technology, Inc., et al*., No. 1:05-CV-

12  00025 (M.D.N.C.) and *Thomas v. Elpida Memory Inc. et al.*, Bourbon County, Kansas, Case No.

13  05CV67, as well as a third action, *Carrero v. Elpida Memory, Inc.*, Civil No. KDO 05-1106

14  (Tribunal de Primera Instancia, San Juan, July 12, 2005), which may eventually be removed and

15  transferred to this Court because it was filed after the enactment of CAFA.[5]  Moreover, the

16  Multistate Indirect Purchaser Group has filed indirect purchaser actions in other jurisdictions, all

17  of which are likely to be removed under CAFA and transferred to this Court.

18       **C.    The Copycat Actions**

19            Subsequent to the filing of the *Petro Computer* complaint, two actions were filed

20  that are largely verbatim copies of the allegations contained in that complaint: *Brown, et al. v.*

21  *Micron Technology, Inc., et al*., No. 3:05-CV-2701 (PJH) (N.D. Cal.) ("*Brown*") and *Pritchett, et*

22  *al. v. Micron Technology, Inc., et al*., No. 3:05-CV-0285 (MEJ) (N.D. Cal.) ("*Pritchett*").

23            *Brown* was filed by the Hallisey law firm on June 30, 2005.  Prior to filing *Brown*,

24  _____

25  [4]   *Kongkham, Elias*, *Weisburgh, Greene, Kaplan, Microprocessor Designs,* and *Kinkade* were
     filed on October 4, 2004, October 15, 2004, October 13, 2004, December 10, 2004, November
     12, 2004, November 22, 2004 and October 29, 2004, respectively.

26
27  [5]   Bonsignore is counsel for the other two indirect purchaser actions pending transfer to this
     Court: *McKinnon, et al. v. Micron Technology, Inc., et al*., No. 2:05-CV-74-GZS (D. Me.) and
     *Smith, et al. v. Micron Technology, Inc., et al*., No. 2:05-CV-099 (D. Vt.), both of which were

28  filed on or around February 18, 2005.

1   Hallisey had no involvement in prosecuting any indirect purchaser action involving DRAM.  In

2   fact, the Hallisey firm is counsel for the *direct purchaser* plaintiffs in these proceedings, although

3   Mr. Hallisey advised the Court at the July 14, 2005 case management conference that he intended

4   to withdraw from that representation.  Mr. Hallisey also advised the Court at that conference that

5   his firm has done *no work* in the DRAM litigation over the last three years.

6          *Pritchett* was filed by the Bonsignore law firm on July 12, 2005, two days before

7   the case management conference.  Previously, on January 20, 2005, Bonsignore had filed a direct

8   purchaser action in this Court (*Axis Microsystems Inc. v. Micron Technology, Inc., et al.*, No.

9   3:05-CV-00290 (PJH)), which was dismissed at the case management conference so that

10  Bonsignore too could pursue claims on behalf of an indirect purchaser class.  Bonsignore also has

11  filed four indirect purchaser cases in Maine, Massachusetts, New Hampshire, and Vermont, the

12  first of which was filed on February 16, 2005.

13         Unlike the *Petro Computer* Group and the Multistate Indirect Purchaser Group,

14  neither Hallisey nor Bonsignore has a history of pursuing the interests of DRAM indirect

15  purchasers, and both lack any substantive or longstanding involvement in these actions.  Instead,

16  both Hallisey and Bonsignore originally represented direct purchaser plaintiffs, which they have

17  just recently abandoned to pursue indirect purchaser cases.  Neither performed any substantive

18  work on behalf of the direct purchaser plaintiffs.

19         **D.      Organizational Meetings of Plaintiffs' Counsel**

20         On July 12-14, 2005, plaintiffs' counsel from all the indirect purchaser actions

21  filed in both federal and state courts met in San Francisco to discuss the efficient organization of

22  plaintiffs' counsel.  At these meetings, the vast majority of counsel agreed to an organizational

23  structure with four Co-Lead Counsel: the two counsel from the *Petro Computer* action (C&K and

24  G&B) who are also co-liaison counsel from the California coordinated proceeding, and two law

25  firms from the Multistate Indirect Purchaser Group (S&B and GG) who have led the litigation on

26  behalf of all counsel in that Group's actions.  This proposed organizational structure also includes

27  a Liaison Counsel (The Law Offices of Francis O. Scarpulla ("Scarpulla")) and an Indirect

28

57163.1                                      6

Purchaser Plaintiffs' Steering Committee ("PSC"), seven members of which come from the *Petro Computer* Group, seven members of which come from the Multistate Indirect Purchaser Group, and the law firm of Gilman & Pastor, LLP.  In addition, both Bonsignore and Hallisey have been offered seats on the Steering Committee, which they have rejected.

## II. THE PROVISIONS OF PROPOSED PTO 2

In order to allow for orderly proceedings and efficient management of the centralized litigation, the moving Indirect Purchaser Plaintiffs now seek entry of PTO 2 pursuant to the Federal Rules of Civil Procedure and the recommendations of the *Manual on Complex Litigation (Fourth)* (2004) ("*Manual*").  PTO 2 would facilitate the efficient management of the indirect purchaser actions identified in the caption to this brief and all subsequently filed or transferred indirect purchaser actions brought before this Court.

PTO 2 provides for the coordination of related indirect purchaser actions and establishment of an organizational structure of Indirect Purchaser Plaintiffs' counsel.  By establishing a method to deal with related actions and designating a specific organization of plaintiffs' counsel, entry of this Order will advance the orderly conduct of the litigation and will result in a substantial time savings for all parties and the Court.  It will also facilitate the coordination of the related state court cases pending across the country.  PTO 2 also provides Defendants with the certainty of knowing that they can efficiently negotiate and address matters of common interest with a discrete group of experienced counsel who speak with the authorization of all plaintiffs' counsel.  Defendants are on record as desiring this coordination and efficiency.  *See* "Defendants' Statement Regarding Indirect Purchaser Plaintiffs' Application for Relief from Amended Pretrial Order No. 1" p.2 (June 17, 2005).

### A. PTO 2 Serves The Interests Of Organization And Efficiency By Providing For Coordination Of Proceedings In These And Any Subsequently Consolidated Actions

Federal Rule of Civil Procedure 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it

57163.1

7

1  may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or

2  delay." Fed. R. Civ. P. 42(a).  PTO 2 achieves this objective.  It contemplates that ten separate

3  actions raising state law claims against defendants that are already pending before this Court be

4  consolidated under a common organizational structure, and that subsequently filed or

5  consolidated indirect purchaser actions be subject to the same structure.

6  **B.  Appointment Of Indirect Plaintiffs' Co-Lead And Liaison Counsel And A**
   **Steering Committee Is In The Best Interest Of The Class**

7

8  PTO 2 also complies with Federal Rule of Civil Procedure 23's criteria governing

9  the appointment of Class Counsel, and the general principles for complex litigation case

10 management set forth in the *Manual*.  The proposed order would establish: (1) four Indirect

11 Plaintiffs' Co-Lead Counsel (two from the *Petro Computer* Group (C&K and G&B) and two

12 from the Multistate Indirect Purchaser Group (S&B and GG)); (2) one Indirect Plaintiffs' Liaison

13 Counsel (Scarpulla); and (3) a 17-firm PSC.  This proposal is fair and inclusive; indeed, Hallisey

14 and Bonsignore are both proposed members of the PSC.[6]

15 Appointment of Co-Lead Counsel who meet Rule 23(g)'s requirements and the

16 assignment of responsibilities to those counsel, as set forth in PTO 2, are consistent with the

17 *Manual's* recommended organizational structure and ultimate goal of achieving "efficiency and

18 economy" in the litigation.  *See Manual,* §10.221.  Federal Rule of Civil Procedure 23(g)(2)(A)

19 specifically authorizes the Court to "designate interim class counsel to act on behalf of the

20 putative class before determining whether to certify the action as a class action."  Rule 23(g)(1)

21 states that the Court must consider the following factors in appointing class counsel: (1) the work

22 counsel has done in investigating potential claims in the action; (2) counsel's experience in

23 handling class actions and complex litigation; (3) counsel's knowledge of applicable law; and (4)

24 the resources counsel will commit to representing the class.

25 The four firms proposed as Indirect Plaintiffs' Co-Lead Counsel all meet the

26 [6]  While there are numerous lawyers listed as counsel on the *Pritchett* complaint, few if any of
   these counsel have had any involvement in either the direct or indirect purchaser DRAM

27 litigation.  Bonsignore is the only lawyer of record in *Pritchett* who has had any prior
   involvement in these actions.  Accordingly, Bonsignore has been offered a seat on the proposed

28 PSC but the active counsel do not believe that any other *Pritchett* lawyer qualifies for the PSC.

57163.1                                          8

1   criteria for class counsel required by Fed. R. Civ. P. 23(g).  As demonstrated by the following

2   brief resumes of the proposed Indirect Purchaser Plaintiffs' Co-Lead Counsel, these attorneys

3   have substantial and extensive experience in complex antitrust litigation, and have successfully

4   represented plaintiffs in antitrust and other complex class action litigation throughout the nation.

5          Josef D. Cooper of C&K is nationally regarded as an expert in antitrust and class

6   action litigation.  Mr. Cooper's career in these areas of the law began immediately upon his

7   graduation from law school, when he became a staff attorney for the Coordinating Committee for

8   Multiple Litigation of the United States Courts.  During that time, he participated in drafting the

9   first edition of the *Manual for Complex Litigation* and the legislation which created the Judicial

10  Panel on Multidistrict Litigation.  Mr. Cooper is listed in the California Business Litigation

11  section of *The Best Lawyers in America*, and is one of only 5,787 lawyers in all practice areas

12  nationwide who has been listed in *Best Lawyers* for more than ten years.  Mr. Cooper is the past

13  chairman of the Private Litigation Committee of the Antitrust Section of the American Bar

14  Association.  He has testified before Congress on proposed legislation, lectured before numerous

15  bar associations and legal organizations, and authored scholarly articles relating to antitrust and

16  class action issues.  For decades, Mr. Cooper has held leadership positions in dozens of class

17  actions that have resulted in billions of dollars in recovery for class members.  For example,

18  beginning in the 1970's he served as:  (1) Plaintiffs' Liaison Counsel in *In re Sugar Industry*

19  *Antitrust Litig.*, M.D.L. No. 201 (N.D. Cal.) (price-fixing actions brought on behalf of private

20  classes of sugar purchasers in the Western United States); (2) Chairman of the Plaintiffs' Briefing

21  Committee in *In re Folding Carton Antitrust Litig.,* M.D.L. No. 250 (N.D. Ill.) (brought on behalf

22  of a national class of folding cardboard box purchasers); and (3) Plaintiffs' Co-Lead Counsel in *In*

23  *re Cement and Concrete Antitrust Litig.,* M.D.L. No. 296 (D. Ariz.) (price-fixing action brought

24  on behalf of a national class of cement purchasers and an Arizona class of ready-mix purchasers).

25  More recently, he has served or is serving as a member of Plaintiffs' Executive Committees in the

26  following cases brought on behalf of indirect purchasers: (1) *Vitamin Cases*, J.C.C.P. No. 4076

27  (San Francisco Superior Court) (price-fixing action brought on behalf of a classes of California

28

57163.1                                          9

1   purchasers of vitamin products; actions settled for $96 million); (2) *Microsoft I-V Cases*, J.C.C.P.

2   No. 4106 (San Francisco Superior Court) (combination-monopolization case brought on behalf of

3   California class of indirect purchasers of Microsoft operating system and applications software;

4   actions settled for $1.1 billion plus attorneys fees and cost and all costs of notice and

5   administration); and (3) *Automobile Antitrust Cases, I, II,* J.C.C.P. Nos. 4298 and 4303 (San

6   Francisco Superior Court) (conspiracy case brought on behalf of California class of indirect

7   purchasers against automobile manufacturers for restricting importation of cars from Canada).

8            Terry Gross is a partner at G&B, a San Francisco law firm with a nationally

9   recognized practice.  Mr. Gross has substantial experience prosecuting and serving in leadership

10  positions in a variety of indirect purchaser antitrust litigations, as well as in consumer fraud and

11  other class actions.  Examples of these cases include: (1) co-liaison in the *Automobile Refinishing*

12  *Paint Cases* (Alameda County Superior Court), a certified class action concerning price-fixing of

13  automobile paint; (2) co-liaison in the *Carbon Fiber Cases* (San Francisco Superior Court), a

14  class action attacking price-fixing in the sale of carbon fiber products; (3) participation in *In re*

15  *Airline Ticket Commission Antitrust Litig.* (D. Minn.), an antitrust action challenging the airlines'

16  reduction of travel agent commissions, which resulted in an $87 million settlement; (4)

17  participation in *Vitamins*; (5) participation in the *Cosmetics Antitrust Litig.* (N.D. Cal. and Marin

18  County Superior Court), which resulted in a $175 million nationwide settlement for price-fixing

19  of prestige cosmetics; (6) a liaison position and a position as Settlement Class Counsel in *Perish*

20  *v. Intel Corp.* (Santa Clara County Superior Court), a successful consumer fraud class action; (7)

21  participation in the *Providian Credit Card Cases*, a consumer fraud class action that resulted in a

22  recovery of $104 million for credit card customers; (8) an Executive Committee position in the

23  *Clergy III Cases* (Alameda County Superior Court), a consolidated proceeding involving all

24  clergy abuse cases against all Roman Catholic dioceses in Northern California; and (9) Lead

25  Counsel in *Manybeads v. United States* (D. Ariz.), a class action involving the elders of the

26  Navajo Tribe.

27            Mr. Cooper and Mr. Gross are also the chief counsel in the California state court

28

1    DRAM actions that have been pending for three years and were the first indirect purchaser

2    DRAM cases filed in the nation.  Courts consider the amount of significant work already done in

3    the case in appointing interim class counsel.  *See, e.g., Harrington v. City of Albuquerque*, 222

4    F.R.D. 505, 520 (D.N.M. 2004); *In re Terazosin Hydrochloride Antitrust Litig.*, 203 F.R.D. 551,

5    554-55 (S.D. Fla. 2001), *vacated on other grounds sub nom. Valley Drug Co. v. Geneva*

6    *Pharmaceuticals, Inc*., 350 F.3d 1181 (11th Cir. 2003).

7           The other two proposed Co-Leads, David Boies III of S&B and Daniel Gustafson

8    of GG, have been prosecuting their respective cases in state courts around the country, and have

9    extensive recent experience successfully leading major multistate indirect purchaser litigation.

10   They have organized a diverse and experienced group of plaintiffs' counsel, have been working

11   closely with experts and witnesses and have coordinated pre-trial matters in their numerous

12   actions with Defendants.  Messrs. Boies and Gustafson's participation in this organizational

13   structure is supported by the Multistate Indirect Purchaser Group's 45 law firms, and will enhance

14   the effectiveness of coordination between the state and federal actions.

15          David Boies, a partner in S&B, has a national reputation as an expert in the areas

16   of indirect purchaser and state court antitrust litigation, for which he has been an invited speaker

17   and panelist for the American Bar Association and other legal organizations.  Mr. Boies has

18   particular expertise in managing complex, multistate litigation and has served in court-appointed

19   leadership positions in numerous antitrust and consumer protection class actions, including

20   recently serving as sole Lead Counsel in coordinated multistate indirect purchaser antitrust class

21   actions against the manufacturers of food additives and the manufacturers of bulk vitamins.  In

22   his capacity as plaintiffs' lead counsel in 23 separate state jurisdictions, Mr. Boies led innovative

23   coordination and alternative dispute resolution proceedings for more than 60 state indirect

24   purchaser actions pending against the bulk vitamins manufacturers, resulting in the then largest

25   recovery ever in state indirect purchaser class actions.

26          Daniel Gustafson is a partner at GG, a Minneapolis law firm with a nationally

27   recognized practice in antitrust, consumer protection and class action litigation.  After his

28

57163.1                                    11

1   graduation with honors from the University of Minnesota law school, Mr. Gustafson served as a

2   law clerk to the Honorable Diana E. Murphy, then of the United States District Court of

3   Minnesota and currently of the Eighth Circuit Court of Appeals.  Mr. Gustafson has extensive

4   experience in indirect purchaser antitrust litigation, including *Infant Formula Antitrust Litig.*

5   (coordinated state court actions; lead trial counsel for Wisconsin action); *Iverson et al. v. Pfizer,*

6   *Inc. et al.* (D. Minn.) (Canadian import prescription drug indirect purchaser action); *Lief et al. v.*

7   *Archer Daniels Midland Co., et al.* (D. Minn.) (coordinated MSG state antitrust actions); *Raz v.*

8   *Archer Daniels Midland Co.* (Minn. 8th Jud. Dist.) (citric acid national indirect purchaser state

9   antitrust litigation); *High Pressure Laminates Antitrust Litig.* (multiple state court indirect

10   purchaser actions); *Vitamins Antitrust Litig.* (Minnesota indirect purchaser antitrust litigation).

11   Mr. Gustafson also has extensive experience in direct purchaser antitrust litigation, including: *In*

12   *re MSG Antitrust Litig.* (D.Minn; co-lead counsel); *In re Wellbutrin SR/ Zyban Direct Purchaser*

13   *Antitrust Litig.* (E.D. Pa.); *SAJ Distributors, Inc., et al. v. SmithKline Beecham Corp. et al.* (E.D.

14   Va.) (Augmentin antitrust litigation); *In re Catfish Antitrust Litig.* (N.D. Miss.); *In re Steel Drums*

15   *Antitrust Litig.* (S.D. Ohio).  Mr. Gustafson is a former president of the Minnesota Federal Bar

16   Association, and currently serves as an adjunct professor at the University of Minnesota Law

17   School.  Mr. Gustafson recently testified before the U.S. Congress' Antitrust Modernization

18   Commission.

19         These Co-Lead Counsel represent Indirect Purchaser Plaintiffs who have raised

20   claims on behalf of indirect purchasers in all 50 states and are supported by 60 other firms, many

21   of whom are themselves highly experienced in antitrust class action practice.  Indeed, many of

22   those other firms could have sought a leadership position, but refrained from doing so in order to

23   achieve a consensus.  The resumes of the proposed lead counsel firms are attached as Exhibits A-

24   D.

25         These four Co-Lead Counsel will not only advance the efficient coordination of

26   the indirect purchaser actions before this Court, but also that of the consolidated California state

27   indirect purchaser action and the Multistate Indirect Purchaser Group's 41 indirect purchaser

28

57163.1            **12**

1  actions pending in this Court and in state courts across the country.  Without the voluntary

2  coordination of these cases pending in other jurisdictions by the Co-Leads and the PSC,

3  coordination of the indirect purchaser actions would fall short of many meaningful economies.

4          To further facilitate the efficient and organized administration of this litigation,

5  PTO 2 would have the Court appoint Mr. Scarpulla as Indirect Plaintiffs' Liaison Counsel, who

6  would be responsible for receiving contact from the Court on behalf of all Indirect Plaintiffs and

7  for ensuring that counsel are served documents pertinent to the litigation.  Mr. Scarpulla has

8  practiced law for almost 40 years and is a recognized authority on California indirect purchaser

9  antitrust and consumer protection practice.  In addition, he has had significant roles in many

10 nationwide federal class action antitrust and consumer protection cases.  Mr. Scarpulla was

11 recently named "Lawyer of the Year" by the California State Bar's Antitrust Section.  As

12 demonstrated by his resume, attached as Exhibit E, Mr. Scarpulla will be able to perform his

13 duties efficiently and competently, thereby facilitating the orderly advancement of this litigation.

14 *See Manual,* §10.221.

15         The *Manual* also supports the creation of steering committees so that disparate

16 groups are given "representation in decisionmaking."  *Id*.  The PSC proposed here fulfills that

17 function.  It includes seven attorneys from the *Petro Computer* Group, seven from the Multistate

18 Indirect Purchaser Group, and the law firms of Gilman & Pastor, LLP, Hallisey and Bonsignore.

19 The 17-member PSC will consult with Co-Leads regarding the conduct of the indirect purchaser

20 litigation.  It is thus as inclusive as possible.

21         Although the PSC is large, similar structures have been used in other antitrust class

22 actions.  In *In re Domestic Air Transportation Antitrust Litig.*, M.D.L. No. 861 (N.D. Ga.), for

23 example, a "Committee of the Whole" was created consisting of one attorney from each case filed

24 in the litigation, as well as a 13-firm Steering Committee led by four co-leads.  A similar

25 "Committee of the Whole" was used in *In re Carbon Dioxide Antitrust Litig.*, M.D.L. No. 940

26 (S.D. Fla.).  Likewise, in *In re Brand Name Prescription Drug Antitrust Litig.*, M.D.L. No. 997

27 (N.D. Ill.), the court appointed a plaintiffs' management structure consisting of four co-leads and

28

57163.1

13

1    a 14-firm Steering Committee.

