UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

No. M 02-1486 PJH

**ORDER RE INDIRECT PURCHASER PLAINTIFFS**

    Before this court are the indirect purchaser plaintiffs' various proposals regarding their separate leadership structure for this litigation. Three proposals were received: the Majority Indirect Purchaser Plaintiffs' proposal, the Bonsignore and Hallisey proposal, and the Mogin Law Firm proposal. Having considered all three proposals, the court concludes that the Majority Indirect Purchaser Plaintiffs' proposal should be given the most weight, as it is made by the greatest number of plaintiffs, and neither of the other two groups who have submitted proposals appear to object to its general framework.

    The court therefore adopts the basic proposal set forth by the Majority Indirect Purchaser Plaintiffs, including four co-lead counsel, one liaison counsel, and an executive committee comprised of other counsel. The parties shall determine among themselves which particular four lead co-counsel will be named, but the court orders that either Daniel Mogin or another representative of the Southern California end users be named to one of those four positions. Neither Bonsignore nor Hallisey need be named to a co-lead counsel position unless the parties agree that one or both should be so named.

    The court finds the designation of one liaison counsel sufficient, and Francis O. Scarpetta shall remain the designated liaison counsel.

    The court also approves the use of an executive committee as proposed by the Majority Plaintiffs, and offers no opinion as to the size of the committee. However, assuming a committee of seventeen, the court orders that the committee include either the Bonsignore &

Brewer or Hallisey & Johnson firms, and either the firm of Krause Kalfayan Benink & Slavens or the Law Offices of Alexander M. Scack.

Finally, counsel for parties seeking remand shall remain on the executive committee as long as the cases remain in federal court as part of this consolidated litigation. However, if any party prevails on its motion to remand, the court expects that its counsel will be dismissed from the executive committee.

The parties shall prepare for signature a proposed Pretrial Order No. 2 that incorporates the rulings made above as well as those matters pertaining to the direct purchasers, so that one fully integrated pretrial order may be filed to guide these pretrial proceedings. This order fully adjudicates the matters listed at nos. 486, 487, 489, and 494.

**IT IS SO ORDERED.**

Dated: August 16, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

2