UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION _____/ | No. M 02-1486 PJH<br><br>**ORDER RE PRETRIAL ORDER #2** |

Before this court are a number of letters concerning the objections to the indirect purchasers' proposed pretrial order no. 2 filed by a group of plaintiffs whose interests are represented by attorney Bonsignore ("the Bonsignore group").

As an initial matter, it is disappointing to the court that the progress of the multidistrict litigation has been delayed over this issue, especially when counsel for the direct purchasers have been working together amicably for several years without even so much as the suggestion of conflict. Cooperation among the indirect purchasers' counsel and with the direct purchasers' counsel will be essential to the efficient management of this case.

As for the merits of the Bonsignore group's objection, the court notes that it is directed solely at the issue of whether Bonsignore should be appointed to a co-lead counsel position and not as to whether he would accept a position on the executive committee if it were offered. However, the court has already adopted a proposal for co-lead counsel that does not include Bonsignore. August 16, 2005 Order re Indirect Purchaser Plaintiffs. To the extent that the Bonsignore group is really attempting to seek reconsideration of that order, the request is DENIED.

Thus, the question appears to be whether Bonsignore or Hallisey should be appointed to a position on the indirect purchasers' executive committee. The court previously ordered that either the Bonsignore or the Hallisey firm be included on the committee. This was in part an attempt at compromise on the court's part, given the arguments advanced by those firms

with respect to the co-lead counsel position. The majority indirect purchaser group has now requested that the court decide which of these two firms should be added to the committee and it has also expressed its preference against the appointment of Bonsignore because of his divisiveness. Based on the papers before the court, it does not appear that Bonsignore is seeking a seat on the committee; rather he continues to seek a position as co-lead counsel. The court is not inclined to order Bonsignore to occupy a position that he does not seek. Accordingly, Hallisey should fill the remaining seat on the committee.

It is the court's view that the effectiveness of the executive committee is dependent to a large extent, on the ability of its members to work together and with all other counsel involved in both the federal and state litigation. The court does not wish to become embroiled any further in the workings of the committee. Should the parties wish to change the structure of the committee, enlarge its membership or decrease it, they need only submit a stipulation for the court's approval. Should Bonsignore later change his mind and seek a position on the executive committee now that it is clear that he will not be approved as co-lead counsel, he is free to negotiate such with the leadership of the indirect purchaser group. The court expects that the executive committee will be responsive to the interests of all counsel and the parties they represent, including those of the Bonsignore group. All parties are encouraged to resolve matters more cooperatively in the future.

Accordingly, proposed Pretrial Order No. 2 will be entered with the addition of Hallisey & Johnson.

**IT IS SO ORDERED.**

Dated: September 20, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge