# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | MASTER FILE NO.: M-02-1486 PJH<br><br>[~~PROPOSED~~] PRETRIAL ORDER NO. 2 |
| This Document Relates To All Actions | |

WHEREAS, various actions by direct purchasers of dynamic random access memory ("DRAM") were either filed in or transferred to this court by the Judicial Panel On Multidistrict Litigation (collectively the "Direct Purchaser Actions"); and

WHEREAS, the Court by order dated January 30, 2003, entered Pretrial Order No. 1 governing case management and the organization of plaintiffs' counsel in the Direct Purchaser Actions; and

WHEREAS, the Court by order filed May 2, 2003, adopted an amended Pretrial Order No. 1 governing case management and the organization of plaintiffs' counsel in the Direct Purchaser Actions; and

WHEREAS, various actions by indirect purchasers of DRAM were either filed in or transferred to this court by the Judicial Panel On Multidistrict Litigation (collectively the "Indirect Purchaser Actions"); and

WHEREAS, Plaintiffs in certain of the Indirect Purchaser Actions filed Applications for Relief from Amended Pretrial Order No. 1 of May 2, 2003 ("PTO 1"), and for

appointment of lead counsel in the Indirect Purchaser Actions separate from the co-lead counsel appointed in the Direct Purchaser Actions; and

WHEREAS, this Court's July 19, 2005 Case Management Order granted these requests for relief from PTO 1 and determined that the indirect purchaser plaintiffs "shall have . . . [their] own . . . leadership structure separate from . . . the direct purchaser group;" and

WHEREAS, certain indirect purchaser plaintiffs submitted alternative proposed organizational structures to the Court and the Court issued its August 16, 2005 Order re Indirect Purchaser Plaintiffs, which, *inter alia*, directed the parties to prepare a proposed Pretrial Order No. 2 which incorporates the provisions of amended Pretrial Order No. 1 regarding the Direct Purchaser Plaintiffs, as well as a proposed organization of the Indirect Purchaser Plaintiffs in accordance the August 16, 2005 Order;

NOW, THEREFORE, it is hereby **ORDERED** that:

## CONSOLIDATION OF RELATED ACTIONS

1. The clerk shall establish and maintain a Master Docket and Master File for this proceeding under the caption "*In re Dynamic Random Access Memory (DRAM) Antitrust Litigation,*" Master File No. M-02-1486 PJH. All orders, pleadings, motions and other documents should, when filed and docketed in the Master File, be deemed filed and docketed in each individual case.

2. The terms of this Order shall apply to actions later instituted in, removed to, or transferred to this Court that involve the same or substantially similar issues of law and fact (collectively, "the Consolidated Actions"), subject to the following procedures:

    a. When such a case is filed in, removed to, or transferred to this Court, the Clerk of the Court shall:

        (i) place a copy of this Order in the separate file for such action;

        (ii) mail a copy of this Order to counsel for plaintiff(s) in the newly filed or transferred action and to any defendant(s) in the newly filed or transferred action; and

(iii) make an appropriate entry on the Master Docket for the Consolidated Action.

b. Each new case that arises out of the subject matter of the Consolidated Actions, which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Actions and this Order shall apply to that action, unless a party in such newly-filed or transferred action objects to consolidation, in the manner provided for, or any provision of this Order, within ten (10) days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief, and this Court deems it appropriate to grant such application.

3. Counsel shall call to the attention of the Court and the Clerk the filing or transfer of any case which might properly be consolidated with the Consolidated Actions. Mailing or other delivery of a copy of this Order by Defendants' counsel or Plaintiffs' counsel, as appropriate, to the counsel in any newly filed or transferred actions shall constitute valid notice for purposes of establishing its applicability to such action in accordance with this Order.

