Guido Saveri
R. Alexander Saveri
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810

Steve W. Berman (*pro hac vice*)
Anthony D. Shapiro (*pro hac vice*)
Craig R. Spiegel (122000)
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101
Telephone:  (206) 623-7292
Facsimile:  (206) 623-0594

Fred Taylor Isquith
WOLF, HALDENSTEIN, ADLER,
    FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016
Telephone:  (212) 545-4600

Co-Lead Counsel for Direct Plaintiffs

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DRAM ANTITRUST LITIGATION | Master File No. M-02-1486PJH |
| | MDL No. 1486 |
| This Document Relates to: | **SEVENTH JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| ALL ACTIONS | |
| | Date:  November 3, 2005 |
| | Time:  2:30 p.m. |
| | Court:  Hon. Phyllis J. Hamilton |

<u>**SEVENTH JOINT CASE MANAGEMENT CONFERENCE STATEMENT**</u>

The parties to this consolidated action jointly submit this Seventh Case Management

Conference Statement in accordance with the Court's Standing Order.

1

1

### 1.    Facts:

There are two general categories of cases in these related actions:  (1) those brought under

federal law on behalf of *direct* purchasers, all of which are included in a single consolidated

complaint,[1] and (2) those brought under certain state laws on behalf of *indirect* purchasers

throughout the United States.  All plaintiffs allege that they purchased DRAM chips either directly

or indirectly from defendants or from their alleged co-conspirators.  Plaintiffs sue to recover

damages allegedly caused by the defendants' conspiracy to fix prices and allocate markets for

DRAM chips in the United States and elsewhere.  The direct-purchaser plaintiffs allege that the

conspiracy began April 1, 1999 and continued through at least June 30, 2002 (the "Class Period").[2]

The indirect-purchaser plaintiffs allege similar class periods.

In June 2002, a Grand Jury was convened in the Northern District of California to

investigate price-fixing in the DRAM industry and thereafter issued subpoenas to various DRAM

manufacturers.  The first of these direct purchaser actions was filed in July 2002; indirect purchaser

actions were also filed in California courts at the same time and subsequently in other state courts

around the country.  The United States Department of Justice ("DOJ") intervened in this (direct

purchaser) action for the limited purpose of staying certain discovery pending completion of the

Grand Jury proceedings.  The parties to this action at that time and the DOJ agreed to a Stipulation

and Order Limiting the Scope of Discovery, which was entered by the Court on April 16, 2003.

The parties have been proceeding under that Stipulation and Order, which limits discovery during

the pendency of the Grand Jury.  On January 14, 2004, the Court ordered that the stay remain in

effect until July 15, 2004 and set a status conference for that date.  On July 15, 2004, the Court

ordered that the stay remain in effect for another six months until January 20, 2005 and set a status

conference for that date.  On January 20, 2005, the Court ordered that the stay remain in effect for

---

[1]   Another complaint on behalf of foreign direct purchasers has been transferred to this Court.
Defendants have moved to dismiss that complaint (*Centerprise International v. Micron
Technology, Inc., et al.*).  Hearing on that motion is set for January 25, 2006.  The direct-purchaser
cases referenced above involve U.S. sales.
[2]   Direct-purchaser plaintiffs filed an amended Complaint that expanded the period of the alleged
conspiracy by three months, beginning on April 1, 1999 rather than July 1, 1999.  Direct-purchaser
plaintiffs and defendants agree that defendants' answers to the direct-purchaser plaintiffs' Second
Consolidated Amended Complaint shall apply to the Third Consolidated Amended Complaint and
that no new answers need to be filed.

another six months until July 14, 2005 and set a status conference for that date. At that July 14, 2005 status conference this Court lifted the stay on discovery except as to thirty (30) individuals identified by the DOJ, whose depositions the plaintiffs, defendants, and the DOJ agreed would not go forward prior to November 15, 2005. That agreement is memorialized in a July 8, 2005 Stipulated Protective Order Limiting Certain Discovery.

The Court entered a pretrial schedule in the direct purchaser cases as set out in paragraph 2 below.

**2.      Discovery and Pretrial Scheduling:**

Shortly after the July 14, 2005 status conference, direct plaintiffs served interrogatories, requests for production of documents and Fed. R. Civ. P. 30(b)(6) deposition notices on all defendants. By early October 2005, all defendants had responded and objected to those discovery requests. The parties are scheduling "meet and confer" sessions regarding defendants' objections.

After extensive negotiations the direct purchaser plaintiffs, the indirect purchaser plaintiffs, and the defendants agreed on a Stipulation and [Proposed] Order Re Coordination of Discovery ("Coordination Order"). The Coordination Order was signed by the Court on October 26, 2005.

