ROBERT E. FREITAS (STATE BAR NO. 80948)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1021
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

HOWARD M. ULLMAN (STATE BAR NO. 206760)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants Nanya Technology
Corporation and Nanya Technology Corporation USA

[Additional Counsel Listed in Signature Block]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>All Indirect Cases | Master File No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**AMENDED STIPULATION AND [PROPOSED] ORDER RE SCHEDULING OF TRANSFERRED INDIRECT PURCHASER DRAM CASES** |

1    WHEREAS, this Court is presiding over numerous indirect purchaser cases
2 concerning allegations of price-fixing in the Dynamic Random Access Memory ("DRAM")
3 industry; and

4    WHEREAS, one such case (*Petro Computer Systems, Inc., et al. v. Micron
5 Technology, Inc., et al.*, Case No. C 05-02472 ("*Petro*")) purports to assert claims on behalf of a
6 nationwide class of indirect purchasers of DRAM and under the laws of multiple states; and

7    WHEREAS, all Defendants have answered the *Petro* Complaint; and

8    WHEREAS, the Judicial Panel on Multidistrict Litigation ("JPML") either has
9 transferred, or is in the process of transferring, additional indirect purchaser DRAM cases
10 ("Transferred Indirect Purchaser DRAM Cases") to this Court; and

11   WHEREAS, as a result, absent further stipulation, Defendants will need to file a
12 series of answers and/or motions in response to the complaints in the Transferred Indirect
13 Purchaser DRAM Cases; and

14   WHEREAS, on November 7, 2005, this Court entered an Order Granting Motions
15 to Dismiss and Denying Jurisdictional Discovery with respect to certain Defendants in the North
16 Carolina, Tennessee, and Vermont cases (the "November 7 Order"); and

17   WHEREAS, absent stipulation, Plaintiffs subject to the November 7 Order intend
18 to file a Rule 54 motion seeking entry of final judgment so they may appeal that order to the
19 Ninth Circuit; and

20   WHEREAS, certain Defendants have filed motions to dismiss for lack of personal
21 jurisdiction, and all Defendants have joined in a motion for lack of standing, in one Transferred
22 Indirect Purchaser DRAM Case (*Arps v. Micron Technology, Inc., et al.* (No. C 05-04076 PJH)
23 ("*Arps*")); and

24   WHEREAS, the Court has scheduled a hearing on the *Arps* motions for January
25 25, 2006, and further briefing in the *Arps* case in January 2006; and

26   WHEREAS, certain Defendants have also filed motions to dismiss in three other
27 Transferred Indirect Purchaser DRAM cases, *McKinnon v. Micron Technology, Inc., et al.* (No.
28 C 05-3492 PJH) ("*McKinnon*"), *Maher v. Elpida Memory, Inc., et al.* (No. C 05-3629 PJH),

("*Maher*") and *Smith v. Micron Technology Inc., et al.* (No. C 05-3493 PJH) ("*Smith*"), and no briefing schedule or hearing date has been set for those motions;[1] and

WHEREAS, absent stipulation, beginning in January 2006, and as responsive pleadings become due, many Defendants will file motions to dismiss (either for lack of personal jurisdiction, or on standing/Rule 12(b)(6) grounds, or both) in other Transferred Indirect Purchaser DRAM Cases that already have been or will be transferred to this Court, including *Bishop v. Micron Technology, Inc., et al.* (No. C 05-5055 PJH) ("*Bishop*"), *Carrero v. Elpida Memory, Inc., et al.* (No. C 05-4537 PJH) ("*Carrero*"), *Rush v. Micron Technology, Inc., et al.* (No. C __-____ PJH (not yet assigned)) ("*Rush*"), and *Stobbe v. Micron Technology Inc., et al.* (No. C 05-5040 PJH) ("*Stobbe*"); and

WHEREAS, all parties and counsel in the indirect purchaser cases before this Court wish to avoid duplicative discovery and *seriatim* motion practice when practicable and to conduct the litigation in an efficient manner that will conserve scarce judicial resources; and

WHEREAS, on December 16, 2005, the parties submitted a Stipulation and Proposed Order re Scheduling of Transferred Indirect Purchaser DRAM Cases; and

WHEREAS, on January 3, 2006 the Court issued an Order approving the December 16 Stipulation "insofar as it stays all further action on indirect purchaser cases other than *Petro*," and inviting the parties to submit a revised stipulation clarifying the treatment of certain pending motions;

**NOW, THEREFORE**, it is hereby stipulated and agreed as follows by the parties through their respective undersigned counsel:

1. All proceedings and pre-trial deadlines, including, but not limited to, deadlines to move in response to or answer complaints, in the Transferred Indirect Purchaser DRAM Cases (either those already before this Court (including *Arps*, *Bishop*, *Carrero*,

---

[1] The Court's January 3, 2005 Order suggests that no motions are pending in *McKinnon*, *Maher*, or *Smith*. *See id.* at 2 n.1. The parties respectfully note that motions to dismiss were filed in these cases. They were filed prior to the cases' transfer to this Court, which may explain why the Court has had some difficulty locating them on its dockets.

