UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION, <br><br>_____ <br><br>This document relates to: <br><br>ALL ACTIONS. <br>_____/ | No. M-02-1486 PJH (JCS) <br><br>**ORDER AFTER DISCOVERY CONFERENCE** |

TO ALL PARTIES AND COUNSEL OF RECORD:

On April 21, 2006, the Court held a Discovery Conference. All parties attended through their counsel. For the reasons stated on the record, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. With respect to sales and transactional data, pursuant to Paragraph 5.b. of the Order Re Discovery Plan in this matter, all Defendants represented that they have complied with this provision of the Discovery Plan and have produced such data, with the following exceptions: the Infineon, Nanya, Mosel, Winbond, and NEC groups of Defendants have received meet-and-confer letters regarding sales and transactional data, and shall produce the remaining information **on or before April 28, 2006**.

2. With respect to the documents to be produced by Defendants pursuant to Paragraph 3.a. of the Discovery Plan, all Defendants represented that they have complied with the Discovery Plan and have produced these documents, except as follows: the Mosel, Infineon, and Elpida groups of Defendants stated that they had a few additional documents to produce, which shall be produced **not later than April 28, 2006**.

3. The Court has received a joint letter dated April 19, 2006, regarding a potential discovery dispute between Plaintiffs and the Hynix group of Defendants. The parties announced at the Discovery Conference that the issues raised by the April 19, 2006 letter have been resolved.

4. The Court received a joint letter dated April 17, 2006, from counsel for the Direct Purchaser Plaintiffs and the Mosel group of Defendants regarding a discovery dispute. Good cause appearing, and for the reasons stated on the record, IT IS HEREBY ORDERED that:

    a) Plaintiffs' work product objections to the Mosel Defendants' Document Request Nos. 1, 2, and 3 of the Mosel Defendants' Joint First Request for Production of Documents to Direct Purchaser Plaintiffs (the "Direct Purchaser Request") are OVERRULED. None of these document requests seek the production of documents prepared in the anticipation of litigation.

    b) Plaintiffs are ORDERED to produce all documents responsive to Request Nos. 1 and 2 **on or before June 7, 2006**. Plaintiffs may produce such documents by identifying the Bates numbers, if the Mosel Defendants already have electronic copies of these documents. With respect to identified documents that have been previously produced by non-parties to this litigation, Plaintiffs shall produce electronic copies of those documents.

    c) The Motion to Compel documents responsive to Request No. 3 is DENIED.

5. The Court has received a joint letter dated April 17, 2006, from counsel for the Indirect Purchaser Plaintiffs and the Mosel group of Defendants regarding a discovery dispute. It is the same discovery dispute raised in the April 17, 2006 letter received from the Direct Purchaser Plaintiffs and the Mosel group of Defendants. The Court hereby adopts its rulings with respect to the Direct Purchasers' letter as its rulings with respect to the Indirect Purchasers' letter, except as follows: the Indirect Purchaser Plaintiffs shall produce the documents required with respect to Request Nos. 1 and 2 not later than **thirty (30) days prior** to the date set for Defendants to serve expert reports on the merits of the Indirect Purchasers' case.

The next Discovery Conference shall occur on **June 23, 2006, at 9:30 a.m.** Not earlier than one (1) week before, counsel for the Direct Purchaser Plaintiffs, the Indirect Purchaser Plaintiffs,

1 Defendants shall file a joint letter with the Court regarding the matters that counsel wish to address 2 at the conference.

3     IT IS SO ORDERED.

5 Dated: April 25, 2006

                                        JOSEPH C. SPERO
                                        United States Magistrate Judge