GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
GEOFFREY C. RUSHING (126910)
CADIO ZIRPOLI (179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
*guido@saveri.com*
*rick@saveri.com*

STEVE W. BERMAN (*pro hac vice*)
ANTHONY D. SHAPIRO (*pro hac vice*)
GEORGE W. SAMPSON
CRAIG R. SPIEGEL (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile No.: (206) 623-0594

FRED TAYLOR ISQUITH (*pro hac vice*)
MARY JANE FAIT (*pro hac vice*)
FRANCIS A. BOTTINI, JR.
WOLF, HALDENSTEIN, ADLER,
    FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486PJH |
| | MDL No. 1486 |
| | **NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH HYNIX DEFENDANTS; MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| This Document Relates To: | Time:    9:00 a.m. |
| All Direct Purchaser Actions | Date:    May 10, 2006 |
| | Judge:   Hon. Phyllis J. Hamilton |
| | Courtroom: 3 |

1    **TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

2         **PLEASE TAKE NOTICE** that on May 10, 2006, at 9:00 a.m. or at a time subject to the

3    Court's calendar, before the Honorable Phyllis J. Hamilton, United States District Court, Northern

4    District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs will and

5    hereby do move the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an

6    Order: (i) granting preliminary approval of the settlement agreement plaintiffs have executed with

7    defendants Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc.; (ii) certifying a

8    class for settlement purposes; (iii) approving the manner and forms of giving notice of the

9    settlement agreement to class members; and (iv) establishing a timetable for publishing the class

10   notice, lodging objections to the terms of the settlement agreement, if any, and the plan of

11   allocation, and holding a hearing regarding final approval of the settlement agreement.

12        This motion is based upon this Notice of Motion and Motion, the following Memorandum

13   of Law, the Declaration of Guido Saveri and the Proposed Order Preliminarily Approving Class

14   Action Settlements with Infineon, Samsung and Hynix, the complete files and records in this

15   action, and such other written or oral arguments that may be presented to the Court.

16        The settlement agreement with the Hynix defendants is attached hereto as exhibit A.

17                              **MEMORANDUM OF LAW**

18   **I.      INTRODUCTION**

19        Plaintiffs have entered into a settlement agreement ("Settlement") with defendants Hynix

20   Semiconductor, Inc. and Hynix Semiconductor America, Inc. ("Hynix").  In return for a release of

21   class members' claims, Hynix has agreed to pay $73,000,000.  This amount exceeds 13.96% of

22   Hynix's sales of DRAM[1] to class members which remain in the case.[2]    In addition, Hynix's sales

23   remain in the case for purposes of computing the treble damages claim against non-settling

24   defendants, and Hynix has agreed to cooperate with plaintiffs in their prosecution of the case

25   _____

[1] "DRAM" means dynamic random access memory components, including without limitation,
26   synchronous dynamic random access memory ("SDRAM"), Rambus dynamic random access
     memory ("RDRAM"), asynchronous dynamic random access memory ("ASYNC"), FPM DRAM,
27   EDO DRAM, BEDO DRAM, and double data rate semiconductor devices and modules ("DDR").
     [2] Hynix has entered into settlements with some of its larger customers thus reducing its sales at
28   issue in this case.  The Settlement allows plaintiffs to verify Hynix's sales during the Class Period
     and their settlements with their customers.  (Hynix Settlement, ¶16.)

1  against the remaining defendants. (Hynix Settlement ¶¶ 24, 30.)  The Settlement was achieved only
2  after extensive arms-length negotiations and represents an outstanding recovery for the class.

3          As the Court is aware, plaintiffs have also reached settlements with the Infineon and
4  Samsung defendants.  A hearing on the preliminary approval of these settlements is set for May 10,
5  2006.  Plaintiffs and the settling defendants – Hynix, Samsung and Infineon – seek to coordinate
6  the approval process of the settlements so that all three may be considered in one preliminary
7  approval hearing and one final approval hearing, and the class may be notified of the terms of the
8  settlements in one notice process.  By avoiding duplicative hearings and notices to the class, a
9  coordinated approval process will save time, money and labor for the parties and the Court.  Each
10  settlement requires coordination of notice to the class with other settlements. (Hynix Settlement,
11  ¶20(b); Infineon Settlement, ¶ 20(c); Samsung Settlement, ¶ 20(b).)  Additionally, the settling
12  parties believe that a single notice describing all three settlements would avoid potential confusion
13  among class members that multiple notices of different settlements might create.  Settling parties
14  therefore request that the Court also grant preliminary approval to the Hynix settlement at the May
15  10 hearing.  At the case management conference on April 20, 2006, the Court indicated that this
16  was appropriate.

