GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
GEOFFREY C. RUSHING (126910)
CADIO ZIRPOLI (179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
*guido@saveri.com*
*rick@saveri.com*

STEVE W. BERMAN (*pro hac vice*)
ANTHONY D. SHAPIRO (*pro hac vice*)
GEORGE W. SAMPSON
CRAIG R. SPIEGEL (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile No.: (206) 623-0594

FRED TAYLOR ISQUITH *(pro hac vice)*
MARY JANE FAIT *(pro hac vice)*
WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486PJH<br><br>MDL No. 1486<br><br>**~~[PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH SAMSUNG AND INFINEON DEFENDANTS** |
| This Document Relates To:<br><br>All Direct Purchaser Actions | Time: 9:00 a.m.<br>Date: May 10, 2006<br>Judge: Hon. Phyllis J. Hamilton<br>Courtroom: 3 |

The Court, having reviewed the two settlement agreements ("Settlements") entered into between (i) plaintiffs and defendants Infineon Technologies AG and Infineon Technologies North America Corp. (collectively "Infineon"); and (ii) plaintiffs and defendant Samsung Semiconductor, Inc., ("Samsung") (collectively "Settling Defendants"), hereby ORDERS:

1. For the purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in each settlement agreement;

2. For settlement purposes only and pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the following settlement class (the "Class"):

All individuals and entities who, during the period beginning April 1, 1999 and continuing through June 30, 2002, purchased DRAM in the United States directly from the defendants or their subsidiaries. Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

3. The Court further provisionally finds that the prerequisites to a class action under Federal Rule of Civil Procedure 23 are satisfied for settlement purposes in that:

(a) there are thousands of class members and therefore joinder of all members is impracticable;

(b) there are questions of law or fact common to the class which predominate over individual issues;

(c) the claims or defenses of the class plaintiffs are typical of the claims or defenses of the class; and

(d) the class plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in complex antitrust class action litigation who have and will continue to adequately represent the class.

4. The Court finds that each of the two Settlements agreed to by the parties (as set forth in the settlement agreements) fall within the range of possible approval. The Court further finds that there is sufficient basis for notifying the class of the proposed Settlements, and for enjoining class members from proceeding in any other action pending the conclusion of the opt-out period and Fairness Hearing set forth below.

5. The Court hereby preliminarily approves each of the settlement agreements, subject to a hearing on the final approval of the settlements (the "Fairness Hearing").

6. Pursuant to Federal Rule of Civil Procedure 23, Onshore, Inc.; Internet Integration, Inc.; Kevin Irwin d/b/a Kevin's Computer and Photo; PC Doctor, Inc.; Advanced Technology, Inc.; Network Business Solutions, Inc.; JEM Electronics Distributors, Inc.; Daniel Clement; Web Ideals, LLC; and 5207, Inc. shall serve as class representatives. The Court approves the following firms as Class Counsel for purposes of the settlements: Saveri & Saveri, Inc., Hagens Berman Sobol Shapiro LLP, and Wolf, Haldenstein, Adler, Freeman & Herz.

7. The Court will hold the Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e) on ~~[illegible]~~ Sept 6, 2006. The Fairness Hearing will be held to determine the following:

(a) Whether each of the proposed Settlements are fair, reasonable and adequate and should be granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

(b) Whether final judgments should be entered dismissing the claims of the class against the Settling Defendants with prejudice as required by each of the Settlements; and

(c) Such other matters as the Court may deem appropriate.

8. The parties shall notify the court of the identity of the Settlement Administrator within 5 days of retaining such Settlement Administrator, and in no event later than June 9, 2006.

~~8. ________ shall serve as Settlement Administrator.~~

9. By June 9, 2006, Class Notice, substantially in the form attached hereto as Exhibit "A" shall be sent by the Settlement Administrator via first class U.S. mail or email, postage prepaid, to all members of the Settlement Class at their last known address as reflected in the records of Settling Defendants and the non-settling defendants. By June 16, 2006, publication notice substantially in the form of Exhibit B hereto shall be published in the national edition of the Wall Street Journal. Class Counsel shall also cause a copy of the Notice and the Settlements to be posted on the Internet at a readily accessible website to be created and maintained by the Settlement Administrator.

10. The Court finds that this manner of giving notice fully satisfies the requirements of Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

11. Plaintiffs' Co-Lead Counsel shall file, not later than 14 days before the Fairness Hearing, proof of compliance with paragraph 9 of this Order.

12. Each class member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator not later than Aug 1 2006. Requests for exclusion must be in writing and set forth the name and address of the person or entity who wishes to be excluded, as well as all trade names or business names and addresses used by such person or entity, and must be signed by the class member seeking exclusion. At least 14 days prior to the Fairness Hearing, Plaintiffs' Co-Lead Counsel shall file with the Court a list of all persons who have timely requested exclusion from the class.

13. Any class member who does not properly and timely request exclusion from the Settlement Class shall, upon final approval of the Settlements, be bound by all the terms and provisions of the Settlements so approved, including but not limited to the releases, waivers, and covenenants described in the Settlements, whether or not such person or entity objected to the Settlements and whether or not such person or entity made a claim upon the settlement funds.

14. As provided by the Class Notice, each class member who does not timely exclude itself from the class shall have the right to object to the Settlements by filing written objections with the Court not later than Aug 1 2006, copies of which shall be served on all counsel listed in the Class Notice. ~~Failure to timely file and serve written objections will preclude a class member from objecting at the Fairness Hearing.~~ PJH

15. All briefs, memoranda, and supporting papers in support of final approval of the Settlements shall be filed not later than Aug 18 2006.

16. All further class proceedings as to the Settling Defendants are hereby stayed except for any actions required to effectuate the Settlements.

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlements.

**IT IS SO ORDERED.**

Dated: May 11, 2006

Hon. Phyllis J. Hamilton