UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re: DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

No. M 02-1486 PJH

**ORDER RE SEALED DOCUMENTS**

The parties have requested that the court order the sealing of numerous documents offered in support of and in opposition to plaintiffs' motion for class certification. As the court explained at the May 17, 2006 hearing, neither party has made an adequate showing for the extensive sealing orders that are sought. The parties were ordered to meet and confer and to submit a joint list of exhibits to be sealed along with a brief explanation as to why the sealing is necessary. The parties were further advised that, having read all of the briefs, the court was disinclined to permit the extensive redaction that the parties have undertaken.

The parties are still ordered to meet and confer, but may instead file separate requests to seal after reading and evaluating their requests in light of the Ninth Circuit's recent opinion in *Kamakana v. City of Honolulu*, 2006 WL 1329926, filed May 17, 2006, which holds that a party seeking to maintain the confidentiality of documents attached to dispositive motions must meet the high threshold of showing "compelling reasons." A "good cause" showing under Rule 26(c) will only suffice to keep sealed records attached to *non-dispositive* motions. A good cause showing without more will not satisfy a compelling reasons test. Additionally, the articulation of a specific link between a general category or privilege and the documents or portions of documents at issue is required. *Id.* at 5.

The distinction between dispositive and non-dispositive motions is based upon the

Ninth Circuit's determination that documents attached to non-dispositive motions are often unrelated, or only tangentially related to the underlying cause of action. *Id.* at 5. Because, the vast majority of documents at issue here are related to the merits of the underlying action and because a motion for class certification is more akin to a dispositive motion (summary judgment motion) than a non-dispositive motion (discovery motion), for its impact on the litigation, the court requires that the parties meet the high showing of "compelling reasons" for the sealing and redactions sought, keeping in mind that "[t]he mere fact that production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal the records." *Id.* at 4 (citing *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

The requests for a sealing order shall be filed by May 24, 2006. Thereafter, the court will determine which if any documents will be filed under seal, which will be filed in the public record, and which documents will have to be re-filed in unredacted form.

**IT IS SO ORDERED.**

Dated: May 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge