# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Case No: M-02-1486-PJH<br><br>**ORDER RE AUTHENTICITY OF DOCUMENTS AND BUSINESS RECORDS** |
| This Document Relates to:<br><br>ALL ACTIONS | |

By joint letter dated August 7, 2006, Direct Purchaser Class Plaintiffs, Indirect Purchaser Plaintiffs and Defendants brought to the Court's attention a dispute concerning the procedure to be used to establish the authenticity of documents, and their qualification as business records under Federal Rule of Evidence 803, that may be used for dispositive motions and at trial.[1]

This matter came on for hearing before the Honorable Joseph C. Spero, United States Magistrate Judge, on August 30, 2006. Bruce L. Simon, Guido Saveri and Cadio Zirpoli appeared for Direct Purchaser Class Plaintiffs; Josef D. Cooper appeared for the Indirect Purchaser Plaintiffs. Steven H. Bergman appeared on behalf of Settled Defendant Hynix, and Julian Brew appeared on behalf of Settled Defendant Infineon. Hynix, Infineon and Samsung are collectively "Settled Defendants". Jon Swartz, Howard Mark Ullman, Joel S. Sanders, Mark E. Weber, Steven H. Morrissett, Andrea P. DeShazo,

---

[1] This Order does not apply to the individual actions or actions brought by the Attorney Generals who are excluded from the term "Direct Purchaser Class Plaintiffs" as used herein.

ORDER RE DOCUMENT STIPULATION
Case No. M-02-1486-PJH

Harrison J. Frahn, and Paul Griffin appeared for Defendants.

Having reviewed the papers on file and the oral arguments of all interested counsel, the Court rules as follows:

1. Direct Purchaser Class Plaintiffs may proffer to Defendants up to 10,000 documents for stipulation regarding authenticity and business record qualification. Direct Purchaser Class Plaintiffs must produce bate-stamped copies of all proffered documents to each Defendant by Friday, September 8, 2006. To the extent a document was originally produced in electronic format, it must be provided electronically; CD is preferrable. If a document was produced in hard copy only, it may be provided by hard copy.

2. The Defendants may proffer to Direct Purchaser Class Plaintiffs up to 10,000 documents for stipulation regarding authenticity and business record qualification. Defendants must provide bate-stamped copies of all proffered documents either electronically or in hard copy by Friday, September 15, 2006, subject to the same conditions expressed in paragraph 1. This is a cumulative number. The Defendants may allocate their respective shares of that 10,000 documents as they choose.

3. By Monday, September 18, 2006, Defendants must identify which, if any, of the Direct Purchaser Class Plaintiffs' proffered documents they are unwilling to stipulate with respect to authenticity and/or business records qualification. The parties must engage in a good faith meet-and-confer attempt by Friday, September 22, 2006. If the parties are unable to resolve the dispute informally, Direct Purchaser Class Plaintiffs will be entitled to take custodian-of-record depositions of Defendants for whom there is no agreement, Settling Defendants and Third Parties between September 25, 2006 and October 6, 2006 on shortened notice to accommodate this schedule. A response is required from each Defendant to all documents profferred by Direct Purchaser Class Plaintiffs, regardless of who produced the documents.

4. By Monday, September 25, 2006, Plaintiffs must identify which, if any, of the Defendants' proffered documents they are unwilling to stipulate with respect to

authenticity and/or business records qualification. The parties must engage in a good faith meet-and confer attempt by Friday, September 29, 2006. If the parties are unable to resolve the dispute informally, Defendants will be entitled to take custodian-of-record depositions of other Defendants for whom there is no agreement, Settling Defendants and Third Parties between October 2, 2006 and October 6, 2006 on shortened notice to accommodate this schedule.

5. With respect to transactional documents, the parties are ordered to further meet-and-confer. The parties shall submit a joint letter brief to the Court by September 15, 2006 if they have not been able to reach a stipulation by that date.

6. With respect to settled Defendants Infineon, Samsung and Hynix, they will notify all counsel of their waiver of all objections to authentication or qualification as business records to both Direct Purchaser Class Plaintiffs' and Defendants' proferred documents for use in dispositive motions by the Direct Purchaser Class Plaintiffs, or at trial, only in the Direct Purchaser Case. Any such waiver shall apply to the Direct Purchaser Class Plaintiffs and Defendants in the Direct Purchaser case, but will not apply to any other case. Absent written confirmation of this unconditional waiver, said Settling Defendants must participate in the procedures ordered hereby.

IT IS SO ORDERED.

Dated: Sept. 1, 2006

JOSEPH C. SPERO
United States Magistrate Judge

APPROVED AS TO FORM:

THELEN REID & PRIEST LLP

By _Paul R. Griffin_
   Paul R. Griffin
*For All Defendants Except Samsung*

COOPER & KIRKHAM

By _Josef D. Cooper_
   Josef D. Cooper
*For All Indirect Purchaser Plaintiffs*

COTCHETT, PITRE, SIMON & McCARTHY

By _Bruce L. Simon_
   Bruce L. Simon
*For All Direct Purchaser Class Plaintiffs*