UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS
MEMORY (DRAM) ANTITRUST
LITIGATION
_____/

This Document Relates to:

All Direct Purchaser Actions
_____/

No. M 02-1486 PJH

**ORDER RE DEFENDANTS'
OBJECTIONS TO MAGISTRATE
JUDGE'S DISCOVERY ORDER**

Before the court is defendants' ex parte application for an order shortening time and corresponding objections to Magistrate Judge Spero's discovery order regarding the authentication of documents and business records. Having read the parties' papers and considered their arguments, the court hereby SUSTAINS defendants' objections. Preliminarily, the court acknowledges that Judge Spero, in seeking to adjudicate the parties' dispute, was bound by the case management schedule entered by the court, and was, therefore, limited in his ability to fashion a procedure reasonably tailored to address the concerns raised by all parties. That said, however, the court is in total agreement with the defendants that the procedure proposed by plaintiffs and adopted in part by Judge Spero, unfairly shifts the burden normally borne by plaintiffs, with respect to proffering documentary evidence, to defendants.

Plaintiffs' proposed procedure would essentially have defendants stipulate to the authentication and/or business records qualification of up to 10,000 documents, which plaintiffs assert represent "the universe of documents relating to defendants' involvement in the conspiracy." See Declaration of Steven H. Morrissett in Support of Defendants'

Objections to Order re Authenticity of Documents and Business Records and Application for Stay of Order ("Morrissett Decl."), Ex. B.[1]  For those documents for which defendants are unwilling or unable to stipulate regarding authenticity and/or business records qualification, Judge Spero's order provides that the parties must engage in a good faith meet and confer attempt, and only in the event such an attempt proves fruitless, will plaintiffs be entitled to take custodian-of-record depositions on shortened notice, in order to establish the authenticity and/or business records qualification of identified documents. Implicit in this proposal, and Judge Spero's order, is the fact that defendants must conduct an in-depth review of all 10,000 documents prior to notifying plaintiffs whether they are willing to stipulate to authenticity and/or business records qualification.

There are a number of things that are not clear from the papers submitted, such as the actual total number of documents that comprise the "universe" of documents likely to be used as exhibits, and indeed whether these documents will be used for both dispositive motions and trial. The papers refer to various different numbers and refer to both dispositive motions and trial exhibits without a clear explanation from either side as to which proceeding these exhibits pertain. Additionally, because discovery in this matter has been ably supervised by Judge Spero, the court is not entirely clear as to why this issue was not resolved before the discovery cutoff date, when it could have been addressed with depositions of custodians of records.

It appears that for a variety of reasons, the usual route–depositions of custodians of records before the discovery cutoff date–was not taken. The reasons for this referred to in the papers are 1) there were limitations on the total number of depositions and the parties did not want to use up their depositions on the authentication of documents, 2) a number of documents were not produced in a timely fashion, and 3) because of the number of "Fifth Amendment depositions" taken in this case, a number of documents could not be

---

[1] Although plaintiffs have only – according to defendants – submitted a list of approximately 7500 documents that they wish to have authenticated, plaintiffs argued for, and Judge Spero accepted, a total number of 10,000.

authenticated in deposition (not clear what this means).

The current dispute centers primarily on how the parties are going to establish the authenticity of documents received from other parties in discovery, and secondarily on how some selected relevant portion of these documents will be admitted into evidence without an undue consumption of time. While the court anticipates that the authenticity of many documents will not be contested and that there will be stipulations as to the admissibility of many documents as well, plaintiffs must surely under stand that the court has no power to make the defendants stipulate to either authenticity or admissibility. Nor can the court enter a blanket order relieving either or both parties from the burden of establishing the authenticity and admissibility of their exhibits.

In considering this issue over the past few days, the court has attempted, without much success, to devise a more acceptable procedure. The court is not convinced, however, that it can do better than counsel, who have until this dispute, been able to effectively resolve the myriad problems and issues that have arisen in this massive and complicated case. The court, therefore, prefers that the parties decide for themselves whether the normal rules will apply or whether a mutually agreeable streamlined procedure is preferable.

If an agreement cannot be reached, the parties should keep in mind the following: The court usually rules on the authenticity and admissibility of documents in the context of the proceeding for which they are offered. Any party who would be affected by the exhibit is permitted to object. Ultimately, the proffering party must establish both authenticity and admissibility. There are several obvious problems with proceeding under rules designed for the litigation and trial of a single case. First, absent a stipulation as to authenticity, it appears that neither side, but primarily plaintiffs, have not taken a sufficient number of depositions to establish the authenticity of all the documents that they will need. Thus a reopening of discovery will be necessary. Second, the sheer number (but not entirely clear) of potential exhibits means that absent a stipulation as to either or both authenticity

and admissibility, the parties will spend much of the time allotted for trial arguing about each and every exhibit. Six weeks has been set aside for the trial, and the time will be divided equally between the two sides. Trial will be followed by a three week period during which the undersigned will be out of the country. Thus, the trial as currently scheduled, cannot be extended.

Obviously, a streamlined procedure that does not unduly consume trial time is preferable for the court, and should be for the parties. The parties are therefore ORDERED to meet and confer immediately for the purpose of resolving this issue. In recognition that the parties have in good faith attempted to resolve this issue, the court provides the following guidance and guidelines:

1. 10,000 appears to court to represent an arbitrary and unrealistic number of documents that plaintiffs will actually proffer as exhibits either on motions or at trial. If the parties wish to work towards a procedure along the lines of the one previously proposed, the court suggests that they start with more realistic numbers.

2. Although defendants are encouraged to stipulate to the authenticity and admissibility of as many exhibits as possible, plaintiffs must recognize that neither they nor the court can force defendants to do so, nor can any defendant be required to waive its right to object to the authenticity or admissibility of any document offered by another defendant.

3. The parties are of course free to agree to any mutually acceptable terms, but the court would not order the defendants to review wholesale any number of documents until after plaintiffs have identified the documents as ones that they reasonably intend to rely on for dispositive motions or for trial and have provided the grounds for a conclusion that they are authentic and admissible.

4. Exhibits will not be admitted at trial in the absence of a sponsoring witness who either authored or received the document or otherwise has some

4

knowledge about the document.

5. Discovery may be reopened for a period of thirty days should additional depositions of custodians of record be necessary.

6. To the extent that defendants (it is not clear from the papers) seek the same or similar treatment of documents produced by plaintiffs in discovery, the same limitations apply.

The parties shall meet and confer and submit a stipulation as to what procedure they wish the court to follow for the upcoming motions and for trial. The stipulation shall be filed by September 30, 2006.

**IT IS SO ORDERED.**

Dated: September 18, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge