UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS
MEMORY (DRAM) ANTITRUST
LITIGATION
_____/

This Document Relates to:

All Direct Purchaser Actions
_____/

No. M 02-1486 PJH

**ORDER RE STIPULATION
RE ADMISSIBILITY**

On September 18, 2006, the court issued an order in response to defendants' objections to Magistrate Judge Spero's discovery order regarding the authentication of documents and business records. The court's order set forth applicable guidelines regarding the issue, and directed the parties to engage in a further meet and confer in view of those guidelines. The parties were ordered to file a stipulation resolving the dispute by September 30, 2006. Now, the court is in receipt of two letters filed by the plaintiffs and certain defendants on the one hand, and the remaining defendants on the other, in which the parties state that although they have reached general agreement as to a stipulation, they are at an impasse with respect to one final issue. Specifically, certain defendants cannot agree on the current stipulation unless the sentence contained in paragraph 3 (page 2, line 26 through page 3, line 1) is replaced with the following sentence: "The making of a timely objection is itself sufficient to negate the agreement as to admissibility set forth above in this paragraph."

Preliminarily, the court notes that the parties have diligently sought to resolve the present dispute in view of the court's prior order, and commends the parties on having generally set forth a workable approach for the authentication of exhibits.

Substantively, however, the present dispute seems unnecessary. To the extent that plaintiffs (and certain defendants) believe that the above sentence would abrogate the

agreement as a whole or allow for an unduly large number of objections, the Nanya and Mosel Vitelic defendants have asserted in writing that they do not intend "to make blanket objections in connection with dispositive motions," and do not seek to abrogate the stipulated agreement, but simply wish to preserve their right to object to the admission of any document they believe to be inadmissible. Indeed, defendants appear to read the above statement as simply stating that a timely objection to a document will negate the agreement as to admissibility for that document.

Moreover, plaintiffs' alternative sentence, which is currently included in the stipulation, is unclear. As stated, that sentence states that the making of a timely objection is "sufficient to preserve any good faith assertion that a document is inadmissible." However, it is unclear whether plaintiffs mean this phrase to state that, in the event a defendant objects to the admissibility of a document, the objection serves only to preserve that defendant's stated belief of inadmissibility, but would technically allow the document to be admitted, or whether such an objection would serve to preserve the objecting party's appellate rights. If this is in fact plaintiffs' intent, it would prevent a process whereby defendants are given the opportunity to make truly meaningful objections. In other words, each party, if it decides to object to the admissibility of any document, must be able to do so with respect to that document, and obtain a ruling from the court thereon.

To that end, and in view of the representations made by both parties in their letters before the court, the court suggests that the parties revise the stipulation so that in place of the disputed sentence, it reads: "The making of a timely objection to the admissibility of any document will require the court to resolve the objection prior to relying on the document in determining the merits of the parties' dispositive motions."

**IT IS SO ORDERED.**

Dated: October 4, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2