UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION, <br><br>_____ <br><br>This document relates to: <br><br>ALL ACTIONS. <br><br>_____/ | No. M-02-1486 PJH (JCS) <br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DEPOSITION OF DR. PAUL LIU [Docket No. 1182]** |

TO ALL PARTIES AND COUNSEL OF RECORD:

On November 22, 2006, by Joint Letter [Docket No. 1182], Defendants Micron, Nanya, Mosel, Vitelic, and the Winbond Defendants (the "Moving Defendants") moved for an order that the Direct Purchaser Plaintiffs produce Dr. Paul Liu, a damages expert, for a second deposition (the "Motion"). The November 22, 2006 letter was signed by counsel for both sides, and contained the positions of all parties in favor of and opposed to the Motion. The Court treats the November 22, 2006 letter as a motion to compel.

The scheduling orders in this matter provide that Plaintiffs serve their expert reports first, followed at an interval later by the service of Defendants' expert reports. The only provision for rebuttal reports is a final opportunity, after service of Defendants' expert reports, for Plaintiffs to serve rebuttal expert reports. Defendants are not given an opportunity to serve rebuttal expert reports.

Following this schedule, Defendants chose to depose Dr. Liu after Plaintiffs disclosed his initial expert report in order to use his testimony in preparing defense expert reports. Following the Defendants' expert reports, Dr. Liu served a 61-page "rebuttal" expert report. Defendants sought to

1  depose Dr. Liu regarding his rebuttal expert report before the October 31, 2006 discovery cutoff, but
2  were rebuffed by Plaintiffs.

## ANALYSIS

4  The scheduling orders in this matter are silent as to whether Defendants would be permitted
5  to conduct a second deposition of an expert, should that expert prepare both an initial and later a
6  rebuttal expert report for Plaintiffs. This is not a situation where, in response to defendants' expert
7  reports, plaintiffs name new experts and serve reports on behalf of those experts; were that the case,
8  obviously Defendants would be entitled to a deposition of any new expert. However, in the case at
9  hand, Plaintiffs used their initial expert to prepare the rebuttal report, a report that was prepared after
10 the expert had been deposed on his initial report.

11 The scheduling orders in this matter did keep open the possibility that both sides could
12 depose the opposing experts before preparing responsive reports. Plaintiffs, for example, could
13 depose Defendants' experts on their reports before Plaintiffs prepared rebuttal reports. It appears
14 that this is precisely what transpired. *See* Liu Rebuttal Report, Footnotes 3, 5, 10, 29, 41, 60, 86, 87,
15 89, 90, 91, 93 (examples of deposition testimony by defense experts cited by Dr. Liu in his rebuttal
16 report). Similarly, it is not unreasonable to interpret the order as permitting Defendants an
17 opportunity to depose Dr. Liu before preparing a responsive defense expert report.

18 Plaintiffs argue, however, that Defendants could and did choose to depose Dr. Liu before
19 preparing defense expert reports – and that the defense may only depose Dr. Liu once. Plaintiffs'
20 interpretation of the schedule, however, would require Defendants to forego a deposition on one of
21 Dr. Liu's reports (the rebuttal report) to take advantage of the opportunity provided to all parties to
22 depose the opposing expert before preparing a responsive report. Plaintiffs suffered from no such
23 burden: they could and did depose at least some of Defendants' experts before preparing Dr. Liu's
24 rebuttal report – and did not have to give up the chance to depose any defense experts on any expert
25 report. Accordingly, the Court interprets the schedule as permitting Defendants to depose Dr. Liu
26 on his rebuttal report, even though they have already deposed him on his opening report.

27 Moreover, this is the fair result. In addition to a detailed analysis of the expert reports
28 submitted by Defendants, Dr. Liu's rebuttal expert report contains new conclusions as to the amount

of damages. Defendants should not have to proceed to trial without a brief deposition on this new report. The Motion is GRANTED. Plaintiffs shall produce Dr. Liu for a deposition not to exceed four (4) hours.

IT IS SO ORDERED.

Dated: November 29, 2006

_____
JOSEPH C. SPERO
United States Magistrate Judge

**United States District Court**
For the Northern District of California