KENNETH R. O'ROURKE (S.B. #120144)
STEVEN H. BERGMAN (S.B. #180542)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071-2899
Telephone:   (213) 430-6000
Facsimile:    (213) 430-6407

IAN SIMMONS
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, D.C. 20006-4001
Telephone:   (202) 383-5300
Facsimile:    (202) 383-5414

*Attorneys for Defendants*
HYNIX SEMICONDUCTOR INC. and
HYNIX SEMICONDUCTOR AMERICA INC.

[other parties/counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DRAM ANTITRUST LITIGATION | Master File No. M-02-1486 PJH |
| | MDL. No. 1486 |
| This Document Relates to: | **STIPULATION AND [PROPOSED] ORDER RE DISCOVERY SCHEDULE AND DISCOVERY ISSUES** |
| *Petro Computer Systems, Inc. et al. v. Micron Technology, Inc., et al.*, Northern District of California Case No. C 05-02472 | |

1  This Stipulation is entered into between the Plaintiffs and Defendants in *Petro Computer Systems, Inc. et al. v. Micron Technology, Inc., et al.*, Case No. C 05-02472 (N.D. Cal.), and is made with regard to the following facts:

A.  WHEREAS on August 29, 2006, the Court issued a Case Management Order in which the Court reiterated that the indirect purchaser cases, including *Petro Computer Systems, Inc., et al. v. Micron Technology, Inc., et al.,* are subject to a discovery cutoff date of October 31, 2006; and

B.  WHEREAS the Plaintiffs and Defendants each have outstanding discovery requests upon which discovery disputes have arisen and upon which they have been meeting and conferring; and

C.  WHEREAS the Plaintiffs and Defendants have reached a consensual resolution of the outstanding discovery issues and disputes between them concerning depositions, interrogatories and document requests; and

D.  WHEREAS the parties are continuing to meet and confer regarding other issues related to interrogatories and document requests; and

E.  WHEREAS the parties agree that additional time is needed to complete certain discovery noticed prior to October 3, 2006.

F.  WHEREAS the parties submitted a Stipulation and Proposed Order to the Court on November 14, 2006 regarding these matters;

G.  WHEREAS the Court denied the Stipulation as written and agreed to reconsider the issue at the hearing on Defendants' Motion for Judgment on the Pleadings on December 6, 2006;

1    H.    WHEREAS the parties wish to clarify that certain third-party document
2 discovery was not completed by the October 31, 2006, discovery deadline, and that the
3 parties seek an additional 20 days to complete discovery as to certain third parties only,
4 and to allow a short period thereafter for any motion practice related to third party
5 discovery.

6    I.    WHEREAS, also contained in the Stipulation submitted to the Court on
7 November 14, 2006 was the parties' agreement on dates for responding to written
8 interrogatories.  Under that agreement, the indirect purchaser plaintiffs would answer the
9 defendants' interrogatories by January 31, 2007 and the defendants would respond to the
10 indirect purchaser plaintiffs' interrogatories by March 30, 2007.  This resolution was
11 reached in response to a discovery motion submitted to Magistrate Judge Spero by the
12 defendants.  The proposed resolution of disputes over answering interrogatories was not
13 intended to affect the other dates in the pre-trial schedule, including briefing of the
14 indirect purchaser plaintiffs' motion for class certification.

15    J.    WHEREAS both the indirect purchaser plaintiffs and the defendants agree
16 that they will not seek to alter any pretrial dates set by the Court based on the dates agreed
17 to by the parties for remaining third party discovery or to respond to written
18 interrogatories.

19    THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:

20    1.    For discovery to third parties noticed prior to October 3, 2006 only, the
21 discovery cut-off shall be extended for 20 days from the date of this Order.

22    2.    Plaintiffs may, in addition to completing discovery noticed prior to October
23 3, 2006, take up to four additional depositions of third parties during that time period.

24    3.    Defendants may, in addition to completing discovery noticed prior to
25 October 3, 2006, take up to four additional depositions of third parties during that time
26 period.

4. The parties agree that they will not contest the admissibility of depositions of parties or employees of the parties taken by mutual consent after the October 31, 2006 on the grounds that such depositions took place after the discovery cut-off.

