Guido Saveri (#22349)
R. Alexander Saveri (#173102)
Geoffrey C. Rushing (#126910)
Cadio Zirpoli (#179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Telephone: (415) 217-6810
guido@saveri.com
rick@saveri.com

Steve W. Berman (*pro hac vice*)
Anthony D. Shapiro (*pro hac vice*)
Craig R. Spiegel (122000)
HAGENS BERMAN LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

Fred Taylor Isquith (*pro hac vice*)
Francis A. Bottini, Jr.
WOLF, HALDENSTEIN, ADLER,
    FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600

Co-Lead Counsel for Plaintiffs

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DRAM ANTITRUST LITIGATION | Master File No. M-02-1486PJH |
| | MDL No. 1486 |
| This Document Relates to:<br><br>ALL ACTIONS | **CORRECTED THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## I.    NATURE OF THE ACTION

1.    This action is brought as a class action on behalf of a plaintiff class (the "Class") consisting of all persons and entities who purchased in the United States Dynamic Random Access Memory chips or modules ("DRAM") directly from the named defendants during the period from approximately April 1, 1999 through at least June 30, 2002 (the "Class Period").

2.    Defendants are the leading manufacturers of semiconductor memory products, including DRAM, and control the majority of the memory chip industry which annually generates worldwide revenues in excess of $20 billion.  Plaintiffs allege that during the Class Period, defendants conspired, combined and contracted to fix, raise, maintain, and stabilize the price at which DRAM were sold in the United States.  As a result of defendants' unlawful conduct, plaintiffs and the other members of the Class paid artificially inflated prices for DRAM during the Class Period.  Such prices exceeded the amount they would have paid if the price for DRAM had been determined by a competitive market.

## II.    JURISDICTION AND VENUE

3.    Plaintiffs bring this action under §§ 4, 12 and 16 of the Clayton Act (15 U.S.C. §§ 15, 22 and 26) for treble damages and injunctive relief, as well as reasonable attorneys' fees and costs with respect to the injuries sustained by plaintiff arising from violations by defendants of the federal antitrust laws, including § 1 of the Sherman Antitrust Act (15 U.S.C. § 1).

4.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337(a) and 1367.

5.    Venue is proper in this judicial district pursuant to 15 U.S.C. §§ 15 and 22, and 28 U.S.C. § 1391(b) and (c), in that at least one of the defendants resides in this judicial district, is licensed to do business or is doing business in this judicial district.

## III.    PARTIES

**Plaintiffs**

6.    Plaintiff onShore, Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois.  During the Class Period onShore purchased DRAM from defendant Crucial

1
[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Technology, Inc. ("Crucial"), a wholly owned subsidiary of defendant Micron Technology, Inc.

7.      Plaintiff Internet Integration, Inc. is a California corporation with its principal place of business in Los Angeles.  During the Class Period Internet Integration purchased DRAM from Crucial.

8.      Plaintiff Kevin Irwin d/b/a Kevin's Computer and Photo is a business entity with its principal place of business in Pittsburgh, Pennsylvania.  During the Class Period Kevin Irwin d/b/a Kevin's Computer and Photo purchased DRAM from Crucial.

9.      Plaintiff PC Doctor, Inc. is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  During the Class Period PC Doctor, Inc. purchased DRAM from Crucial.

10.     Plaintiff Advanced Technology, Inc. is a corporation which during the class period purchased DRAM from Crucial.

11.     Plaintiff Network Business Solutions, Inc. is a Maryland corporation with its principal place of business in Baltimore, Maryland.  During the Class Period Network Business Solutions, Inc. purchased DRAM from Crucial.

12.     Plaintiff JEM Electronics Distributors, Inc. is a Pennsylvania corporation.  During the Class Period JEM Electronics Distributors, Inc. purchased DRAM from Crucial.

13.     Plaintiff C3 Information Technology, LLC is a Pennsylvania corporation with its principal place of business in Conshohocken, Pennsylvania.  During the Class Period C3 Information Technology, LLC purchased DRAM from Crucial.

14.     Plaintiff Daniel Clement purchased DRAM during the Class Period from Crucial.

15.     Plaintiff Web Ideals, LLC is a Pennsylvania Limited Liability Corporation with its principal place of business in Doylestown, Pennsylvania.  During the Class Period Web Ideals, LLC purchased DRAM from Crucial.

16.     Plaintiff 5207, Inc. is a corporation with its principal place of business in Skokie, Illinois.  During the Class Period 5207, Inc. purchased DRAM from Crucial.

**Defendants**

17.     Defendant Micron Technology, Inc. is a Delaware corporation with its principal place of business at 8000 South Federal Way, Boise, Idaho 83707.  During the time period covered in this complaint, Micron Technology, Inc. designed, developed, manufactured, sold and distributed DRAM throughout the United States.  DRAM is Micron's primary semiconductor product.

18.     Defendant Micron Semiconductor Products, Inc. is an Idaho corporation located at 8000 South Federal Way, Boise, Idaho and is a wholly owned and controlled subsidiary of defendant Micron Technology, Inc. (collectively referred to as "Micron").  During the time period covered in this complaint, Micron sold DRAM through its Crucial Technology retail sales division to computer manufacturers and other end users throughout the United States.

19.     Defendant Crucial Technology, Inc. ("Crucial") is a corporation with its principal place of business in Boise, Idaho.  Crucial is a wholly owned subsidiary of Micron which operates the distribution business of Micron Technologies, Inc.

20.     Defendant Infineon Technologies AG, a German corporation, maintains its headquarters at St. Martin-Str. 53, 81669, Munich, Germany.  During the time period covered in this complaint, Infineon Technologies AG manufactured, sold, and distributed DRAM throughout the world, including the United States.

21.     Defendant Infineon Technologies North America Corp. is a Delaware corporation which maintains offices at 1730 North First Street, San Jose, CA  95112.  Infineon Technologies North America Corp. is a wholly owned and controlled subsidiary of defendant Infineon Technologies AG (collectively referred to as "Infineon").  During the time period in this complaint, Infineon Technologies North America Corp. sold and distributed DRAM throughout the United States.

22.     Defendant Hynix Semiconductor, Inc. maintains its head offices at SAN 136-1, Ami-Ri Bubal-eub, Ichon-si, Kyoungki-do, Korea.  During the time covered in this complaint, Hynix Semiconductor, Inc. manufactured, sold and distributed DRAM throughout the world,

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

including the United States.

