ROBERT E. FREITAS (STATE BAR NO. 80948)
CYNTHIA A. WICKSTROM (STATE BAR NO. 209320)
NA'IL BENJAMIN (STATE BAR NO. 240354)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1021
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

HOWARD M. ULLMAN (STATE BAR NO. 206760)
E. ANNE HAWKINS (STATE BAR NO. 209135)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants Nanya Technology Corporation and Nanya Technology Corporation USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION

This Document Relates To:

ALL DIRECT PURCHASER ACTIONS

Case No. M-02-1486-PJH

MDL No. 1486

**DECLARATION OF E. ANNE HAWKINS IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY OF PAUL C. LIU**

Date: March 22, 2007
Time: 9:00 a.m.
Ctrm.: 3
Judge: Hon. Phyllis J. Hamilton

I, E. Anne Hawkins, do hereby declare as follows:

1. I am an associate with the law firm of Orrick, Herrington & Sutcliffe LLP and am one of the attorneys for Nanya Technology Corporation ("NTC") and Nanya Technology Corporation USA ("NTC USA") in this matter. I submit this declaration in support of NTC and NTC USA's Motion to Exclude Testimony of Paul C. Liu. If called as a witness, I could and would testify to the following of my own personal knowledge.

2. Attached hereto as Exhibit A is a true and correct copy of excerpts from the Certified Court Reporter's Transcript of the September 28, 2006 deposition of Paul C. Liu.

3. Attached hereto as Exhibit B is a true and correct copy of the August 28, 2006 Initial Expert Report of Paul C. Liu.

4. Attached hereto as Exhibit C is a true and correct copy of the October 24, 2006 Rebuttal Expert Report of Paul C. Liu.

5. Attached hereto as Exhibit D is a true and correct copy of excerpts from the Certified Court Reporter's Transcript of the January 17, 2007 deposition of Paul C. Liu.

6. Attached hereto as Exhibit E is a true and correct copy of excerpts from the October 2, 2006 Expert Report of Victor de Dios.

7. Attached hereto as Exhibit F is a true and correct copy of the October 2, 2006 Expert Report of Dr. Vincent O'Brien.

8. Attached hereto as Exhibit G is a true and correct copy of excerpts from the October 2, 2006 Expert Report of Carl Shapiro.

9. Attached hereto as Exhibit H is a true and correct copy of excerpts from the December 9, 2005 Expert Report of Roger G. Noll.

10. Attached hereto as Exhibit I is a true and correct copy of excerpts from the Reporter's Transcript of Proceedings from the January 10, 2007 hearing on NTC and NTC USA's Motion for Summary Judgment.

11. Attached hereto as Exhibit J is a true and correct copy of the Declaration of Charlene Young Re: Mailing and Publication of Notice and Report on Requests for Exclusion. Attached to Ms. Young's declaration is a true and correct copy of excerpts from Exhibit C to her

declaration which lists members who have opted-out of the class in this litigation.

12. Attached hereto as Exhibit K is a true and copy of a chapter written by Paul C. Liu from the ABA Handbook, "Econometrics: Legal, Practical, and Technical Issues." This excerpt was attached as Exhibit 2 to the Deposition of Paul C. Liu.

Executed on February 15, 2007 at San Francisco, California.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

E. Anne Hawkins

E. Anne Hawkins

ROBERT E. FREITAS (STATE BAR NO. 80948)
CYNTHIA A. WICKSTROM (STATE BAR NO. 209320)
NA'IL BENJAMIN (STATE BAR NO. 240354)
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1021
Telephone: (650) 614-7400
Facsimile: (650) 614-7401

HOWARD M. ULLMAN (STATE BAR NO. 206760)
E. ANNE HAWKINS (STATE BAR NO. 209135)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759

Attorneys for Defendants Nanya Technology Corporation and Nanya Technology Corporation USA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL DIRECT PURCHASER ACTIONS | Case No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**MANUAL FILING NOTIFICATION**<br><br>Date: March 22, 2007<br>Time: 9:00 a.m.<br>Ctrm.: 3<br>Judge: Hon. Phyllis J. Hamilton |

Regarding: Exhibits A-H to Declaration of E. Anne Hawkins in Support of Motion to Exclude Testimony of Paul C. Liu

This filing is in paper and is being maintained in the case file in the Clerk's office. For information on retrieving this filing directly from the court, please see the court's main website at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

This filing was not e-filed for the following reason: Items Under Seal.

