UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION

No. M 02-1486 PJH

**ORDER DENYING MOTIONS TO SEAL RE SUMMARY JUDGMENT**

This Document Relates to:

All Direct Purchaser Actions

On February 20, 2007, the court issued its order granting summary judgment in part and denying summary judgment in part. In it, the court instructed the parties to re-file the motions to seal that had been filed in connection with the summary judgment motions, in order to allow the court to make a streamlined and efficient determination of the parties' sealing requests. Pursuant to that order, defendants Infineon, Hynix, and Micron have now filed revised motions to seal certain documents that were filed in connection with plaintiffs' opposition to defendants' summary judgment motions.

Preliminarily, defendants point out that the court has granted previous requests to seal similar documents (and in one case, the same document) in connection with plaintiffs' motion for class certification, decided by the court last year. However, this does not control the court's decision here. A higher burden is imposed on dispositive motions than on non-dispositive motions. See, e.g., Kamakana v. City of Honolulu, 447 F.3d 1172, 1179-80 (9th Cir. 2006)(compelling reasons must be shown to seal judicial records attached to a dispositive motion); see also Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1135-36 (9th Cir. 2003). And even though the court applied Kamakana's "compelling reasons" standard to the parties' prior motions to seal in connection with the class certification

motion (finding that motion akin to a dispositive motion), the court nonetheless scrutinizes the instant motions to seal with a finer lens, in view of the fact that they are filed in connection with actual summary judgment motions, and in view of the fact that they are likely to be proffered as exhibits at trial.

Applying Kamakana in the context of the instant motions to seal, defendants have not demonstrated sufficient "compelling reasons" for a sealing order. See Kamakana, 447 F.3d at 1180. Although defendants each assert that the documents they seek to have sealed reveal critical proprietary information regarding defendants' commercial and pricing policies and strategies, inventory strategies, and internal sales and marketing policies, none of the documents actually appears to contain information directly revealing such proprietary information. Moreover, none of the documents appears qualitatively different from the kind of information that has already been filed in the public record in this case, and which will be treated publicly at trial.

Accordingly, all three motions are DENIED. To the extent that *any* party's motion to seal, filed in connection with the dispositive motions at issue, is still pending due to that party's failure to withdraw or re-file their motion pursuant to the court's February 20, 2007 order, those motions are also hereby DENIED. The parties are further instructed to file (a) unredacted versions of all corresponding documents that were filed partially or wholly redacted; and (b) all corresponding documents that were filed pursuant to a manual filing notification and conditionally lodged under seal.

**IT IS SO ORDERED.**

Dated: March 6, 2007

PHYLLIS J. HAMILTON
United States District Judge

2