GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
GEOFFREY C. RUSHING (126910)
CADIO ZIRPOLI (179108)
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
San Francisco, CA  94111-5619
Telephone:  (415) 217-6810
Facsimile:  (415) 217-6813
*guido@saveri.com*
*rick@saveri.com*

STEVE W. BERMAN (*pro hac vice*)
ANTHONY D. SHAPIRO (*pro hac vice*)
CRAIG R. SPIEGEL (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington  98101
Telephone: (206) 623-7292
Facsimile No.: (206) 623-0594

FRED TAYLOR ISQUITH (*pro hac vice*)
MARY JANE FAIT (*pro hac vice*)
WOLF, HALDENSTEIN, ADLER,
   FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016
Telephone:  (212) 545-4600
Facsimile:  (212) 545-4653

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>   All Direct Purchaser Actions | Master File No. M-02-1486PJH<br>MDL No. 1486<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH DEFENDANTS MOSEL VITELIC CORP., MOSEL VITELIC, INC. AND NANYA TECHNOLOGY CORPORATION USA AND APPROVAL OF NOTICE TO THE CLASS; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Time:    9:00 a.m.<br>Date:    May 16, 2007<br>Judge:   Hon. Phyllis J. Hamilton<br>Courtroom: 3, 17th Floor |

1

**TABLE OF CONTENTS**

2    I.     INTRODUCTION ...................................................................................................... 1

3    II.    FACTUAL AND PROCEDURAL BACKGROUND AND DISCOVERY CONDUCTED ... 3

4    III.    THE SETTLEMENTS ............................................................................................ 4

5         A.      The Mosel Settlements. ............................................................................... 4

6         B.      The NTC USA Settlement. ............................................................................ 5

7    IV.    THE SETTLEMENTS SHOULD BE PRELIMINARILY APPROVED ................................. 7

8    V.     THE PROPOSED NOTICE TO CLASS MEMBERS IS ADEQUATE .................................. 9

9    VI.    CONCLUSION. ...................................................................................................... 10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

i

# TABLE OF AUTHORITIES

## Cases

*Armstrong v. Bd. of School Dir.'s,*
  616 F. 2d 305 (7th Cir. 1980) ................................................................................. 2, 7

*Churchill Village, L.L.C. v. General Elec.,*
  361 F.3d 566 (9th Cir. 2004) ..................................................................................... 7

*Felzen v. Andreas,*
  134 F.3d (7th Cir. 1998) ............................................................................................ 2

*Fisher Bros. v. Mueller Brass Co.,*
  630 F.Supp. 493 (E.D. Pa. 1985) .............................................................................. 8

*Fisher Bros. v. Phelps Dodge Industries, Inc.,*
  604 F.Supp. 446 (E.D. Pa. 1985) .............................................................................. 8

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1988) ................................................................................... 7

*In re Corrugated Container Antitrust Litig.,*
  1981 WL 2093 (S.D. Tex. June 4, 1981) ................................................................... 8

*In re Linerboard Antitrust Litigation,*
  321 F.Supp. 2d 619 (E. D. Pa. 2004) ........................................................................ 8

*In re Mid-Atlantic Toyota Antitrust Litig.,*
  564 F.Supp 1379 (D. Md. 1983) ................................................................................ 9

*In re Plastic Tableware Antitrust Litig.,*
  1995 WL 723175, at *1 (E.D. Pa. October 25, 1995) ................................................. 8

*In re Rubber Chemicals Antitrust Litigation,*
  232 F.R.D. 346 (N.D. Cal. 2005) .............................................................................. 8

*In re Shopping Carts Antitrust Litig.,*
  1983 WL 1950, at *9 (S.D.N.Y. Nov. 18, 1983) ....................................................... 8

*In re Vitamins Antitrust Litig.,*
  2001 WL 856292 (D.D.C. July 25, 2001) ................................................................. 7

*Officers for Justice v. Civil Service Com'n,*
  688 F.2d 615 (9th Cir. 1982) ..................................................................................... 9

*Rutter & Wilbanks Corp. v. Shell Oil Co.,*
  314 F.3d 1180 (10th Cir. 2002) ................................................................................. 9