2              Moreover, the management structure proposed here has the support of counsel in 8

3    of 10 indirect purchaser cases before this Court, as well as the support of counsel in every other

4    DRAM indirect purchaser case throughout the country except those filed by Hallisey and

5    Bonsignore.[7]  This near unanimity is a powerful factor in favor of the proposed Order.  It is

6    recognized that "private ordering" through a consensus of plaintiffs' counsel, subject to court

7    approval, is the usual method through which class counsel are selected.  See *Manual*, §21.272;

8    Third Circuit *Task Force Report on Selection of Class Counsel*, 208 F.R.D. 340, 416 (2002); 3 H.

9    Newberg & A. Conte, *Newberg on Class Actions*, §9:35 at 9-95 (4th ed. 2002).  Courts have

10   recognized this point as well.  For example, in an order issued in *In re Foundry Resins Antitrust*

11   *Litig*., No. 2:04-MD-1638 (S.D. Ohio), the court approved a management structure of four co-

12   leads supported by plaintiffs in 16 of 18 consolidated cases, saying that "[s]aid counsel, who have

13   garnered the support of 88% of Plaintiffs, possess the apparent experience, qualifications, and

14   ability to serve effectively as interim co-lead counsel in these proceedings."  Slip op. at 2,

15   attached as Exhibit F.  Likewise, the courts in *In re Electrical Carbon Prods. Antitrust Litig*.,

16   M.D.L. No. 1514 (D.N.J.) and *In re Publication Paper Antitrust Litig*., M.D.L. No. 1631 (D.

17   Conn.) recently approved plaintiffs' case management structures over the objections of a small

18   minority of dissenters.  Additionally, this Court in its May 2, 2003 order, accepted the agreed

19   upon leadership structure proposed by a majority of direct purchaser plaintiffs over that proposed

20   by dissenting plaintiffs, expressly declining to adopt a structure that had not garnered the support

21   of the majority.

22             The moving Indirect Purchaser Plaintiffs have made every effort to gain the

23   support of Hallisey and Bonsignore, to no avail.  They met with both of them repeatedly prior to

24   the July 14 case management conference, and have continued to reach out to Hallisey and

25   _____

26   [7]   The Multistate Indirect Purchaser Group and Bonsignore each have two more cases pending
      transfer to this Court.  If the Court is to consider these additional cases, the moving indirect
27   purchaser plaintiffs' counsel still are counsel for more than 70% of the indirect cases that could
      be in front of this Court, and counsel for more than 90% of all the indirect purchaser actions
28   pending before this Court and various state courts.

1  Bonsignore since then in an effort to reach a consensus on an organizational structure.  Movants

2  have communicated with Hallisey and Bonsignore by telephone and e-mail on a number of

3  occasions since July 14 and have continued to offer them seats on the PSC.  These overtures were

4  rejected.  The *Manual* points out that the ability of counsel seeking a management position in a

5  class action to work cooperatively with others — or the lack thereof — is a factor that weighs in

6  the selection of plaintiffs' lead counsel.  *See Manual*, §10.224; *Northern Indiana Pub. Serv. Co.*

7  *v. Certain Underwriters at Lloyd's London*, 1996 WL 115466 at *1 (N.D. Ind. 1996) (noting

8  (with citations to the *Manual*) how "[a]n attitude by counsel of cooperation [and] professional

9  courtesy" is essential and how counsel need to act in a manner that "will foster and sustain good

10  working relationships among themselves").  Counsel for the Indirect Purchaser Plaintiffs before

11  this Court, except Hallisey and Bonsignore, have amply demonstrated that they have worked and

12  will continue to work cooperatively to effectively advance the litigation.

13          Notwithstanding the objections of Hallisey and Bonsignore, the moving Indirect

14  Purchaser Plaintiffs remain committed to treating these two firms fairly and have included them

15  on the PSC in an attempt to reach a consensus.  The moving Indirect Purchaser Plaintiffs,

16  representing the vast majority of indirect purchaser counsel to have appeared before this Court

17  and in state courts around the country, believe that the PTO 2 represents the fairest and most

18  efficient way to organize, manage and coordinate the indirect purchaser litigation.

19  / /

20  / /

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28

57163.1

1  III. **CONCLUSION**.

2           For the reasons set forth herein, and in order to provide for the orderly, fair, and

3  efficient conduct of these and any related actions, the moving Indirect Purchaser Plaintiffs

4  respectfully request that the Court enter the proposed PTO 2.

5  Dated:  July 21, 2005                              Respectfully submitted,

6

7  Terry Gross (103878)                          Josef D. Cooper (53015)
   Adam C. Belsky (147800)                       Tracy R. Kirkham (69913)
8  Monique Alonso (127078)                       John J. Bogdanor (215830)
   GROSS & BELSKY LLP                            COOPER & KIRKHAM, P.C.
9  180 Montgomery Street, Suite 2200             655 Montgomery Street, 17th Floor
   San Francisco, CA  94104                      San Francisco CA  94111
10 Telephone:     (415) 544-0200                 Telephone:     (415) 788-3030
   Facsimile:     (415) 544-0201                 Facsimile:     (415) 882-7040
11
   By:__/s/ Terry Gross_____                  By:__/s/ Josef D. Cooper_____
12        Terry Gross                                  Josef D. Cooper

13

14 David Boies III                               Daniel R. Gustafson
   Timothy D. Battin                             Renae D. Steiner
15 Ian Otto                                      GUSTAFSON GLUEK, PLLC
   STRAUS & BOIES, LLP                           725 Northstar East
16 4041 University Drive,                        608 Second Avenue South
    Fifth Floor                                  Minneapolis, MN 55402
17 Fairfax, VA 22030                             Telephone:    (612) 333-8844
   Telephone:     (703) 764-8700                 Facsimile:    (612) 339-6622
18 Facsimile:     (703) 764-8704

19 By:___/s/ David Boies_____                   By:__/s/ Daniel R. Gustafson____
        David Boies III                               Daniel R. Gustafson
20

21

22

23

24

25

26

27

28
   57163.1                                  16

1   Francis O. Scarpulla (41059)
LAW OFFICES OF FRANCIS O.
2      SCARPULLA
44 Montgomery Street, Suite 3400
3   San Francisco, CA  94104
Telephone:    (415) 788-7210
4   Facsimile:    (415) 788-0707

5

Craig C. Corbitt (83251)
Christopher T. Micheletti (136446)
Anna C. Conley (226838)
ZELLE, HOFMANN, VOELBEL, MASON &
    GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone:    (415) 693-0700
Facsimile:    (415) 693-0700

6   Michael P. Lehmann (77152)
THE FURTH FIRM LLP
7   225 Bush Street, 15th Floor
Telephone:    (415) 433-2070
8   Facsimile:    (415) 982-2076

9

10

Daniel J. Mogin (95624)
Lisa J. Frisella (216504)
Chad McManamy (225205)
THE MOGIN LAW FIRM, P.C.
110 Juniper Street
San Diego, CA  92101-1502
Telephone:    (619) 687-6611
Facsimile:    (619) 687-6610

11   Robert Green (136183)
Jenelle Welling (209480)
12   GREEN WELLING LLP
235 Pine Street, 15th Floor
13   San Francisco, CA  94104
Telephone:    (415) 477-6700
14   Facsimile:    (415) 477-6710

Peter J. McNulty, (89660)
Daniel S. Glaser (172056)
McNULTY LAW FIRM
827 Moraga Drive
Bel Air, CA  92101-1502
Telephone:    (310) 471-2707
Facsimile:    (310) 472-7014

15   Steven J. Serratore (144252)
Scott Ames (146093)
16   SERRATORE & AMES
1880 Century Park East, Suite 808
17   Los Angeles, CA  90067
Telephone:    (310) 552-9673
18   Facsimile:    (310) 552-9740

Mario N. Alioto (56433)
TRUMP, ALIOTO, TRUMP & PRESCOTT,
    LLP
2280 Union Street
San Francisco, CA  94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679

19   Alan R. Plutzik (77785)
Daniel E. Birkhaeuser (136646)
20   BRAMSON, PLUTZIK, MAHLER &
    BIRKHAEUSER, LLP
21   2125 Oak Grove Road, Suite 120
Walnut Creek, CA  94598
22   Telephone:    (925) 0200
Facsimile:    (925) 945-8792

Joseph M. Patane (72202)
LAW OFFICES OF JOSEPH M. PATANE
2280 Union Street
San Francisco, CA  94123
Telephone:    (415) 563-7200
Facsimile:    (415) 346-0679

23   Shannon P. Cereghino (221438)
FINKELSTEIN, THOMPSON &
24      LOUGHRAN
601 Montgomery Street, Suite 655
25   San Francisco, CA  94111
Telephone:    (415) 398-9800
26   Facsimile:    (415) 398-8704

W. Timothy Needham (96542)
Lynnette D. Chen (172580)
JANSSEN, MALLOY, NEEDHAM,
    MORRISON & REINHOLTSEN, LLP
730 Fifth Street, PO Drawer 1288
Eureka, CA  95501
Telephone:    (707) 445-2071
Facsimile:    (707) 445-8305

27

28

57163.1

17

1   Douglas G. Thompson Jr. (46056)          Alexander M. Schack (99126)
    Mila F. Bartos                           LAW OFFICES OF ALEXANDER M.
2   Finkelstein, THOMPSON & LOUGHRAN            SCHACK
    1050 30th Street, N.W.                   11440 West Bernardo Court, Suite 300
3   Washington, DC  20007                    San Diego, CA  92127
    Telephone:    (202) 337-8000            Telephone:    (858) 485-6535
4   Facsimile:    (202) 337-8090            Facsimile:    (858) 485-0608

5   Richard L. Voelbel                       Ralph B. Kalfayan (133464)
    Richard M. Hagstrom                      KRAUSE, KALFAYAN, BENINK &
6   ZELLE, HOFMANN, VOELBEL, MASON &           SLAVENS
       GETTE LLP                             1010 Second Avenue, Suite 1750
7   500 Washington Avenue South, Suite 4000  San Diego, CA  92101
    Minneapolis, MN  55415                   Telephone:    (619) 232-0331
8   Telephone:    (612) 339-2020            Facsimile:    (619) 232-4019
    Facsimile:    (612) 336-9100
9
    Richard G. Urquhart                      Wyatt B. Durette, Jr.
10  ZELLE, HOFMAN, VOELEL, MASON &           Christine Williams
       GETTE LLP                             DURRETTEBRADSHAW, PLC
11  1201 Main Street, Suite 3000             Main Street Center
    Dallas, TX  75202                        600 East Main Street
12  Telephone:    (214) 742-3000            Twentieth Floor
    Facsimile:    (214) 760-8994            Richmond, VA  23219
13                                           Tel:  (804) 775-6809
                                             Fax: (804) 775-6911
14
    Jeffrey A. Bartos                        Dennis Stewart
15  GUERRIERI, EDMOND, CLAYMAN               HULETT HARPER STEWART, LLP
    & BARTOS, PC                             550 West C Street, Suite 1600
16  1625 Massachusetts Avenue, NW            San Diego, CA 92101
    Washington, DC 20036                     Tel: (619) 338-1133
17  Tel: (202) 624-7400

18  Edward M Gergosian                       Andrew S. Friedman
    Robert Gralewski, Jr.                    Francis J. Balint, Jr.
19  GERGOSIAN & GRALEWSKI, LLP               Patrick J. Van Zanen
    550 West C Street, Suite 1600            BONNETT, FAIRBOURN, FRIEDMAN
20  San Diego, CA 92101                      & BALINT, PC
    Tel: (619) 230-0104                      2901 North Central Avenue, Suite 1000
21                                           Phoenix, AZ 85012-3311
                                             Tel: (602) 274-1100
22
    Van Bunch                                Dennis J. Johnson
23  Michael N. Widener                       Peter J. McDougall
    BONNETT, FAIRBOURN, FRIEDMAN             JOHNSON & McDOUGALL
24  & BALINT, PC                             1690 Williston Road
    57 Carriage Hill                         P.O. Box 2305
25  Signal Mountain, TN 37377                South Burlington, VT 05403
    Tel (423) 886-9736                       Tel:  (802) 862-0030
26

27

28
    57163.1                            18

1   Kevin J. O'Connor                          James F. Wyatt, III
    Patricia J. Kaeding                         WYATT & BLAKE, LLP
2   Paul J. Stancil                             435 East Morehead Street
    LaFOLLETTE GODFREY & KAHN, SC               Charlotte, NC 28202-2608
3   One East Main Street                        Tel:  (704) 331-0767
    P.O. Box 2719                               Fax: (704) 331-0773
4   Madison, WI 53701-2719
    Tel: (608) 284-2600
5
    William F. Patterson, Jr.                   Adam Stein
6   FORMAN, ROSSABI, BLACK, PA                  FERGUSON, STEIN, CHAMBERS,
    3623 North Elm Street, Suite 200            ADKINS,
7   Greensboro, NC 27455                        GRESHAM & SUMTER, PA
    Tel:  (336) 378-1899                        312 West Franklin Street
8                                               Chapel Hill, NC 27516
                                                Tel: (919) 933-5300
9
    Douglas S. Johnston, Jr.                    Mary G. Kirkpatrick
10  BARRETT JOHNSTON & PARSLEY                  LISMAN, WEBSTER, KIRKPATRICK &
    217 Second Avenue North                     LECKERLING, PC
11  Nashville, TN 37201                         P.O. Box 728
    Tel: (615) 244-2202                         Burlington, VT 05402-0728
12                                              Tel:  (802) 862-0030
13  C. Dewey Branstetter, Jr.                   Kenneth G. Gilman
    James G. Stranch III                        Douglas M. Brooks
14  J. Gerard Stranch IV                        GILMAN & PASTOR, LLP
    BRANSTETTER, KILFORE, STRANCH &             60 State Street
15  JENNINGS                                    Boston, MA  02109
    227 Second Ave. North                       Tel:  (781) 231-7850
16  Nashville, TN 37201
    Tel:  (615) 254-8801
17
    David A. Freedman                           Michael Simon
18  Joseph Goldberg                             Kevin Pearl
    FREEDMAN BOYD DANIELS                       FRANKOVITCH, ANETAKIS,
19  HOLLANDER & GOLDBERG, PA                    COLANTONIO & SIMON
    20 First Plaza, Suite 700 (87102)           337 Penco Road
20  P.O. Box 25326                              Weirton, WV 26062
    Albuquerque, NM 87125                       Tel: (304) 723-4400
21  Tel: (505) 842-9960

22                                              Attorneys for Indirect Purchaser Plaintiffs
                                                   Identified Herein
23

24

25

26

27

28
    57163.1                              19

# EXHIBIT A

# COOPER & KIRKHAM, P.C.

## Firm Resume

## July 2005

Cooper & Kirkham specializes in complex commercial litigation representing both plaintiffs and defendants, and has extensive experience and expertise in antitrust, unfair competition, securities fraud and class action litigation.  The firm has represented many substantial businesses, governmental bodies and individuals, including Safeway Stores, Inc., Oakland Tribune, Inc., Bandag, Inc., MacFARMS International, Inc., Gold Fields Mining Company, The Bank of New England, The Gas Company (Honolulu, Hawaii), Pankow Builders, Inc., Westbrae Natural Foods, Inc., The San Francisco Bay Guardian, Carnation, Inc., United States Surgical Corp., Alfa Romeo, Inc., Borden, Inc., the States of Nevada, Arizona and Oregon, the City and County of Honolulu, Hawaii, the City of Austin, Texas, Contra Costa County, California and Yeung Chi Shing Estates, Ltd. (H.K.) and its United States affiliates. Cooper & Kirkham has also held the positions of Lead and Liaison Counsel and/or served on the Plaintiffs' Steering Committee in numerous antitrust and securities class actions which resulted in billions of dollars in recovery for class members.

The following is a brief description of the education and background of the partners in the firm:

**Josef D. Cooper:**  Mr. Cooper graduated from The University of Chicago Law School in 1964, and was admitted to practice in the State of Illinois in that year.  He has also been admitted to practice in the States of Hawaii (1967) and California (1972), and before numerous federal courts, including the Northern District of Illinois (1964), Seventh Circuit Court of Appeals (1964), District of Hawaii (1967), Ninth Circuit Court of Appeals (1967), United States Supreme Court (1972), Southern District of California (1973) and Northern District of California (1973).

After graduating from law school, he became a staff attorney for the Coordinating Committee for Multiple Litigation of the United States Courts from June 1964 to February 1969. As such, he participated in drafting the first edition of the Manual for Complex Litigation and the

legislation to permit the transfer of actions among federal districts for pretrial purposes (which was enacted as Title 28 U.S.C. Section 1407).  In 1966, the Committee assigned him to serve as a Special Assistant to the Honorable Martin Pence, United States District Court Judge, District of Hawaii, who was presiding over the *West Coast Pipe Litigation*, the first consolidated pre-trial proceedings conducted by a single judge for a group of related actions pending in numerous federal district courts.

Upon leaving Judge Pence in March 1969, Mr. Cooper entered private practice.  Since then, he has specialized in complex business and class action litigation, particularly in the antitrust, securities fraud and energy regulation areas of practice.  Upon entering private practice, he was first associated with the Chicago law firm of Freidman & Koven.  In August 1972, he relocated to San Francisco, California and at all times thereafter he has either been the sole principal or the senior partner of the firm which is now known as Cooper & Kirkham, A Professional Corporation.

Mr. Cooper is the past chairman of the Private Litigation Committee of the Antitrust Section of the American Bar Association, and a past member of the A.B.A. Antitrust Section Monograph Committee.  He has testified before the Judiciary Committee of the United States Senate on proposed legislation to reverse the Supreme Court's decision in *Illinois Brick Company v. State of Illinois*, 431 U.S. 720 (1977), and on proposed legislation to establish a right to contribution among antitrust defendants.  He has lectured before The American Bar Association (Antitrust and Litigation Sections), The Practicing Law Institute, the New York Law Journal, the Association of Trial Lawyers of America and the California Trial Lawyers' Association.  He has also participated in the American Bar Association National Institutes on "Preventative Antitrust" and the "Use of Computers in Litigation."  He is the author of:  "Structuring the Antitrust Case," 15 *Trial*  30, April, 1979; co-author with Kirk A. McKinney of "Fifth Amendment Rights in Private Treble Damage Litigation," 48 Antitrust L.J. 1381 (1980); co-author with Tracy R. Kirkham of "Class Action Conflicts," 7 *Litigation*, No. 2, Winter, 1981; and author of "Settlement Considerations and Attorneys' Fees in Class Actions," 50 Antitrust L.J. (1981).  He also authored and recorded "How To Recognize An Antitrust Case" for the ATLA Cassette-of-

the-Month series in 1981.

Since the 1980's, Mr. Cooper has been listed in the California Business Litigation section of the book, *The Best Lawyers in America*, and is one of only 5,787 lawyers in all specialties nationwide who has been listed in *Best Lawyers in America* for ten years or more.

**Tracy R. Kirkham:** Ms. Kirkham graduated *cum laude* from the Washington College of Law of the American University in 1975, where she received American Jurisprudence awards in Evidence and Civil Procedure, and was admitted to practice in the States of Pennsylvania and New Jersey that year. She has also been admitted to practice in the State of California (1976) and before numerous federal courts including the Northern District of California (1976), Ninth Circuit Court of Appeals (1980) and Central District of California (1981). After graduating from law school, Ms. Kirkham worked as a staff attorney at the Federal Energy Administration and United States Department of Energy. Since entering private practice, she has specialized in complex business and class action litigation, particularly in antitrust, securities and energy regulation. Ms. Kirkham joined Cooper & Scarpulla, a predecessor to Cooper & Kirkham, as an associate in 1975, and practiced as an associate and later as a partner with Mr. Cooper until 1986. She then joined the Los Angeles firm of Hennigan & Mercer. In January 1992, Ms. Kirkham returned to San Francisco to form Cooper & Kirkham, P.C.

As a law student, Ms. Kirkham participated in the writing of "Alternatives to Conventional Adjudication," Volumes I, II and III, by the Institute of Studies in Justice and Social Behavior, The American University, which was published as a report of The National Institute for Law Enforcement, United States Department of Justice, in 1975. She assisted Mr. Cooper in writing "Structuring the Antitrust Case," 15 *Trial* 30, April, 1979, is the co-author with him of "Class Action Conflicts," 7 *Litigation*, No. 2, Winter, 1981, and authored "Taming Documents in Complex Litigation," 5 *The Practical Litigator*, No. 4, July 1994. Ms. Kirkham has also lectured on the subject of computerized document management in litigation before the Association of Trial Lawyers of America and the American Bar Association, Young Lawyer's Division.

## <u>PARTIAL LIST OF MAJOR CASES</u>

The following is a partial list of major commercial actions (class and non-class) in which the firm (or its predecessors) represent or represented the plaintiff(s), a plaintiff class or the defendant(s) since Mr. Cooper opened his practice in San Francisco in 1972:

1.  *San Francisco Bay Guardian v. San Francisco Chronicle, et al.*, 344 F. Supp. 1155 (N.D. Cal. 1971) – Represented plaintiff in action brought against competing newspapers for alleged monopolistic practices.   Settlement obtained for plaintiff.

2.  *In re Gypsum Wallboard Cases*, 1974-2 Trade Cases ¶75, 272 (N.D. Cal. 1974) – Represented national class of governmental bodies in multidistrict price-fixing action. Settlement achieved for class.

3.  *Love's WoodPit Barbecue v. Bell Brand Foods, Inc., et al.*, 1974 (CCH) Trade Cases ¶74,905 (S.D. Cal. 1974) – Represented plaintiff class of restaurants in price-fixing litigation brought against potato processors.   Settlement achieved for class.

4.  *Prescottano v. Koracorp Industries, Inc.* (N.D. Cal.) - Co-lead Counsel representing class of shareholders alleging securities fraud.  Settlement achieved for class.