**FILING AND DOCKETING PROCEDURES**

4. Every pleading hereafter filed in the Consolidation Action shall bear the following caption:

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>In Re DYNAMIC RANDOM ACCESS MEMORY<br>(DRAM) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>  [FILL IN AS APPROPRIATE] | **MASTER FILE NO.:**<br>**M-02-1486 PJH** |

5.  When a pleading or paper is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or paper is intended to be applicable only to all Direct Purchaser Actions, the words "All Direct Purchaser Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or paper is intended to be applicable only to all Indirect Purchaser Actions, the words "All Indirect Purchaser Actions" shall appear immediately after the words "This Document Relates To:" in the caption set out above. When a pleading or paper is intended to be applicable only to some, but not all, of the Consolidated Actions, the Direct Purchaser Actions or the Indirect Purchaser Actions, this Court's docket number for each action to which the pleading or paper is intended to be applicable and the last name of the first named plaintiff(s) in said action shall appear immediately after the words "This Document Relates To:" in the caption described above, i.e., "Civil Action No. _____, [Name of plaintiff(s)]."

6.  When a pleading or paper is filed and the caption, pursuant to ¶4, shows that it is to be applicable to "All Actions," to "All Direct Purchaser Actions" or to "All Indirect Purchaser Actions," the Clerk shall file such pleading or paper in the Master File and note such filing in the Master Docket, with an entry to reflect that the filing relates to "All Actions," "All Direct Purchaser Actions" or "All Indirect Purchaser Actions." No further copies need be filed or other docket entries made.

7.  When a pleading or paper is filed and the caption, pursuant to ¶4, shows that it is applicable to fewer than All Actions, All Direct Purchaser Actions or All Indirect Purchaser Actions, the Clerk shall file such pleading or other paper only in the Master File but nonetheless shall note such filing in both the Master Docket and in the docket of each such action.

8.  At the time of filing of original papers with the Clerk's Office, the parties will submit ONE additional conformed copy of each document designated "PJH Chambers Copy."

## ORGANIZATION OF DIRECT PURCHASER PLAINTIFFS' COUNSEL

9. The organizational structure of the Direct Purchaser Plaintiffs' counsel previously established by Amended Pretrial Order No. 1 and reaffirmed by this Order shall bind the Direct Purchaser Plaintiffs' counsel in the Consolidated Direct Purchaser Actions, including any action subsequently governed by this Order.

10. The following law firms are designated as Co-Lead Counsel for the Direct Purchaser Plaintiffs: Saveri & Saveri, Inc.; Wolf Haldenstein Adler Freeman & Herz, LLC; and Hagens Berman LLP.

11. The firm of Berman DeValerio Pease Tabacco Burt & Pucillo is designated as the Direct Purchaser Plaintiffs' Liaison Counsel.

12. The law firms of Berman DeValerio Pease Tabacco Burt & Pucillo; Cotchett, Pitre, Simon & McCarthy; Lovell & Stewart LLP; Milberg Weiss Bershad Hynes & Lerach, LLP; Much Shelist Freed Denenberg Ament & Rubenstein, P.C.; and Spector Roseman & Kodroff. P.C. are hereby designated as members of the Direct Purchaser Plaintiffs' Executive Committee.

13. The Direct Purchaser Plaintiffs' Co-Lead Counsel shall assume and exercise the following powers and responsibilities:

    a. To determine and present in motions, briefs, oral argument or such other fashion as may be appropriate, to present (by a designee) to the Court and opposing parties, the position of all of the Direct Purchaser Plaintiffs as to all matters arising during all pretrial and trial proceedings;

    b. To designate attorneys to act as spokespersons at pretrial conferences;

    c. To conduct or coordinate discovery on behalf of the Direct Purchaser Plaintiffs consistent with the requirements of the Federal Rules of Civil Procedure, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

1
2      d.   To designate an attorney to enter into stipulations with opposing counsel necessary for the conduct of the litigation;

3
4
5      e.   To monitor the activities of co-counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are to be avoided;

6
7
8
9      f.   To sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas or notices on behalf of all Direct Purchaser Plaintiffs or those Direct Purchaser Plaintiffs filing the particular papers;

10
11     g.   To conduct all pre-trial, trial and post-trial proceedings on behalf of the Direct Purchaser Plaintiffs;

12     h.   To employ and consult with experts;

13
14     i.   To call meetings of the Direct Purchaser Plaintiffs' counsel when deemed appropriate;

15
16     j.   To conduct settlement negotiations with defense counsel on behalf of the Direct Purchaser Plaintiffs and the putative class;

17
18     k.   To assure that all the Direct Purchaser Plaintiffs' counsel are kept informed of the progress of this litigation as necessary;

19
20
21     l.   To otherwise coordinate the work of all the Direct Purchaser Plaintiffs' counsel, and perform such other duties as necessary or as authorized by further order of the Court; and

22
23
24
25
26     m.   To make all work assignments, including the organization and formation of committees of the Direct Purchaser Plaintiffs' counsel, in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and unproductive efforts for all parties.