The Coordination Order governs common liability discovery pursuant to the schedule previously approved by the Court. Discovery applicable only to indirect purchaser issues will begin in March 2006. Consequently, a separate pretrial schedule for the indirect cases is being submitted to the Court and provides that some dates trail the joint schedule. For example, the indirect purchaser class certification motion is tentatively scheduled to be heard four months after the direct purchaser class certification hearing; indirect purchaser discovery is proposed to close approximately five months after discovery closes in the direct purchaser case. Counsel will submit a proposed order for the Court's consideration on or before the date of the case management conference.

The direct purchasers' pretrial schedule already approved by the Court is as follows:

## PRETRIAL SCHEDULE FOR DIRECT PURCHASER CASES

**July 14, 2005**          Full discovery commences, including written discovery and depositions, subject to the terms of the Stipulation and Order entered April 16, 2003, as modified as set forth in Exhibit A, attached.  (July 8, 2005 Stipulated Protective Order limiting certain discovery.)

**December 9, 2005**       Last date for plaintiffs to file (a) Class Certification expert report and (b) Motion for Class Certification.

**December 15, 2005**      Last day to amend pleadings or add new parties, except any amendment to (a) add class representatives in response to the oppositions to class certification or consistent with the order of the Court, or (b) to name additional parties consistent with any subsequent information, indictment and/or guilty plea.

**February 3, 2006**       Last date for defendants to file (a) Class Certification expert report and (b) Opposition to Motion for Class Certification.

**March 21, 2006**         Last date for plaintiffs to file (a) any rebuttal expert report and (b) Class Certification reply brief.

**April 19, 2006**         Hearing on Motion for Class Certification (subject to Court's calendar).

**May 12, 2006**           Fact discovery closes.

**May 26, 2006**           Last date for plaintiffs to serve expert reports on merits.

**June 23, 2006**          Last date for defendants to serve expert reports on merits.

**July 10, 2006**          Last date for plaintiffs to serve rebuttal expert reports on merits.

**July 28, 2006**          Expert discovery closes.

**August 11, 2006**        Last date for filing dispositive motions.

**September 13, 2006**     Last date for oppositions to dispositive motions.

**October 11, 2006**       Last day for dispositive motions reply briefs.

**October 25, 2006**       Hearing on dispositive motions.  (9:00 am)

**December 8,2006**        Last date for settlement conference.

**December 8, 2006**       Last date for filing motions in limine and other non-dispositive pretrial motions.

**December 15, 2006**      Last date to meet and confer re: pretrial order.

4

| | |
|---|---|
| **December 22, 2006** | Parties must exchange proposed exhibit and witness lists. |
| **December 22, 2006** | Last date for filing pretrial order, agreed set of jury instructions and verdict forms, filing setting forth status of disputed instructions/verdict forms, etc. |
| **December 22, 2006** | Last date for filing oppositions to motions in limine. |
| **January 5, 2007** | Last date for filing motion in limine reply briefs. |
| **January 17, 2007** | Pretrial conference, hearing on motions in limine. |
| **February 26, 2007** | Trial begins. |

The proposed pretrial schedule for the coordinated indirect purchaser actions is as follows:

**PRETRIAL SCHEDULE FOR INDIRECT PURCHASER CASES   [PROPOSED]**

| | |
|---|---|
| **March 1, 2006** | Written fact discovery related to indirect purchaser issues may be served. |
| **May 14, 2006** | Joint, coordinated discovery with direct purchaser plaintiffs closes.  No further discovery on issues common to direct and indirect actions, absent agreement of parties or by order of court for good cause shown.  The parties agree to meet and confer in good faith to resolve any disputes about whether discovery is common to direct and indirect actions |
| **May 15, 2006** | Depositions related to indirect purchaser issues commence. |
| **June 1, 2006** | Last day for indirect purchaser plaintiffs to file (a) class certification expert reports; and (b) motion for class certification. |
| **July 14, 2006** | Last day for defendants to file (a) class certification expert reports; and (b) opposition to indirect purchasers' class certification motion. |
| **Aug 14, 2006** | Last day for indirect purchaser plaintiffs to file (a) class certification reply expert reports and (b) class certification reply brief. |
| **August 30, 2006** | Class certification argument (subject to Court's calendar) |
| **October 31, 2006** | Indirect Purchaser fact and expert discovery closes |
| **March 31, 2006** | Indirect Purchaser Plaintiffs' counsel and defense counsel to meet and confer by March 31, 2006, for the purpose of setting dates |

5

for expert reports, dispositive motions, and other pretrial matters

Flexibility in setting later dates in the indirect schedule will enable counsel to make more informed scheduling recommendations to the Court as the cases progress.