*McKinnon*, *Maher*, *Rush*, *Smith*, and *Stobbe*) or those subsequently transferred to this Court) are hereby stayed until further order of the Court.

      2.     In those Transferred Indirect Purchaser DRAM Cases where Defendants have not already moved or answered, Defendants' Rule 12 defenses (including, without limitation, personal jurisdiction defenses), and Plaintiffs' arguments regarding those defenses, are expressly preserved and are not waived during the pendency of this stay. Defendants' participation in the *Petro* case, or in other indirect purchaser DRAM cases before the Court that are not subject to the stay set forth in this Stipulation and Order, will not be deemed to be a waiver of any personal jurisdiction defense in the Transferred Indirect Purchaser DRAM Cases.

      3.     By participating in the *Petro* case and agreeing to stay all Transferred Indirect Purchaser DRAM Cases, Defendants are not waiving any claim or defense available to Defendants in that case.

      4.     Where Defendants have already moved to dismiss in Transferred Indirect Purchaser DRAM Cases, Defendants withdraw those motions without prejudice to the right to re-file them at a later date if the stay is lifted, effective as of the date of entry of the Proposed Order. Where Defendants have already answered in Transferred Indirect Purchaser DRAM Cases, those answers will remain pending and on file with the Court.

      5.     The hearing on the *Arps* motions to dismiss is taken off calendar.

      6.     Any deadline for Plaintiffs to file a Rule 54 motion regarding the November 7 Order is stayed. If and when this stay is lifted, Plaintiffs shall have 30 days (or such other time period as ordered by the Court) to file a Rule 54 motion regarding the November 7 Order. If Plaintiffs file such a motion within that time period, Defendants will not assert that the motion is untimely. The parties' other arguments regarding any appeal of the November 7 Order are hereby expressly preserved.

      7.     By entering into this Stipulation, no party waives any objection, defense or argument it otherwise has.

      8.     The terms of this Stipulation also apply to indirect purchaser DRAM cases, if any, subsequently filed as original actions in this Court.

9. The terms of this Stipulation expressly do not apply to *Centerprise International, Ltd. v. Micron Technology, Inc., et al.* (No. C 05-3026 PJH). The hearing currently scheduled for the *Centerprise* case will remain on calendar.

10. Any party to this Stipulation may seek to lift the stay imposed hereby or modify the terms of this Stipulation and Order upon giving 30 days notice to the Court and all other parties. If the stay is lifted, any defendant that has not yet answered the complaint in the affected cases shall file its answers or otherwise respond, including re-filing any previously-filed motions, within 30 days of the order lifting the stay. Neither the language nor the entry of this Order shall constitute a presumption in favor of or against continuing the stay or lifting the stay following the notice described above.

**IT IS SO STIPULATED.**

| INDIRECT-PURCHASER PLAINTIFFS' COUNSEL:<br><br>Dated: January 5, 2006 | By: /s/ by Howard M. Ullman per authorization<br>         Daniel E. Gustafson<br>Renae D. Steiner<br>GUSTAFSON GLUEK, PLLC<br>725 Northstar East<br>608 Second Avenue South<br>Minneapolis, MN 55402<br>Telephone: (612) 333-8844<br>Facsimile: (612) 339-6622<br><br>**Indirect-Purchaser Plaintiffs' Co-Lead Counsel signing on behalf of all Indirect-Purchaser Plaintiffs for purposes of this stipulation**<br><br>David Boies, III<br>Timothy D. Battin<br>Ian Otto<br>STRAUS & BOIES, LLP<br>4041 University Drive, 5th Floor<br>Fairfax, VA 22030<br>Telephone: (703) 764-8700<br>Facsimile: (703) 764-8704<br><br>**Indirect-Purchaser Plaintiffs' Co-Lead Counsel** |
|---|---|