17          Through this motion, plaintiffs seek <u>preliminary</u> approval of the Settlement.  The Court is
18  not being asked to determine whether the Settlement is fair, reasonable and adequate at this time.
19  Instead, the question is simply whether the Settlement is sufficiently within the range of possible
20  approval to justify sending and publishing notice of the Settlement to class members and
21  scheduling final approval proceedings.  *Armstrong v. Bd. Of School Dir.'s*, 616 F. 2d 305, 314 (7th
22  Cir. 1980) (overruled on different grounds in *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998));
23  *Manual for Complex Litigation* (Fourth) § 13.14 at 173 ("First, the judge reviews the proposal
24  preliminarily to determine whether it is sufficient to warrant public notice and a hearing.  If so, the
25  final decision on approval is made after the hearing.").

26          If preliminary approval is granted, the proposed settlement class members will be notified
27  of the terms of the Settlement and informed of their rights in connection therewith, including their
28  right to appear and be heard at the final approval hearing.  The following is a proposed schedule:

| Date | Event |
|---|---|
| May 10, 2006 | Hearing on motion for preliminary approval of settlements; |
| May 31, 2006 | Mailed notice sent to class members; |
| June 7, 2006 | Summary notice published in Wall Street Journal; |
| July 22, 2006 | Deadline for opting out of class or objecting to Settlements, or plan of allocation; |
| August 8, 2006 | Deadline for filing briefing in support of Settlements, etc.; |
| August 29, 2006 | Hearing on final approval of Settlements. |

Accordingly, plaintiffs seek an order: (i) granting preliminary approval of the Settlement; (ii) certifying the settlement class (the "Class"); (iii) approving the manner and forms of giving notice to the Class; and (iv) establishing the above timetable for consummation of the Settlement.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

See plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlements With Samsung and Infineon Defendants, section II (pp. 3-4).

## III.    DISCOVERY CONDUCTED BY PLAINTIFFS

After completing a substantial amount of discovery and analysis in this case, as well as a thorough consideration of applicable law, class counsel began settlement negotiations with Hynix in February, 2006.  (Declaration of Guido Saveri In Support of Motion for Preliminary Approval of Hynix Settlement ("Saveri Hynix Decl.") ¶3; *see also* Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlements With Samsung and Infineon Defendants, section III (pp. 4-6).)

The negotiations were vigorous and non-collusive.  After numerous face to face meetings and many telephone conferences and other communications, the Hynix Settlement was concluded on April 28, 2006.  (Saveri Hynix Decl. ¶3.)

Despite the Settlement, Hynix maintains that it has meritorious defenses to plaintiffs' claims.

IV.    **THE TERMS OF THE SETTLEMENT**

The terms of the Hynix settlement are similar to those of the Infineon and Samsung settlements, although Hynix has agreed to pay a greater percentage of its sales remaining in the case.

In exchange for dismissal with prejudice and a release of all claims asserted in the Complaint, as noted above, Hynix has agreed to pay $73,000,000. (Hynix Settlement ¶16.)  Hynix will deposit $36,500,000 into an escrow account earning interest for the benefit of class members on May 22, 2006.  Hynix will deposit an additional $36,500,000 on July 3, 2006.

The Hynix Settlement requires the certification of a settlement class consisting of:

> All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002, purchased DRAM in the United States directly from the defendants or their subsidiaries.  Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and alleged co-conspirators.[3]

(Hynix Settlement  ¶¶ 1, 9, 10.)  Upon the Settlement becoming final, plaintiffs and Class members will relinquish any claims they have against Hynix based, in whole or in part, on matters alleged or that might have been alleged in this litigation.  (Hynix Settlement ¶¶13-15.)  The release, however, excludes claims for product liability or breach of contract, indirect purchaser claims, or claims based on purchases of DRAM outside the United States. (Hynix Settlement ¶31.)  The Settlement becomes final upon: (i) the Court's approval of the Settlement pursuant to Rule 23(e) and the entry of a final judgment of dismissal with prejudice as to Hynix; and (ii) the expiration of the time for appeal or, if an appeal is taken, the affirmance of the judgment with no further possibility of appeal. (Hynix Settlement ¶11.)

The Settlement also requires Hynix to assist plaintiffs in the prosecution of this case against the remaining defendants by producing documents and making its employees available for depositions and trial, including supplying witnesses necessary to testify as to the authenticity and

---

[3] The class definition is identical to the class definition contained in the Samsung Settlement. The Samsung and Hynix class definitions differ from the one in the Infineon Settlement in two ways. First, they contains the words "at any time" in the second clause of the first sentence.  Second, the word "alleged" is inserted before the last word of the second sentence. Plaintiffs believe that these differences are not material.  The proposed order of preliminary approval contains the definition contained in the Infineon Settlement.