5. Plaintiffs shall provide substantive answers to Defendants' interrogatories by January 31, 2007. The interrogatories that Plaintiffs shall answer by January 31, 2007 are:

   a. Certain Defendants Infineon Technologies North America Corp., Hynix Semiconductor, Inc., Winbond Electronics Corporation, NEC Electronics America, Inc., Micron Semiconductor Products Inc., Micron Technology Inc., Samsung Semiconductor, Inc. and Elpida Memory (USA), Inc.'s First Joint Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   b. Elpida Memory (USA), Inc.'s First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   c. Hynix Semiconductor America Inc.'s First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   d. Micron Semiconductor Products Inc. and Micron Technology Inc.'s First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   e. Mosel Vitelic Inc. and Mosel Vitelic Corporation's First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   f. Nanya Technology Corporation's First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   g. Nanya Technology Corporation USA's First Set of Special Interrogatories to Indirect Purchaser Plaintiffs;

   h. Winbond Electronics Corporation's First Set of Special Interrogatories to Indirect Purchaser Plaintiffs; and

   i. Winbond Electronics Corporation America's First Set of Special Interrogatories to Indirect Purchaser Plaintiffs.

6. Plaintiffs shall reduce the number of interrogatories propounded upon each Defendant (or jointly represented Defendant Group as applicable) to 25 interrogatories out of those already propounded to each Defendant (or jointly represented Defendant Group as applicable). Any interrogatories already answered by a given Defendant (or jointly represented Defendant Group as applicable) shall be counted against the limit of 25

1  interrogatories that can be propounded upon that Defendant (or jointly represented
2  Defendant Group as applicable).

3      7.    The relevant time period for the interrogatory responses and document
4  requests shall be April 1, 1998 through June 30, 2002, excluding transactional data
5  responses for which the time period is as separately negotiated and agreed in the meet and
6  confer process.  Pursuant to the February 27, 2006 Order re Discovery Plan, "parties with
7  unique issues (e.g., smaller grand jury periods) shall meet and confer and, if necessary,
8  shall resolve any disputes through the Dispute Resolution Procedures set forth [t]herein."

9      8.    Defendants shall respond to Plaintiffs' interrogatories by March 2, 2007.

10      9.    Defendants reserve all objections to Plaintiffs' interrogatories other than
11  objections to the number of interrogatories as exceeding 25, and the parties will meet and
12  confer on other objections on a case-by-case basis.  Similarly, Plaintiffs reserve their
13  ability to challenge those objections on a case-by-case basis.

14      10.    Defendants reserve all objections to Plaintiffs' document requests, and the
15  parties will meet and confer on any objections on a case-by-case basis.  Similarly,
16  Plaintiffs reserve their ability to challenge those objections on a case-by-case basis.

17      11.    Plaintiffs' 30(b)(6) Notices to Defendants regarding authentication of
18  documents are withdrawn.  Plaintiffs and Defendants agree to enter into additional
19  Stipulations, modeled after the Stipulations between certain Defendants and the Direct
20  Purchaser Plaintiffs, regarding the authentication of documents and laying the foundation
21  for use of documents as business records.  If such Stipulations cannot be reached, or are
22  rejected by the Court, Plaintiffs' 30(b)(6) Notices shall be reinstated, and Plaintiffs shall
23  have 30 days after the date of notice of reinstatement of those Notices to finish the
24  depositions.

1   12. Apart from any disputes raised by Plaintiffs to any objections by Defendants
2 to interrogatories and document requests, as reserved in Paragraphs 7 and 8 above, this
3 Stipulation resolves all other unresolved issues with respect to the responses to written
4 discovery propounded by Plaintiffs to Defendants, or by Defendants to Plaintiffs.

SO STIPULATED.

Dated: December 8, 2006

O'MELVENY & MYERS LLP
KENNETH R. O'ROURKE
STEVEN H. BERGMAN
DANIEL L. ALEXANDER

By: */Steven H. Bergman/*
     Steven H. Bergman

Attorneys for Defendants
HYNIX SEMICONDUCTOR INC. and HYNIX SEMICONDUCTOR AMERICA INC. and signing on behalf of Defendants INFINEON TECHNOLOGIES NORTH AMERICA CORP.; WINBOND ELECTRONICS CORPORATION; NEC ELECTRONICS AMERICA, INC.; MICRON SEMICONDUCTOR PRODUCTS INC.; MICRON TECHNOLOGY INC.; ELPIDA MEMORY (USA), INC.; MOSEL VITELIC INC.; MOSEL VITELIC CORPORATION; NANYA TECHNOLOGY CORPORATION; NANYA TECHNOLOGY CORPORATION USA; and WINBOND ELECTRONICS CORPORATION AMERICA

Dated: December 8, 2006

GUSTAFSON GLUEK LLP
DANIEL E. GUSTAFSON

By: */Daniel E. Gustafson/*
     Daniel E. Gustafson

Attorneys for
INDIRECT PURCHASER PLAINTIFFS

1 **ORDER**

2   Pursuant to the Stipulation of the parties, it is so ordered.

3

4   Dated: 12/7/06

5   Hon. Phyllis J. Hamilton
    Judge for the United States District
6   Court for the Northern District of
    California

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*