23.     Defendant Hynix Semiconductor America, Inc. is a California corporation located at 3101 North First Street, San Jose, California 95134.  Hynix Semiconductor America, Inc. is a wholly owned and controlled subsidiary of defendant Hynix Semiconductor, Inc. (collectively referred to as "Hynix").  During the time period covered by this complaint, Hynix Semiconductor America, Inc. sold and distributed DRAM throughout the United States.

24.     Defendant Samsung Electronics Co., Ltd., a Korean corporation, maintains its executive offices at Samsung Main Building, 250-2 ga, Taepyung-ro Chung-gu, Seoul, Korea. During the time period covered in this complaint, Samsung Electronics Co., Ltd. manufactured, sold and distributed DRAM throughout the world, including the United States.

25.     Defendant Samsung Semiconductor, Inc. is a California corporation located at 3655 North First Street, San Jose, California 95134.  Samsung Semiconductor, Inc. is a wholly owned and controlled subsidiary of defendant Samsung Electronics Co., Ltd. (collectively referred to as "Samsung").  During the time period covered by this complaint, Samsung Semiconductor, Inc. sold and distributed DRAM throughout the United States.

26.     Defendant Mosel Vitelic Inc. maintains its headquarters at No. 19 Li Hsin Road, Hsinchu Science Based Industrial Park, Hsinchu, Taiwan, R.O.C.  During the time period covered by this complaint, Mosel Vitelic Inc. sold and distributed DRAM throughout the United States.

27.     Defendant Mosel Vitelic Corporation is a California corporation located at 3910 North First Street, San Jose, California 95134.  Mosel Vitelic Corporation is a wholly owned and controlled subsidiary of defendant Mosel Vitelic Inc..  During the time period covered by this complaint, Mosel Vitelic Corporation sold and distributed DRAM throughout the United States.

28.     Defendant Nanya Technology Corporation is a Taiwanese corporation which maintains its headquarters at HWA YA Technology Park, 669, Fu Hsing 3rd Rd. Keuishan, Taoyuan, Taiwan, R.O.C.  During the time period covered by this complaint, Nanya Technology Corporation sold and distributed DRAM throughout the United States.

29.     Defendant Nanya Technology Corporation USA is located at 675 E. Brokaw Road, San Jose, California 95112.  Nanya Technology Corporation USA is a branch office of defendant Nanya Technology Corporation.  In addition to the sales and marketing office in San Jose, Nanya Technology Corporation operates memory design centers in San Jose and Houston, Texas.  During the time period covered by this complaint, Nanya Technology Corporation USA sold and distributed DRAM throughout the United States.

30.     Defendant Winbond Electronics Corporation ("Winbond"), is headquartered at 4, Creaton Road, 111, Science-Based Industrial park, Hsinchu, Taiwan, R.O.C.  During the time period covered in this complaint, Winbond manufactured, sold and distributed DRAM throughout the United States.

31.     Defendant Winbond Electronics Corporation America, located at 2727 North First Street, San Jose, CA 95134, is a wholly-owned subsidiary of Winbond which sold and distributed DRAM throughout the United States during the time period covered in this complaint.

32.     Defendant Elpida Memory, Inc. ("Elpida") maintains its executive offices at Sumitomo Seimei Yaesu Bldg., 3F, 2-1 Yaseu 2-chome, Chuo-ku, Tokyo, Japan.  During the time period covered in this complaint, Elpida manufactured, sold and distributed DRAM throughout the United States.

33.     Defendant Elpida Memory (USA) Inc., located at 2001 Walsh Avenue, Santa Clara, CA 95050, is a wholly owned subsidiary of Elpida which sold and distributed DRAM throughout the United States during the time period covered in this complaint.

34.     Defendant NEC Electronics America, Inc. ("NEC") maintains its corporate headquarters at 2880 Scott Boulevard, Santa Clara, California 95050-2554 and its manufacturing plant in Roseville, California.  It is a wholly owned subsidiary of NEC Electronics Corporation. During the time period covered in this complaint, NEC manufactured, sold and distributed DRAM throughout the United States.

35.     Various other individuals, partnerships, corporations, and other business entities, unknown to the plaintiffs, have participated in the violations alleged herein and have performed

5

acts and made statements in furtherance thereof.

36. The acts charged in this Complaint have been done by defendants or were ordered or done by defendants' officers, agents, employees, or representatives, while actively engaged in the management of defendants' affairs.

### IV.  CLASS ACTION ALLEGATIONS

37. Plaintiffs bring this action both on behalf of themselves, and as a class action pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), on behalf of the following class (the "Class").

>All individuals and entities who, during the period from approximately
>April 1, 1999 through at least June 30, 2002 (the "Class Period"),
>purchased DRAM in the United States directly from the defendants or
>their subsidiaries.  Excluded from the class are defendants and their
>parents, subsidiaries, affiliates, all governmental entities, and co-
>conspirators.

38. Plaintiffs do not know the exact number of class members because such information is in the exclusive control of defendants.  Plaintiffs believe that, due to the nature of the trade and commerce involved, there are most likely hundreds of thousands of class members, geographically dispersed throughout the United States such that joinder of all class members is impracticable.

39. Plaintiffs' claims are typical of the claims of the class in that plaintiffs are direct purchasers of DRAM, all class members were damaged by the same wrongful conduct of defendants and their co-conspirators as alleged herein, and the relief sought is common to the class.

40. Numerous questions of law or fact arise from defendants' anticompetitive conduct that is common to the class.  Among the questions of law or fact common to the class are:

a. whether defendants engaged in a contract, combination or conspiracy among themselves to fix, maintain or stabilize the prices of, or allocate the market for, DRAM sold in the United States;

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

b.      whether the conduct of defendants caused prices of DRAM to be artificially inflated to non-competitive levels; and

c.      whether plaintiff and other members of the class were injured by the conduct of defendants and, if so, the appropriate class-wide measure of damages and appropriate injunctive relief.

41.     These common questions of law or fact are common to the class, and predominate over any other questions affecting only individual class members.

42.     Plaintiffs will fairly and adequately represent the interests of the class in that plaintiffs are typical direct purchasers of DRAM and have no conflicts with any other member of the class.  Furthermore, plaintiffs have retained competent counsel experienced in antitrust and class action litigation.

43.     A class action is superior to the alternatives, if any, for the fair and efficient adjudication of this controversy.

44.     Prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the defendants.

45.     Injunctive relief is appropriate as to the class as a whole because defendants have acted or refused to act on grounds generally applicable to the class.

46.     Plaintiffs reserve the right to expand, modify or alter the class definition in response to information learned during discovery.