Dated: February 15, 2007

ROBERT E. FREITAS
HOWARD M. ULLMAN
ORRICK, HERRINGTON & SUTCLIFFE LLP

/s/
Howard M. Ullman
Attorneys for Nanya Defendants

STEPHEN V. BOMSE
MICHAEL J. SHEPARD
DAVID C. BROWNSTEIN
HELLER EHRMAN LLP

TOPEL & GOODMAN

/s/
David C. Brownstein
Attorneys for Mosel Defendants

# EXHIBIT I

Pages 1 - 108

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE PHYLLIS J. HAMILTON

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION, | ) Master File No. M-02-1486 PJH<br>) MDL No. 1486 |
| AND RELATED ACTIONS. | ) C-06-1665 PJH<br>) C-06-2915 PJH<br>) C-06-2917 PJH<br>) C-06-4333 PJH |

San Francisco, California
Wednesday, January 10, 2007

Reporter's Transcript Of Proceedings

Appearances:

For Direct Purchaser Plaintiffs:
Saveri & Saveri, Inc.
111 Pine Street, Suite 1700
San Francisco, California 94111
By: Guido Saveri, Esquire
Geoffrey C. Rushing, Esquire
Cadio Zirpoli, Esquire
R. Alexander Saveri, Esquire

Hagens Berman Sobol Shapiro LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
By: Anthony D. Shapiro, Esquire
George W. Sampson, Esquire

(Appearances continued on next page.)

Reported By: Katherine A. Powell, CRR, CSR No. 5812
Official Reporter, U.S. District Court

Appearances continued:

For Direct Purchaser Plaintiffs:
Wolf, Haldenstein, Adler, Freeman & Herz, LLP
270 Madison Avenue

This was a conspiracy marked by high-level pricing discussions amongst high-level executives of numerous companies, including the Nanya entities. It also was a conspiracy that involved coordinated output reduction.

When Your Honor views all the evidence -- and it's both direct and circumstantial -- together and not in isolation or piece by piece, as the law requires, it's clear that this is a case for the jury to decide.

Though the conspiracy started as far back as 1999, at least, our discussion today with respect to Nanya will focus starting in 2001, because that is the year that the Nanya entities ramped up their production and were selling not just on the spot market, as they had done before, but to large OEMs like Dell and Compaq.

I want to talk to you about a period that Your Honor is familiar with because of the other motion. It's called the Kill Hynix Period.

The evidence in this case is that between April 1 and October 31, 2001, there was an effort by a number of the conspirators, in an effort to try to take production out of the market. They were going to try to drive Hynix out of business. Hynix was financially a wounded company, a company that the conspirators thought they could take out of the market.

However, it became clear towards the end of the summer and early fall that the Korean government was going to

prop up Hynix and fund Hynix, and Hynix couldn't or wouldn't leave the industry. Because of this, prices went down from April to October of 2001.

Towards the end of the summer of 2001, there was a

realization amongst the competitors that this effort to take production out of the market by killing Hynix was not only driving prices down, but wasn't achieving the purpose they wanted. So, as a result, there began to be talk amongst competitors that there needed to be a floor.

This is an e-mail from Linda Turner, who is in charge of the Asian offices at Micron, dated June 28, 2001. As you can see, she's writing and she says, "We do know" --

THE COURT: And Vincenzo Esposito is with which company?

MR. SHAPIRO: He's a broker that works with Micron.

She writes, "We do know that the Taiwanese DRAM dudes are pow-wowing next week on how to set a floor and as you have already mentioned, we know Sammy/" -- which is Samsung -- "Infineon/Hynix have had pricing discussions recently."

One of the Taiwan DRAM dudes, I would submit to Your Honor, is Nanya, who was a new entrant onto the scene and becoming more of a player.

THE COURT: Why do you think that she hasn't mentioned Nanya in that group, if it was one of the Taiwan --

MR. SHAPIRO: She didn't mention Winbond or Power

Chip or Mosel.

But as Your Honor, I think, will see in our presentation, that Nanya representatives were beginning at this point in time to engage in high-level discussions with their competitors about production and pricing.

During this period of time, as well, you have Nanya employees -- Mike Walsh from Nanya USA is exchanging

information with representatives from their competitors. Here's an e-mail where Mike Walsh, in this same period of time, August 28, 2001, is forwarding to Jim Sogas at Elpida about the Compaq memory targets that Nanya has received from Compaq, in an effort to benefit Elpida.

Now, during this same period of time you have e-mails from Nanya employees indicating that they are discussing pricing and inventory with their competitors.

Here's a series of e-mails, starts at the bottom. This is Stan Chao at Nanya Taiwan to Dave Dwyer at Nanya USA. And Mr. Chao, as of September 2001, indicates, "The Micron marketing guy told me there was more demand in U.S. today." Then he tells him the price he was told. And this is from Nanya Taiwan to Nanya USA, reporting about his discussions with Micron representatives.

Then he comes back, and Mr. Chao also, the next day, says, "I got information from Samsung guy. Their quotation is U.S. dollars $1.30. The price below $1.30 is negotiable if

on this. But I wanted you to know where I was heading in the event that that might affect any continued negotiations or your beginning trial preparation.

All right. We are adjourned.

(Multiple counsel unanimously thank the Court.)

(Proceedings adjourn at 1:52 p.m.)

CERTIFICATE OF REPORTER

I, Katherine A. Powell, Official Court Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings were reported by me, a duly certified shorthand reporter, and were thereafter transcribed under my direction into typewriting by computer; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing. The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

\- - - - - - - - - - - - - - - - - - - - - -

KATHERINE A. POWELL, RPR, CRR, CSR #5812

January 18, 2007