*Van Bronkhorst v. Safeco Corp.,*
  529 F.2d 943 (9th Cir. 1976) ..................................................................................... 7

*Wellman v. Dickinson,*
  497 F.Supp. 824 (S.D.N.Y. 1980) ............................................................................ 7

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

*Wilkerson v. Martin Marietta Corp.,*
  171 F.R.D. 273 (D.Colo. 1997) ............................................................................ 9

**Statutes**

Antitrust Criminal Penalty Enhancement and Reform Act of 2004
  (P.L. 108-237, Title II, § 201, 118 Stat. 665) ................................................... 8

**Treatises**

4 *Newberg on Class Actions* at 11.41 (4th ed.) ................................................... 9

*Manual for Complex Litigation* (Fourth) § 13.14 ............................................ 2, 7

**NOTICE OF MOTION AND MOTION**

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on May 16, 2007, at 9:00 a.m. or at a prior time subject to the Court's calendar, before the Honorable Phyllis J. Hamilton, United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California, plaintiffs will and hereby do move the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order: (i) granting preliminary approval of each of the settlement agreements plaintiffs have executed with (a) defendant Mosel Vitelic Corp. and defendant Mosel Vitelic, Inc. and (b) Nanya Technology Corporation USA (ii) approving the manner and forms of giving notice of the settlement agreements to class members; and (iii) establishing a timetable for publishing the class notice, lodging objections to the terms of the settlement agreements, if any, and the plan of allocation, and holding a hearing regarding final approval of the settlement agreements.

    This motion is based upon this Notice of Motion and Motion, the following Memorandum of Law, the Declaration of Guido Saveri In Support of Motion for Preliminary Approval of Class Action Settlements with the Mosel and Nanya Defendants ("Saveri Declaration") and the Proposed Order Approving Joint Notice to Class Regarding Preliminary Approval of Class Action Settlements with the Mosel and Nanya Defendants, the complete files and records in this action, and such other written or oral arguments that may be presented to the Court.

    The settlement agreement with defendant Mosel Vitelic Corp. is attached to the Saveri Declaration as Exhibit A.  The settlement agreement with the Mosel Vitelic, Inc. is attached to the Saveri Declaration as Exhibit B. The settlement agreement with Nanya Technology Corporation USA is attached to the Saveri Declaration as Exhibit C.

**MEMORANDUM OF LAW**

**I.     INTRODUCTION**

    Plaintiffs have entered into separate settlement agreements ("Settlement(s)") with (a) defendant Mosel Vitelic Corp. ("MVC") and defendant Mosel Vitelic, Inc. ("MVI") (collectively "Mosel") and (b) defendant Nanya Technology Corporation USA ("NTC USA") (collectively the

1    "Settling Defendants"). In return for a release of class members' claims, MVC has agreed to pay

2    $12,000,000 in cash in two payments as described below, and MVI has agreed to pay $3,000,000

3    in cash. In total the Mosel defendants have agreed to pay $15,000,000 in cash.

4         Plaintiffs have also entered into a separate settlement agreement with defendant Nanya

5    Technology Cooperation USA ("NTC USA"). In return for a release of class members' claims,

6    NTC USA has agreed to pay $7,000,000 in cash. The payment is required to the paid into escrow

7    within ten (10) business days from the date the motion for preliminary approval is filed.

8         The settlements relate to Settling Defendants' sales of DRAM[1] to class members which

9    remain in the case. All settlements provide that Settling Defendants' sales remain in the case for

10    purposes of computing the treble damages claim against non-settling defendants, and Settling

11    Defendants have agreed to cooperate with plaintiffs in their prosecution of the case against the

12    remaining defendants. (MVC Settlement ¶ 22; MVI Settlement ¶23; NTC USA Settlement ¶ 23.)