5.  *Spinetti, et al. v. Atlantic Richfield Company* (N.D. Cal.) – Represented plaintiffs in action brought by petroleum wholesale distributors against their supplier for violations of the federal energy laws.   Settlement achieved for plaintiffs.

6.  *In re Folding Carton Antitrust Litigation* M.D.L. 250 (N.D. Ill.) – Represented national class of folding cardboard box purchasers in price-fixing action.   Settlement achieved for class.

7.  *In re THC Financial Litigation*, 86 F.R.D. 721 (D. Hawaii 1980) - Co-lead Counsel in securities fraud class action brought on behalf of the holders of investment certificates and debentures in THC Financial Corporation.  Settlement achieved for class.

8.  *In re Hawaii Beer Litigation* (D. Hawaii) – Co-lead Counsel in price-fixing action brought on behalf of private classes of beer purchasers in the State of Hawaii. Settlement achieved for class.

9.  *In re Sugar Industry Antitrust Litigation*, M.D.L. 201 (N.D. Cal.) – Plaintiffs' Liaison Counsel in price-fixing action brought on behalf of private classes of sugar purchasers in the Western United States.   Settlement achieved for classes.

10. *Standard Glass Co. v. Universal Waste Control, et al.* (Sup. Ct., Maricopa County, Arizona) – Co-Lead Counsel in price-fixing class action brought on behalf of Phoenix area users of refuse services.   Settlement achieved for class.

11.     *Carr v. Toyota Motor Sales, Inc.* (N.D. Cal.) – Represented plaintiff class in price-fixing class action brought on behalf of purchasers of Toyota motor vehicles in five states. Settlement achieved for class.

12.     *Presidio Golf Club of S.F. v. National Linen Supply Corp.*, 1976-2 (CCH) Trade Cases ¶61,221 (N.D. Cal. 1976) – Represented class in action for antitrust violations in the rental of linen supplies.   Settlement achieved for class.

13.     *Bulzan v. Atlantic Richfield Co.* (620 F.2d 278 (T.E.C.A. 1980)) – Represented plaintiff in action brought by wholesale petroleum distributor against its supplier for violations of federal energy laws.   Settlement achieved for plaintiff.

14.     *City and County of Honolulu v. Hawaii Newspaper Agency, Inc., et al*. (D. Hawaii) – Represented Honolulu and plaintiff class in price-fixing action brought on behalf of all purchasers of advertising in Honolulu daily newspapers.

15.     *Van Vranken, et al. v. The Atlantic Richfield Company*, (N.D. Cal.) – Lead Counsel in action brought on behalf of a class of purchasers of refined petroleum products for price overcharges in violation of federal energy laws.   Trial verdict and settlement of $75 million achieved for class.

16.     *Muller, et al. v. Sambo's Restaurants Inc., et al.* (C.D. Cal.) - Co-lead Counsel in securities fraud action on behalf of class of investors in general partnership restaurant joint ventures.  Settlement achieved for class.

17.     *Evans, et al. v. Circle S Ranch, Inc., et al*. (Sup. Ct., Maricopa County, Ariz.) – Represented class of emotionally disturbed children committed by State to treatment facility in action for violations of their civil rights, assault, and intentional infliction of emotional distress.   Settlement obtained for class during jury trial.

18.     *Richards v. American Veterinary Medical Association, et al.*, SAW (N.D. Cal.) - Represented eleven defendants in a group boycott antitrust action.  Defense verdict obtain at trial.

19.     *In re Arizona Escrow Fee Antitrust Litigation* (D. Ariz.) – Represented plaintiff class in escrow rate-fixing action brought on behalf of purchasers of escrow services in Arizona. Settlement achieved for class.

20.     *Andersen Construction Co. v. The Prescon Corp., et al.* (D. Colo.) – Represented plaintiff class price-fixing action brought on behalf of purchasers of post-tension concrete construction in the Rocky Mountain states.   Settlement achieved for class.

21.     *Safeway Stores, Inc. v. Roblin Industries, Inc., et al*. (N.D. Cal.) – Represented plaintiff price-fixing action brought against manufacturers of shopping carts.   Settlement achieved for plaintiff.

22.     *Burlingame Imports Inc. v. Alfa Romeo, Inc.* (San Mateo, California, Municipal Ct.) – Represented defendant Alfa Romeo for alleged breach of contract and warranty.

23. *Autopacific, Inc. v. Alfa Romeo, Inc.* (San Francisco Municipal Court) – Represented defendant Alfa Romeo for alleged fraud and breach of warranty.

24. *In re Cement and Concrete Antitrust Litigation*, M.D.L. 296 (D. Ariz.) – Co-Lead Counsel in price-fixing action brought on behalf of a national class of cement purchasers and an Arizona class of ready-mix purchasers.   Settlements achieved for classes.

25. *In re Chicken Antitrust Litigation* (N.D. Ga.) - Represented class members Safeway Stores, Inc., The Great Atlantic and Pacific Tea Company, Inc., The Grand Union Company, Jewel Companies, Inc., Winn-Dixie Stores, Inc., and Giant Foods, Inc. in price fixing action against producers of poultry products.   Settlement achieved for class.

26. *In re Corn Derivatives Antitrust Litigation*, M.D.L. 414, (D.N.J.) - Represented class members Safeway Stores, Inc., Lucky Stores, Inc., Great Atlantic and Pacific Tea Co., Carnation Co., The Jewel Companies, Fred Meyer, Inc., and Bonneau Products Co., Inc. in price fixing action against manufacturers of corn derivative products.  Settlement achieved for class.

27. *In the Matter of Safeway Stores, Inc.* (Board of Agriculture, State of Hawaii, and D. Ha.) - Represented Safeway Stores, Inc. in application for a license to sell fresh milk in Hawaii and in related Federal Court action challenging constitutionality of Hawaii regulatory statute.  Statute declared unconstitutional and license obtained.

28. *Contra Costa Medical Systems, Inc. v. County of Contra Costa, et al.* (N.D. Cal.) - Represented defendant county in action alleging that ordinance regulating ambulance services violates the antitrust laws.

29. *Tom Lazio Fish Co. Inc. v. Castle & Cooke, Inc., et al.* (Superior Court San Francisco) - Represented defendant Western Fishboat Owners Association in action for alleged price fixing conspiracy.

30. *Isabel E. Masket v. United States Surgical Corporation, et al.* (Superior Court County of Marin) - Represented defendant U.S. Surgical Corporation in action for breach of contract resulting from dealer termination.

31. *Oakland Tribune, Inc. v. Chronicle Publishing Company, et al.* (N.D. Cal.) - Represented plaintiff newspaper in antitrust monopolization action against competing daily newspapers.   Settlement achieved for plaintiff.

32. *In Re Convergent Technologies Securities Litigation* (N.D. Cal.) - Co-lead Counsel in representation of shareholders in class action alleging fraud in the sale of securities. Settlement achieved for class.

33. *In re Crocker Shareholder Litigation* (N.D. Cal.) - Plaintiffs' Liaison Counsel in securities fraud action by shareholders of Crocker National Bank.   Settlement achieved for class.

34. *In Re UniOil Securities Litigation* (C.D. Cal.) - Represented officer and director

defendants in securities fraud action by shareholder class.   Summary judgment granted for clients.

35.   *In Re Castle & Cooke Derivative Shareholder Litigation* (N.D. Cal.) – Represented shareholders in class action alleging violations of federal securities laws and breach of fiduciary duties of directors arising from stock repurchase and merger agreement. Settlement achieved for class.

36.   *Byrum* v. *Amerco* (D. Ariz.) - Co-lead Counsel in representation of class of purchasers of investment contracts in U-Haul recreational vehicle partnerships.   Settlement achieved for class.

37.   *National Union Fire Insurance Bond Cases* (Los Angeles Superior Court) - Represented class of investors in action alleging violations of federal securities laws and state laws arising out of alleged "ponzi" scheme.   Settlement achieved for class.

38.   *In re MiniScribe Securities Litigation* (D. Colo.) - Co-lead Counsel in securities fraud action by shareholders of MiniScribe Corporation.   Settlement achieved for class.

39.   *Specialty Food Distributors, Inc. v. MacFARMS International, Inc., et al.*  (N.D., Cal.), and *Doris Sternberg, v. MacFARMS International, Inc., et al.*  (California Superior Court) - Represented defendant producer of macadamia nuts in federal and state class actions brought by purchasers of nut products for alleged price-fixing conspiracy; and *McCaffrey v. MacFARMS International, Inc., et al.* (California Superior Court), related suit by ex-employee for wrongful termination.

40.   *In re California X-ray Film Antitrust Litigation*  (California Superior Court) -Plaintiffs' Liaison Counsel in price-fixing action brought on behalf of class of California purchasers of x-ray film products.  Settlement of approximately $4 million achieved for the class.

41.   *In re: Industrial Diamonds Antitrust Litigation* (S.D.N.Y.) - Represented nationwide class of purchasers of industrial diamond products alleging price-fixing conspiracy. Settlement of approximately $25 million in cash plus in kind distribution achieved for the class.

42.   *Sullivan et.al. v. DB Investments, Inc., et.all.,* Civil Action Index No. 04-02819 (SRC) (D. N.J.) and *Anco Industrial Diamond Corp. v. DB Investments, Inc.* (D.N.J.)  Representing class of gem-quality diamond purchasers in actions against De Beers for monopolization and price fixing.

43.   *Millar v. Pearce Systems, et al* . (California Superior Court) – Lead counsel for class of purchasers of securities in initial public offering for alleged violations of state securities laws.  Settlement of approximately $1.3 million achieved for the class.

44.   *Cloverdale Meadows v. Kaiser Sand & Gravel Company, Inc., et al*. (California Superior Court) - Represented class of Northern California purchasers of   concrete and rock products alleging price-fixing conspiracy.  Settlement of $1,175,000 achieved for the class.

45.     *Azizian et. al. v. Federated Department Stores, et. al.* Civ. No. C 03 3359 SBA (N.D. Ca.) and *Coordination Proceeding Special Title (Rule 1550(b)) COSMETICS CASES* (California Superior Court) – Member of Plaintiffs' Executive Committee in an action on behalf of a nationwide class of purchasers of cosmetics products alleging a price-fixing conspiracy.   Settlement of $175 million, plus $24 million in attorneys' fees and costs given final approval by District Court.

46.     *Coordination Proceeding Special Title (Rule 1550(b)) VITAMIN CASES* (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing  action brought on behalf of a class of California purchasers of vitamin products.  Settlement of $96 million achieved for the classes.

47.     *In Re Sorbates Direct Purchaser Antitrust Litigation*, Master File No. C 98-4886 CAL (N.D. Cal.) – Represented class of sorbates purchasers in price-fixing action.  Settlement of approximately $92 million achieved for the class.

48.     *The State Of Oregon, By And Through The Oregon Public Employees Retirement Board v. McKesson HBOC, Inc., et. al.,* Master File No. 307619 (California Superior Court) – Representing governmental entity plaintiff in securities fraud case arising from merger of the McKesson Corporation with HBOC, Inc.

49.     *Coordination Proceedings Special Title (Rule 1550(B), MICROSOFT CASES*, Case No. J.C.C.P. No. 4106 (California Superior Court) – Member of Plaintiffs' Executive Committee in monopolization case brought on behalf of a certified class of indirect purchasers of Microsoft operating system and applications software.  Settlement of $1.1 billion plus $101 million in attorneys' fees and costs approved by Superior Court. Appeal pending.

56.     *Coordination Proceedings Special Title (Rule 1550(B), DRAM CASES*, Case No. J.C.C.P. No. 4265 (California Superior Court) – Liaison Counsel in price-fixing case brought on behalf of a nationwide class of indirect purchasers of random access memory chips.

57.     *Coordination Proceedings Special Title (Rule 1550(B), POLYESTER STAPLE CASES*, Case No. J.C.C.P. No. 4278 (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing case brought on behalf of a California class of indirect purchasers of polyester staple.

58.     *Coordination Proceedings Special Title (Rule 1550(B), AUTOMOBILE ANTITRUST CASES, I ,II,* Case No. J.C.C.P. Nos. 4298 and 4303 (California Superior Court) – Member of Plaintiffs' Executive Committee in price-fixing case brought on behalf of a California class of indirect purchasers.

59.     *Hayward Area Planning Association, et. al. v. Gale Norton, as Secretary of the Interior, et. al.*, Case No. c 00-04211 SI (N.D.Ca.)  - Represented real party in interest Hayward 1900, Inc., the owner and developer of a approximately 1600 acre tract of land on Walpert Ridge in an action brought under the Enviornmental Protection Act challenging the biological opinion and incidental take permits for the project.

60.   *Hayward Area Planning Assoication et. al. v. City of Hayward et. al.*, Case No. 2002069185 (Alameda County Superior Court) - Represented real party in interest Hayward 1900, Inc., the owner and developer of a approximately 1600 acre tract of land on Walpert Ridge in an action brought under the California Environmental Quality Act challenging the City of Hayward's EIR and development agreement with Hayward 1900.

61.   *Fairhaven Power Company v. Encana Corporation, et.al*., Civ. F-04-6256 OWW LJO (E.D. Cal.) – Representing class of purchasers of natural gas in price-fixing action.

# EXHIBIT B

# GROSS & BELSKY LLP

180 Montgomery Street, Suite 2200
San Francisco, California 94104
Tel: (415) 544-0200 | Fax: (415) 544-0201

Gross & Belsky LLP is a general practice, public interest law firm located in San Francisco, California. The firm has earned a national reputation in constitutional, international, intellectual property law, and class actions, deploying creative and winning legal strategies, and high caliber academic and professional achievement.  The firm's work is distinctive and varied, ranging from plaintiffs' class actions for consumer fraud and antitrust violations, complex litigation, intellectual property and Internet law, to media law, including plaintiffs' defamation and privacy, constitutional law and entertainment law, international law and commercial litigation. The firm practices in both trial and appellate courts and has diverse clientele, including foreign governments and national corporations. The bulk of the practice focuses on the representation of individuals and small companies across a spectrum of litigation.


## PRACTICE AREAS

**Class actions**

The firm represents the rights of consumers in class actions, primarily those involving antitrust violations and consumer fraud.  The following are examples of the firm's class action cases:

*DRAM Antitrust Litigation* (California Superior Court, San Francisco; U.S. District Court, San Francisco).  The firm is co-liaison counsel in *The DRAM Cases*, a coordinated class action in San Francisco Superior Court challenging price fixing in the DRAM industry, representing a nationwide class of indirect purchasers.

*The Automobile Refinishing Paint Cases* (California Superior Court, Alameda).  The firm is Co-Liaison Counsel in this certified class action concerning price-fixing of automobile paint.

*The Carbon Fiber Cases* (California Superior Court, San Francisco).  The firm is Co-Liaison Counsel, in a class action attacking price-fixing in the sale of carbon fiber products.

*Microsoft Antitrust Class Action Litigation* (California Superior Court, San Francisco).  An antitrust action based on Microsoft's monopolization of the personal computer operating system and software market, which recovered $1.1 billion for California consumers.

*In re Airline Ticket Commission Antitrust Litigation* (U.S. District Court, D. Minn.).  An antitrust action challenging the airlines' reduction of travel agent commissions, resulting in an $87 million settlement.

*In re Vitamin Cases* (California Superior Court, San Francisco).  An antitrust case that recovered $101 million for California indirect purchasers due to pricefixing in the vitamin industry.

*Cosmetics Antitrust Litigation* (U.S. District Court, N.D. Cal, and California Superior Court, Marin).  A recent $175 million nationwide settlement for pricefixing in prestige cosmetics.

*Automobile Antitrust Cases* (California Superior Court, San Francisco).  A class action against automobile manufacturers asserting claims under the California Clayton Act and the California Unfair Competition Law on behalf of automobile purchasers.

*Smokeless Tobacco Antitrust Litigation* (California Superior Court, San Francisco). A certified class action alleging monopolization in the sale of smokeless tobacco, against the nation's largest manufacturer of moist snuff.

*Polyester Staple Cases* (California Superior Court, San Francisco, Executive Committee). A class action concerning pricefixing in the sale of polyester staple to California consumers.

*Perish v. Intel Corp.* (California Superior Court, Santa Clara). The firm was Liaison Counsel and Settlement Class Counsel in a successful consumer fraud class action.

*Lea v. Pacific Bell* (California Superior Court, San Francisco). The firm is co-lead counsel in a consumer fraud and unfair competition class action concerning misrepresentations as to the price of business voice mail.

*The Providian Credit Card Cases* (California Superior Court, San Francisco). A consumer fraud class action that recovered $104 million for credit card customers due to fraudulent fees collected by the credit card company.

*The Clergy III Cases* (California Superior Court, Alameda). The firm is a member of the five person Executive Committee in this consolidated proceeding involving all clergy abuse cases against all Roman Catholic dioceses in northern California.

*Wisper v. Old Republic Title Company* (California Superior Court, San Francisco). The firm was co-trial and appellate counsel in a consumer class action against a title company for unfair escrow practices, obtaining a $21 million recovery after trial, recently affirmed on appeal.

*Manybeads v. United States* (U.S. District Court, D. Ariz.). The firm was Lead Counsel in this class action involving the elders of the Navajo Tribe, raising free exercise of religion issues to contest forcible relocation from ancestral lands.

*Valencia Vega v. Mallory* (California Superior Court, Sacramento). Class counsel in a successful class action that recovered rent overcharges to migrant workers at state migrant worker centers.

## Constitutional law

The firm represents individuals and companies on constitutional issues, primarily in the areas of free speech, freedom of religion, and due process. The firm is providing pro bono representation of an internet journalist sued by Apple for trade secret misappropriation, even though the journalist was simply reporting newsworthy information lawfully obtained through normal newsgathering techniques, and the firm is seeking dismissal of the lawsuit and sanctions against Apple based on fundamental freedom of the press guarantees. Members of the firm were lead counsel in a First Amendment and equal protection challenge to the large-scale relocation of Navajo elders from their ancestral homelands at Big Mountain, Arizona; successfully challenged Pan American World Airways' policy during the first Gulf War against granting passage to any Iraqi nationals; represented the widow of Salvador Allende, the slain president of Chile, in the first successful challenge to the government's ideological exclusion policy; represented Muslim inmates in a successful appeal in a religious discrimination case; and serve as special counsel in criminal cases on constitutional issues such as double jeopardy and free speech. Members of the firm have represented non-traditional religions in actions implicating religious freedom, due process and improper government activity, including representing a channeler accused of copyright infringement, precipitating a First Amendment defense, and actively represents victims of clergy abuse. Mr. Gross has engaged in significant complex litigation nationally on behalf of private clients and civil liberties organizations, including the National Emergency Civil Liberties Committee, the Bill of Rights Foundation, and the Electronic Frontier Foundation. Mr. Gross was part of the

criminal defense team that represented Leona Helmsley in her prosecution for income tax evasion, and among other things, responsible for the successful motion to dismiss her state prosecution on double jeopardy grounds.

## Intellectual property

The firm has an active practice in trademark, copyright, trade secrets, unfair competition, and other intellectual property rights, including the interplay of such rights with the Internet. Recent engagements include representing the Burning Man arts and performance event against MTV in an action that successfully halted the broadcast of a show on Burning Man using film obtained in violation of Burning Man's intellectual property and privacy rights. Other representative engagements include trademark infringement litigation on behalf of one of the world's largest watch manufacturers; representing the estate of Norma Millay Ellis relating to the sale of the literary properties of Edna St. Vincent Millay; litigation relating to the sublicense of patent rights and contract negotiations for the sale of biotechnology development rights for a French biotechnology company; and a copyright infringement suit against the competitor of a leading video game company. Members of the firm have also litigated on behalf of one of the world's largest computer companies in a landmark arbitration involving allegations of copyright infringement and antitrust violations; a large construction company whose former employees misappropriated trade secrets in forming a competing firm; and a software development company in claims against a business associate for unfair competition and misappropriation of trade secrets.

## Internet law

The firm provides legal services in all areas of Internet law and advises numerous Internet companies concerning e-commerce, licensing, promotions, and advertising. The firm regularly advises and litigates on domain name disputes. For example, the firm, representing Quokka Sports, Inc. and the America's Cup, obtained an injunction against a cybersquatter on the *americascup.com* domain name, in one of the first cases filed under the Anticybersquatting Consumer Protection Act, obtaining jurisdiction over New Zealand entities. The firm represented the Republic of South Africa concerning the domain name *southafrica.com,* and before the World Intellectual Property Organization and ICANN obtained a change in domain name rules so that *southafrica.info* and all country names in the .info domain were transferred to the foreign sovereigns. The firm also advises and litigates on copyright and trademark issues involving the Internet, represents content providers in negotiations with networks, and advises and litigates on jurisdictional issues raised by Internet activity. Prior to the passage of the Digital Millennium Copyright Act, the firm triumphed in the defense of an Internet service provider who was sued by a software industry group for copyright infringement based on the actions of the provider's customers. Mr. Gross has been counsel to the Electronic Frontier Foundation, a civil liberties organization focused on freedom of speech on the Internet, advising and litigating on behalf of EFF on numerous technology and Internet issues. As special counsel in the winning defense of an individual who disseminated a magazine via e-mail over the Internet but was accused of wire fraud for publishing a document obtained by computer hackers (before the Internet was widely used), Mr. Gross raised constitutional issues concerning the rights of publishers, both electronic and print, to disseminate information lawfully obtained by them, presaging rights now widely recognized.