27
28

14. The Direct Purchaser Plaintiffs' Executive Committee shall be consulted by Direct Purchaser Plaintiffs' Co-Lead Counsel on substantive issues to assist in the responsible and efficient prosecution of the litigation.

15. The Direct Purchaser Plaintiffs' Co-Lead Counsel and Executive Committee shall together select working groups or committees to further the efficient prosecution of the litigation as is deemed necessary based on their collective judgment and consideration.

16. The Direct Purchaser Plaintiffs' Liaison Counsel shall be the contact between the Direct Purchaser Plaintiffs' counsel and the Court. The Direct Purchaser Plaintiffs' Liaison Counsel shall forward any notices from the Court and report upon any communications from the Court to the Direct Purchaser Plaintiffs' Co-Lead Counsel.

## ORGANIZATION OF INDIRECT PURCHASER PLAINTIFFS' COUNSEL

17. The organizational structure of the Indirect Purchaser Plaintiffs' counsel established by this Order shall bind the Indirect Purchaser Plaintiffs' counsel in the Consolidated Actions, including any action subsequently governed by this Order.

18. The following law firms are designated as Indirect Purchaser Plaintiffs' Co-Lead Counsel to manage jointly the Indirect Purchaser Actions: Josef D. Cooper and the firm of Cooper & Kirkham, P.C.; David Boies and the firm of Straus & Boies, LLP; Daniel R. Gustafson and the firm of Gustafson Gluek, PLLC; and Daniel J. Mogin and The Mogin Law Firm, P.C.

19. Francis O. Scarpulla and the firm of The Law Offices of Francis O. Scarpulla is designated as Indirect Purchaser Plaintiffs' Liaison Counsel.

20. The law firms of: (1) Gross & Belsky LLP; (2) Zelle Hofmann Voelbel Mason & Gette LLP; (3) The Furth Firm LLP; (4) Green Welling LLP; (5) Trump, Alioto, Trump & Prescott LLP; (6) Finkelstein Thompson & Loughran; (7) Bramson Plutzik Mahler & Birkhaeuser LLP; (8) DurretteBradshaw PLC; (9) Guerrieri, Edmond, Clayman & Bartos, PC; (10) Hulett Harper Stewart, LLP; (11) Bonnett, Fairbourn, Friedman & Balint, PC; (12) LaFollette Godfrey & Kahn, SC; (13) Freedman Boyd Daniels Hollander & Goldberg, PA; (14) Frankovitch, Anetakis, Colantonio & Simon; (15) Steyer Lowenthal Boodrookas Alvarez

1  & Smith, LLP; (16) Krause Kalfayan Benink & Slavens; (17) Gilman & Pastor, LLP; and (18)
2  ~~HALLISEY AND JOHNSON~~ are hereby designated as members of the
3  Indirect Purchaser Plaintiffs' Executive Committee.

4     21. Indirect Purchaser Plaintiffs' Co-Lead Counsel shall assume and exercise
5  jointly the following powers and responsibilities:

    a. To determine and to present in motions, briefs, oral argument or such other fashion as may be appropriate, to present (either personally or by designee) to the Court and opposing parties, the position of all of the Indirect Purchaser Plaintiffs as to all matters arising during all pretrial and trial proceedings;

    b. To designate attorneys to act as spokespersons at pretrial conferences;

    c. To conduct or coordinate discovery on behalf of the Indirect Purchaser Plaintiffs consistent with the Federal Rules of Civil Procedure, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

    d. To designate an attorney to enter into stipulations with opposing counsel necessary for the conduct of the litigation;

    e. To monitor the activities of co-counsel and to implement procedures to ensure that schedules are met and unnecessary expenditures of time and funds by counsel are to be avoided;