**3.     Legal Issues:**

The legal issues include, but are not limited to:

- Whether classes of persons who purchased DRAM chips directly or indirectly from defendants should be certified and whether plaintiffs adequately represent that class;

- Whether defendants engaged in a contract, combination or conspiracy to fix, maintain, or stabilize the prices of, and/or allocate the markets for, DRAM in the United States;

- Whether the conduct of defendants that is allegedly unlawful under the applicable laws caused prices of DRAM in the United States to be artificially high and at anti-competitive levels;

- Whether plaintiffs and other members of the class alleged by plaintiffs have standing; and

- Whether plaintiffs and other members of the class alleged by plaintiffs were injured by the alleged unlawful conduct of defendants and, if so, the appropriate class-wide measure of damages.

**4.     Motions:**

Certain defendants have moved to dismiss several of the indirect purchaser cases on personal jurisdiction grounds.  Those motions were filed in *Elias* (05-0475); *Weisburgh* (05-1227); *Kinkade* (05-1883); *Greene* (05-1884); *Kongkham* (05-2013); *Microprocessor Designs* (05-0035) and *Kaplan* (05-0012) and were heard on October 19, 2005 and are submitted, with the exception of the motions by Defendant Winbond Electronics Corporation America, which has recently withdrawn its personal jurisdiction motion as to North Carolina plaintiffs *Kongkham* (05-2013), *Kaplan* (05-2907) and *Maher* (05-3629).  *See* Docket No. 605.

Motions may be necessary should discovery disputes arise.  A motion for class certification in the direct-purchaser actions will be filed on December 9, 2005, per the schedule below.  One or more defendants may file motions for summary judgment and/or summary adjudication of issues. Pursuant to the schedule below, the last day for filing these motions in the direct-purchaser actions is August 11, 2006.  Class certification motion(s) in the indirect purchaser actions are proposed to be filed on June 1, 2006.

**5.     Relief:**

Plaintiffs seek money damages, including treble damages, for violations of the antitrust laws and injunctive relief against alleged continued illegal practices.

**6.     ADR:**

The parties agree that ADR procedures are not appropriate at this time.

**7.     Settlement:**

As the Court has been informed, the direct purchaser plaintiffs have entered into a class-wide settlement with Defendant Infineon.  The settlement agreement has recently been finalized and notice and a formal request seeking preliminary approval will be filed at such time as the parties to the settlement deem it appropriate considering the efficient use of court resources and taking into account developments in the litigation.

**8.     Magistrate Judge Trials:**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial.

**9.     Trial:**

All plaintiffs have demanded trial by jury.  The parties are not presently in a position to address whether:  (a) it is feasible or desirable to bifurcate issues for trial; (b) to estimate the anticipated length of trial; or (c) it is possible to reduce the length of the trial by stipulation, use of summaries or other expedited means of presenting evidence.

**10.     Federal Related Cases:**

*Centerprise International, Ltd. v. Micron Technology, Inc. et al.* was filed in the Eastern District of Pennsylvania, alleging a class of foreign direct purchasers who bought DRAM other

7

than in the United States (2:05-cv-02162-JCJ).  That case was transferred to this Court.  A motion to dismiss that case is pending.

       **11.**      **Class Action Allegations:**  The direct-purchaser plaintiffs have brought these consolidated actions on behalf of a putative class of persons who, during the period beginning approximately April 1, 1999 through at least June 30, 2002, allegedly purchased DRAM in the United States directly from defendants or their subsidiaries.  Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities and co-conspirators.  In addition, one case, *Centerprise International, Ltd. v. Micron Technology, Inc. et al.*, alleges a different direct purchaser class.  (*See* FN 1.)

       The indirect-purchaser plaintiffs have alleged classes of indirect purchasers in certain states or nationwide covering a similar period and with certain exclusions.

DATE:  October 27, 2005

By: ___s/Guido Saveri_____          By: ___s/Fred Taylor Isquith_____
             Guido Saveri                       Fred Taylor Isquith

SAVERI & SAVERI, INC.          WOLF, HALDENSTEIN, ADLER
111 Pine Street, Suite 1700          FREEMAN & HERZ
San Francisco, CA 94111          270 Madison Avenue
           New York, NY 10016

By: ___s/Anthony D. Shapiro_____
             Anthony D. Shapiro

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

**Co-Lead Counsel for Direct Plaintiffs**

By: ___s/Josef D. Cooper_____          By: ___s/David Boies_____
             Josef D. Cooper                       David Boies

COOPER & KIRKHAM P.C.          STRAUS & BOIES, LLP
655 Montgomery Street, Suite 1700          10513 Braddock Road
San Francisco, CA  94111          Fairfax, VA  22032

By: ___s/Daniel Gustafson_____          By: ___s/Daniel J. Mogin_____
             Daniel Gustafson                       Daniel J. Mogin

GUSTAFSON GLUEK, PLLC          THE MOGIN LAW FIRM, P.C.
725 Northstar East          110 Juniper Street
608 Second Avenue South          San Diego, CA  92101
Minneapolis, MN  55402