| | |
|---|---|
| | Josef D. Cooper<br>Tracy R. Kirkham<br>COOPER & KIRKHAM, P.C.<br>655 Montgomery Street, 17th Floor<br>San Francisco, CA 94111<br>Facsimile: (415) 882-7040<br>**Indirect-Purchaser Plaintiffs' Co-Lead Counsel**<br><br>Daniel J. Mogin<br>THE MOGIN LAW FIRM<br>110 Juniper Street<br>San Diego, CA 92101<br>Facsimile: (619) 687-6610<br>**Indirect-Purchaser Plaintiffs' Co-Lead Counsel** |
| DEFENDANTS' COUNSEL:<br><br>Dated: January 5, 2006 | By: /s/ _____<br>          Howard M. Ullman<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA 94105-2669<br>Telephone: (415) 773-5700<br>Facsimile: (415) 773-5759<br><br>Robert E. Freitas<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025-1021<br>Telephone: (650) 614-7400<br>Facsimile: (650) 614-7401<br><br>**Attorneys for Defendants Nanya Technology Corporation and Nanya Technology Corporation USA signing on behalf of all Defendants for purposes of this stipulation** |
| Joel S. Sanders<br>GIBSON DUNN & CRUTCHER LLP<br>One Montgomery Street<br>Montgomery Tower, 31st Floor<br>San Francisco, CA 94104<br>Telephone: (415) 393-8200<br>Facsimile: (415) 986-5309 | Stephen A. Mansfield<br>David A. Donohoe<br>Robert B. Humphreys<br>Daniel McInnis<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>590 Madison Avenue<br>New York, NY 10022<br>Facsimile: (212) 407-3220 |

| | |
|---|---|
| Ronald C. Redcay<br>ARNOLD & PORTER LLP<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017-2513<br>Telephone: (213) 243-4002<br>Facsimile: (213) 243-4199<br><br>**Attorneys for Defendants Micron Technology, Inc. and Micron Semiconductor Products, Inc.** | Gary L. Halling<br>James L. McGinnis<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>Facsimile: (415) 434-3947<br><br>**Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Semiconductor, Inc.** |
| Robert B. Pringle<br>Paul Griffin<br>Jonathan E. Swartz<br>THELEN REID & PRIEST LLP<br>101 Second Street, Suite 1800<br>San Francisco, CA 94105<br>Facsimile: (415) 371-1211<br><br>**Attorneys for Defendants Elpida Memory, Inc., Elpida Memory (USA) Inc. and NEC Electronics America, Inc.** | William M. Goodman<br>Rafael Goldman<br>TOPEL & GOODMAN<br>832 Sansome Street, 4th Floor<br>San Francisco, CA 94111<br>Facsimile: (415) 398-5030<br><br>**Attorneys for Defendants Mosel Vitelic Corporation and Mosel Vitelic Incorporated** |
| Aton Arbisser<br>Julian Brew<br>Tanja Shipman<br>KAYE SCHOLER LLP<br>1999 Avenue of the Stars, Suite 1600<br>Los Angeles, CA 90067<br>Facsimile: (310) 788-1200<br><br>Sarretta McDonough<br>KIRKLAND & ELLIS LLP<br>777 South Figueroa Street<br>Los Angeles, CA 90017<br>Facsimile: (213) 680-8500<br><br>Tefft W. Smith<br>Karen N. Walker<br>KIRKLAND & ELLIS LLP<br>655 Fifteenth Street, N.W.<br>Washington, DC 20005<br>Facsimile: (202) 879-5200<br><br>**Attorneys for Defendants Infineon Technologies AG and Infineon Technologies North America Corp.** | Terrence A Callan<br>Albert J. Boro, Jr.<br>PILLSBURY WINTHROP SHAW PITTMAN LLP<br>50 Fremont Street<br>P.O. Box 7880<br>San Francisco, CA 94120-7880<br>Facsimile: (415) 983-1200<br><br>Michael Tubach<br>O'MELVENY & MYERS LLP<br>Embarcadero Center West<br>275 Battery Street<br>San Francisco, CA 94111<br>Facsimile: (415) 984-8701<br><br>Kenneth R. O'Rourke<br>Daniel L. Alexander<br>O'MELVENY & MYERS LLP<br>400 S. Hope Street<br>Los Angeles, CA 90071-2899<br>Facsimile: (213) 430-6407 |
| William S. Farmer, Jr.<br>COLLETTE ERICKSON FARMER & O'NEILL LLP<br>235 Pine Street, Suite 1300<br>San Francisco, CA 94104<br>Facsimile: (415) 788-6929 | |

| | |
|---|---|
| Steven H. Morrissett<br>FINNEGAN, HENDERSON, FARABOW,<br>GARRETT & DUNNER LLP<br>700 Hansen Way<br>Palo Alto, CA 94304<br>Facsimile: (650) 849-6666<br><br>**Attorneys for Defendants Winbond Electronics Corporation and Winbond Electronics Corporation America** | Ian Simmons<br>O'MELVENY & MYERS<br>1625 Eye Street, N.W.<br>Washington, DC 20006<br>Facsimile: (202) 383-5414<br><br>**Attorneys for Defendants Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc.** |

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: January 6, 2006

_____
Judge Phyllis J. Hamilton