1    admissibility of documents. (Hynix Settlement ¶24.)

2        The Settlement also authorizes the use of $350,000 of the settlement fund for notice and

3    administrative purposes, and $1 million for expenses incurred in the prosecution of this case

4    against the remaining defendants. (Hynix Settlement ¶20(a),(c).)

5        Subject to the approval and direction of the Court, the Settlement payment, plus accrued

6    interest thereon, will be used to: (i) make a distribution to Class members in accordance with a

7    proposed plan of allocation to be approved by the Court at final approval based on the dollar value

8    of each Class members' DRAM purchases proportionate to the total claims filed; (ii) pay Class

9    Counsel's attorneys' fees, costs, and expenses as may be awarded by the Court; and (iii) pay future

10   costs incurred in the administration and distribution of the Settlement payments, including the

11   payment of taxes on any interest earned.  (Hynix Settlement ¶¶ 21-23.)[4]

12       Finally, the Settlement, like the Samsung settlement, requires plaintiffs to use their "best

13   efforts to negotiate settlements equal to or in excess of the percentage of remaining non-excluded

14   sales represented in this settlement" with "comparably situated other major suppliers." (Hynix

15   Settlement ¶17; Samsung Settlement ¶17.)

16   **V.     THE SETTLEMENT SHOULD BE PRELIMINARILY APPROVED**

17       The Hynix Settlement should receive preliminary approval for the same reasons as the

18   Infineon and Samsung settlements.  (*See* Plaintiffs' Memorandum of Points and Authorities in

19   Support of Motion for Preliminary Approval of Class Action Settlements With Samsung and

20   Infineon Defendants, section V., pp. 9-12.)  As explained above, the terms of the Hynix Settlement

21   are very similar to those of the Infineon and Samsung settlements, except that Hynix has agreed to

22   pay a higher percentage of its sales remaining in the case – 13.96% –  than the other settling

23   defendants.   This is a much higher percentage of sales than is achieved in many other price-fixing

24   cases. Indeed, in *Rubber Chemicals*, a horizontal price fixing case in which some of the defendants

25   had entered guilty pleas in related criminal proceedings, Judge Jenkins, in the course of granting

---

26   [4] As with the other settlements, Class counsel do not plan to distribute any Settlement funds until
the termination of the case because plaintiffs are continuing to litigate against all non-settling

27   defendants and because piecemeal distribution of partial settlements is expensive, time-consuming
and prone to confuse Class members. Pending distribution, the Settlement funds will accrue

28   interest for the benefit of the Class.

1   final approval, recently characterized a settlement payment of 4% of a defendant's sales as "an

2   excellent recovery."  (Declaration of Guido Saveri In Support of Motion for Preliminary Approval

3   of Settlements With Infineon and Samsung, Ex. A, p.16:2-11.)

4        Like the other settlements, the Hynix Settlement also provides substantial benefits to the

5   Class by specifying that the non-settling defendants remain jointly and severally liable for all

6   damages caused by the alleged conspiracy, including those from sales by Hynix, and requires

7   Hynix to cooperate in plaintiffs' prosecution of this case against the remaining defendants. (*See*

8   Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval

9   of Class Action Settlements With Samsung and Infineon Defendants, section V., p.9.)

10       Finally, like the Infineon and Samsung settlements, the Hynix Settlement was the product

11   of intense and thorough arms-length negotiations by experienced and informed counsel. The

12   negotiations occurred over a span of months and involved telephonic and face to face meetings.

13   They were contested and conducted in good faith. Class counsel negotiated the Settlement based on

14   their review and analysis of millions of pages of defendants' documents, their own substantial

15   investigations, and the analysis of expert consultants.  (Saveri Hynix Decl. ¶¶ 3, 4.)  As with the

16   other settlements, counsel's judgment that the Settlements are fair and reasonable is entitled to

17   great weight.  *Officers for Justice v. Civil Service Com'n,* 688 F.2d 615, 625 (9th Cir. 1982); *Rutter*

18   *& Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1188 (10th Cir. 2002); *Wilkerson v. Martin*

19   *Marietta Corp.,* 171 F.R.D. 273, 288-89 (D.Colo. 1997).  Indeed, there is generally "an initial

20   presumption of fairness when a proposed class settlement, which was negotiated at arms' length by

21   counsel for the class, is presented for court approval." 4 *Newberg on Class Actions* at 11.41 (4th

22   ed.).