## V.      TRADE AND COMMERCE

47.     During the Class Period, defendants sold and shipped substantial quantities of DRAM in a continuous and uninterrupted flow of interstate and international commerce to customers located in states other than the states in which defendants are located.

48.     The business activities of defendants that are the subject of this Complaint were within the flow of, and substantially affected, interstate trade and commerce.

49.     During the Class Period, defendants, amongst whom are the four largest DRAM

7

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

producers in the world, have most of the DRAM sales in the global market.

## VI.    STATEMENT OF FACTS

### A.    The DRAM Industry

50.    DRAM are high density, low-cost-per bit, random access memory components that store digital information and provide high-speed storage and retrieval of data used in personal computers, printers, digital cameras, wireless telephones, and other electronic devices as a storage module to hold data as it is processed.  DRAM is the most common kind of random access memory chip sold both in new computers and computer upgrades in the United States.  DRAM is sold in individual chips or modules with several chips attached to the module.

51.    DRAM revenue exceeds $20 billion a year.  The world's top four makers of DRAM, defendants herein, control roughly 70% of the market; the top six manufacturers, defendants herein, control 96% of the market.  As of 2000, Samsung was the top DRAM manufacturer with 23% of the market share, followed by Micron with 21%, Hynix with 19% and Toshiba with 7%.  At the end of 2001, Micron acquired Toshiba's DRAM production, further consolidated the industry and the dominant market position exercised by defendants.  Thereafter, Infineon became the fourth largest DRAM maker.

### B.    DRAM Prices Fall Steadily Prior to the Class Period

52.    At certain times beginning at least as early as 1999, the prices of DRAM declined dramatically.

53.    On information and belief, as a result of these price declines, each of the defendants had experienced material decreases in selling prices, and, at times, were selling DRAM at or below manufacturing costs.  All of the defendants were facing an uncertain future if prices continued to decline with potential bankruptcy as a possibility for some, and a continuing erosion of profits for others.

### C.    Price Fixing and the Rise in DRAM Prices During the Class Period

54.    In view of the economic conditions of the industry, the defendants entered into agreements designed to combat the price decline in the industry. These agreements had the effect

both of artificially limiting the rate of DRAM price declines, and, at other times, of artificially increasing the DRAM price.

55.     For example, sometime in the Spring or early summer of 1999, and again sometime in the fall of 2001, realizing the economic trends of the industry, defendants agreed to reduce supply in order to artificially raise prices.  As part of their agreement, each defendant agreed to cut production so that, as supplies were restrained by their agreement, prices for DRAM would increase.  Thus, throughout the Class Period, Defendants entered into agreements or understandings regarding the sale and marketing of DRAM, the purpose of which was to raise, fix and stabilize the prices for DRAM.

56.     A news article on the DRAM industry reported that defendant Mosel Vitelic and other DRAM producers had met to discuss measures that could be taken to halt "the downward spiral of DRAM prices."  Defendant Mosel Vitelic's Vice President Chang indicated in September 2001 that "a basis for understanding had been reached" between chip makers to "trim some production starting September."  Chang stated that all DRAM makers would have to agree for the plan to have the desired effect of raising prices.

57.     On or about November 2001, prices for DRAM rose dramatically, and by February 2002, prices had risen as high as $4.50.

58.     It has been reported in the press that an officer of DRAM manufacturer Mosel Vitelic admitted that price fixing meetings occurred, and that an agreement had been reached between the major DRAM producers to push prices up by reducing supply.  According to press reports, Hynix and Samsung executives visited both Mosel Vitelic and Nanya Technology executives to discuss these agreements.

59.     The ability of DRAM makers to fix the price of their product was confirmed by defendant Mosel Vitelic Vice President Thomas Chang's statements reported in the Detroit News and the Taipei Times on May 16 and May 17, 2002, respectively.  According to the reports, Mosel Vitelic Inc., Taiwan's third-largest memory-chip maker, said it agreed with rivals to restrict spot market sales, aiming to boost chip prices."  The reports indicated that DRAM makers were

attempting to "encourage a price of $3" for DRAM chips.  Chang stated "You don't need to have a meeting, you just need to have a phone call."  The reports indicated that there was no formal meeting of DRAM makers because according to Chang, "Everybody knows each other.  We just said try not to sell below $3."

## VII.   VIOLATIONS ALLEGED

60.     Plaintiffs incorporate by reference as if fully set forth, the preceding allegations of this Complaint.

61.     Beginning in or about April 1, 1999, the exact date being unknown to plaintiffs, defendants, by and through their officers, directors, employees, agents, or other representatives, entered in a continuing contract, combination or conspiracy to unreasonably restrain trade and commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

62.     Defendants, by their unlawful conspiracy, artificially raised, inflated and maintained the market price of DRAM as herein alleged.

63.     The contract, combination or conspiracy consisted of a continuing agreement, understanding and concert of action among defendants and their co-conspirators, the substantial terms of which were to fix, raise, maintain and stabilize the prices of, and/or allocate the market for, DRAM they sold in the United States.

64.     Upon information and belief, for the purpose of formulating and effectuating their contract, combination or conspiracy, defendants and their co-conspirators did those things they contracted, combined or conspired to do, including:

a.     participating in meetings and conversations to discuss the prices of and/or allocate the market for DRAM;

b.     agreeing to manipulate prices and supply so as to boost sagging DRAM sales in a manner that deprived direct purchasers of free and open competition;

c.     issuing price announcements and price quotations in accordance with the agreements reached; and

d.     selling DRAM to customers in the United States at non-competitive prices.

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

65.     As a direct result of the unlawful conduct of defendants and their co-conspirators in furtherance of their continuing contract, combination or conspiracy, plaintiffs and other members of the class have been injured in their business and property in that they have paid more for DRAM than they would have paid in the absence of defendants' price fixing.

66.     On June 18, 2002, defendant Micron announced it had been cooperating with the Department of Justice's antitrust investigation of the DRAM industry.

67.     By June 20, 2002, defendants Samsung, Hynix and Infineon confirmed that they had received subpoenas from a grand jury which has been publicly reported as having been led in this District.

68.     On September 12, 2003, defendants Elpida Memory and NEC Electronics America announced that they had received subpoenas from the grand jury investigating manipulation of the market for DRAM.

69.     In addition, analysts have indicated that the Department of Justice may be investigating DRAM producers, including defendants, to determine whether memory producers combined to lower prices in order to drive smaller, weaker rivals out of the market.  The result of this illegal anticompetitive activity is to limit the number of DRAM producers and stifle future competition and result in irreversible price increases.