13    The Settlements were achieved only after extensive arms-length negotiations and mediations

14    before Judge Daniel J. Weinstein, Ret. on March 3, 2007 for Mosel and on March 14, 2007 for

15    NTC USA.

16         Through this motion, plaintiffs seek <u>preliminary</u> approval of each of the Settlements. The

17    Court is not being asked to determine whether the Settlements are fair, reasonable and adequate at

18    this time. Instead, the question is simply whether the Settlements are sufficiently within the range

19    of possible approval to justify sending and publishing notice of the Settlements to class members

20    and scheduling final approval proceedings. *Armstrong v. Bd. of School Dir.'s*, 616 F. 2d 305, 314

21    (7th Cir. 1980) (overruled on different grounds in *Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir.

22    1998)); Manual for Complex Litigation (4th ed.) § 13.14 ("First, the judge reviews the proposal

23    preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the

24    final decision on approval is made after the hearing.").

25

26    [1] "DRAM" means dynamic random access memory components, including without limitation, synchronous dynamic random access memory ("SDRAM"), Rambus dynamic random access

27    memory ("RDRAM"), asynchronous dynamic random access memory ("ASYNC"), FPM DRAM, EDO DRAM, BEDO DRAM, and double data rate semiconductor devices and modules ("DDR").

28    NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

1    If preliminary approval is granted, the proposed settlement class members will be notified

2    of the terms of the Settlements and informed of their rights in connection therewith, including their

3    right to appear and be heard at the final approval hearing. Plaintiffs will submit a proposed

4    schedule relating to class notice and the dates of the final hearing prior to the hearing.

5    Accordingly, plaintiffs seek an order: (i) granting preliminary approval of each Settlement;

6    (ii) approving the manner and forms of giving notice to the settlement class (the "Class"); and (iii)

7    establishing a timetable for consummation of the Settlements.

8    **II.    FACTUAL AND PROCEDURAL BACKGROUND AND DISCOVERY
         CONDUCTED**

9
10   Defendants are domestic and foreign entities that manufactured, marketed, and/or sold

     DRAM in the United States during the class period.[2] (Compl. ¶¶ 17-34.) Four defendants –
11
     Infineon Technologies AG, Samsung Electronics Company, Ltd., Elpida Memory Inc. and Hynix
12
     Semiconductor, Inc., along with several of their officers, have pled guilty to participating in a
13
     price-fixing conspiracy in the DRAM market in violation of criminal antitrust laws. In addition,
14
     another defendant – Micron – has announced its cooperation with the Department of Justice
15
     ("DOJ") investigation.
16
     Plaintiffs and members of the Class are direct purchasers of DRAM from defendants and/or
17
     their subsidiaries, parents or affiliates. (Compl. ¶¶ 6-16.) Plaintiffs seek, among other things,
18
     injunctive relief and treble damages pursuant to Sections 4 and 16 of the Clayton Act, 15 U.S.C.
19
     §§ 15 and 26. (Compl., Prayer for Relief, ¶¶ C, D.)
20
     The Court is aware of the factual and procedural background, the discovery conducted by
21
     plaintiffs and the present status of this litigation which has been set forth in detail in the prior
22

23   _____

     [2] Defendants are Micron Technology, Inc. and Micron Semiconductor Products, Inc., through its
24   Crucial Technology division. (collectively "Micron"); Infineon Technologies AG and its wholly
     owned subsidiary Infineon Technologies North America Corp.; Hynix Semiconductor, Inc. and its
25   wholly owned subsidiary Hynix Semiconductor America, Inc.; Samsung Electronics Co., Ltd. and
     its wholly owned subsidiary Samsung Semiconductor, Inc.; Mosel-Vitelic Corporation and its
26   wholly owned subsidiary Mosel-Vitelic Corporation (USA); Nanya Technology Corporation and
     its wholly owned subsidiary Nanya Technology Corporation USA; Winbond Electronics
27   Corporation and its wholly owned subsidiary Winbond Electronics Corporation America; Elpida
     Memory, Inc. and its wholly owned subsidiary Elpida Memory(USA) Inc.; and NEC Electronics
     America, Inc. (Comp. ¶¶ 17-34.)
28
     NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
     SETTLEMENTS - Master File No. M-02-1486 PJH

                                                                                         3

1    motions for preliminary and final approval of the settlements with defendants Infineon, Samsung,

2    Hynix, Elpida, NEC, Micron and Winbond. The Court is respectfully referred to those motions.

3    **III.    THE SETTLEMENTS**

4          Class counsel began settlement negotiations with Mosel as early as August of 2006.

5    (Saveri Decl. ¶6.)  The action was finally settled on March 3, 2007 in mediation before Judge

6    Daniel J. Weinstein, Ret.  (Saveri Decl. ¶6.).  Class Counsel began settlement negotiations with

7    NTC USA on July 31, 2007. The action was finally settled on March 19, 2007 after a mediation

8    before Judge Daniel J. Weinstein, Ret.  (Saveri Decl. ¶8.).