## International law

The firm represents public and private clients on international law issues. The

firm has an active practice in defending sovereign nations against private party lawsuits and attempts to execute on sovereign property, as well as in enforcing judgments against foreign nations. For example, in a case stemming from an international incident involving the downing of a plane with Cuban exiles, the firm, on behalf of Cuba's national telephone company, pursuant to the Foreign Sovereign Immunities Act, successfully overturned the attempted garnishment of the telephone company's assets to satisfy a judgment against the Republic of Cuba. The firm represented the Ukrainian space agency in defending against execution of an arbitration award based on a failed satellite launch. The firm represented the Republic of South Africa concerning the domain names *southafrica.com* and *southafrica.info*. The firm represents and advises other sovereign and quasi-sovereign entities on issues of sovereignty and constitutional law. Members of the firm have represented foreign companies in contract negotiations with U.S. companies and in matters relating to their U.S. subsidiaries. The firm has an active practice in providing advice and obtaining licenses for transactions with countries subject to trading restrictions. In 1989, Mr. Gross was lead counsel and adviser to the Republic of Panama, its agencies and its Mission to the United Nations when the United States government froze all Panamanian assets. He has also represented a foreign telephone company in negotiating an underwater cable construction and maintenance agreement and telephone service agreement with AT&T; represented the Cuban Olympic Committee and the Cuban television agency in the negotiations to sell the television rights to the 1991 Pan American Games; and participated in advising the African National Congress on the drafting of a post-apartheid constitution in South Africa. Mr. Belsky is the co-author of a frequently cited comment published in the *California Law Review* on suing foreign governments in U.S. courts for violations of international law.

**Media law/defamation**

The firm represents plaintiffs in defamation and privacy actions against national and local news media. The firm also actively represents clients prior to the publication of potentially inflammatory articles in negotiations with news media to ensure that inaccurate information is not published. Representative engagements include the joint representation of Spike Lee in obtaining a preliminary injunction against Viacom for infringing on Spike Lee's right of publicity when it used his name for a cable channel; the joint representation of Gianni Versace s.P.a. and the Versace family in successfully stopping the publication of a defamatory book that also invaded the Versace family's privacy; obtaining a significant settlement on behalf of child abuse victims who testified at the criminal trial of their abuser, from two television stations that broadcast images identifying the victims; advising the Burning Man arts and performance festival on a variety of media issues, including against MTV, where the firm successfully precluded the planned broadcast of footage taken at the Burning Man event without Burning Man's consent, and against Voyeur Video, where the firm forced a video company that was distributing videos of Burning Man participants without Burning Man's permission to cease all such distribution and destroy all videos; the representation of a colleague of Bertrand Russell in a defamation action that resulted in the recall of all copies of the offending book; and representation of O.J. Simpson in a suit to prevent the broadcast of a movie based on improperly obtained attorney-client communications. In a special appointment by the California Attorney General, the firm represented the People of California and the listeners of Pacifica Radio in successfully overturning a takeover of the Pacifica corporation. The firm also advises media entities and authors on defamation and libel clearance. The firm regularly represents journalists and authors in areas concerning their work and their employment by media entities.

**Commercial litigation and transactions**

The firm engages in general commercial litigation for private clients. Members of the firm represented Dr. Spock in a breach of contract action relating to a video on child care, and represented and advised Leona and Harry Helmsley in a variety of civil lawsuits, liquor and real estate licensing proceedings, and contracts. Members of the firm have represented foreign banks, primarily government-owned, in litigation involving suits against the banks, as well as in litigation for the banks against borrowers to recover funds; represented borrowers suing banks for nonperformance; and advised borrowers and assisted in negotiations with their lenders in revising the terms of credit. The firm regularly represents corporate clients in breach of contract litigation, for example, recently obtaining a $26 million interim award in an international commercial arbitration. The firm regularly advises clients in seeking and negotiating business resolutions to disputes short of litigation.

**Entertainment law**

The firm represents authors, musicians, artists, circus performers and their agents in negotiating contracts, including contracts for performance, publication, and sale of motion picture and television rights. For example, the firm represented Spike Lee in obtaining an injunction against the use of his name for the name of a cable channel, and represents the lead guitarist for Guns 'N Roses and Nine Inch Nails.

**Employment law**

The firm actively represents employees in suits for employment discrimination or wrongful termination, including discrimination based on disability and exercise of first amendment rights.   The firm also represents public entities, businesses and individuals in the defense of various employment claims, including wrongful termination, race discrimination, and sexual harassment.

**Appellate**

The firm represents and advises clients in civil and criminal state appellate proceedings at the federal and state levels.  Significant representations include overturning the conviction of a wrongfully convicted indigent defendant because the conviction was based on improperly admitted evidence of poverty, *United States v. Mitchell,* 172 F.3d 1104 (9th Cir. 1999); overturning the attempted garnishment of a Cuban telephone company=s assets to satisfy a judgment against the Republic of Cuba, *Alejandre v. Republic of Cuba,* 183 F.3d 1277 (11th Cir. 1999); upholding dismissal of a lawsuit against the Republic of South Africa that sought a declaration that South Africa has no rights to the internet domain name *southafrica.com, Virtual Countries, Inc. v. Republic of South* Africa, 300 F.3d 230 (2d Cir. 2002); and upholding a trial award of $21 million in a consumer fraud class action, *State v. Pricewaterhouse Coopers LLP*, 125 Cal. App. 4th 1219 (2005).

**Sexual Abuse and Clergy Abuse**

Gross & Belsky LLP represents victims of sexual abuse in litigation against their abusers.  The firm currently is a member of the Plaintiffs' Executive Committee in the coordinated litigation of all cases in northern California against the Roman Catholic Church for childhood sexual abuse by clergy members, as well as representing other individual plaintiffs in matters involving childhood sexual abuse and abuse by clergy of other faiths.

**Probate litigation**

The firm represents both claimants and personal representatives in estate and trust litigation, including will contests and claims against estates.

**Ethics**

The firm litigates in the area of legal ethics, both in representing attorneys facing bar complaints or discipline, and in litigating legal malpractice cases.

**Mediation/alternative dispute resolution**

Mr. Gross and Mr. Belsky provide mediation services and regularly assist in obtaining settlements in diverse lawsuits, including class actions, trade secrets, wrongful termination, labor, commercial, and real estate matters.

## ATTORNEY BIOGRAPHIES

**TERRY GROSS**
Throughout his career, Mr. Gross has engaged in significant complex litigation nationally on behalf of both private clients and civil liberties organizations, including the National Emergency Civil Liberties Committee and the Bill of Rights Foundation, in matters ranging from private commercial disputes to actions implicating important constitutional issues. Among the matters he has handled involving constitutional issues, Mr. Gross has litigated a First Amendment and equal protection challenge to the large-scale relocation of Navajo elders from their ancestral homelands at Big Mountain, Arizona; mounted a successful challenge to Pan American World Airways' policy during the Gulf War against granting passage to any Iraqi nationals; and represented the widow of Salvador Allende, the slain president of Chile, in the first successful challenge to the government's ideological exclusion policy. He also represents several non-traditional religions in actions implicating religious freedom, due process, and improper government activity, and has served as special counsel on constitutional issues in criminal cases addressing constitutional concerns such as double jeopardy or free speech. His private clients have included Dr. Spock, whom he represented in a breach of contract action relating to a video on child care, and Leona and Harry Helmsley, whom he represented in a variety of civil lawsuits, liquor and real estate licensing proceedings, and contracts. For example, Mr. Gross was part of the criminal defense team which represented Leona Helmsley in her prosecution for income tax evasion, and, among other things, was responsible for the successful motion to dismiss her state prosecution on double jeopardy grounds.

Prior to becoming a lawyer, Mr. Gross received a degree in computer science and worked as a systems programmer for IBM, a systems analyst at University of California Medical Center and the director of data processing for a local governmental agency. His prior career gives him a significant advantage in handling intellectual property and Internet law matters, which include a class action for consumer fraud against Intel, a class action against all major DRAM manufacturers for pricefixing, and representation of clients such as one of the world's largest watch manufacturers involved in trademark infringement litigation; the Estate of Norma Millay Ellis relating to the sale of the literary properties of Edna St. Vincent Millay; and a French biotechnology company in litigation relating to the sublicense of patent rights, and in contract negotiations for the sale of biotechnology development rights. Mr. Gross actively advises and litigates on trademark and copyright issues and has represented authors, artists, performers and their agents in negotiating contracts for publication, performance, and sale of motion picture and television rights.

Mr. Gross has been active in Internet law for many years. Before the Internet was widely used, Mr. Gross acted as special counsel in the successful defense of an individual accused of wire fraud for publishing a document over the Internet via email, Mr. Gross raised constitutional issues concerning the rights of publishers, both electronic and print, to disseminate information lawfully obtained by them, which have now been adopted as the appropriate standard for publishers on the Internet. Mr. Gross was counsel to the Electronic Frontier Foundation at its formation, a civil liberties organization focusing on electronic communications and new technology, Mr. Gross has advised and litigated on numerous technology issues. He successfully defended an Internet service provider sued by a software industry group for copyright infringement based on the actions of the provider's customers. He represents content providers in negotiations with networks, advises on domain name disputes and litigates jurisdictional issues raised by Internet activity. He has also served as a director of the International Society for Technology in Education.

A significant portion of Mr. Gross' practice centers around matters of defamation and privacy. Mr. Gross advises media entities on defamation and libel clearance. He actively represents plaintiffs in defamation cases involving national and local news media. In

addition, he represents clients prior to the publication of potentially inflammatory articles in negotiations with news media to ensure that accurate information is published.

Mr. Gross was lead counsel and adviser to the Republic of Panama, its agencies and its Mission to the United Nations when the United States government froze all Panamanian assets; represented a foreign telephone company in negotiating an underwater cable construction and maintenance agreement and telephone service agreement with AT&T; and represented the Cuban Olympic Committee and the Cuban television agency in the negotiations to sell the television rights to the 1991 Pan American Games. In addition, he represented several foreign companies in contract negotiations with U.S. companies and in matters relating to their U.S. subsidiaries. He regularly provides advice and obtains licenses for transactions with countries subject to trading restrictions.

Mr. Gross has an active practice in plaintiffs' class action cases.  He also litigates in the area of legal ethics, representing attorneys facing bar complaints or discipline, and litigating legal malpractice cases.  Mr. Gross actively handles appeals in all the areas his practice, as well as criminal appeals.  A significant portion of Mr. Gross' practice also involves the areas of antitrust, consumer fraud, commercial law and employment discrimination.

Mr. Gross is counsel to, and formerly a partner at, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., of New York.

Born Flushing, New York, February 19, 1948; admitted to bar, 1980, Oregon; 1982, California and U.S. Court of Appeals, Ninth Circuit; 1984, New York, U.S. District Court, Southern and Eastern Districts of New York and U.S. District Court, Eastern District of Michigan; 1988, U.S. Supreme Court; 1993, U.S. Court of Appeals, Second Circuit and United States District Court, Northern, Eastern and Central Districts of California. *Education*:  Brown University (A.B., Computer Science, 1968); University of Oregon; Boalt Hall School of Law, University of California at Berkeley (J.D., 1980). Associate Editor, *California Law Review*, 1978-80. Author: "*Robeson v. State*:  The Right to Prearrest Silence," 67 *California Law Review* 1205 (1980).  Law Clerk to Hon. Otto R. Skopil, Jr., U.S. Court of Appeals, Ninth Circuit, 1980-82; Partner and Associate, Rabinowitz, Boudin, Standard, Krinsky & Lieberman, P.C., New York, New York, 1983-1993.  Member, American Civil Liberties Union, 1982-present; Director, International Society for Technology in Education, 1992-1995; Advisory Committee, First Annual Conference on Computers, Freedom and Privacy, 1991; Member, Bar Association of San Francisco (Member:  Intellectual Property Section; Superior Court Early Settlement Program; Legal Ethics Section); State Bar of California (Member:  Committee on Federal Courts, 1994-1997; Intellectual Property Section; Litigation Section); New York State Bar Association; National Lawyers Guild (Executive Board, San Francisco Chapter, 1994-1997; Executive Committee, New York City Chapter, 1990-1993).  Systems Programmer, IBM New York Scientific Center, 1968-69; Systems Analyst, University of California Medical Center at San Francisco, 1969-70; Data Processing Manager, Lane County Department of Transportation, 1972-76.

**ADAM C. BELSKY**
Mr. Belsky specializes in intellectual property, general business litigation, media law, and class actions.  He has extensive experience in litigating trademark and copyright infringement, business torts, and commercial contract cases, in both state and federal courts.  He has also litigated defamation, invasion of privacy, employment discrimination, and other constitutional and civil rights claims.  He has an active practice advising Internet-related companies on various licensing and other contracts and with respect to their intellectual property rights.

In the course of his practice, Mr. Belsky has been involved in a landmark international arbitration of copyright and antitrust claims between two of the world's largest computer companies.  He has represented Quokka Sports, Inc. and the America's Cup in a successful action to wrest the *americascup.com* domain name from a cybersquatter based in New Zealand.  He has also litigated on behalf of a leading video game company in a copyright infringement suit against a competitor for copying a popular video game; a large construction company whose former employees misappropriated trade secrets in forming a competing firm; and a software development company in claims against a business associate firm for unfair competition and misappropriation of trade secrets in the hiring away of its employees.

On a pro bono basis, Mr. Belsky represented the "found-sound" artists Negativland in a contractual and intellectual property dispute with their record company, obtaining a successful settlement in which Negativland regained the rights to a number of their recordings.  He has also litigated on a *pro bono* basis on behalf of criminal defendants on appeal, and represented Muslim prison inmates in a successful appeal of their civil rights action for discrimination and violation of their free exercise of religion.

Mr. Belsky received his A.B. degree from Amherst College in 1984, and his law degree from Boalt Hall at the University of California at Berkeley in 1989, where he was Note and Comment editor on the *California Law Review* and graduated in the top one percent of his class. He then served as a law clerk to the Honorable Stanley A. Weigel, U.S. District Judge in the Northern District of California. Mr. Belsky was associated with the law firm of Morrison & Foerster in the firm's Tokyo and San Francisco offices from 1990 to 1994.  From 1994 until forming Gross & Belsky LLP in 1999 with Terry Gross, Mr. Belsky was counsel to the San Francisco law firm of Shartsis, Friese & Ginsburg LLP, and to the Law Offices of Terry Gross. Mr. Belsky is a member of the California and various federal court bars. He is the co-author of "Implied Waiver Under the FSIA: A Proposed Exception to Immunity for Violations of Peremptory Norms of International Law," 77 *California Law Review* 365 (1989).

Born New York, N.Y., November 25, 1962; admitted to bar, 1989, California; 1992, U.S. District Court, Central District of California; 1993, U.S. Court of Appeals, Ninth Circuit, U.S. Court of Appeals, D.C. Circuit, and U.S. District Court, Northern District of California.  *Education:* Amherst College (B.A., 1984); University of California, Boalt Hall School of Law (J.D., 1989); Order of the Coif; Note and Comment Editor, *California Law Review*, 1988-1989; Member, Bar Association of San Francisco; State Bar of California (Member, Litigation Section; Intellectual Property Section).

**MONIQUE ALONSO**

Ms. Alonso specializes in employment, general commercial and probate litigation. She also represents childhood sexual abuse survivors in civil actions against their abusers, most recently in multiple actions against the Roman Catholic Diocese of Oakland for clergy abuse. She has extensive experience litigating wrongful termination and employment discrimination matters in state and federal courts, and also provides general employment counseling, including hiring, firing and severance issues. Her commercial litigation experience includes cases involving unfair competition, contract disputes, misappropriation, and related business torts. She has represented both claimants and personal representatives in estate and trust contests.

Prior to her association with Gross & Belsky, Ms. Alonso was Of Counsel to the San Francisco law offices of Shartsis, Friese & Ginsburg LLP for over eleven years, where she practiced both as a litigator as well as on the transactional side, advising investment advisors and hedge funds. While at the Shartsis firm, among other matters, Ms. Alonso was trial counsel in a $400 million dollar will contest resulting in judgment for the client, represented a major construction company in complex litigation charging unfair competition and trade secret misappropriation against a competitor, and secured affirmation in the Ninth Circuit of summary judgment for the employer in a sexual discrimination case. Prior to that, Ms. Alonso litigated several high profile constitutional and employment matters while an associate at Morrison & Foerster in San Francisco from 1986-1992, including multiple claims hearings in a class action charging sexual discrimination, a state constitutional challenge to legislation requiring minors to obtain parental consent to abortion, a U.S. Supreme Court argument (second chair) concerning partisan endorsements in nonpartisan elections, and a federal constitutional challenge to California's unitary taxation policy.

Ms. Alonso is admitted to practice in all California state courts as well as the federal Northern District and the United States Supreme Court. She has received public recognition for her *pro bono* activities, including the State Bar's Wiley W. Manuel Award for Pro Bono Legal Services. She has been named an Outstanding Pro Bono Lawyer by the Volunteer Legal Services Program as well as receiving repeated commendations from that program.

Ms. Alonso received an A.B. degree with highest honors from the University of California at Davis in 1983, and is a member of *Phi Beta Kappa*. She received her J.D. from the University of California at Los Angeles in 1986.

**RABINOWITZ, BOUDIN, STANDARD, KRINSKY & LIEBERMAN, P.C.,** 740 Broadway at Astor Place, New York, New York 10003, to which Mr. Gross is counsel, is one of the leading and most experienced law firms in the nation specializing in constitutional law, as well as specializing in public and private international law, copyright and trademark, criminal law, labor law and environmental law. It has litigated scores of constitutional cases in the Supreme Court of the United States, the federal courts and various state courts. Typical cases have included the defense of Dr. Daniel Ellsberg in the Pentagon Papers case; representation of Jimmy Hoffa in his challenge to President Nixon's conditional "pardon" excluding him from association with the labor movement; representation of writers such as Allen Ginsberg, Norman Mailer and William Burroughs, and the Pacifica radio network and PEN American Center in their successful challenge to an act of Congress and an FCC regulation prohibiting broadcast, on a 24 hour basis, of purportedly "indecent" materials; and representation of various individuals and businesses in commercial speech cases.

# Recent Highlights of the Firm's Work

## Media Law

*Spike Lee v. Viacom*: On behalf of Spike Lee, in joint representation with Johnnie Cochran, obtained a preliminary injunction prohibiting Viacom from renaming its television network ATNN: The National Network,@ as ASpike TV,@ leading to a successful settlement of the action.

*Gianni Versace, s.P.a. and Little, Brown.* Jointly represented the Versace family and businesses in a defamation matter, which resulted in Little, Brown canceling publication of a controversial biography of Gianni Versace.

*People ex rel. Spooner v. Pacifica Foundation*: Represented listeners of the free speech Pacifica radio network specially appointed by the California Attorney General, in an action to oust the governing directors and restore local community control. Secured a settlement in which the majority directors gave up control and paid Pacifica $400,000.

*Apple Computer v. dePlume:* Representing *pro bono* an internet journalist sued by Apple for trade secret misappropriation, even though the journalist lawfully obtained the published information, in a case raising fundamental First Amendment issues.

*Doe v. KCBA-TV:* Defeated an anti-SLAPP motion and obtained a substantial settlement in a privacy action against two television stations that broadcast courtroom footage which disclosed the identities of minor victims of child abuse, in violation of court orders.

*Schoenman v. Random House*: Represented a colleague of Bertrand Russell in a defamation action involving his work for Mr. Russell, obtaining a settlement recalling and replacing the offending book.

*Burning Man v. Voyeur Video*: Obtained a settlement and stipulated injunction prohibiting a video maker from distributing videos with images of participants at the Burning Man art and performance event, since the video was obtained without the permission of Burning Man.

*Burning Man and MTV*: Forced MTV to halt broadcast of a show on Burning Man by asserting the event's intellectual property rights.

## Consumer Class Actions

*Wisper v. Old Republic Title Company*: As executive committee member and co-trial and appellate counsel in a consumer class action against a title company for unfair escrow practices, obtained a $21 million recovery after trial, affirmed on appeal.

*DRAM Cases*: Co-Liaison Counsel for the plaintiff class in a class action challenging price fixing in the DRAM industry.

*Automobile Refinishing Paint Cases:* Co-Liaison Counsel in a certified class action concerning price-fixing of automobile paint.

*Carbon Fiber Cases:* Co-Liaison Counsel in a class action attacking price-fixing in the sale of carbon fiber products, such as golf clubs and tennis rackets.

*Perish v. Intel Corp.* Served as Liaison Counsel and Settlement Class Counsel in a successful consumer fraud class action for misstatement of performance claims.

## Internet Law

*Quokka Sports, Inc. v. Cup International Ltd.*   Obtained an injunction against a cybersquatter on the *americascup.com* domain name, in one of the first cases filed under the Anticybersquatting Consumer Protection Act.

*Adobe Systems, Inc. v. Community Connexion, Inc.*  Obtained dismissal of a copyright infringement action against an Internet service provider based on vicarious liability for alleged infringements on users' web sites hosted by the ISP.

*Ski Utah v. The Lodging Company*. Wrested the skiutah.net domain from a competitor on behalf of a winter vacation promotion company owned by Utah's thirteen ski resorts.