    f. To sign any consolidated complaint, motions, briefs, discovery requests or objections, subpoenas or notices on behalf of all Indirect Purchaser Plaintiffs or those plaintiffs filing the particular papers;

    g. To conduct all pre-trial, trial and post-trial proceedings on behalf of all Indirect Purchaser Plaintiffs;

    h. To employ and consult with experts;

i. To call meetings of Indirect Purchaser Plaintiffs' counsel when appropriate;

j. To conduct settlement discussions with defense counsel on behalf of the Indirect Purchaser Plaintiffs and the putative class;

k. To assure that all Indirect Purchaser Plaintiffs' counsel are kept informed of the progress of this litigation as necessary;

l. To make all work assignments to Indirect Purchaser Plaintiffs' counsel, including the organization and formation of, and the appointment of one or more counsel to chair, all committees of Indirect Purchaser Plaintiffs' counsel, in such a manner as to promote the orderly and efficient prosecution of this litigation and to avoid unnecessary duplication and unproductive efforts for all parties;

m. To ensure that work assignments to all Indirect Purchaser Plaintiffs' Counsel are made in the best interests of the Indirect Purchaser Plaintiffs and the proposed class and are made on the basis of the qualifications and expertise of the persons assigned particular tasks or responsibilities, counsel's knowledge of the law, facts and issues, efficiency and cost-effectiveness;

n. To assess Indirect Purchaser Plaintiffs' Counsel common litigation costs and to collect all assessments on a regular basis;

o. To collect time, lodestar and expense reports from each Indirect Purchaser Plaintiffs' Counsel, including paralegals and any other staff members whose time is expected to be included in any fee petition;

p. To ensure that work assignments are not given to any Indirect Purchaser Plaintiffs' Counsel firm that has not promptly submitted its time and expense records or paid its assessments;

q. To coordinate and communicate with Defense Counsel;

   r. To coordinate and communicate with Direct Purchaser Plaintiffs' Co-Lead Counsel in the Direct Purchaser Actions;

   s. To coordinate and communicate with Plaintiffs' Counsel in Indirect Purchaser Actions which remain in state courts as to discovery and other related issues; and

   t. To otherwise coordinate the work of all Indirect Purchaser Plaintiffs' counsel, and perform such other duties as necessary or as authorized by further order of the Court.

22. The Indirect Purchaser Plaintiffs' Executive Committee shall be consulted by the Indirect Purchaser Plaintiffs' Co-Lead Counsel and assist Co-Lead Counsel in the responsible and efficient prosecution of the indirect purchaser litigation.

23. Indirect Purchaser Plaintiffs' Liaison Counsel shall be the contact between Indirect Purchaser Plaintiffs' Counsel and the Court. Indirect Purchaser Plaintiffs' Liaison Counsel shall forward any notices from the Court and report upon any communications from the Court to Indirect Purchaser Plaintiffs' Co-Lead Counsel.

## MISCELANEOUS HOUSEKEEPING PROVISIONS

24. Defendants shall effect service of papers on the Direct and Indirect Purchaser Plaintiffs' Co-Lead Counsel, both Liaison Counsel and the members of both the Direct and Indirect Purchaser Plaintiffs' Executive Committees, by: (i) e-mail; (ii) overnight mail service or comparable delivery; (iii) telecopier or (iv) hand delivery. Plaintiffs in the Consolidated Action shall effect service of papers on defendants by serving a copy of same on each defendants' counsel by: (i) e-mail; (ii) overnight mail service or comparable delivery; (iii) telecopier or (iv) hand delivery. When service is accomplished by e-mail or telecopier, copies of the served papers shall also be delivered by regular mail. The provisions of this paragraph shall not apply to any papers filed with the Court and subject to the Northern District of California's CM-ECF policies and procedures.

25. Any attorney representing a Plaintiff in this action, who is a member in good standing of the bar of the highest court of any state, territory or the District of Columbia and who is not a member of the bar of this Court, is admitted *pro hac vice* in the Action.

26. This Pretrial Order No. 2 supersedes Amended Pretrial Order No. 1 of May 2, 2003.

Dated: September 20, 2005

_____
Hon. Phyllis J. Hamilton
United States District Judge