**Co-Lead Counsel for Indirect Plaintiffs**

9

1

2

By: ____s/James L. McGinnis_____          By: ____s/Terrence A. Callan_____

3                   James L. McGinnis                                  Terrence A. Callan

4    SHEPPARD, MULLIN, RICHTER &              PILLSBURY, WINTHROP LLP
     HAMPTON LLP                              Albert J. Boro, Jr.
5    Gary Halling                            50 Fremont Street
     Four Embarcadero Center, 17th Floor     P.O. Box 7880
6    San Francisco, CA  94111-4106           San Francisco, CA  94120-7880

7    AKIN GUMP STRAUSS HAUER &               O'MELVENY & MYERS LLP
     FELD LLP                                Kenneth R. O'Rourke
8    David A. Donohoe, Esq.                  Daniel L. Alexander
     Stephen A. Mansfield, Esq.              400 South Hope Street
9    580 California Street, Suite 1500       Los Angeles, CA  90071-2899
     San Francisco, CA 94104-1036
10                                           Ian T. Simmons
     **Attorneys for Defendant Samsung**     1625 Eye Street, Northwest
11   **Semiconductor, Inc.**                 Washington, DC  20006

12                                           **Attorneys for Defendants Hynix**
                                             **Semiconductor, Inc. and Hynix**
13                                           **Semiconductor America, Inc.**

14

15
     By: ____s/Steven Morrissett_____          By: ____s/Joel S. Sanders_____
16                   Steven Morrissett                               Joel S. Sanders

17   FINNEGAN, HENDERSON, FARABOW,           GIBSON DUNN & CRUTCHER LLP
     GARRETT & DUNNER LLP
18                                           One Montgomery Street
     700 Hansen Way                          Montgomery Tower, 31st Floor
19   Palo Alto, CA  94304                    San Francisco, CA  94104

20   COLLETTE, ERICKSON, FARMER &           ARNOLD & PORTER LLP
     O'NEILL LLP                             Ronald C. Redcay
21   William Farmer, Jr.                     777 South Figueroa Street, 44th Floor
     235 Pine St., Suite 1300                Los Angeles, CA  90017-2513
22   San Francisco, CA  94104
                                             **Attorneys for Defendants Micron**
23   **Attorneys for Defendant Winbond**     **Technology, Inc. and Micron**
     **Electronics Corporation America**     **Semiconductor Products, Inc.**
24

25

26

27

28

1

2   By: ___s/Robert B. Pringle_____          By: ___s/Robert E. Freitas_____
              Robert B. Pringle                              Robert E. Freitas
3
4   THELEN REID & PRIEST LLP                       ORRICK HERRINGTON & SUTCLIFFE
    Paul R. Griffin                                Howard M. Ulman
5   101 Second Street, Suite 1800                  405 Howard Street
    San Francisco, CA  94105-3601                  San Francisco, CA  94105
6   **Attorneys for Defendant Elpida Memory**      **Attorneys for Defendant Nanya Technology**
    **(USA) Inc., Elpida Memory, Inc. and NEC**    **Corporation USA and Nanya Technology**
7   **Electronics America, Inc.**                  **Corporation**

8

9

10  By: ___s/William M. Goodman_____
              William M. Goodman
11
12  TOPEL & GOODMAN
    832 Sansome Street, 4th Floor
13  San Francisco, CA  94111

14  **Attorneys for Defendant Mosel Vitelic**
    **Corporation**
15

16

17  By: ___s/Julian Brew_____
              Julian Brew
18
19  KAYE SCHOLER LLP
    Aton Arbisser
20  Tanja Shipman
    1999 Avenue of the Stars, Suite 1600
21  Los Angeles, CA  90067

22  KIRKLAND & ELLIS
    Saretta Mcdonough
23  777 South Figueroa Street
    Los Angeles, CA  90017-2513
24
    Tefft W. Smith
25  Karen N. Walker
    655 Fifteenth Street, N.W.
26  Washington, DC  20005-5793

27  **Attorneys for Defendant Infineon**
    **Technologies North America Corp. and**
28  **Infineon Technologies AG**

**CERTIFICATE OF SERVICE**

I am employed in the County of King, State of Washington.  I am a citizen of the United States, over the age of 18 years and not a party to the within cause.  My business address is Hagens Berman Sobol Shapiro LLP, 1301 5th Avenue, Suite 2900, Seattle, WA  98101.

On October 27, 2005, I served the following document(s) on each person in the manner described below:

**SEVENTH JOINT MANAGEMENT CONFERENCE STATEMENT**

_X_    **BY ECF:**  By USDC Live System-Document Filing System: on all interested parties registered for e-filing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed at Seattle, Washington, on October 27, 2005.

_____s/Robert Haegele_____
Robert Haegele

1621.10 0084 BSC.DOC