23   **VI.       THE PROPOSED NOTICE TO CLASS MEMBERS IS ADEQUATE**.

24       Plaintiffs propose that notice to Class members of the Hynix Settlement be given in the

25   same fashion as the proposed notice of the Infineon and Samsung settlements.  Plaintiffs have

26   revised the notices submitted to the Court in connection with their Motion for Preliminary

27   Approval of Class Action Settlements With Samsung and Infineon Defendants to include a

28   descripton of the Hynix Settlement.

A revised direct notice to class members is attached as Exhibit A to the Proposed Order Preliminarily Approving Class Action Settlements With Infineon, Samsung and Hynix submitted herewith ("Notice").  Plaintiffs propose that this Notice be sent by mail or email to each Class Member who may, by reasonable efforts, be identified.  Like the Samsung and Infineon settlements, the Settlement requires Hynix to provide a list of all their customers who are potential class members. (Hynix Settlement ¶ 9.)  Additionally, plaintiffs have filed a Motion to Facilitate Dissemination of Notice, which seeks an order compelling non-settling defendants to provide plaintiffs with a list of all of their customers who are potential class members.

In addition, plaintiffs propose that a Summary Notice revised to reflect the Hynix Settlement in the form attached as Exhibit B to the Proposed Order be published in the national edition of the Wall Street Journal, and that both notices, along with the settlement agreements, be posted on a website accessible to class members.

For the reasons set forth in their brief in support of preliminary approval of the Infineon and Samsung settlements, this notice plan meets the requirements of Rule 23 and due process. (*See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlements With Samsung and Infineon Defendants, section VI., pp. 12-13.)

As with the proceeds of the Infineon and Samsung settlements, plaintiffs will propose to the class that class members share in the Settlement on a proportionate basis based on the dollar value of each claimant class member's DRAM purchases during the Class Period compared to the total dollar value of DRAM purchased by all class members who submit claims.  Such a proposed plan of allocation is virtually identical to that approved in *In re Corrugated Container Antitrust Litigation*, 643 F.2d 195, 218-220 (5th Cir. 1981).

The contents of the notices and the proposed plan of allocation fulfill the requirements of Rule 23 and due process. Accordingly, the Court should preliminarily approve both.

## VII.    THE COURT SHOULD PROVISIONALLY CERTIFY THE SETTLEMENT CLASS

The Court should provisionally certify the settlement class required by the Hynix Settlement for the same reasons it should certify the settlement class required by the Infineon and Samsung settlements. (*See* Plaintiffs' Memorandum of Points and Authorities in Support of Motion

1    for Preliminary Approval of Class Action Settlements With Samsung and Infineon Defendants,

2    section VII., pp. 13-22.)

3    **IV.    CONCLUSION.**

4         For the foregoing reasons, plaintiffs respectfully submit that the Court should grant

5    preliminary approval of the Hynix Settlement, as well as the Infineon and Samsung settlements,

6    conditionally certify the settlement Class, and order that notice be given to the Class and a hearing

7    on final approval be scheduled according to the schedule set forth above.

8    Dated: April 28, 2006.                          Respectfully submitted,

9

10                                                   /s/ *Guido Saveri*
                                                     Guido Saveri (22349)
11                                                   R. Alexander Saveri (173102)
                                                     Geoffrey C. Rushing (126910)
12                                                   Cadio Zirpoli (179108)
                                                     SAVERI & SAVERI, INC.
13                                                   111 Pine Street, Suite 1700
                                                     San Francisco, CA  94111-5619
14                                                   Telephone:  (415) 217-6810
                                                     Facsimile:  (415) 217-6813
15                                                   *guido@saveri.com*
                                                     *rick@saveri.com*
16

17                                                   Steve W. Berman (*pro hac vice*)
                                                     Anthony D. Shapiro (*pro hac vice*)
18                                                   George W. Sampson
                                                     Craig R. Spiegel (122000)
19                                                   HAGENS BERMAN SOBOL SHAPIRO LLP
                                                     1301 Fifth Avenue, Suite 2900
20                                                   Seattle, Washington  98101
                                                     Telephone: (206) 623-7292
21                                                   Facsimile No.: (206) 623-0594

22                                                   Fred Taylor Isquith *(pro hac vice)*
                                                     Mary Jane Fait *(pro hac vice)*
23                                                   WOLF, HALDENSTEIN, ADLER,
                                                         FREEMAN & HERZ
24                                                   270 Madison Avenue
                                                     New York, NY  10016
25                                                   Telephone:  (212) 545-4600
                                                     Facsimile:  (212) 545-4653
26

27                                                   Co-Lead Counsel for Plaintiffs

28