70.     Published reports indicate that the Department of Justice's investigation is broad in scope and includes numerous DRAM makers including all of the defendants herein.

71.     On or about September 14, 2004, defendant Infineon Technologies AG entered into a plea agreement with the government pursuant to which it agreed to plead guilty to conspiring to fix prices in the DRAM market from July 1, 1999 through June 15, 2002.

72.     On or about April 20, 2005, defendant Hynix Semiconductor Inc. entered into a plea agreement with the government pursuant to which it agreed to plead guilty to conspiring to fix prices in the DRAM market from April 1, 1999 through June 15, 2002.

## VIII.   EFFECTS

73.     The above combination and conspiracy has had the following effects, among others:

       a.      price competition in the sale of DRAM by defendants and their co-conspirators has been restrained, suppressed and eliminated throughout the United States;

       b.      prices for DRAM sold by defendants have been raised, fixed, maintained and stabilized at artificially high and noncompetitive levels throughout the United States; and

       c.      direct purchasers of DRAM from defendants have been deprived of the benefit of free and open competition in the purchase of DRAM.

74.     As a direct and proximate result of the unlawful conduct of defendants, plaintiffs and other members of the class have been injured in their business and property in that they paid more for DRAM than they otherwise would have paid in the absence of the unlawful conduct of defendants.

## IX.    FRAUDULENT CONCEALMENT

75.     Plaintiffs had no knowledge of the combination and conspiracy alleged herein, or of any facts that might have led to the discovery thereof in the exercise of reasonable diligence, prior to June, 2002 when defendants Micron, Samsung, Hynix and Infineon announced that the Department of Justice was investigating the DRAM industry.

76.     Plaintiffs could not have discovered the existence of the combination and conspiracy alleged herein at an earlier date by the exercise of reasonable due diligence because of the deceptive practices and techniques of secrecy employed by the defendants and their co-conspirators to avoid detection and affirmatively conceal such violations including, without limitation, falsely attributing price increases to increased demand, shortages in supply, increased manufacturing costs, increased prices of labor and of raw materials, and/or insufficient production capacity. Defendants and their co-conspirators also falsely informed their customers that they were unable to sell their products at a lower price due to increased manufacturing costs, increased prices of labor and of raw materials, and insufficient production capacity.

77.     These false statements included, without limitation:

       a.      in an article in Electronic News on September 13, 1999, defendants attributed DRAM price increases to increased demand due to strong sales of low PCs incorporating

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

large quantities of DRAM.  Avo Kanadjian, vice president of marketing of defendant Samsung Semiconductor, Inc. said: "Because we see the value PC and free PCs entering the market at extraordinary numbers, DRAM oversupply has silently gone into a shortage."  Chee-Wai Ho, director of product marketing for memory products at defendant Infineon Technologies AG agreed.

       b.     in an interview on December 4, 2001, published on Simmtester.com, Steve Appleton, chief executive officer of defendant Micron Technology, Inc., was asked why prices had recently increased sharply and suddenly.  He answered:

> I have no idea.  There clearly was a belated increase in demand as the seasonal rebound we had expected two-and-a-half months earlier finally kicked in. And, clearly the Japanese are cutting back their DRAM production.  Even Hynix, which is so unpredictable, cut some production by temporarily closing its Eugene, Ore., fab. When it was running at 40K wafer capacity a month, that fab alone probably had about 2.5% of the world's DRAM production.

       c.     in a press release issued on April 15, 2002, Hynix cited increased demand in the DRAM market as the reason for an increase in revenue.

      78.    Plaintiffs had no reason to disbelieve these statements which on their face appeared to be reasonable explanations for the pricing of DRAM.  Furthermore, most of the explanations provided by defendants involved non-public and/or proprietary information completely in defendants' control such that plaintiffs and members of the class could not verify their accuracy. Defendants' purported reasons for the price increases of DRAM were materially false and misleading and were made for the purpose of concealing defendants' anti-competitive scheme as alleged herein.  In truth, at all relevant times, the price of DRAM was artificially inflated and maintained as a direct result of the defendants' anti-competitive scheme, the operation of which was a substantial (but undisclosed) factor in the pricing of DRAM during the class period.

      79.    As a result of the fraudulent concealment of the conspiracy, Plaintiffs assert the tolling of the applicable statute of limitations affecting the causes of action by Plaintiffs and the

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

member of the class.

## X.     DAMAGES

80.     During the Class Period, plaintiffs and the other members of the class purchased DRAM directly from defendants, or their subsidiaries, agents, and/or affiliates, and, by reason of the antitrust violations herein alleged, paid more for such products than they would have paid in the absence of such antitrust violations.  As a result, plaintiffs and the other members of the class have sustained damages to their business and property in an amount to be determined at trial.

## XI.     PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendants as follows:

A.     A declaration that this action is a proper class action under Federal Rules of Civil Procedure, Rule 23(b)(3) on behalf of the class as defined herein, and an Order directing that reasonable notice of this action, as provided by Federal Rules of Civil Procedure, Rule 23(c)(2), be given to each member of the class;

B.     A declaration that the unlawful combination and conspiracy alleged herein is an unreasonable restraint of trade of commerce in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1;

C.     An injunction enjoining, preliminarily and permanently, defendants from continuing the unlawful combination and conspiracy alleged herein;

D.     An award to plaintiffs and each member of the class damages, as provided by law, and joint and several judgments in favor of plaintiffs and each member of the class against defendants, and each of them, in an amount to be trebled in accordance with the antitrust laws;

E.     An award to plaintiffs and the class for the costs of this suit (including expert fees), and reasonable attorneys' fees, as provided by law; and

F.     An award for such other and further relief as the nature of this case may require or as this court deems just, equitable and proper.

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

**JURY DEMAND**

Plaintiffs demand a jury trial, pursuant to Federal Rules of Civil Procedure, Rule 38(b), of all triable issues.

DATED: February 9, 2007

SAVERI & SAVERI, INC.

By _Guido Saveri /FAB_
     Guido Saveri

Geoffrey C. Rushing
Cadio Zirpoli
111 Pine Street, Suite 1700
San Francisco, CA 94111-5619
Phone: (415) 217-6810
Fax: (415) 217-6813


HAGENS BERMAN LLP

By_Anthony D. Shapiro /FAB_
     Anthony D. Shapiro

Anthony D. Shapiro
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Phone: (206) 623-7292
Fax: (206) 623-0594

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP

By_Francis A. Bottini_
     Francis A. Bottini, Jr.