9          Despite the Settlements, Settling Defendants maintain that they have meritorious defenses

10   to plaintiffs' claims.

11   **A.    The Mosel Settlements.**

12         In exchange for dismissal with prejudice and a release of all claims asserted in the

13   Complaint, as noted above, Mosel has agreed to pay $15,000,000 in cash. This settlement amount

14   is to be divided between MVC and MVI. MVC has agreed to pay $12,000,000 in cash and MVI

15   has agreed to pay $3,000,000 in cash. The $12,000,000 is to be paid in two $6,000,000 payments,

16   the first within fifteen (15) business days from the date of filing the motion for preliminary

17   approval, and the second on or before April 30, 2007. The $3,000,000 payment is to be made

18   within fifteen (15) business days from the date of filing of the motion for preliminary approval.

19   (MVC Settlement ¶16; MVI Settlement ¶16). Mosel agrees to provide Plaintiffs' co-lead counsel

20   with a list of class members with whom it has settled and a list of class members with whom it has

21   not settled, and the total amount of purchases made by each class member. Both lists are subject to

22   audit (MVI Settlement ¶ 16; MVC Settlement ¶16.)

23         The Mosel classes consists of:

24         All individuals and entities who, at any time during the period from April 1, 1999 and
           continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United

25         States directly from the defendants, their parents, subsidiaries, or affiliates.  Excluded from
           the Class are defendants and their parents, subsidiaries, affiliates, all governmental entities,

26         and alleged co-conspirators.

27
28   (MVC Settlement ¶ 1; MVI Settlement ¶ 1.) Upon the Settlement becoming final, plaintiffs and

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

4

1    Class members will relinquish any claims they have against Mosel based, in whole or in part, on

2    matters alleged or that might have been alleged in this litigation. (MVC Settlement ¶¶13-15. MVI

3    Settlement ¶¶13-15)  The release, however, excludes claims for product liability or breach of

4    contract, indirect purchaser claims, or claims based on purchases of DRAM outside the United

5    States. ( MVC Settlement ¶29; MVI Settlements ¶29.)  The Settlements become final upon: (i) the

6    Court's approval of the Settlement pursuant to Rule 23(e) and the entry of a final judgment of

7    dismissal with prejudice as to Mosel; and (ii) the expiration of the time for appeal or, if an appeal is

8    taken, the affirmance of the judgment with no further possibility of appeal. (MVC Settlement ¶11;

9    MVI Settlements ¶11.)

10        The Settlements also require Mosel to assist Plaintiffs in the prosecution of this case against

11    the remaining defendants by producing documents and making its employees available for

12    depositions and trial, including supplying witnesses necessary to testify as to the authenticity and

13    admissibility of documents. (MVC Settlement ¶22. MVI Settlements ¶23.)

14        Finally, the Settlements also authorize an additional payment of up to $250,000 for notice

15    and administrative costs (MVC Settlement ¶16(a)).

16        Subject to the approval and direction of the Court, the Settlement payments, plus accrued

17    interest thereon, will be used to: (i) make a distribution to Class members in accordance with a

18    proposed plan of allocation to be approved by the Court at final approval based on the dollar value

19    of each Class members' DRAM purchases proportionate to the total claims filed; (ii) pay Class

20    Counsel's attorneys' fees, costs, and expenses as may be awarded by the Court; and (iii) pay future

21    costs incurred in the administration and distribution of the Settlement payments, including the

22    payment of taxes on any interest earned.  (MVC Settlement ¶¶ 20-21; MVI Settlements ¶¶ 21-22.)