## International Law

*Alejandre v. Republic of Cuba, 183 F.3d 1277 (11th Cir. 1999).*  In joint defense of the Cuban telephone company under the Foreign Sovereign Immunities Act, successfully overturned the attempted garnishment of its assets to satisfy a judgment against the Republic of Cuba based on an international incident involving the downing of a plane with Cuban exiles.

*Virtual Countries, Inc. v. Republic of South Africa*, 300 F.3d 230 (2d Cir. 2002): In joint representation of the Republic of South Africa, obtained dismissal of a lawsuit seeking a declaration that South Africa has no rights to the internet domain name *southafrica.com*. Assisted South Africa in presentation before international treaty organizations for new rules restricting the use of country names as domain names.

*Loral Space Systems v. Yuzhnoye*: In joint representation of the Ukranian space agency, asserted Foreign Sovereign Immunities Act defenses to enforcement of an arbitration award for a failed satellite launch, achieving a favorable settlement.

## Sexual Abuse by Clergy

*Clergy Cases III:*  Member of Executive Committee in coordinated action involving hundreds of clergy abuse cases against all Roman Catholic dioceses in Northern California.  The firm has obtained one conditional settlement of a clergy abuse case that is the highest individual settlement in California.

## Commercial Litigation

*Ariba, Inc. v. Softbank Corp.*: In joint representation, obtained a $26 million interim award in an arbitration involving breach of contract claims.

*In re Quokka*: As special litigation counsel for the debtor in bankruptcy, reduced claims from $17 million to $5 million.

## Employment Discrimination

Obtained substantial settlements in actions against an investment bank for sexual harassment and retaliation, and a disability services organization for disability discrimination

## Pro Bono Representation

*Valencia Vega v. Mallory.*  Class counsel in a successful class action that recovered rent overcharges to migrant workers at state migrant worker centers.

*United States v. Mitchell, 172 F.3d 1104 (9th Cir. 1999).*  Obtained reversal of a conviction for bank robbery and secured the freedom of a wrongfully convicted indigent defendant because the conviction was based on evidence of poverty

## REPRESENTATIVE CLIENTS

**Individuals**

Gianni Versace s.P.a.
O.J. Simpson
Spike Lee
Leona Helmsley
Johnnie Cochran
Alan Dershowitz
Barry Scheck

**Governments**

Republic of Cuba and agencies and instrumentalities
Republic of South Africa
Republic of Panama
Republic of Ukraine aerospace companies
City of Oakland

**Companies**

Quokka Sports, Inc.
AlaskaMen Magazine
Burning Man LLC
Supercuts, Inc.
Isuzu Motors of America
Chronicle Books LLC
LeapFrog Enterprises, Inc.
Ariba, Inc.
eMachines, Inc.
AltaVista Company
Beatnik, Inc.
Ski Utah
SmartMail LLC
Panscopic

**Foundations and Nonprofits**

John D. and Catherine T. MacArthur Foundation
Henry J. Kaiser Family Foundation
Food First
Edna St. Vincent Millay Society
Luke B. Hancock Foundation
Young Community Developers
Women Count

# EXHIBIT C

**STRAUS & BOIES, LLP**

Founded in 1995, Straus & Boies, LLP is widely recognized as one of the most respected and experienced law firms in the United States in the fields of antitrust and consumer protection class action litigation.  The firm also has an international reputation in the area of sovereign debt counseling, restructuring, and litigation.

With offices in Alabama, Virginia, California, New York, Tennessee, and Colorado, Straus & Boies has successfully prosecuted antitrust and consumer protection claims in federal and state courts throughout the United States.  The firm has represented a multitude of clients across the globe and has vast experience in complex multi-jurisdictional litigation.  Consistently at the forefront of national and international efforts addressing price-fixing, consumer fraud, and other unlawful conduct, Straus & Boies was the first law firm to prosecute state or federal antitrust and consumer protection claims in the markets for crude oil, bulk vitamins, brand-name prescription drugs, food additives, wholesale toys, polyester staple, and alcoholic beverages.

Specifically recognized by courts and law enforcement authorities throughout the United States as fair, competent, and experienced class counsel, Straus & Boies has successfully recovered over $1 billion for consumers and businesses.  The firm has been appointed to serve in important leadership positions in scores of state and federal class actions, including recent service as sole Lead Counsel in coordinated multi-state indirect purchaser state class actions against the manufacturers of bulk vitamins and against the manufacturers of food additives.

Straus & Boies is also recognized as one of the world's foremost authorities in the area of sovereign debt counseling and restructuring.  The Firm has represented some of the largest sovereign debt holders in the world and has participated in numerous cabinet and sub-cabinet

level international conferences, often as the sole private sector representative.

## The Firm's Attorneys

### *Michael Straus*

Mr. Straus was graduated from Columbia College (A.B. 1972), Columbia University (M.A. 1975) and New York University School of Law (J.D. 1980, *cum laude*, Order of the Coif). He is admitted to practice in both Alabama and New York, as well as before the United States Supreme Court; the United States Courts of Appeals for the First, Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits; all District Courts in Alabama; and the District Courts for the Northern, Southern and Eastern Districts of New York.

Mr. Straus clerked for the Honorable John R. Bartels, Senior United States District Judge for the Eastern District of New York from 1980-1981. He then worked at The Hague as Staff Counsel for the Iran-United States Claims Tribunal from 1981-1983, before entering private practice. Mr. Straus also serves as an Adjunct Professor at the University of Alabama School of Law, teaching on transnational litigation issues.

### *David Boies*

Mr. Boies is Senior Partner in the Virginia office of Straus & Boies. Mr. Boies obtained his bachelors degree from the University of Redlands and his law degree from William & Mary Law School. Prior to joining the Firm, Mr. Boies represented individuals and corporations as an attorney in the Washington, D.C. offices of major New York law firms in the practice areas of corporate litigation, international trade, and white collar criminal defense.

Mr. Boies' current practice is primarily focused on representing individuals and small businesses in antitrust and consumer protection litigation in state and federal court. Mr. Boies is

admitted to practice in all state and federal courts in the Commonwealth of Virginia, as well as the United States Courts of Appeals for the Fourth, Tenth, and Eleventh Circuits. Mr. Boies has a national reputation as an expert in the areas of indirect purchaser and state court antitrust litigation, concerning which he has been an invited speaker and panelist for the American Bar Association and other legal organizations. Mr. Boies has served in court-appointed leadership positions in numerous antitrust and consumer protection class actions, including recently serving as sole Lead Counsel in the largest recovery ever achieved in an antitrust case in state court.

Mr. Boies resides in Fairfax, Virginia, with his wife and four children. He serves as an active member, officer, and board member for numerous businesses, non-profit, and religious organizations in the Washington, D.C. area.

### Mark J. Schirmer

Mr. Schirmer obtained his bachelors degree from Macalester College (B.A. 1982, *cum laude*) and his law degree from Fordham University School of Law (J.D. 1988), where he was on the Law Review. He is admitted to the bars of New York and Tennessee, as well as the bars of the United States District Courts for the Southern and Eastern Districts of New York and the Western District of Tennessee and the bars of the United States Courts of Appeals for the Sixth and Eleventh Circuits. He served as Senior Trial Attorney in the Eastern Regional office of the U.S. Commodity Futures Trading Commission from 1996 to 1998. He has served on a number of bar committees, including having served as Secretary and Co-Chair of the New York State Bar Litigation Section's Committee on Professional Liability.

### Timothy Battin

Mr. Battin obtained his bachelors degree from Old Dominion University in 1987 and his

law degree from William & Mary Law School in 1990.  He is admitted to practice in the District of Columbia, Virginia, and Missouri, as well as before the United States District Court for the Eastern District of Virginia.

### Matthew Maniscalco

Mr. Maniscalco obtained his bachelors degree from Stanford University (B.A. Economics 1990) and his law degree from the University of California at Davis School of Law (J.D. 1995). He is admitted to practice in California, as well as the United States District Courts for the Northern, Eastern and Central Districts of California.  He is also a member of the Antitrust Section of the California Bar.

### Ian Otto

Mr. Otto obtained his bachelors degree from Gettysburg College (B.A. Economics 1993, *cum laude*) and his law degree from Georgetown University Law Center (J.D. 1999).  He is admitted to practice in Maryland.

### Steven M. Feder

Mr. Feder obtained his bachelors degree from Miami University (Ohio) (B.S. 1982) and his law degree from the University of Colorado School of Law (J.D. 1985, Order of the Coif). He is admitted to practice in Colorado and Illinois, as well as before the United States Supreme Court, the United States Court of Appeals for the Tenth Circuit, and the United States District Courts for the Districts of Colorado and Connecticut.  He served as a prosecutor in Colorado's Eighteenth Judicial District from 1985 to 1990, before entering private practice.

### Barry Boughman

Mr. Boughman obtained his bachelors degree from the University of Northern Colorado

(B.A. 1980) and his law degree from the University of Colorado School of Law (J.D. 1984).  He is admitted to practice in Colorado as well as before the United States Court of Appeals for the Tenth Circuit and the United States District Court for the District of Colorado.  He served as an Assistant United States Attorney for the District of Colorado from 1986 to 1988, when he entered private practice.

**Eric R. Coakley**

Mr. Coakley obtained his bachelors degree from the University of Massachusetts (B.A. 1998, *summa cum laude*) and his law degree from the University of Colorado School of Law (J.D. 2002).  He is admitted to practice in Colorado and before the United States District Court for the District of Colorado.

**Kenneth G. Walsh**

Mr. Walsh obtained his bachelors degree from The Catholic University of America (B.A. 1987), and his law degree from New York Law School (J.D. 1992).  He is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

**Christopher H. Skinner**

Mr. Skinner obtained his bachelors degree from the University of Virginia (B.A. 1996), and his law degree from the Georgetown University Law Center (J. D. 2003).  He is admitted to practice in Virginia.

**Nathan M. Cihlar**

Mr. Cihlar obtained his bachelors degree from Georgetown University (B.S. 1999), and his law degree from William & Mary Law School (J. D. 2004).  He is admitted to practice in

Virginia.

## Partial List of Recent Cases In Which Straus & Boies
## Have served As Lead Counsel

### *Vitamins*

As lead counsel in coordinated multi-state proceedings of more than 50 indirect purchaser classes and *parens patriae* actions filed in 23 separate state jurisdictions against the international manufacturers of bulk vitamins, Straus & Boies, LLP secured at that time the largest ever indirect purchaser antitrust settlement.  Straus & Boies, LLP's efforts in successfully resolving the state vitamins indirect purchaser actions included structuring, implementing, and leading coordinated alternative dispute resolution proceedings sanctioned by state courts throughout the country, and involving scores of plaintiffs' counsel, numerous counsel for foreign and domestic defendants, and the State Attorneys General.

### *Food Additives*

As sole lead counsel for more than 10 indirect purchaser state class action claims filed across the country, Straus & Boies has been efficiently advancing the claims of indirect purchasers against the manufacturers of food additives for an illegal price-fixing conspiracy that affected consumer prices for well over a decade.  The cases allege that the major manufacturers of certain food additives conspired to fix prices during the period January 1, 1990 through 2002. The cases are stayed while the parties conclude settlement discussions.

### *Brand Name Prescription Drugs*

Straus & Boies was lead counsel in multiple indirect purchaser cases

alleging a retail price maintenance scheme against manufacturers of brand name prescription drugs.  Straus & Boies ultimately secured a multistate settlement for the indirect purchaser actions that resulted in *cy pres* cash distributions to numerous community health care centers in the various states.

### Dynamic Random Access Memory (DRAM)

Straus & Boies, LLP leads a group of 41 law firms that represent at least 37 state indirect purchaser class actions filed in 24 jurisdictions under each state's antitrust/consumer protection laws against the manufacturers of Dynamic Random Access Memory chips (DRAM).  It is alleged that the DRAM manufacturers entered into and engaged in a conspiracy in the United States and elsewhere to suppress and eliminate competition by fixing the prices of DRAM.  Straus & Boies, LLP has been prosecuting the claims of indirect purchasers of DRAM since October 2004.

### Alcohol

Straus & Boies, LLP, serving as lead in a group of more than a dozen law firms, has brought actions under various state consumer protection statutes, trade regulation statutes and the common law in order to enjoin and redress certain manufacturers of alcoholic beverages for their long-running, sophisticated, and deceptive scheme to market alcoholic beverages to minors. Straus & Boies, LLP has begun prosecuting these actions on behalf of consumer classes in more than 10 states against alcohol manufacturers from around the globe who market and sell their products to U.S. consumers.  Through these actions, Straus & Boies, LLP hopes to enjoin the deliberate, reckless, and illegal targeting of underage consumers in alcohol advertising, and to compensate consumers for the billions of dollars annually reaped from underage drinking

promoted by manufacturers' marketing schemes and the harm associated with underage drinking.

### Partial List of Other Class Action Cases
### Prosecuted by Straus & Boies

1. *Ashley v. Archer Daniels Midland Co., et al.*, Circuit Court of DeKalb County, Alabama, CV-95-336, Co-lead Counsel.

2. *Augusta Sullivan and Rose Marie Farina v. Wellman, Inc., et al.*, Commonwealth of Massachusetts, Case No. 02-4872 C.

3. *Ayman R. Hakki, et al., v. Zima Company, et al.,* Superior Court for the District of Columbia, Case No. 1:03 CV 02621

4. *Blades, et al. v. Monsanto Co.,* United States District Court for the Southern District of Illinois, CV 00-4034-DRH.

5. *Briscoe, et al., v. DuPont E.I. Nemours & Co., et al.,* Superior Court for the District of Columbia, C.A. No. 02ca0010508.

6. *Caldwell, et al. v. Archer Daniels Midland Co., et al.,* Circuit Court of Coosa County, Alabama, Civil Action No. CV-96-17, Co-lead Counsel.

7. *Cape Composite, Inc. v. Mitsubishi Rayon Co., Ltd.*, United States District Court for the Central District of California, Case No. 99-08260.

8. *Care Pharmacies, Inc. v. Purdue Pharama, L.P., et al.,* United States District Court for the Southern District of New York, Case No. 04-CV-3890.

9. *Casey v. Prudential Securities, Inc.,* Supreme Court of the State of New York, County of Albany, Index. No. 3462-97.

10. *Crain v. Microsoft Corporation, et al.*, Superior Court for the State of California, County of Yolo, No. CV 99-1740, J.C.C.P. No. 4106.

11. *Derek S. Lynn v. Hyundai Motor America, Inc.*, Circuit Court of Madison County, Alabama, Civil Action No. CV-03-412.

12. *Donaldson et al. v. Degussa Huls Corporation, et al.,* Circuit Court of Cullman Co. Alabama, C.A. No. 99-406, Co-lead Counsel.

13. *Drug Mart Pharmacy Corporation v. Abbot Laboratories, et al.*, Supreme Court of the State of New York, County of Kings, No. 29126-99.

14. *Dunham v. Microsoft Corporation, et al.*, Superior Court of the State of California, County of Sonoma, No. 223291, J.C.C.P. No. 4106.

15. *Durrett v. The Upjohn Co., et al.,* Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-97-170, Co-lead Counsel.

16. *Giral, et al. v F. Hoffman LaRoche Ltd., et. al.*, Superior Court of the District of Colombia, Civil Division, Case No. 0007467-98, Lead Counsel.

17. *Goda, et al. v. Abbott Laboratories, Inc.,* Superior Court for the District of Columbia, Civil Docket No. 01445-96.

18. *Graham v. Hoffman LaRoche, et al.,* Superior Court for the State of California, County of Yolo, No. CV 98-00046, J.C.C.P. No. 4076, Executive Committee.

19. *Hodge, et al. v. Eastman Chemical Company*, Circuit Court of Jefferson County, Tennessee, Civil Action No. 16.351 IV, Co-lead Counsel.

20. *Holdren, et al. v. Abbott Laboratories, Inc.,* District Court of Johnson County, Kansas, Case No. 96C15994.

21. *Huggins, et al. v. Abbott Laboratories, Inc., et al.,* Circuit Court for Chambers County, Alabama, Case No. CV-96-024-Cl.

22. *In re American Airlines Antitrust Litigation,* United States District Court for the District of Kansas, Case No. 99-1187-MLB, Chair of Executive Committee.

23. *In re Brand-Name Prescription Drugs Antitrust Litigation*, United States District Court for the Northern District of Illinois, MDL 997.

24. *In re Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*, United Sates District Court, Southern District of Indiana, Indianapolis Division, MDL 1373.

25. *In re Ciprofloxacin Hydrochloride Antitrust Litigation*, United States District Court, for the Eastern District of New York, MDL 1383.

26. *In re Cigarette Litigation,* United States District Court for the Northern District of Georgia, CV-0447 (MDL 1342).

27. *In re Citric Acid Antitrust Litigation*, United States District Court for the Northern District of California, MDL 1092.

28. *In re Commercial Tissue Paper Products Antitrust Litigation*, United States District Court for the Northern District of Florida, Gainesville Division, MDL 1189, Case No. 97-CV-128.

29. *In re Foreign Currency Conversion Fee Antitrust Litigation*, United States District Court, for the Southern District of New York, MDL 1409.

30. *In re High Fructose Corn Syrup Antitrust Litigation*, United States District Court for the Central District of Illinois, MDL 1087.

31. *In re Humana, Inc. Managed Care Litigation,* United States District Court for the Southern District of Florida, MDL 1334, Executive Committee.

32. *In re Medpartners Securities Litigation*, United States District Court for the Northern District of Alabama, CV-98-B-0067-S.

33. *In re Methionine Antitrust Litigation,* United States District Court for the Northern District of California, MDL 1311.

34. *In re Mutual Funds Investment Litigation,* United States District Court for the District of Maryland, MDL 1586.

35. *In re NASDAQ Market-Makers Antitrust Litigation*, United States District Court for the Southern District of New York, MDL 1023.

36. *In re Residential Telephone Lease Contract Litigation*, Southern District of Alabama, MDL 1165, Co-lead Counsel.

37. *In re Vesta Insurance Group, Inc. Securities Litigation,* United States District Court for the Northern District of Alabama, CV 98-AR-1407-S, Liaison Counsel.

38. *In re Vitamins Antitrust Litigation,* United States District Court for the District of Columbia, MDL 1285, Executive Committee and Liaison Counsel with Indirect Purchaser Cases.

39. *Karofsky v. Abbott Laboratories, Inc., et al.,* Superior Court of Cumberland County, Maine, Civil Docket No. 95-1009.

40. *Kerr v. Abbott Laboratories, Inc., et al.,* District Court of Hennepin County, Minnesota, No. MC-96-002837.

41. *Long v. Abbott Laboratories, Inc., et al.,* General Court of Justice Superior Court Division for Mecklenburg County, North Carolina, Civil Action No. 97 CVS 8289.

42. *Madelon J. Lief, et al. v. Archer Daniels Midland Co.*, Circuit Court of Dan County, Wisconsin, Civil Docket No. 02CV3697.

43. *McCoy-Johnson, et al. v. Northwest Airlines, Inc. and Northwest Airlines Corp.* United States District Court for Western District of Tennessee, Western Division, No. 99-2994 GV, Chair of Executive Committee.

44. *McLaughlin, et al. v. Abbott Laboratories, Inc.,* Superior Court for Yavapai County, Arizona, No. 1-CA-SA-96-0215.

45. *Meyers v. Abbott Laboratories, Inc., et al.,* Circuit Court for Davidson County, Tennessee, No. 970612.

46. *Milne v. Mercury Finance Co., et al.,* United States District Court for the Northern District of Illinois, No. 97-C-1536.

47. *Polyester Staple Cases*, Superior Court of California, Judicial Council Coordination Proceeding No.:  JCCP No. 4278.

48. *Poulos, et al. v. Caesar's World, Inc., et al.,* United States District Court for the District of Nevada, CV-S-94-1126-DAE (RJJ).

49. *Prewitt Enterprises, Inc., v. Organization of Petroleum Exporting Countries,* United States District Court for the Northern District of Alabama, Case No. CV-00-B-0865-S, Sole Counsel.

50. *Rampey v. Novartis Consumer Health, Inc.,* Circuit Court of Chambers County, Alabama, CV-97-174, Co-lead Counsel.

51. *Randy Kreft and Colleen Kreft, et al., v. Zima Beverage Company, et al.,* District Court, City & County of Denver, Colorado, Case No. 03-CV-9229

52. *Robbins, LLC v. Cabot Corporation, et al.*, United States District Court for the District of Massachusetts, Case No. 03-CV-11072DPW.

53. *Ronald Lankford v. Jos. A. Banks Clothiers, Inc.*, Circuit Court of Madison County, Alabama, Case No. CV03-204LHL.

54. *Ronald P. Wilson, Andrea B. Wilson and Joseph A. Wilson, et al. v. Zima Company, et al.,* Superior Court, County of Mecklenburg, State of North Carolina, Case No. 04-CV-626.

55. *Saams, et al. v. Microsoft Corporation, et al*., Superior Court for the State of California, County of San Francisco CV 308015, J.C.C.P. No. 4106.

56. *Scholfeld v. Abbott Laboratories, Inc., et al.,* District Court for Dane County, Wisconsin, No. 96-CV-0460.

57. *Seven Up Bottling Company of Jasper, Inc. v. Archer Daniels Midland Co., et al.,* Circuit Court of Walker County, Alabama, Civil Action No. 95-436, Co-lead Counsel.