750 B Street, Suite 2770
San Diego, CA 92101
Phone : (619) 239-4599
Fax : (619) 234-4599

- and –

Fred Taylor Isquith
270 Madison Avenue
New York, NY 10016
Phone: (212) 545-4600
Fax: (212) 545-4653

**Plaintiffs' Co-Lead Counsel**

15

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Joseph J. Tabacco, Jr.
Susan G. Kupfer
BERMAN DEVALERIO PEASE
    TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, CA  94104
Phone:  (415) 433-3200
Fax:  (415) 433-6382

**Plaintiffs' Liaison Counsel**

Christopher Lovell
Christopher J. Gray
LOVELL STEWART HALEBIAN, LLP
500 Fifth Avenue
New York, NY  10100
Phone:  (212) 608-1900
Fax:  (212) 719-4677

-and-

Merrick Scott Rayle
LOVELL STEWART HALEBIAN, LLP
505 Montgomery Street, Suite 1138
San Francisco, CA  94111
Phone:  (415) 874-3636
Fax:  (415) 874-3124

Bruce Simon
Steven N. Williams
Peter E. Borkon
COTCHETT, PITRE, SIMON & McCARTHY
San Francisco Airport Office Center
840 Malcom Road, Suite 200
Burlingame, CA  94010
Phone:  (650) 697-6997
Fax:  (650) 697-0577

Steve Kanner
Douglas A. Millen
MUCH, SHELIST, FREED, DENENBERG,
    AMENT & RUBENSTEIN, PC
200 North LaSalle Street, Suite 2100
Chicago, IL  60601
Phone:  (312) 521-2000
Fax:  (312) 521-2100

1

2

3

4

5

6

Leonard B. Simon
Bonny E. Sweeney
Christopher M. Burke
Susan G. Taylor
MILBERG WEISS BERSHAD HYNES
   & LERACH LLP
401 "B" Street, Suite 1700
San Diego, CA  92101
Phone:  (619) 231-1058
Fax:  (619) 231-7423

7

8

9

10

11

Eugene A. Spector
Jeffrey J. Corrigan
John A. Macoretta
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA  19103
Phone:  (215) 496-0300
Fax:  (215) 496-6611

12

13

14

15

16

Joseph J. Tabacco, Jr.
Susan G. Kupfer
BERMAN DEVALERIO PEASE
   TABACCO BURT & PUCILLO
425 California Street, Suite 2025
San Francisco, CA  94104
Phone:  (415) 433-3200
Fax:  (415) 433-6382

17

**Plaintiffs' Executive Committee Counsel**

18

**Additional Plaintiffs' Counsel**

19

20

21

22

Ann D. White
Jayne A. Goldstein
Michael J. Kane
MAGER WHITE & GOLDSTEIN, LLP
165 Township Line Road, Suite 2400
Jenkintown, PA  19046
Phone:  (215) 481-0273
Fax:  (215) 481-0271

23

24

25

26

27

28

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

David R. Scott
James E. Miller
SCOTT & MILLER, LLC
108 Norwich Avenue
Colchester, CT  06415
Phone:  (860) 537-5537
Fax:  (860) 537-4432

Charles J. Piven
LAW OFFICES OF CHARLES J. PIVEN
The World Trade Center – Baltimore
401 E. Pratt Street
Baltimore, MD  21202
Phone:  (410) 332-0030
Fax:  (410) 685-1300

Philip H. Gordon
GORDON LAW OFFICES
623 West Hays St.
Boise, ID  83702
Phone:  (208) 345-7100
Fax:  (208) 345-0050

Andrew B. Sacks
SACKS WESTON SMOLINSKY ALBERT
    & LUBER
510 Walnut Street, Suite 400
Philadelphia, PA  19106
Phone:  (215) 925-8200
Fax:  (215) 925-0508

J. Mitchell Clark
LAW OFFICES OF J. MITCHELL CLARK
Frost Bank Plaza, 21st Floor
802 North Caranchau
Corpus Christi, TX  78470
Phone:  (361) 887-8500
Fax:  (361) 882-4500

William R. Edwards, III
THE EDWARDS LAW FIRM LLP
1400 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX  78403
Phone:  (361) 698-7600
Fax:  (361) 698-7614

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Mark S. Goldman
WEINSTEIN, KITCHENOFF, SCARLOTO
    AND GOLDMAN, LTD.
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
Phone:  (215) 545-7200
Fax:  (215) 545-6535

James A. Bashian
LAW OFFICES OF JAMES A. BASHIAN
500 Fifth Avenue, Suite 2700
New York, NY  10110
Phone:  (212) 921-4110
Fax:  (212) 921-4249

William M. Audet
Ryan M. Hagan
ALEXANDER, HAWES & AUDET
300 Montgomery Street, Suite 400
San Francisco, CA  94104
Phone:  (415) 982-1776
Fax:  (415) 576-1776

Roy L. Jacobs
292 Madison Avenue, 15th Floor
New York, NY  10017
Phone:  (212) 759-4600
Fax:  (212) 486-2093

Michael D. Hausfeld
COHEN MILSTEIN HAUSFELD & TOLL
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, DC  20005-3934
Phone:  (202) 408-4600
Fax:  (202) 408-4699

Linda P. Nussbaum
COHEN MILSTEIN HAUSFELD
    & TOLL PLLC
825 Third Avenue, 30th Floor
New York, NY  10022
Phone:  (212) 838-7797
Fax:  (212) 838-7745

Michael E. Criden
HANZMAN & CRIDEN, P.A.
220 Alhambra Circle, Suite 400
Coral Gables, FL  33134
Phone:  (305) 357-9000
Fax:  (305) 357-9050

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Robert C. Gilbert
ROBERT C. GILBERT, P.A.
Commercebank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL  33134
Phone:  (305) 529-9100
Fax:  (305) 529-1612

Robert C. Schubert
Juden Justice Reed
William F. Jonckher
SCHUBERT & REED, LLP
Two Embarcadero Center, Suite 1660
San Francisco, CA  94111
Phone:  (415) 788-4220
Fax:  (415) 788-0161

Marvin A. Miller
MILLER FAUCHER & CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, IL  60602
Phone:  (312) 782-4880
Fax:  (312) 782-4485

Bernard Persky
GOODKIND LABATON, RUDOFF &
    SUCHAROW, LLP
100 Park Avenue
New York, NY  10017-5563
Phone:  (212) 907-0700
Fax:  (212) 818-0477