23    **B.    The NTC USA Settlement.**

24        In exchange for dismissal with prejudice and a release of all claims asserted in the

25    Complaint, as noted above, NTC USA has agreed to pay $7,000,000 in cash. The payment is

26    required to be paid into escrow within ten (10) business days from the date the motion for

27    preliminary approval is filed. (NTC USA Settlement ¶16). NTC USA agrees to provide Plaintiffs'

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

5

co-lead counsel with a list of class members with whom it has settled and a list of class members with whom it has not settled, and the total amount of purchases made by each class member. Both lists are subject to audit (NTC USA Settlement ¶ 16.)

The NTC USA class consists of:

All individuals and entities who, at any time during the period from April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from the defendants, their parents, subsidiaries, or affiliates. Excluded from the Class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and alleged co-conspirators.

(NTC USA Settlement ¶ 1.) Upon the Settlement becoming final, plaintiffs and Class members will relinquish any claims they have against NTC USA based, in whole or in part, on matters alleged or that might have been alleged in this litigation. (NTC USA Settlement ¶¶13-15.) The release, however, excludes claims for product liability or breach of contract, indirect purchaser claims, or claims based on purchases of DRAM outside the United States. ( NTC USA Settlement ¶15.) The Settlement becomes final upon: (i) the Court's approval of the Settlement pursuant to Rule 23(e) and the entry of a final judgment of dismissal with prejudice as to NTC USA; and (ii) the expiration of the time for appeal or, if an appeal is taken, the affirmance of the judgment with no further possibility of appeal. (NTC USA Settlement ¶11.)

The Settlement also requires NTC USA to assist Plaintiffs in the prosecution of this case against the remaining defendants by producing documents and making its employees available for depositions and trial, including supplying witnesses necessary to testify as to the authenticity and admissibility of documents. (NTC USA Settlement ¶23.)

Finally, the Settlement also authorizes the use of a maximum of $400,000 of the Settlement Fund for notice and administrative costs (NTC USA Settlement ¶19(a)).

Subject to the approval and direction of the Court, the Settlement payment, plus accrued interest thereon, will be used to: (i) make a distribution to Class members in accordance with a proposed plan of allocation to be approved by the Court at final approval based on the dollar value of each Class members' DRAM purchases proportionate to the total claims filed; (ii) pay Class Counsel's attorneys' fees, costs, and expenses as may be awarded by the Court; and (iii) pay future

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS - Master File No. M-02-1486 PJH

6

1   costs incurred in the administration and distribution of the Settlement payments, including the

2   payment of taxes on any interest earned.  (NTC USA Settlement ¶¶ 21-22.)

## IV.   THE SETTLEMENTS SHOULD BE PRELIMINARILY APPROVED

4   The approval of class action settlements required by Federal Rule of Civil Procedure 23(e)

5   is a two-step process.  Preliminary approval requires only that the terms of the proposed settlement

6   fall within the "range of possible approval."  *Armstrong*, 616 F. 2d at 314.  It amounts to a

7   determination that the terms of the proposed settlement warrant consideration by members of the

8   class and a full examination at a final approval hearing.  Manual for Complex Litigation (4th ed.) §

9   13.14.  After notice to the class, preliminary approval is followed by a review of the fairness of the

10  settlement at final approval, and, if appropriate, a finding that it is "fair, reasonable and adequate."

11  *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1027 (9th Cir. 1988).  Because it is provisional, courts

12  grant preliminary approval where the proposed settlement lacks "obvious deficiencies" raising

13  doubts about the fairness of the settlement.  *See e.g., In re Vitamins Antitrust Litig.,* 2001 WL

14  856292, at *4 (D.D.C. July 25, 2001) (quoting *Manual for Complex Litigation* (Third) §30.41).

15  It is well-recognized that "[v]oluntary out of court settlement of disputes is 'highly favored

16  in the law and approval of class action settlements will be generally left to the sound discretion of

17  the trial judge." *Wellman v. Dickinson,* 497 F.Supp. 824, 830 (S.D.N.Y. 1980) (citation omitted).