58. *Shaklee Corp. v. Degussa-Huls Corp, et al.,* Superior Court of San Francisco County, California, Case No. 308636, J.C.C.P. Nos. 4090 and 4096.

59. *Smith v. GTE Corp., et al.,* United States District Court for the Middle District of Alabama, Case No. 97-M-1025, Co-lead Counsel.

60. *Sparks, et al. v. AT&T Corporation, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 96-LM-983.

61. *Sparks, et al. v. Lucent Technologies, et al.,* Circuit Court, Third Judicial Circuit, Madison County, Illinois, Case No. 01-L-1668.

62. ***Thomas and Thomas Rodmakers, Inc. et al. v. Newport Adhesives and Composites, Inc. et al.*** United States District Court Central Division, No. CV-99-07796-GHK (CTx).

63. *Thomas Miller and Noel Collette v. Deluxe Corporation*, First Judicial District, District Court of Dakota County, Minnesota, Civil Action No. 19-CO-03-6487.

64. *Thomaston Mills, Inc., et al. v. DuPont E.I. Nemours & Co., et al.*, United States District Court for the Western District of North Carolina, Civil Action No. 3:02CV474-V.

65. *Vivian Bernstein v. Janus Capital Management, LLC, et al.*, United States District Court, District of Colorado, Case No. 03-B-1798.

66. *Wilson v. Toys R Us et al.*, Circuit Court of Tuscaloosa County, Alabama, Civil Action No. CV-96-574, Co-lead Counsel.

67. *Wood v. Abbott Laboratories, Inc., et al.,* Circuit Court of Oakland County, Michigan, No. 96-5125610CZ.

68. *Yasbin, et al. v. Abbott Laboratories, Inc.,* Circuit Court for the Eleventh Judicial District for Dade County, Florida, C.A. No. 97-1141-CA 03.

# EXHIBIT D

# GUSTAFSON GLUEK PLLC

## *Firm Résumé*

## *July 2005*

Gustafson Gluek PLLC is a Minneapolis law firm with a national practice, with emphasis in antitrust, consumer protection and class action litigation.  The four partners of the firm have over forty years of experience in these areas, as well as in the areas of intellectual property litigation involving patents, trademarks and trade dress and complex business litigation.

Gustafson Gluek PLLC practices before state and federal courts throughout the country and works with and opposes some of the nation's largest companies and law firms.  The firm was formed in May 2003.

### Daniel E. Gustafson

Daniel E. Gustafson is a founding partner of Gustafson Gluek PLLC.  He is a *magna cum laude* graduate of the University of North Dakota with majors in Economics and Sociology (B.A. 1986) and a *cum laude* graduate of the University of Minnesota Law School (J.D. 1989).  He was a member of the Minnesota Law Review from 1987 to 1989, serving as an Associate Research Editor in 1988-1989.

During law school, he clerked for Opperman & Paquin (1987-1989), a firm that also practiced in the areas of class action antitrust and consumer protection litigation.

After law school, Mr. Gustafson served as a law clerk to the Honorable Diana E. Murphy, United States District Judge for the District of Minnesota (1989-91).

After his judicial clerkship, Mr. Gustafson returned to his former firm (then known as Opperman Heins & Paquin) and continued his work in the fields of antitrust and consumer protection class action litigation.

In April 1994, Mr. Gustafson became a founding member and partner in the law firm of Heins Mills & Olson, P.L.C.  Between April 1994 and May 2003, Mr. Gustafson continued his work in antitrust and consumer protection class action litigation and also developed a boutique practice of assisting national patent and intellectual property firms in litigation matters.

Mr. Gustafson is admitted to practice in the United States District Court for the District of Minnesota, the United States Courts of Appeals for the Eighth and Eleventh Circuits and in the United States Supreme Court.

Mr. Gustafson is also currently an adjunct professor at the University of Minnesota Law School teaching an annual spring semester seminar on the "Fundamentals of Pretrial Litigation."

Mr. Gustafson is a past president of the Federal Bar Association, Minnesota Chapter (2002-2003) and served in various capacities in the Federal Bar Association over the last several years.  He was the Vice-Chair of the 2003 Eighth Circuit Judicial Conference held during July 2003 in Minneapolis (Judge Diana E. Murphy was the Chair of the Conference).  He is a member of the Hennepin County, Minnesota, Federal and American Bar Associations.

In 2001, 2002, 2003, 2004 and 2005, he was designated by *Law & Politics* magazine as a Minnesota "Super Lawyer," alternately in the fields of business litigation, class actions and antitrust.  In 2005, Mr. Gustafson was one of only eleven attorneys selected as a "Super Lawyer" in the field of antitrust litigation.  In June 2005 Mr. Gustafson testified before the U.S. Congress Antitrust Modernization Commission.

Mr. Gustafson is currently, or recently has been actively involved in the representation of plaintiffs and plaintiff classes in numerous cases, including:  *In re DRAM Antitrust Litig.* (N.D. Cal. and multiple state court actions); *In re Wellbutrin SR/Zyban Direct Purchaser Antitrust Litig.*, (E.D. Pa.); *Carey v. Select Comfort Corp.* (4th Judicial Dist., Minn.); *SAJ Distributors,*

*Inc., et al. v. SmithKline Beecham Corp. et al.*, (E.D. Va.) ("*Augmentin*"); *Iverson et al. v. Pfizer, Inc. et al.*, (D. Minn.) ("*Canadian Prescription Drugs*"); *Yarrington v. Solvay Pharmaceuticals, Inc. et al.*, (D. Minn.) ("*Estratest*"); *Lief et al. v. Archer Daniels Midland Co., et al.*, (D. Minn) ("*Indirect MSG*"); *In Re: Premarin Antitrust Litigation*, (S.D. Ohio); *Blevins v. Wyeth-Ayerst Labs., Inc.*, (Cal. Super. Ct.); *Ellerbrake v. Campbell Hausfeld*, (20th Jud. Ct. Ill.) ("*Air Compressors*"); *Nichols et al. v. Smithkline Beecham Corp.*, (E.D. Pa.) ("*Paxil*"); *Heerwagen v. Clear Channel Communications, Inc.*, (S.D.N.Y.); *Wiginton v. CB Richard Ellis*, (N.D. Ill.); *Robin Drug Co. v. PharmaCare Management Services Inc.*, (Minn. 4th Jud. Dist.) ("*Pharmacy Underpayment*"); *Samples v. Monsanto Co.*, (E.D. Mo.) ("*Bio Seeds*"); *In re MSG Antitrust Litig.*, (D. Minn.); *In re Magnetic Audiotape Antitrust Litig.*, (S.D.N.Y.); *In re Terazosin Hydrochloride Antitrust Litig.*, (S.D. Fla.) ("*Hytrin*"); *In re High Pressure Laminates Antitrust Litig.*, (S.D.N.Y.); *In re High Pressure Laminates Antitrust Litig.*, (multiple state court indirect purchaser actions); *In re Vitamins Antitrust Litig.*, (D.D.C.); *Minnesota Vitamins Antitrust Litig.*, (Minn. 2nd Jud. Dist.).

He also has participated in the representation of plaintiff classes in other cases, including: *Infant Formula Antitrust Litig.*, (multiple state court actions; lead trial counsel for Wisconsin action); *Shaw v. Dallas Cowboys Football Club*, (E.D. Pa.) ("*NFL*"); and *Thermal Fax Paper Antitrust Litig.* (state court actions in Minnesota, Wisconsin and Florida) ("*Fax Paper*"); *Lazy Oil, Inc. v. Witco Corp.*, (W.D.Pa.) ("*Penn Grade*"); *In re Molybdenum Antitrust Litig.*,(W.D. Pa.); *In re Motorsports Merchandise Antitrust Litig.*, (N.D. Ga.); *Big Valley Milling, Inc. v. Archer Daniels Midland Co.*, (Minn. 8th Jud. Dist.) ("*Indirect Lysine*"); *In re Commercial Explosives Antitrust Litig.*, (D. Utah); *In re Diamonds Antitrust Litig.*, (S.D.N.Y.); *Raz v. Archer Daniels Midland Co.*, (Minn. 8th Jud. Dist.) ("*Indirect Citric Acid*"); *In re Drill Bits Antitrust*

*Litig.*, (S.D. Tex.); *In re Catfish Antitrust Litig.*, (D. Miss.); *In re Steel Drums Antitrust Litig.*, (S.D. Ohio); *In re Steel Pails Antitrust Litig.*, (S.D. Ohio); *In re Bulk Popcorn Antitrust Litig.*, (D. Minn.); *In re Workers' Compensation Ins. Antitrust Litig.*,(D. Minn.); *Cimarron Pipeline Constr., Inc. v. National Council on Compensation Ins.*, (W.D. Okla.); *Schmulbach v. Pittway Corp.*, (Ill., 11th Jud. Dist.) ("*Smoke Detectors*"); *In re Commercial Tissue Antitrust Litig.*, (N.D. Fla.); *In re Sodium Gluconate Antitrust Litig.*, (N.D. Cal.); and *AL Tech Specialty Steel Corp. v. UCAR Int'l.*, (E.D. Pa.) ("*Specialty Steel*").

Mr. Gustafson is also currently or recently has been involved in other non-class complex litigation concerning antitrust, consumer protection, contract unfair competition, trademark and patent infringement claims, including:  *Harmon v. Innomed Technolgoeis, Inc.* (S.D. Ga); *J.D. Edwards World Solutions Company Arbitrations*, (AAA)(trial counsel for Quantegy and Amherst); *INO Therapeutics, Inc. v. SensorMedics Corp.*, (D.N.J.); *In re National Metal Technologies, Inc.*, (S.D. Cal.).

He also has represented parties in other unfair competition, trademark, and patent infringement cases, including:  *Transclean Corp. v. MotorVac Technologies, Inc.*, (D. Minn.); *Ryobi Ltd. v. Truth Hardware Corp.*, (D. Minn.); *Minnesota Mining & Mfg. Co. v. Fellowes Mfg. Co.*, (D. Minn.); *Eastman Kodak Co. v. Minnesota Mining & Mfg. Co.*, (W.D.N.Y.); *On Assignment, Inc. v. Callander*, (Minn., 4th Jud. Dist.); and *Rainforest Cafe, Inc. v. Amazon, Inc.*, (D. Minn.); *Medical Graphics Corp. v. SensorMedics Corp.*, (D. Minn.); *Medtronic, Inc. v. Intermedics Inc.*, (D. Minn.); *Cardiac Pacemakers, Inc. v. Robert Warner*, (D. Minn.); *Cardiac Pacemakers, Inc. v. Intermedics Inc.*, (D. Minn.); *Birchwood Laboratories v. Citmed Corp.*, (D. Minn.); *Hammond v. Hitachi Power Tools, Inc.*, (D. Minn.); *McCarthy v. Welshman*, (D. Minn.); and *UFE, Inc. v. Alpha Enters., Inc.*, (D. Minn.).

**Karla M. Gluek**

Karla M. Gluek is a founding partner of Gustafson Gluek PLLC.  She is a graduate of the University of St. Thomas (B.A. 1990) with a major in English (B.A. 1990) and is a *cum laude* graduate of William Mitchell College of Law (J.D. 1993).

During law school she clerked for the Minnesota Attorney General's office (1993-1994). Shortly after graduating from law school Ms. Gluek served as a law clerk to the Honorable Gary Larson, District Judge, Fourth Judicial District of Minnesota (1994).

After her clerkship, Ms. Gluek joined Heins Mills & Olson, P.L.C. as an associate attorney and began her work in antitrust and consumer protection class action litigation.  Ms. Gluek also assisted Mr. Gustafson in the development of his practice assisting national patent and intellectual property firms in litigation matters.  In January 2003, Ms. Gluek became a partner at Heins Mills & Olson, P.L.C.

She is admitted to practice in the U.S. District Court for the District of Minnesota and the Eighth Circuit Court of Appeals.  Ms. Gluek is a member of the Hennepin County, Minnesota and Federal Bar Associations.

Ms. Gluek is currently, or recently has been actively involved in the representation of plaintiffs and plaintiff classes in numerous cases including: *In re Wellbutrin SR/Zyban Direct Purchaser Antitrust Litig.*, (E.D. Pa.); *Dudek v. Medtronic*, (D. Minn.); *SAJ Distributors, Inc., et al. v. SmithKline Beecham Corp. et al.*, (E.D. Va.) ("*Augmentin*"); *Iverson et al. v. Pfizer, Inc. et al.*, (D. Minn) ("*Canadian Prescription Drug*"); *Yarrington v. Solvay Pharmaceuticals, Inc. et al.*, (D. Minn.) ("*Estratest*"); *Lief et al. v. Archer Daniels Midland Co., et al.*, (D. Minn) ("*Indirect MSG*"); *Ellerbrake v. Campbell Hausfeld*, (20th Jud. Ct. Ill.) ("*Air Compressors*"); *Nichols et al. v. Smithkline Beecham Corp.*, (E.D. Pa.) ("*Paxil*"); *Heerwagen v. Clear Channel Communications, Inc.*, (S.D.N.Y.); *Wiginton v. CB Richard Ellis*, (N.D. Ill.); *Robin Drug Co. v.*

*PharmaCare Management Services Inc.*, (Minn. 4th Jud. Dist.) ("*Pharmacy Underpayment*"); *In re MSG Antitrust Litig.*, (D. Minn.) ("*MSG*"); *In re Minnesota Vitamin Antitrust Litig.*, (Minn., 2nd Jud. Dist.); *Samples v. Monsanto Co.*, (E.D. Mo.) ("*Bio Seeds*"); *In re Terazosin Hydrochloride Antitrust Litig.*, (S.D. Fla.) ("*Hytrin*"); and *In re Magnetic Audiotape Antitrust Litig.*, (S.D.N.Y.).

She also has been involved in other class actions and complex cases, including: *In re Grand Casinos Inc. Sec. Litig.*, (D. Minn.); *In re Olympic Fin., Ltd. Sec. Litig.*, (D. Minn.); *Schmulbach v. Pittway Corp.*, (Ill., 12th Jud. Dist.) ("*Smoke Detectors*"); *Ruff v. Parex, Inc.*, (N.C. New Hanover Cty. Sup. Ct.) ("*EIFS*"); *Behm v. John Nuveen & Co., Inc.*, (Minn. 4th Jud. Dist.); *Infant Formula Antitrust Litig.*, (multiple state court actions); *In re Prudential Ins. Co. Sales Practices Litig.*, (D.N.J.); *Big Valley Milling, Inc. v. Archer Daniels Midland Co.*, (Minn. 8th Jud. Dist.) ("*Lysine*"); *In re High-Fructose Corn Syrup Antitrust Litig.*, (C.D. Ill.); *Raz v. Archer Daniels Midland Co.*, (Minn. 8th Jud. Dist.) ("*Citric Acid*"); and *S&S Forage Equip. Co. v. Up North Plastics, Inc.*, (D. Minn.) ("*Silage Bags*").

Ms. Gluek also is or has been involved in other non-class complex cases involving antitrust, consumer protection, contract, unfair competition, trademark and patent infringement claims, including: *Harmon v. Innomed Technologies, Inc.*, (S.D. Ga.); *J.D. Edwards World Solutions Company Arbitrations*, (AAA); *INO Therapeutics Inc. v. SensorMedics Corp.*, (D.N.J.); *In re National Metal Technologies, Inc.*, (S.D. Cal.); *Transclean Corp. v. MotorVac Technologies, Inc.*, (D. Minn.); *Cardiac Pacemakers, Inc. v. Warner*, (D. Minn.); *Intermedics, Inc. v. Cardiac Pacemakers, Inc.*, (D. Minn.); *Hammond v. Hitachi Power Tools, Inc.*, (D. Minn.); *Minnesota Mining & Mfg. Co. v. Fellowes Mfg. Co.*, (D. Minn.); *UFE, Inc. v. Alpha Enters., Inc.*, (D. Minn.); *Eastman Kodak Co. v. Minnesota Mining & Mfg. Co.*, (W.D.N.Y.); and

*On Assignment, Inc. v. Callander*, (Minn., 4th Jud. Dist.).

**Renae D. Steiner**

Renae D. Steiner is a partner in the firm of Gustafson Gluek, PLLC.  She is a graduate of the University of Minnesota, Morris with a major in Political Science (B.A. 1988) and a graduate of the University of Nebraska College of Law (J.D. 1991, *with distinction*).

During law school, Ms. Steiner spent two years as a law clerk at Woods & Aitken in Lincoln, Nebraska, a firm that specializes in telecommunications, intellectual property and government contracting law.  In addition, Ms. Steiner was a research assistant for Professor Anna William Shavers.

After graduating from law school, Ms. Steiner worked at a small litigation firm and later doing litigation defense work for a large corporation before joining Heins Mills & Olson, P.L.C. in 1995, where she practiced in the areas of antitrust, consumer protection and securities litigation.  In January 2001, Ms. Steiner became a partner at Heins Mills & Olson, P.L.C.  She joined Gustafson Gluek in March 2004.

Ms. Steiner is admitted to practice in the United States District Courts for the Districts of Minnesota, Nebraska, Colorado and the Eastern District of Wisconsin and the Seventh Circuit Court of Appeals.  She is a member of the Federal, Minnesota, and Hennepin County Bar associations and of Trial Lawyers for Public Justice.

Ms. Steiner has actively participated in the representation of plaintiffs and plaintiff classes in the following cases*: In re DRAM Antitrust Litig*., (multiple federal and state court actions); *In re St. Paul Travelers Securities Litig*., (D. Minn.); *Carey v. Select Comfort Corp*., (4th Jud. Dist., Minnesota); *Schaffer v. Hewlett-Packard Co.*, (E.D. Mich.); *Ellerbrake v. Campbell Hausfeld*, (20th Jud. Ct. Ill.) ("*Air Compressors*"); *Wiginton v. CB Richard Ellis*,

(N.D. Ill.); *Johnson v. Best Buy*, (Hennepin Co. Ct.); *In re Universal Service Fund (USF) Telephone Billing Practices Litig.*, (D. Kan.); *Fiber Optic Cable Litig.*, (multiple state and federal court actions); *Infant Formula Antitrust Litig.*, (multiple state court actions; Wisconsin trial team); *In re Thermal Facsimile Paper Antitrust Litig.*, (multiple state court actions); *In re Tricord Systems, Inc. Sec. Litig.*, (D. Minn.); *In re Grand Casinos, Inc. Sec. Litig.*, (D. Minn.); *In re Digi International, Inc. Sec. Litig.*, (D. Minn.); *In re Molybdenum Antitrust Litig.*, (W. D. Pa.); and *In re Commercial Explosives Antitrust Litig.*, (D. Utah).

Ms. Steiner also has been involved in other, non-class complex cases involving unfair competition claims, including: *Medical Graphics v. SensorMedics Corp.*, (D. Minn.); and *Birchwood Laboratories v. Citmed Corp.*, (D. Minn.).

## Jason S. Kilene

Jason S. Kilene is a partner in the firm of Gustafson Gluek PLLC. He is a graduate of the University of North Dakota (B.A. 1991) with a major in Political Science and a graduate of the University of North Dakota School of Law (J.D. 1994, *with distinction*).

After graduating from law school, Mr. Kilene served as law clerk to the Honorable Bruce M. Van Sickle, United States District Judge, District of North Dakota. Prior to joining Gustafson Gluek in August 2003, Mr. Kilene practiced in the areas of antitrust, securities and business litigation at the law firms of Oppenheimer Wolff & Donnelly, LLP, and Heins Mills & Olson, P.L.C.

He is admitted to practice in Minnesota and North Dakota state courts, and in the United States District Court for the District of Minnesota. He is also a member of the Hennepin County, Minnesota, North Dakota and Federal Bar Associations.

He is currently or has recently been involved in the representation of plaintiffs and plaintiff classes in numerous cases including: *In Re Pressure Sensitive Labelstock Antitrust*

*Litigation*, (M.D. Pa.); *The Plumbing Source, Inc. v. American Standard Companies, Inc. et al.*, (E.D. Pa); *Carolos Lossada v. Union Oil Company of California*, (C.D. Cal.); *Yarrington v. Solvay Pharmaceuticals, Inc. et al.*, (D. Minn.) ("*Estratest*"); *Standfacts Credit Services et al. v. Experian Information Solutions, Inc.*, (C.D. Cal.) ("*Credit Resellers*"); *Brennan et al. v. Concord EFS, Inc. et al.*, (N.D. Cal.) ("*ATM*"); *In re Vitamins Antitrust Litig.*, (D.D.C.); *In re Broadcom Corp. Securities Litig.*, (C.D. Cal.); *In re High Pressure Laminates Antitrust Litig.*, (S.D.N.Y.); *Microsoft Indirect Purchaser Antitrust Litig.*, (Minnesota and North Dakota); *In re Relafen Antitrust Litig.*, (N.D. Cal.); and *Heerwagen v. Clear Channel Communications, Inc.*, (S.D.N.Y.).

He is also currently or recently has been involved in other complex cases involving antitrust, consumer protection, contract and unfair competition, including:  *In re J.D. Edwards World Solutions Company*, (AAA)(trial counsel for Quantegy and Amherst) and *National Metal Technologies, Inc., et al. v. Alliant Techsystems, Inc. et al.*, (S.D. Cal.) ("NMT").