Mark Reinhardt
Mark A. Wendorf
Garrett D. Blanchfield, Jr.
REINHARDT WENDORF &
    BLANCHFIELD
E-1250 First National Bank Building
322 Minnesota Street
St. Paul, MN  55101
Phone:  (651) 287-2100
Fax:  (651) 287-2103

Martin D. Chitwood
CHITWOOD & HARLEY
2900 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA  30309
Phone:  (404) 873-3900
Fax:  (404) 876-4476

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Brian P. Murray
RABIN & PECKEL LLP
275 Madison Avenue
New York, NY 10016
Phone: (212) 682-1818
Fax: (212) 682-1892

Karl L. Cambronne
CHESTNUT & CAMBRONNE
3700 Piper Jaffrey Tower
222 South Ninth Street
Minneapolis, MN 55402
Phone: (612) 339-7300
Fax: (612) 336-2940

Laurence D. King
Lori E. Sambol
KAPLAN FOX & KILSHEIMER LLP
601 Montgomery Street, Suite 300
San Francisco, CA 94111
Phone: (415) 772-4700
Fax: (415) 772-4707

Robert N. Kaplan
Gregory K. Arenson
KAPLAN FOX & KILSHEIMER, LLP
805 Third Avenue, 22nd Floor
New York, NY 10022
Phone: (212) 687-1980
Fax: (212) 687-7714

Mr. Gary Specks
KAPLAN FOX & KILSHEIMER LLP
203 North LaSalle Street, Suite 2100
Chicago, IL 60601
Phone: (312) 558-1584
Fax: (312) 558-1585

Lawrence Walner
LAWRENCE WALNER &
    ASSOCIATES, LTD.
150 North Wacker Drive, Suite 1870
Chicago, IL 60606
Phone: (312) 201-1616
Fax: (312) 201-1538

John Peter Zavez
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, Suite 500
Boston, MA 02114
Phone: (617) 367-1040
Fax: (617) 742-8280

1

Joseph C. Kohn
William E. Hoese

2

KOHN, SWIFT & GRAF, P.C.
One S. Broad Street, Suite 2100

3

Philadelphia, PA  19107
Phone:  (215) 238-1700

4

Fax:  (215) 238-1968

5

Gregory P. Hansel

6

PRETI, FLAHERTY, BELIVEAU
    PACHIOS & HALEY, LLC

7

One City Center
P.O. Box 9546

8

Portland, ME  04112
Phone:  (207) 791-3000

9

Fax:  (207) 791-3111

10

Steven D. Irwin

11

Patrick Sorek
LEECH, TISHMAN, FUSCALDO

12

    & LAMPL, LLC
1800 Frick Building

13

Pittsburg, PA  15219
Phone:  (412) 261-1600

14

Fax:  (412) 227-5551

15

Diane M. Nast

16

Michael G. Nast
RODA & NAST P.C.

17

801 Estelle Drive
Lancaster, PA  17601

18

Phone:  (717) 892-3000
Fax:  (717) 892-1200

19

Roger M. Schrimp

20

Clinton P. Walker
Gene J. Stonebarger

21

DAMRELL, NELSON, SCHRIMP,
    PALLIOS PACHER & SILVA

22

1601 "T" Street, 5th Floor
Modesto, CA  95354

23

Phone:  (209) 526-3500
Fax:  (209) 526-3534

24

Jeremiah F. Hallisey

25

HALLISEY & JOHNSON
300 Montgomery Street, Suite 538

26

San Francisco, CA  94104-1901
Phone:  (415) 433-5300

27

Fax:  (415) 433-5342

28

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

1
2
3
4

Randy Renick
LAW OFFICES OF RANDY RENICK
The Marine Building
128 N. Fair Oaks Ave., Suite 204
Pasadena, CA  91023
Phone:  (626) 585-9608
Fax:  (626) 577-7079

5
6
7
8
9

Leonard Barrack
Jeffrey B. Gittleman
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA  19103
Phone:  (215) 963-0600
Fax:  (215) 963-0838

10
11
12
13

Krishna B. Narine
SCHIFFRIN & BARROWAY LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
Phone:  (610) 667-7706
Fax:  (610) 667-7056

14
15
16
17

Isacc Diel
DIEL & SEELAM, p.c.
4121 W. 83rd Street, Suite 254
Prairie Village, KS  66208
Phone:  (913) 383-8711
Fax:  (913) 383-8712

18
19
20
21

Joel C. Meredith
Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL &
   SKIRNICK, PC
117 S. 17th Street, 22nd Floor
Philadelphia, PA  19103
Phone:  (215) 564-5182
Fax:  (215) 569-0958

22
23
24
25

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Ave S.
Minneapolis, MN 55401-2179
Phone: (612) 339-6900
Fax: (612) 339-0981

Ram.215

26
27
28

14511

[M-02-1486PJH] THIRD CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

DECLARATION OF SERVICE

I, Maureen Longdo , the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested in the within action; that declarant's business address is 750 B Street, Suite 2770, San Diego, California 92101.

2.      That on February 9, 2007, declarant served CORRECTED THIRD AMENDED CONSOLIDATED COMPLAINT via the CM/ECF System to the parties who are registered participants of the CM/ECF System.

3.      That there is regular communication between the parties.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 9th day of February 2007, at San Diego, California.


_____
MAUREEN LONGDO

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 1

COUNSEL FOR PLAINTIFF(S)

Francis M. Gregorek
Betsy C. Manifold
Francis A. Bottini
Rachele R. Rickert
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
        619/239-4599
        619/234-4599 (fax)

Fred T. Isquith
Thomas H. Burt
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
270 Madison Avenue
New York, NY 10016
        212/545-4600
        212/545-4653 (fax)

Mary Jane Fait
WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP
55 West Monroe, Suite 1111
Chicago, IL 60603
        312/984-0000
        312/984-0001 (fax)

Joseph J. Tabacco, Jr.
BERMAN DeVALERIO PEASE
 TABACCO BURT & PUCILLO
425 California Street, Suite 2100
San Francisco, CA 94104
        415/433-3200
        415/433-6382 (fax)

Guido Saveri
R. Alexander Saveri
Geoffrey C. Rushing
Cadio Zirpoli
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
        415/217-6810
        415/217-6813 (fax)

Steve W. Berman
Anthony D. Shapiro
Craig R. Spiegel
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
        206/623-7292
        206/623-0594 (fax)

Bruce L. Simon
Steven N. Williams
Peter E. Borkon
COTCHETT, PITRE, SIMON & McCARTHY
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
        650/697-6000
        650/697-0577 (fax)