18  It hardly seems necessary to point out that there is an overriding public interest in settling
19  and quieting litigation.  This is particularly true in class action suits which are now an ever
    increasing burden to so many federal courts and which frequently present serious problems
20  of management and expense.

21  *Van Bronkhorst v. Safeco Corp.,* 529 F.2d 943, 950 (9th Cir. 1976); *see also Churchill Village,*

22  *L.L.C. v. General Elec.,* 361 F.3d 566, 576 (9th Cir. 2004).

23  The Settlements before the Court amply meet the requirements for preliminary approval.

    First, the consideration for each Settlement is substantial.

25  The Settlements with the two Mosel companies provide for a total cash payment of

26  $15,000,000. The substantial settlement payment by the Mosel companies, viewed both in absolute

27  and relative terms, clearly meet the requirements for preliminary approval. The payments represent

28

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

7

1    10.64% of the class-period DRAM sales to customers with which Mosel has not separately settled,

2    a settlement percentage in excess of that paid by Infineon.

3         The settlement with NTC USA provides for a cash payment of $7,000,000. This substantial

4    settlement payment by NTC USA also clearly meets the requirements for preliminary approval.

5    The payment represents 5.26% of its' class period DRAM sales to customers with which NTC

6    USA has not separately settled. The settlement with Nanya is lower then the settlements with other

7    defendants for various reasons, among them the fact that NTC USA's parent Nanya Technology

8    Corporation, was dismissed from this action by the Court on February 26, 2007 and the fact that

9    any judgment obtained against NTC USA after trial might have been uncollectible.

10        Each settlement compares favorably to settlements finally approved in other price-fixing

11   cases. *See, e.g., In re Plastic Tableware Antitrust Litig.,* 1995 WL 723175, at *1 (E.D. Pa. October

12   25, 1995) (3.5% of sales); *In re Linerboard Antitrust Litigation,* 321 F.Supp.2d 619, 627 (E. D. Pa.

13   2004) (1.62% of sales); *In re Shopping Carts Antitrust Litig.,* 1983 WL 1950, at *9 (S.D.N.Y. Nov.

14   18, 1983) (3% of sales); *Fisher Bros. v. Phelps Dodge Industries, Inc.,* 604 F.Supp. 446, 451 (E.D.

15   Pa. 1985) (3% of sales); *Fisher Bros. v. Mueller Brass Co.,* 630 F.Supp. 493, 499 (E.D. Pa. 1985)

16   (recoveries equal to .1%, .2%, 2%, .3%, .65%, .88%, and 2.4% of defendants' total sales).

17        In *In re Rubber Chemicals Antitrust Litigation,* 232 F.R.D. 346 (N.D. Cal. 2005), a

18   horizontal price fixing case in which some of the defendants had entered guilty pleas in related

19   criminal proceedings, Judge Jenkins, in the course of granting final approval, recently

20   characterized a settlement payment of 4% of a defendant's sales as "an excellent recovery."

21        In addition to these payments, the Settlements provide that the non-settling defendants

22   remain jointly and severally liable for damages caused by the alleged conspiracy, including those

23   from sales by the Settling Defendants. The Settlements, therefore, while providing a significant and

24   certain recovery for class plaintiffs, do not reduce the total amount of damages recoverable in the

25   case. *See In re Corrugated Container Antitrust Litig.,* 1981 WL 2093, at *17 (S.D. Tex. June 4,

26   1981).

27        Finally, all Settlements require Settling Defendants to cooperate in plaintiffs' prosecution of

28   NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
     SETTLEMENTS - Master File No. M-02-1486 PJH

                                                                                                      8

1   this case against the remaining defendants. This is a valuable benefit to class members because it

2   will save time, reduce costs, and provide access to information and documents to which they might

3   not otherwise have access. *See In re Mid-Atlantic Toyota Antitrust Litig.,* 564 F.Supp 1379, 1386

4   (D. Md. 1983) (. . . the commitment [the] Distributor defendants have made to cooperate with

5   plaintiffs will certainly benefit the classes, and is an appropriate factor for a court to consider in

6   approving a settlement.").

7       The Settlements were the product of intense and thorough arms-length negotiations by

8   experienced and informed counsel. Each of the negotiations occurred over a span of months and

9   involved telephonic and face-to-face meetings and finally mediations before Judge Daniel J.