**<u>Stacey Lee Mitchell</u>**

Stacey Lee Mitchell is an associate in the firm of Gustafson Gluek PLLC.  She is a *cum laude* graduate of the University of Minnesota (B.A. 2000) with a major in Economics and a *cum laude* graduate of the University of Minnesota Law School (J.D. 2004).  Ms. Mitchell was admitted to the Minnesota Bar in 2004.

During law school, Ms. Mitchell interned at Biocure Medical, LLC, doing intellectual property work, clerked at Johnson & Condon, PA, a workers' compensation firm, and served as a judicial extern for the Honorable David S. Doty, United States District Judge, District of Minnesota.  In addition, Ms. Mitchell also served as a director of the Intellectual Property Moot Court, was an active member of the Housing Clinic, participated in *pro bono* work for the

Innocence Project of Minnesota, and is conversant in Chinese.

She is currently involved in the representation of plaintiffs and plaintiff classes in numerous cases including: *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, (N.D. Cal.); *Johnson et al. v. Best Buy Co., Inc.*, et al., (D. Minn.); *Carey v. Select Comfort Corporation*, (D. Minn.); *In re New Motors Vehicles Company Export Antitrust Litigation*, (D. Me.); *Schaffer v. Hewlett-Packard Company*, (E.D. Mich.).

Ms. Mitchell joined Gustafson Gluek in August 2004.

# EXHIBIT E

LAW OFFICES OF
## FRANCIS O. SCARPULLA
44 MONTGOMERY STREET, SUITE 3400
SAN FRANCISCO, CA  94104
(415) 788-7210
TELECOPIER:  (415) 788-0707
VOICEMAIL:  (415) 995-1996
CELLULAR:  (415) 608-7050

## <u>CURRICULUM VITA OF FRANCIS O. SCARPULLA</u>

Mr. Scarpulla is a graduate of the Class of 1967, Hastings School of Law, and became an associate in the Law Offices of Joseph L. Alioto, with responsibilities for the preparation of complex civil antitrust cases.

In November, 1970, Mr. Scarpulla formed his own firm and continued prosecuting complex civil cases, representing plaintiffs in antitrust lawsuits, many of which were class actions.

Mr. Scarpulla participated in many federal antitrust class actions, both as an associate while working at the Alioto firm and subsequently as a partner in his own firm, including the *Gypsum Wallboard Antitrust Litigation, Sugar Antitrust Litigation, Folding Cartons Antitrust Litigation, Fine Paper Antitrust Litigation, Corrugated Container Antitrust Litigation, Pharmaceutical Antitrust Litigation, Microsoft Monopolization Antitrust Litigation* and the *Cosmetics Antitrust Litigation.*  For a detailed list of cases in which Mr. Scarpulla has participated, see the attached Appendix 1.

Mr. Scarpulla has actively participated in over 127 major antitrust and other complex class actions, trying five such cases to juries where Mr. Scarpulla was the sole trial counsel for the plaintiffs.  In many of these cases Mr. Scarpulla=s firm was in a leadership position, including being Lead Counsel or Co-Lead Counsel.  Mr. Scarpulla has served as Liaison Counsel

in many of the other cases listed in Appendix 1.  Mr. Scarpulla has been a member of the Executive Committee in most of the cases in which he has participated.

Mr. Scarpulla has taken hundreds of antitrust depositions on the merits and argued all manner of procedural, discovery and substantive motions over the 38 years he has been practicing.

Mr. Scarpulla has represented state and governmental agencies, including Nevada and Arizona, in antitrust cases, as well as business entities and consumers.

The cases in which Mr. Scarpulla participated have resulted in billions of dollars of settlements or jury verdicts for the plaintiffs Mr. Scarpulla has represented.

In addition to the federal antitrust class actions in which Mr. Scarpulla participated, his firm acted as lead counsel in many class actions in California, including developing the law involving state-court antitrust jurisdiction (*St. Joe Paper Company v. Superior Court* (1981) 120 Cal.App.3d 991, 175 Cal.Rptr. 94); joinder of parties and fraudulent concealment (*Union Carbide Corporation v. Superior Court* (1984) 36 Cal.3d 15, 201 Cal.Rptr. 580, 679 P.2d 14); federal pre-emption policies (*Crown Oil Corporation v. Superior Court* (1986) 177 Cal.App.3d 604, 223 Cal.Rptr. 164, *re-hearing denied*, March 13, 1986, *hearing denied*, May 22, 1986, *U.S. S.Ct. appeal dismissed*, October 14, 1986); and the propriety of class action certification in such actions (*B.W.I. Custom Kitchen v. Owens-Illinois, Inc.* (1987) 191 Cal.App.3d 1341, 235 Cal.Rptr. 228, *re-hearing denied*, March 30, 1987, *hearing denied*, July 2, 1987, *request for depublication denied*, July 20, 1987).

In addition to practicing law, Mr. Scarpulla was the past Chair of the Antitrust and Trade Regulation Section of the California State Bar.  He has participated in both ABA and CEB panels on competitive business practices, as well as being a guest lecturer in MBA programs. Mr. Scarpulla was also an instructor at The University of California Hastings School of Law,

teaching legal writing classes during 1985 and 1988.  He was an adjunct professor of Antitrust

Law at Golden Gate University Law School.  In addition to having an "AV" rating in *Martindale*

for the past 30 years, Mr. Scarpulla was nominated by fellow lawyers to the *Best Lawyers In*

*America* listing.  He was one of the authors of the California State Bar's publication *California*

*Antitrust Law*, writing the section on indirect-purchaser class actions, and a co-author on the

LexisNexis publication *California Class Actions and Procedures*.  Mr. Scarpulla was recently

named AAntitrust Lawyer of the Year@ for 2005 by the Antitrust Section of the California State

Bar.

# COMPLEX LITIGATION CASES

(1)     *Plumbing Fixtures Antitrust Litigation* (E.D. Pa.) - price-fixing case brought on behalf of classes of public bodies and various private clients.  See *Lindy Bros. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3rd Cir. 1973).

(2)     *Asphalt Antitrust Litigation* (N.D. Cal., D. New Mex., D. Idaho, D. Colo.) - price-fixing case brought on behalf of various public bodies.  See, *State of New Mexico v. American Petrofina, et al.*, 501 F.2d 363 (9th Cir. 1974).

(3)     *Newspaper Publishing Monopolization Litigation* (N.D. Cal.) - brought on behalf of competing newspaper.  See, *San Francisco Bay Guardian v. San Francisco Chronicle, et al.*, 344 F.Supp. 1155 (N.D. Cal. 1972).

(4)     *Gypsum Wallboard Antitrust Litigation* (N.D. Cal.) - price-fixing case brought on behalf of a national class of governmental bodies.  See, *In re Gypsum Cases*, 1974-2 Trade Cases &74,272 (N.D. Cal. 1974).

(5)     *Albacore Monopolization Litigation* - (N.D. Cal.) - Sherman 1 and 2 case brought on behalf of a class of albacore fishermen.  See, *Western Fishboat Owners Association v. Castle & Cooke, Inc., et al.*, C-74-1784 (N.D. Cal. 1974).

(6)     *Processed Potato Price Fixing Litigation* (S.D. Cal.) - brought on behalf of a class of restaurants.  See *Love's Wood Pit Barbecue v. Bell Brand Foods, Inc., et al.*, 1974 Trade Cases &74,905 (S.D. Cal. 1974).

(7)     *Boise City, Idaho v. Monroe, Inc., et al.*, Civil Action No. 1-76-127 (D. Idaho) - price-fixing action brought on behalf of the municipality of Boise City, Idaho, against certain ready-mix concrete companies.

(8)     *In re Arizona Bakery Products Litigation*, Civil No. 74-208A PHX CAM (D. Ariz.) - antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of bakery products.

(9)     *Spinetti, et al. v. Atlantic Richfield Company*, C-75-0324-RFP (N.D. Cal.) - claims of 80 petroleum wholesale distributors against their suppliers for violations of antitrust and federal energy laws.

(10)    *Presidio Golf Club of San Francisco, Inc., et al. v. National Service Industries, Inc.*, C-71-945-SW (N.D. Cal.) - price-fixing action brought on behalf of class of linen service users against linen suppliers.

(11) *In re Arizona Dairy Products Litigation*, Civil No. 74-569A PHX CAM (D. Ariz.) - antitrust price-fixing action brought on behalf of five classes of Arizona purchasers of dairy products.

(12) *Folding Cartons Antitrust Litigation*, MDL 250 (N.D. Ill.) - antitrust price-fixing action brought on behalf of direct purchasers nationwide class of folding carton users.

(13) *In re Hawaii Beer Litigation*, Civil No. 77-0294A (D. Ha.) - antitrust price-fixing class action brought on behalf of a class of purchasers of beer in the State of Hawaii.

(14) *In re Sugar Industry Antitrust Litigation*, MDL 201 (N.D. Cal.) - antitrust price-fixing action brought on behalf of three private classes of sugar purchasers in the Western United States.

(15) *Danielson v. Union Oil Company of California*, (N.D. Cal.) - brought by petroleum wholesale distributor against his supplier for violation of federal antitrust and energy laws.

(16) *Boardwalk Markets, Inc., et al. v. Associated Foods Stores, et al.*, (N.D. Cal.) - brought by minority shareholders in wholesale grocery cooperative alleging violations of federal securities laws.

(17) *National Super Spuds v. Gearhart Farms, Inc., et al.* (S.D. N.Y.) - commodities futures fraud action alleging manipulation of May 1976 Maine Potato Futures Contract.

(18) *Fine Paper Antitrust Litigation (State of Arizona v. Boise Cascade, et al*.) MDL 235 - antitrust price-fixing action by state agencies who purchased fine paper products.

(19) *In re California Armored Cars Litigation*, MDL 387 - antitrust price-fixing action brought on behalf of private class of purchasers in California.

(20) *Busy Boy Markets, Inc., et al. v. A.R.A. Services, Inc., et al.*, Civil Action No. C-79-2156-SW (N.D. Cal. 1980), antitrust price-fixing action brought on behalf of purchasers of publications.

(21) *In re California Wiring Devices Antitrust Litigation*, Civil Action No. 759-734 (S.F. Sup. Ct. 1981), antitrust indirect-purchaser action on behalf of California consumers of wiring devices.

(22) *In re Concrete Antitrust Litigation*, MDL 296, antitrust action for Arizona ready-mix purchasers.

(23) *Marks v. San Francisco Real Estate Board*, Civil Action No. C-71-369-MHP - antitrust, class action on behalf of Bay Area class of home sellers who paid fixed real estate commission rates.

(24)   *Solvoil Company v. Lamplight Farms, Inc.*, Civil Action No. 755-503
(S.F. Sup. Ct.) - antitrust\fraud action by terminated distributor against manufacturer-supplier.

(25)   *THC Financial Litigation*, Civil No. 76-0448C (D. Ha.) - securities fraud class action
brought on behalf of the depositors and holders of investment certificates and debentures
in THC Financial Corporation.

(26)   *Buffalo Whole Food and Grain Co. v. The Fleming Companies, et al.*, Civil Action No.
C-81-927-THE, nationwide antitrust, class action on behalf of purchasers of health foods.

(27)   *In Re Olympic Oil Securities Litigation*, Civil Action No. C-81-3441-RPA
(N.D. Cal.) - 10b-5 action on behalf of defrauded shareholders.

(28)   *Prescottano v. Koracorp Industries, Inc.*, C-74-1704 (N.D. Cal.) - class of shareholders
alleging securities fraud.

(29)   *Espirit de Corp. v. Alton Box Board Co., et al.*, Civil Action No. 750-975
(S.F. Sup. Ct. 1982) - state-wide, antitrust class action for indirect purchasers of
corrugated boxes.

(30)   *Greenberg v. Leviton Manufacturing Co., Inc., et al*. (S.F. Sup. Ct. 1980) - state-wide
class action for indirect purchases of wiring devices.

(31)   *Busy Boy Markets, Inc., et al. v. Roblin Industries, Inc., et al.*, Civil Action No.
772-241 - antitrust price-fixing case for class of indirect purchasers of shopping carts.

(32)   *U.F.C.W., Local 1288 v. Allied Finance Adjusters Conference*, Civil Action No. 777-670
(S.F. Sup. Ct.) - antitrust price-fixing action by California class against repossession
firms.

(33)   *Retail Clerks Union, Local 648, et al. v. Exxon Corp., et al.*, MDL 150 - indirect
purchaser, antitrust class action on behalf of California consumers of gasoline.

(34)   *In re Airport Rent-A-Car Antitrust Litigation*, MDL 338, antitrust action by independent
car rental companies against major car rental companies; appeal pending before the Ninth
Circuit.

(35)   *Tom Lazio Fish Co., Inc. v. Castle & Cooke, Inc., et al.* (S.F. Sup. Ct.) - antitrust,
predatory pricing action brought by competitor against major tuna packers.

(36)   *In re Records and Tapes Antitrust Litigation* (N.E. Ill. 1983) - nationwide, price-fixing,
class action for direct purchasers of records and tapes.

(37)   *Alexander v. Cambridge-Lee Industries, Inc., et al.* (S.F. Sup. Ct. 1983) -
indirect-purchaser, antitrust class action by California purchasers of copper tubing.

(38)   *B.W.I. Custom Kitchens v. Owens-Illinois, et al.* (S.F. Sup. Ct. 1983) - indirect-purchaser,
antitrust class action by California wholesale purchasers of glass containers.

(39)   *Highland Park Liquor, Inc., et al. v. ARA Services, Inc., et al.*
(L.A. Sup. Ct. 1983) - antitrust, price-fixing class action by wholesale purchasers of
magazines.

(40)   *Biljac v. Bank of America, et al.*, (S.F. Sup. Ct. 1984) - Unfair Competition Act case for
antitrust price-fixing involving the prime rate to commercial borrowers.

(41)   *Biogenesis Research, Inc. v. The Hertz Corporation, et al.* (S.F. Sup. Ct. 1984) - Unfair
Competition Act for fixing car-rental rates to California consumers.

(42)   *Alexander v. American Savings & Loan Association, et al.* (S.F. Sup. Ct. 1984) - Unfair
Competition Act for fixing pre-payment and association fees.

(43)   *Tyre Treds, Inc. v. The Firestone Tire & Rubber Company*, Civil No. 70-236-SC
(N.D. Cal. 1976) - distributor termination, antitrust action.

(44)   *Reno-West Coast Distributing Company, Inc. v. The Mead Corporation*, Civil Action
No. 73-0250-SW (N.D. Cal. 1976) - distributor termination, antitrust action.

(45)   *Unique Factory Outlet v. Espirit de Corp.*, Civil No. C-78-2336-WTS
(N.D. Cal. 1980) - distributor termination, antitrust action.

(46)   *California Indirect-Purchaser Infant Formula Antitrust Litigation*, Judicial Council
Coordination Proceeding No. 2557 (L.A. Sup. Ct.) - state-wide, Cartwright Act, class
action for consumers who purchased infant formula.

(47)   *Stead Industries, Inc. v. State Industries, Inc.* (N.D. Cal.) - Sherman 2 monopolization
case involving water heater industry.

(48)   *Airport Hub Antitrust Litigation* (N.D. Ga.) - nationwide class action for price-fixing of
domestic airline ticket prices.

(49)   *Duke Development Company v. The Stanley Works, et al.* (S.F. Sup. Ct.) - state-wide,
price-fixing, Cartwright Act, class action for indirect purchasers of hinges.

(50)   *Exxon Valdez Spill Litigation* (L.A. Sup. Ct.) state-wide class action for economic
damages suffered by California motorists caused by Exxon Valdez spill.

(51)   *Dombek v. Humboldt Petroleum, Inc., et al.* (H.C. Sup. Ct.) - price-fixing, Cartwright Act
class action for purchasers of petroleum products in Humboldt County.

(52)   *First Executive Life Insurance Litigation* (S.F. Sup. Ct.) - nationwide class of defrauded life insurance purchasers.

(53)   *Abbott v. Genentech, Inc.* (N.D. Cal.) - nationwide securities class action for security fraud violations.

(54)   *Abbott/Morse v. Nintendo of America, Inc.* (S.M. Sup. Ct.) - state-wide class action for unfair business practices in Cartwright Act violations.

(55)   *Los Angeles Waste Antitrust Litigation* (L.A. Sup. Ct.) - county-wide, price-fixing, Cartwright Act class action.

(56)   *In re Macadamia Nuts Antitrust Litigation* (N.D. Cal.) - nationwide class action on behalf of direct purchasers of macadamia nuts for price-fixing.

(57)   *Weinberg/Friedman v. The B. Manischewitz Co.* (S.F. Sup. Ct.) - state-wide, Cartwright Act, price-fixing class action for indirect purchasers of matzo products.

(58)   *Movie 1 & 2 v. United Artists, et al.* (N.D. Cal.) - competitor case for alleged group boycott and monopolization.

(59)   *Wirebound Box Antitrust Litigation* (D. MN.) - nationwide class action for price-fixing of wirebound boxes.

(60)   *Orlando & Jones, Inc., et al. v. Nautilus Sports/Medical Industries, Inc., et al.* (D. FL.) - distributor claiming unfair business practices by manufacturer.

(61)   *James R. Benefiel and Edward D. Taylor v. Exxon Corporation, et al.* (L.A. Sup. Ct. 1989) - California class action for economic damages due to Exxon oil spill.

(62)   *Syufy Enterprises v. Vogel Popcorn Company, et al.* - File No. CV. 3-89-664, Master File No. 3-89-710 - Class action involving bulk raw popcorn price-fixing case on behalf of direct purchasers.

(63)   *Renaissance Rialto, Inc., et al. v. Vogel Popcorn Company, et al.*, Civil No. 909-893 (S.F. Sup. Ct.) - Class action involving bulk raw popcorn price-fixing case, on behalf of indirect purchasers.

(64)   *Arthur M. Stone Company and Tree of Life, Inc. v. Mauna Loa Macadamia Nut Corporation, et al.* - (N.D. Cal. 1990) - Direct-purchaser, class action for price-fixing macadamia nuts.

(65)   *Gary Kaplan/Frank Holminski v. Southern Pacific Transportation Company, et al.*, Civil No. 935-732 (S.F. Sup. Ct.) - class action suit for damages due to toxic spill.

(66)   *John R. Travis v. Deloitte & Touche, et al.*, Civil No. 933-393 (S.F. Sup. Ct.) - class action suit representing persons who purchased life insurance products, who were damaged by fraudulent investments.

(67)   *In Re Potash Antitrust Litigation*, Civil File No. 3-93-197, MDL Docket No. 981, U.S. District Court, District of Minnesota, Third Division - class action suit on behalf of direct purchasers of potash alleging horizontal price-fixing.

(68)   *Neve Brothers v. Potash Corporation of America, et al.*, Civil Case No. 959-767 (S.F. Sup. Ct.) - indirect-purchaser antitrust class action for potash purchasers.

(69)   *Diane Barela, et al. v. Ralph's Grocery Company, et al.*, Civil Case No. BC070061 (L.A. Sup. Ct.) - consumer class action alleging a milk price-fixing conspiracy in Los Angeles County.

(70)   *In Re:  Baby Food Antitrust Litigation*, Master File No. 92-5495 (NHP), United States District Court for the District of New Jersey - class action of direct purchasers against baby food manufacturers.

(71)   *Leslie K. Bruce, et al. v. Gerber Products Company, et al.*, Civil Case No. 948-857 (S.F. Sup. Ct.) - indirect-purchaser, price-fixing action against baby food manufacturers.

(72)   *Mark Notz, et al. v. Ticketmaster-Southern California, Inc., et al.*, Civil Case No. 943-327 (S.F. Sup. Ct.) - consumer class action alleging a territorial allocation in violation of the Cartwright Act.

(73)   *Nancy Wolf v. Toyota Motor Sales, U.S.A., Inc., et al.*, Civil Action No. C94-1359-MHP - nationwide, consumer class action alleging that the TDA Assessment on the dealer invoice was raised pursuant to an antitrust agreement.

(74)   *Lee Bright v. Kanzaki Specialty Papers, Inc., et al.*, Civil Action No. 963-598 (S.F. Sup. Ct.) - indirect-purchaser, consumer class action alleging a price-fixing conspiracy on fax paper.

(75)   *In Re Media Vision Technology Securities Litigation*, Civil Action No. C-94-1015-EFL (U.S. District Court - Northern District of CA) - securities fraud class action.

(76)   *Tortola Restaurants, L.P. v. Comet Products, Inc., et al.*, Civil Action No. 961-814 (S.F. Super Ct.) - indirect-purchaser, class action alleging a price-fixing conspiracy on plastic dinnerware.

(77)   *In re California X-Ray Antitrust Litigation*, Civil Action No. 960-886 (S.F. Sup. Ct.) - indirect-purchaser, class action alleging price-fixing in X-ray film.

(79)   *Dianne Castano, et al. v. The American Tobacco Company, et al.*, Civil Action No. 94-1044, Section "S"(5) (U.S. District Court - Eastern District of Louisiana) - class action alleging that the tobacco companies formulated cigarettes to addict consumers.

(80)   *In Re Brand Name Prescription Drugs Antitrust Litigation*, Civil Action No. 94-C-897, MDL 997 (U.S. District Court - Northern District of Illinois, Eastern Division) - direct-purchaser class action alleging that the prescription drug manufacturers and wholesalers combined to keep prices unreasonably high to retail pharmacies.