Merrick Scott Rayle
LOVELL STEWART HALEBIAN, LP
505 Montgomery Street, Suite 1138
San Francisco, CA 94111
        415/874-3636
        415/874-3124 (fax)

Leonard B. Simon
Bonny E. Sweeney
Christopher Burke
Susan G. Taylor
LERACH COUGHLIN STOIA
 GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
        619/231-1058
        619/231-7423 (fax)

Christopher Lovell
Christopher J. Gray
LOVELL STEWART HALEBIAN, LLP
500 Fifth Avenue
New York, NY 10110
        212/608-9100
        212/719-4677 (fax)

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 2

COUNSEL FOR PLAINTIFF(S)

Steven Kanner
Douglas A. Millen
MUCH, SHELIST, FREED, DENENBERG,
  AMENT & RUBENSTEIN PC
191 N. Wacker Drive, Suite 1800
Chicago, IL 60606-1615
        312/521-2000
        312/521-2100 (fax)

Eugene A. Spector
Jeffrey J. Corrigan
John A. Macoretta
SPECTOR, ROSEMAN & KODROFF, P.C.
1818 Market Street, Suite 2500
Philadelphia, PA 19103
        215/496-0300
        215/496-6611 (fax)

Ann D. White
Jayne A. Goldstein
Michael J. Kane
MAGER WHITE & GOLDSTEIN LLP
165 Township Line Road, Suite 2400
Jenkintown, PA 19046
        215/481-0273
        215/481-0271 (fax)

Laurence D. King
Lori E. Sambol
KAPLAN FOX & KILSHEIMER LLP
601 Montgomery Street, Suite 300
San Francisco, CA 94111
        415/772-4700
        415/772-4704 (fax)

Gary L. Specks
KAPLAN FOX & KILSHEIMER
203 N. LaSalle Street, Suite 2100
Chicago, IL 60601
        312/558-1584
        312/558-1585 (fax)

Robert Kaplan
KAPLAN FOX & KILSHEIMER
805 Third Avenue, 22nd Floor
New York, NY 10022
        212/687-1980
        212/687-7714 (fax)

Lawrence Walner
LAWRENCE WALNER & ASSOCIATES, LTD.
150 N. Wacker Drive, Suite 2150
Chicago, IL 60606
        312/201-1616
        312/201-1538 (fax)

David R. Scott
James E. Miller
SCOTT & SCOTT LLC
108 Norwich
Colchester, CT 06415
        860/537-5537

Michael D. Hausfeld
COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
1100 New York Avenue, N.W.
West Tower, Suite 500
Washington, DC 20005
        202/408-4600
        202/408-4699 (fax)

Linda P. Nussbaum
COHEN, MILSTEIN, HAUSFELD
  & TOLL, P.L.L.C.
825 Third Avenue, 30th Floor
New York, NY 10022
        212/838-7797
        212/838-7745 (fax)

Michael E. Criden
HANZMAN & CRIDEN, P.A.
Commercebank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
        305/357-9000
        305/357-9050 (fax)

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 3

COUNSEL FOR PLAINTIFF (S)

Robert C. Gilbert
ROBERT C. GILBERT, P.A.
Commercebank Center, Suite 400
220 Alhambra Circle
Coral Gables, FL 33134
    305/529-9100
    305/529-1612 (fax)

Joseph C. Kohn
William E. Hoese
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA 19107
    215/238-1700
    215/238-1968 (fax)

Gregory P. Hansel
PRETI, FLAHERTY, BELIVEAU,
  PACHIOS & HALEY, LLC
One City Center
P. O. Box 9546
Portland, ME 04112
    207/791-3000
    207/791-3111 (fax)

Steven D. Irwin
Patrick Sorek
LEECH, TISHMAN, FUSCALDO
  & LAMPL, LLC
525 William Penn Pl #30
Pittsburgh, PA 15219-1707
    412/261-1600
    412/227-5551 (fax)

Karl Cambronne
CHESTNUT & CAMBRONNE
3700 Piper Jaffray Tower
222 South Ninth Street
Minneapolis, MN 55042
    612/339-7300
    612/336-2940 (fax)

Mark Reinhardt
Mark A. Wendorf
Garret D. Blanchfield, Jr.
REINHARDT & ANDERSON
332 Minnesota Street, E1000
Fifth National Bank Building
St. Paul, MN 55101
    651/227-9990
    651/297-6543 (fax)

Isaac Diel
DIEL & SEELAMN, PC
4121 W. 83rd Street, Suite 254
Prairie Village, KS 66208

Philip Gordon
GORDON LAW OFFICES CHARTERED
1602 W. Franklin Street
Boise, ID 83702

Brian Murray
RABIN & PECKEL
275 Madison Avenue
New York, NY 10016
    212/682-1818
    212/682-1892 (fax)

Martin Chitwood
Craig Harley
Nicole Davenport
CHITWOOD & HARLEY
2900 Promenade II
1230 Peachtree Street, N.E.
Atlanta, GA 30309
    404/873-3900
    404/876-4476 (fax)

John Peter Zavez, P.C.
ADKINS, KELSTON & ZAVEZ, P.C.
90 Canal Street, Suite 500
Boston, MA 02114
    617/367-1040
    617/742-8280 (fax)

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 4

COUNSEL FOR PLAINTIFF(S)

Andrew Sacks
SACKS, WESTON, SMOLINSKY,
  ALBERT & LUBER
510 Walnut Street, Suite 400
Philadelphia, PA 19106
        215/925-8200
        215/925-0508 (fax)

Charles J. Piven
LAW OFFICES OF CHARLES PIVEN, P.A.
The World Trade Center - Baltimore
401 East Pratt Street
Baltimore, MD 21202
        410/332-0030
        410/685-1300 (fax)

Dianne M. Nast
Michael G. Nast
RODA & NAST, P.C.
801 Estelle Drive
Lancaster, PA 17601
        717/892-3000
        717/892-1200 (Fax)

Roger M. Schrimp
Clinton P. Walker
Gene J. Stonebarger
DAMRELL, NELSON, SCHRIMP,
  PALLIOS, PACHER & SILVA
1601 I Street, Fifth Floor
Modesto, CA 95354
        209/526-3500
        209/526-3534 (fax)

Jeremiah F. Hallisey
HALLISEY & JOHNSON
300 Montgomery Street, Suite 538
San Francisco, CA 94104-1901
        415/433-5300
        415/433-5342 (fax)