10   Weinstein, Ret. on March 3, 2007 for Mosel and March 14, 2007 for NTC USA. They were

11   contested and conducted in the utmost good faith. Class counsel negotiated the Settlements based

12   on their review and analysis of millions of pages of defendants' documents, their own substantial

13   investigations, and the analysis of expert consultants. (Saveri, Decl. ¶¶ 6-10.) Counsel's judgment

14   that the Settlements are fair and reasonable is entitled to great weight. *Officers for Justice v. Civil*

15   *Service Com'n,* 688 F.2d 615, 625 (9th Cir. 1982); *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314

16   F.3d 1180, 1188 (10th Cir. 2002); *Wilkerson v. Martin Marietta Corp.,* 171 F.R.D. 273, 288-89

17   (D.Colo. 1997). Indeed, there is generally "an initial presumption of fairness when a proposed

18   class settlement, which was negotiated at arms' length by counsel for the class, is presented for

19   court approval." 4 *Newberg on Class Actions* at 11.41 (4th ed.).

20       In light of these risks, and $15,000,000 and $7,000,000 in cash payments guaranteed by the

21   Settlements, it is plain that the Settlements are worthy of preliminary approval. They provide

22   substantial and certain benefits to the Class members and they avoid – at least with regard to

23   Settling Defendants – the risks, delay and expense of further litigation. And while plaintiffs

24   believe their case is strong, Settling Defendants have not conceded liability and would vigorously

25   defend themselves at trial.

26   **V.    THE PROPOSED NOTICE TO CLASS MEMBERS IS ADEQUATE**

27       Class members are entitled to the "best notice practicable under the circumstances" of any

28

1    proposed settlement before it is finally approved by the Court.  Federal Rule of Civil Procedure

2    23(c)(2)(b).  The notice must state in plain, easily understood language:

3    •      the nature of the action,

4    •      the definition of the class certified,
     •      the class claims, issues, or defenses,

5    •      that a class member may enter an appearance through counsel if the member so
            desires.

6
         Plaintiffs propose that notice be given by mail or email to each Class member who may, by

7    reasonable efforts, be identified, as well as published in the national edition of the Wall Street

8    Journal. Attached to the Saveri Declaration as Exhibit D is the long form of proposed notice to be

9    given to each class member, and attached to the Saveri Declaration as Exhibit E is the proposed

10   summary notice to be published in the Wall Street Journal. Both forms of notice are identical to the

11   forms of notice submitted to the Court in connection with the latest settlements. A proposed time

12   schedule for final approval will be submitted to the Court sufficiently in advance of the hearing for

13   preliminary approval.

14   **VI.     CONCLUSION.**

15       For the foregoing reasons, plaintiffs respectfully submit that the Court grant preliminary

16   approval of the Settlements, and order that notice be given to the Class and a hearing on final

17   approval be scheduled according to a schedule to be submitted to the Court.

18   Dated: April 27, 2007                        Respectfully submitted,

19

20                                                /s/ *Guido Saveri*_____
                                                  Guido Saveri (22349)
21                                                R. Alexander Saveri (173102)
                                                  Geoffrey C. Rushing (126910)
22                                                Cadio Zirpoli (179108)
                                                  SAVERI & SAVERI, INC.
23                                                111 Pine Street, Suite 1700
                                                  San Francisco, CA  94111-5619
24                                                Telephone:  (415) 217-6810
                                                  Facsimile:  (415) 217-6813
25

26

27

28
     NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
     SETTLEMENTS - Master File No. M-02-1486 PJH
                                                                                    10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Steve W. Berman (*pro hac vice*)
Anthony D. Shapiro (*pro hac vice*)
George W. Sampson
Craig R. Spiegel (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile No.: (206) 623-0594

Fred Taylor Isquith *(pro hac vice)*
Mary Jane Fait *(pro hac vice)*
WOLF, HALDENSTEIN, ADLER,
   FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Co-Lead Counsel for Plaintiffs

Ram.773

NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENTS - Master File No. M-02-1486 PJH

11