(81)   *Pharmaceutical Cases I, II and III*, Judicial Council Proceeding Nos. 2969, 2971, 2972 (S.F. Sup. Ct.) - indirect-purchaser, consumer class action alleging that prescription drug manufacturers and wholesalers kept prices unreasonably high to retail pharmacies who passed on the overcharges to consumers.

(82)   *In Re:  Carbon Dioxide Antitrust Litigation*, MDL Docket No. 940, United States District Court, Middle District of Florida, Orlando Division - direct purchaser class action alleging price-fixing on carbon dioxide.

(83)   *In Re:  Liquid Carbon Dioxide Cases*, Judicial Council Coordination Proceeding No. 3012 (San Diego Sup. Ct.) - indirect-purchaser class action alleging price-fixing on carbon dioxide.

(84)   *Jack Davis v. Microsoft Corporation*, Civil Action No. 963-597 (S.F. Sup. Ct.) - consumer class action alleging that Microsoft's 6.0 system was flawed and should be corrected.

(85)   *In Re Airline Ticket Commission Antitrust Litigation*, MDL No. 1058 (Judicial Panel on Multidistrict Litigation) - class action alleging that the airlines conspired to fix travel agents' commission rates.

(86)   *Cosmetics Antitrust Litigation;* JCCP No. 4056 - class action alleging that manufacturers of prestige cosmetics and retail department stores conspired to prevent discounting of cosmetics.

(87)   *In Re Sorbate Price-Fixing Cases*; JCCP 4073 - class action alleging that certain manufacturers of sorbate fixed prices for product sold indirectly to California.

(88)   *In Re Methionine Antitrust Litigation*, MDL 1311;  - class action alleging that certain manufacturers of methionine fixed prices to direct purchasers throughout the United States.

(89)   *In Re Methionine Cases*, JCCP 4090 - class action alleging that certain manufacturers of methionine fixed prices to indirect purchasers of that product in California

(90)  *Gaehwiler, Sr., et al. v. Sunrise Carpet Industries, et al.*, SF Sup. Ct. Action No. 978345 - class action alleging that manufacturers of certain types of carpets fixed prices to indirect purchasers in California.

(91)  *Chrysler Paint Cases*; JCCP 4038 - nationwide class action alleging defect in Chrysler paint.

(92)  *Sanitary Paper Cases I & II*, JCCP 4019, 4027] - class action alleging that manufacturers of certain types of sanitary paper fixed prices to indirect purchasers in California.

(93)  *In re Dura Lube Corporation Fraud Actions*, SF Sup. Ct. Action No. 304186 - class action alleging certain practices and false advertising by Dura Lube.

(94)  *In re: Flat Glass Indirect Purchaser Antitrust Litigation*, JCCP 4033 - class action alleging that manufacturers of certain types of flat glass fixed prices to indirect purchasers in California.

(95)  *Verges, et al. v. Old Republic Title Co.*, SF Sup. Ct. Action No. 996929 - statewide class action alleging fraudulent schemes by title insurance companies.

(96)  *In re Toys AR@ Us Antitrust Litigation*, MDL 1211 - nationwide class action alleging anticompetitive activities in the children=s toy market.

(97)  *NASDAQ Market Makers Antitrust Litigation*, MDL 1023 94 Civ. 3996 (RWS) - nationwide class action alleging that commissions were illegally fixed.

(98)  *In re Vitamin Antitrust Litigation*, JCCP 4076 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(99)  *Sanders v. Great Spring Water of America d/b/a Calistoga Mineral Water Co. and d/b/a Arrowhead Mountain Spring Water Co., et al*, S.F. Sup. Ct. 303549 - nationwide class action alleging deceptive advertising in the sale of so-called Aspring water.@

(100)  *In re Providian Credit Card Litigation,* JCCP 4085 - a consumer fraud class action alleging a credit card company imposes fraudulent fees on its customers.

(101)  *GM Car Paint Cases*; JCCP 4070 - nationwide class action alleging defect in GM paint.

(102)  *Lopez v. Nissan North America, Inc.*, S.F. Sup. Ct. Action No. 305810 - nationwide class action alleging defect in Nissan paint.

(103)  *Judy v. Ford Motor Company*, S.F. Sup. Ct. Action No. 305722 - nationwide class action alleging defect in Ford paint.

(104)  *In re Auctions House Antitrust Litigation*, JCCP 4145 в indirect-purchaser antitrust class action alleging that major auction houses fixed buyer commissions.

(105) *In re Microsoft I-V Cases*; JCCP 4106 Ɓ California Cartwright Act class action on behalf of all natural persons and businesses that purchased Microsoft operating systems and applications.

(106) *In re Cigarette Price-Fixing Cases*, JCCP 4114 Ɓ California Cartwright Act class action alleging that the tobacco companies fixed prices of cigarettes to pay state settlements.

(107) *Weyerhauser Siding Cases,* S.F. Sup. Ct. Action No. 995787 Ɓ nationwide class action alleging that home siding was defective.

(108) *In re Carbon Fiber Cases I, II, and III*, JCCP 4212, 4216, and 4222 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(109) *In re Microcrystalline Celluloid (MCC) Cases I, II, and IIII*, JCCP 4173, 4178 and 4181 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(110) *In re Methionine Cases and Methionine Cases II*, JCCP 4090 and 4096 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(111) *Cintas Technologies, Inc., v. ISK Magnetics, et al.*, S.F. Sup. Ct. Action No. 323321 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(112) *In re Carbon Black Cases*, JCCP 4323 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(113) *Sullivan, et al. v. DB Investments, Inc., et al.*, USDC, NDNJ No. 3:04- cv-02819 - nationwide class action by direct purchasers alleging a price-fixing conspiracy.

(114) *Dram Cases*, JCCP 4265 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(115) *Automobile Antitrust Cases I, II*, JCCP 4298 and 4303 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(116) *In re Natural Gas Anti-Trust Cases I, II, III & IV*, JCCP 4221, 4224, 4226 and 4228 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(117) *In re Laminate Cases*, JCCP 4129 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(118) *In re Lupron Drug Cases*, JCCP 4238 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(119) *Alameda Drug Co., et al. v. Medco Health Solutions, Inc., et al.*, S.F. Sup. Ct. Action No. CGC-04-428109 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(120)   *Polyester Staple Cases*, JCCP 4278 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(121)   *Food Additives (HFCS) Cases*, JCCP 3261 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(122)   *In re Insurance Brokerage Antitrust Litigation*, MDL 1663 - nationwide class action by direct purchasers alleging a price-fixing conspiracy.

(123)   *Schreiner and Gustin, Inc. v. Crompton Corporation, et al.,* Sup. Ct. Action No. CGC-04-429323- statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(124)   *Leola Loots v. Crompton Corp., et al.*, Sup. Ct. Action No. CGC-04-431247 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(125)   *Kim, et al. v. SONY Computer Entertainment, America, Inc.*, Sup. Ct. Action No. CIV 427336 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(126)   *Schneider v. Autobahn Motors, et al.*, Sup. Ct. Action No. 315111 - statewide class action by indirect purchasers alleging a price-fixing conspiracy.

(127)   *Sullivan v. Union Oil Company of California,* Dist. Ct. Action No. 04-5236 - nationwide class action by direct purchasers alleging a price-fixing conspiracy.

# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

IN RE FOUNDRY RESINS          Case No.          2:04-md-1638
ANTITRUST LITIGATION          Master Docket No.  2:04-cv-415

                              JUDGE GREGORY L. FROST
                              Magistrate Judge Mark R. Abel

This document relates to: <u>ALL CASES.</u>

<u>ORDER</u>

On December 9, 2004, this Court held a first preliminary pretrial conference in the above captioned multidistrict litigation cases. Counsel for all parties appeared and, after preliminary on-the-record discussions, agreed that the Court and counsel could discuss the matters to be addressed informally and off the record. This Order both memorializes those discussions and disposes of several pending issues.

**Appointment of lead counsel.** The Court has been presented with two alternatives for the appointment of interim lead counsel. Although all Plaintiffs' counsel agreed to waive a formal evidentiary hearing and preferred to submit the issue of lead counsel to the Court on their briefs, the Court proceeded on December 9, 2004 to discuss informally with the parties each of the following factors as outlined in the *Manual for Complex Litigation* (4th ed. 2004):

- qualifications, functions, organization, and compensation of designated counsel;
- whether there has been full disclosure of all agreements and understandings among counsel;
- would-be designated attorneys' competence for assignments;
- whether there are clear and satisfactory guidelines for compensation and reimbursement, and whether the arrangements for coordination among

1

counsel are fair, reasonable, and efficient;

- whether designated counsel fairly represent the various interests in the litigation–where diverse interests exist among parties; the court may designate a committee of counsel representing different interests;

- the attorneys' resources, commitment, and qualifications to accomplish the assigned tasks; and

- the attorneys' ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court–experience in similar roles in other litigation may be useful, but an attorney may have generated personal antagonisms during prior proceedings that will undermine his or her effectiveness in the present case.

*Id.* at 27.  The Court also inquired into the issue of anticipated billing rates and was informed that there was no notable distinction between the competing factions for the interim lead counsel position(s).

In light of these factors, the discussions had with counsel, informal argument before the Court, and the parties' filings, the Court hereby designates the following firms to act as interim lead co-counsel in the class action cases: Choen, Milstein, Hausfeld & Toll, P.L.L.C.; Goodkind Labaton Rudoff & Sucharow LLP; Levin, Fishbein, Sedran & Berman; and Preti, Flaherty, Beliveau, Pachios & Haley, LLP.  Said counsel, who have garnered the support of 88% of Plaintiffs, possess the apparent experience, qualifications, and ability to serve most effectively as interim lead co-counsel in these proceedings.

Having appointed interim co-lead counsel, the Court will not set forth at this time specific guidelines for how they should function in managing this litigation outside the presence of the Court.  Until proven wrong, the Court trusts that given the experience and apparent professionalism of interim lead co-counsel, they will be able to understand their roles and function effectively, efficiently, and economically without micro-management by this Court.

2

The Court does note, however, that interim lead co-counsel shall act as spokesperson for Plaintiffs' counsel in matters of joint or common action before the Court. This does not limit the right of other counsel to be heard on matters not susceptible to joint or common action or when genuine and truly substantial divergence of opinion exists among counsel. The Court emphasizes that this latter statement does **not** mean that the Court will view favorably the presentation of cumulative views or views that differ only slightly from interim lead co-counsels' views.

This Order renders the motion for entry of a case mangement order (Doc. # 17 in 1:04-cv-434) and the cross-motion for a proposed pretrial order (Doc. # 13) **MOOT**.

**Appointment of liaison counsel.** Having considered the factors described in the foregoing section as they relate to the role of liaison counsel, the existing relationship of Hahn Loeser & Parks LLP to the appointed interim lead co-counsel, and the qualifications and ability of the Hahn Loeser counsel involved, the Court appoints Hahn Loeser as interim liaison counsel. Liaison counsel bears the responsibility, when necessary, for forwarding to Plaintiffs' counsel copies of all documents filed under seal, including this Court's Orders.

**Attorney fees.** All counsel for Plaintiffs in the class action cases shall forward a written account of their record of time and expenses to the interim lead co-counsel no less than every ninety days. Failure to provide such information as required may result in this Court's refusal to consider non-compliant counsel's application for fees and expenses should any class action plaintiff prevail.

**Motion to stay.** On November 24, 2004, Defendants filed a motion to stay discovery in

3

these proceedings pending completion of ongoing investigations before the Grand Jury. (Doc. #

10.) Plaintiffs have filed a memorandum in opposition. (Doc. # 17.) The parties have agreed

with the Court's approval that, following the issuance of this Order, Defendants' counsel shall

meet with Plaintiffs' interim co-lead counsel to discuss outstanding issues, including but not

limited to possibility of a stay and any need for a protective order. Said discussions should occur

as soon as possible and, **by January 3, 2005, the parties shall file a report with this Court**

**detailing the results of those discussions**. The Court holds Defendants' pending motion for a

stay in abeyance until after January 3, 2005.

      **Consolidation of unconsolidated class action cases.** The case of *Caterpillar, Inc. v.*

*Ashland, Inc.*, No. 1:04-1199 (C.D. Ill.), is a related individual action. For purposes of pretrial

proceedings, this case is included with the consolidated class action cases; for ease of reference,

these combined proceedings shall be referred to as the "coordinated action." Thus, the Court

hereby consolidates the additional class action cases set forth in the Conditional Transfer Order

(Doc. # 24) with the cases previously consolidated in this coordinated action. **The Court**

**further directs counsel in case No. 2:04-cv-667 to file no later than December 17, 2004 the**

**motion for consolidation discussed during the December 9, 2004 informal discussions.** The

Court shall subsequently issue a notice that will indicate each consolidated case and its Southern

District of Ohio case number.

      **Case caption and case numbers.** The Court shall assign every case in this coordinated

action that currently lacks a Southern District of Ohio case number such a number. The cases

will collectively be referred to by 2:04-md-1638. Additionally, the Court will utilize the lowest

case number, case No. 2:04-415, as the Master Docket Number.

Every filing in the coordinated action shall bear the following caption:

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **IN RE FOUNDRY RESINS** | **Case No.**             **2:04-md-1638** |
| **ANTITRUST LITIGATION** | **Master Docket No.   2:04-cv-415** |

**JUDGE GREGORY L. FROST**
**Magistrate Judge Mark R. Abel**

**This document relates to:** _____

When a pleading or other court paper is intended to apply to all actions, the words "ALL ACTIONS" shall appear on the line next to the words "This document relates to" in the caption as set forth above. When a pleading or other court paper is intended to be applicable only to one, some, but not all, of the cases governed by this order, the party filing the pleading shall indicate the actions to which the pleading is intended to apply in the line next to the words "This document relates to."

**Amended consolidated complaint.** As discussed informally with the Court and in accordance with the parties' agreement, **the Class Action Plaintiffs shall filed an amended consolidated complaint by January 7, 2005.**

**Extension of time in which to file answers or otherwise respond to amended consolidated complaint.** This Court recognizes that Defendants have moved for an extension of time in two of the consolidated cases. (Doc. # 8.) This Order vacates all existing response deadlines, and Defendants need not respond at this time to any already filed complaint. As

5

discussed informally with the Court and in accordance with the parties' agreement, **Defendants shall respond to the amended consolidated complaint by February 7, 2005. Defendants shall also respond to the complaint in *Caterpillar* by that date.** Accordingly, Defendants' motion for an extension of time to answer, move, or otherwise plead is **MOOT.** (Doc. # 8.)

**Status conferences.** As discussed during the informal discussions, this Court shall set periodic status conferences. **The First Status Conference is set for Wednesday, January 26, 2005 at 1:30 p.m. in Courtroom Four.** The parties shall confer prior to the status conference and file with the Court, no later than two days prior to the conference, an agenda of issues to be addressed. Counsel should not regard this filing as an opportunity to present argument. Rather, the proposed agenda should simply set forth those issues the parties seek to discuss with the Court. If any matter on the agenda is not resolved during informal discussions held at the status conference, the Court will set the matter for a subsequent in-court hearing. Following each status conference, the Court will issue an order memorializing the issues addressed and resolutions reached therein.

**Applicable procedural rules.** Except as otherwise provided herein or by further order of this Court, the Federal Rules of Civil Procedure and Local Civil Rules of the United States District Court for the Southern District of Ohio shall govern all further proceedings herein.

**_Pro hac vice_ applications.** Each attorney who is not already a member of the bar of this Court but who seeks to act as counsel for any party in these proceedings must apply for admission *pro hac vice*. The Court will not waive the fee for *pro hac vice* admission. The Magistrate Judge shall address such motions.

**Electronic filing.** All counsel must register for electronic filing with the Court.

**Scheduling Order.** Following resolution of the motion for a stay and the January 26, 2005 status conference, this Court will issue a scheduling order as necessary.

**IT IS SO ORDERED.**

       /s/  Gregory L. Frost
       GREGORY L. FROST
       UNITED STATES DISTRICT JUDGE

7

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3       I, Francie Burnham, hereby declare that I am a citizen of the United States, over the

4 age of eighteen (18) and employed in the law firm of Cooper & Kirkham, P.C., whose

5 address is 655 Montgomery Street, Suite 1700, San Francisco, California 94111; that I am

6 not a party to the within action; and that on July 21, 2005, I served a true and correct copy of

7 the above document **by USDC Live System-Document Filing System** on all interested

8 parties registered for e-filing, and on July 22, 2005, **by first-class United States Mail** on the

9 following parties, addressed as indicated:

10

| | |
|---|---|
| Robert B. Humphreys<br>AKIN GUMP STRAUSS HAUER &<br>FELD LLP<br>2029 Century Park East, Suite 2400<br>Los Angeles, CA  90017 | Ronald C. Redcay<br>ARNOLD & PORTER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA  90017 |
| David R. Esquivel<br>R. Dale Grimes<br>Matthew J. Sinback<br>BASS BERRY & SIMS<br>315 Deaderick Street, Suite 2700<br>Nashville, TN  37238 | Van Bunch<br>Michael N. Widener<br>BONNETT FAIRBOURN FRIEDMAN &<br>BALINT PC<br>57 Carriage Hill<br>Signal Mountain, TN  37377 |
| C. Dewey Branstetter, Jr.<br>James G. Straunch, IV<br>BRANSTETTER KILGORE STRANCH<br>& JENNINGS<br>227 Second Avenue, North, 4th Floor<br>Nashville, TN 37201 | Gene J. Stonebarger<br>DAMRELL, NELSON, SCHRIMP,<br>PALLIOS, PACHE<br>1601 "I" Street, Fifth Floor<br>Modesto, CA  95354 |
| Wyatt B. Durrette<br>Durrette Bradshaw PLC<br>600 East Main Street, 20th Floor<br>Richmond, VA 23219 | Kenneth G. Gilman<br>GILMAN & PASTOR LLP<br>999 Broadway, Suite 999<br>Saugus, MA 01906 |
| Bernard Persky<br>GOODKIND LABATON RUDOFF &<br>SUCHAROW<br>100 Park Avenue<br>New York, NY  10017 | Philip H. Gordon<br>GORDON LAW OFFICES<br>623 West Hays<br>Boise, ID  83702 |

Certificate of Service                                                                                          1

| | |
|---|---|
| Jeffrey A. Bartos<br>GUERRIERI EDMOND & CLAYMAN PC<br>1625 Massachusetts Avenue, NW<br>Washington, D.C.  20036 | Craig R. Spiegel<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>1301 Fifth Avenue, Suite 2900<br>Seattle, WA  98101 |
| Aton Arbisser<br>Tanja K. Shipman<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1700<br>Los Angeles, CA  90067 | Eileen Barish<br>Jeffrey S. Davidson<br>Christopher J. Heck<br>Sarretta McDonough<br>KIRKLAND & ELLIS<br>777 S. Figueroa Street<br>Los Angeles, CA  90067 |
| Tefft W. Smith<br>Karen Walker<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, NW<br>Washington, D.C.  20005 | Christopher Lovell<br>LOVELL STEWART HALENBIAN LLP<br>500 Fifth Avenue<br>New York, NY  10022 |
| Steven J. Greenfogel<br>MEREDITH COHEN GREENFOGEL & SKIRNICK PC<br>117 South 17th Street, 22nd Floor<br>Philadelphia, PA  19103 | Marvin A. Miller<br>MILLER FAUCHER & CAFFERTY LLP<br>30 N. La Salle Street<br>Chicago, IL  60602 |
| Ian Simmons<br>O'MELVENY & MYERS<br>1625 Eye Street, N.W.<br>Washington, D.C.  20006 | Cecil S. Chung<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA  94120 |
| Mark Reinhardt<br>Mark A. Wendorf<br>REINHARDT WENDORF & BLANCHFIELD<br>East 1000 First National Bank Bldg.<br>St. Paul, MN  55101 | Michael G. Nest<br>RODA & NEST<br>801 Estelle Drive<br>Lancaster, PA  17601 |
| Stephen E. Connolly<br>SCHIFFRIN & BARROWAY, LLP<br>280 King of Prussia Road<br>Radnor, PA  19087 | R. Jeffrey Behm<br>Debra L. Bouffard<br>SHEEHEY FURLONG & BEHM PC<br>P.O. Box 66<br>Burlington, VA  05402 |

Certificate of Service

2

| | |
|---|---|
| Jeffrey J. Corrigan<br>SPECTOR ROSEMAN & KODROFF PC<br>1818 Market Street, 25th Floor<br>Philadelphia, PA  19103 | Timothy D. Battin<br>David Boies<br>Ian Otto<br>Christopher Skinner<br>STRAUS & BOIES LLP<br>10513 Braddock Road<br>Fairfax, VA  22032 |
| Peter F. Burns<br>THELEN REID & PRIEST LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA  94105 | Mary Jane Edelstein<br>WOLF HELDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>626 West Randolph, Suite 5W<br>Chicago, IL  60661 |
| Fred Taylor Isquith<br>WOLF HELDENSTEIN ADLER<br>FREEMAN & HERZ LLP<br>270 Madison Avenue<br>New York, NY  10016 | James F. Wyatt, III<br>WYATT & BLAKE LLP<br>435 East Morehead Street<br>Charlotte, NC  28202 |

I declare under penalty of perjury under the laws of the State of California that the above

is true and correct.

Executed at San Francisco, California, this 21st day of July, 2005.


   /s/ Francie Burnham     
Francie Burnham