James V. Bashian
LAW OFFICES OF JAMES V. BASHIAN P.C.
500 Fifth Avenue, Suite 2700
New York, NY 10110

Randy Renick
LAW OFFICES OF RANDY RENICK
The Marine Building
128 North Fair Oaks Avenue, Suite 204
Pasadena, CA 91102
        626/585-9508

Leonard Barrack
Jeffrey B. Gittleman
BARRACK, RODOS & BACINE
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
        215/963-0600
        215/963-0838 (fax)

Richard A. Lockridge
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue S.
Minneapolis, MN 55401-2179
        612/339-6900
        612/339-0981 (fax)

Krishna B. Narine
SCHIFFRIN & BARROWAY, LLP
280 King of Prussia Road
Radnor, PA 19087
        610/667-7706
        610/667-7056 (fax)

Joel C. Meredith
Steven J. Greenfogel
MEREDITH COHEN GREENFOGEL
  & SKIRNICK, PC
117 South 17th Street, 22nd Floor
Philadelphia, PA 19103

Roy L. Jacobs
LAW OFFICES OF ROY L. JACOBS
292 Madison Avenue 15th Floor
New York, NY 10017

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 5

COUNSEL FOR PLAINTIFF(S)

Marvin A. Miller
MILLER FAUCHER AND CAFFERTY LLP
30 North LaSalle Street, Suite 3200
Chicago, IL 60602
312/782-4880
312/782-4485

Robert C. Schubert
Juden Justice Reed
William F. Jonckner
SCHUBERT & REED LLP
Two Embarcadero Center, Suite 1660
San Francisco, CA 94111
    415/788-4220
    415/788-0160 (fax)

Bernard Persky
LABATON SUCHAROW
  & RUDOFF LLP
100 Park Avenue
New York, NY 10017
    212/907-0700
    212/818-0477 (fax)

William M. Audet
ALEXANDER, HAWES & AUDET LLP
152 North 3rd Street, Suite 600
San Jose, CA 95112
    408/289-1776
    408/287-1775 (fax)

J. Mitchell Clark
LAW OFFICES OF J. MITCHELL CLARK
Frost Bank Plaza, 21st Floor
802 North Carancahua
Corpus Christi, TX 78470

William Edwards
THE EDWARDS LAW FIRM, LLP
1440 Frost Bank Plaza
802 North Carancahua
Corpus Christi, TX 78470

Stewart M. Weltman
STEWART M. WELTMAN, P.C.
39 South La Salle Street, Suite 308
Chicago, IL 60603

Mark Goldman
WEINSTEIN, KITCHENOFF, SCARLATO
  & GOLDMAN, LTD.
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
    212/545-7200
    212/545-6535 (fax)

Francis O. Scarpulla
ZELLE HOFMANN VOELBEL
  MASON & GETTE, LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
    415/693-0700
    415/693-0770 (fax)

David Boies
Timothy D. Battin
Ian Otto
STRAUS & BOIES LLP
4041 University Drive, Fifth Floor
Fairfax, VA 22030
    703/764-8700
    703/764-8704 (fax)

Kenneth Walsh
STRAUS & BOIES LLP
Two Depot Plaza, Suite 203
Bedford Hills, NY 10507
    914/244-3200
    914/244-3260 (fax)

COUNSEL FOR DEFENDANTS

Jonathan M. Jacobson
AKIN GUMP STRAUSS HAUER & FELD
590 Madison Avenue
New York, NY 10022
    212/872-1000
    212/872-1002 (fax)

Jeffrey S. Davidson
Eileen Barish
KIRKLAND & ELLIS
777 South Figueroa Street
Los Angeles, CA 90017
    213/680-8400
    213/680-8500 (fax)

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 6

<u>COUNSEL FOR DEFENDANTS</u>

Tefft W. Smith
KIRKLAND & ELLIS LLP
655 Fifteenth St., N.W.
Washington, DC 20005
     202/879-5000
     202/879-5200 (fax)

Ronald C. Redcay
ARNOLD & PORTER LLP
777 South Figueroa Street
Los Angeles, CA 90017
     213/243-4000
     213/243-4199 (fax)

DYNAMIC RANDOM ACCESS MEMORY (DRAM)
Service List -- October 7, 2003
Page 7

<u>COUNSEL FOR DEFENDANTS</u>

William J. Baer
Richard L. Rosen
ARNOLD & PORTER
555 Twelfth Street, N.W.
Washington, DC 20004
 202/942-5000
 202/942-5999 (fax)

Stephen A. Mansfield
Robert B. Humphreys
Timothy G. O'Conner
AKIN GUMP STRAUSS HAUER & FELD
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
 310/229-1000
 310/229-1001 (fax)

Gary Halling
James McGinnis
SHEPPARD, MULLIN, RICHTER
 & HAMPTON LLP
Four Embarcadero Center -- 17th Floor
San Francisco, CA 94111
 415/434-9100
 415/434-3947 (fax)

Joel S. Sanders
GIBSON, DUNN & CRUTCHER, LLP
One Montgomery Street, 31st Street
San Francisco, CA 94104
 415/393-8200
 415/986-5309 (fax)

William M. Goodman
TOPEL & GOODMAN
832 Sansome Street, 4th Floor
San Francisco, CA 94111
 415/421-6140

Cecil S. Chung
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N St. NW
Washington, DC 20037
 202/663-8000
 202/663-8007 (fax)

Terrence A. Callan
Albert Boro
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
San Francisco, CA 94105
 415/983-1000
 415/983-1200 (fax)

Robert E. Freitas
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

William S. Farmer, Jr.
Collette Erickson Farmer & O'Neill LLP
235 Pine Street, Suite 1300
San Francisco, California 94104
 415/788-4646
 415/788-6929 (fax)

Steven H. Morrissett
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER LLP
700 Hansen Way
Palo Alto, CA 94304
 650/849-6600
 650/849-6666 (fax)

Robert B. Pringle
THELEN REID BROWN RAYSMAN
 & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
 415/371-1200
 415/371-1211 (fax)

James G. Kreissman
Harrison J. Frahn IV
Jason M. Bussey
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, CA 94304
 650/251-5000
 650/251-5002 (fax)

<u>COUNSEL FOR DEFENDANTS</u>

Aton Arbisser
Julian Brew
Tanja Shipman
KAYE SCHOLER LLP
1999 Avenue of the Stars, Suite 1700
Los Angeles, CA 90067-6048
 310/788-1000
 310/788-1200 (fax)

Steven H. Bergman
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071