GUIDO SAVERI (22349)
R. ALEXANDER SAVERI (173102)
GEOFFREY C. RUSHING (126910)
CADIO ZIRPOLI (179108)
SAVERI & SAVERI INC.
111 Pine Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 217-6810
Facsimile: (415) 217-6813
guido@saveri.com
rick@saveri.com

STEVE W. BERMAN (*pro hac vice*)
ANTHONY D. SHAPIRO (*pro hac vice*)
CRAIG R. SPIEGEL (122000)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594

FRED TAYLOR ISQUITH (*pro hac vice*)
MARY JANE FAIT (*pro hac vice*)
WOLF, HALDENSTEIN, ADLER,
   FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486-PJH |
| | MDL No. 1486 |
| This Document Relates To: | [~~PROPOSED~~] ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH THE MOSEL AND NANYA DEFENDANTS |
| All Direct Purchaser Actions | |
| | Time: 9:00 a.m. Date: May 16, 2007 Judge: Hon. Phyllis J. Hamilton Courtroom: 3, 17th Floor |

[PROPOSED] ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS - Master File No. M-02-1486 PJH

1   The Court, having preliminarily approved the three settlement agreements ("Settlements")

2   entered into between (i) plaintiffs and defendant Mosel Vitelic Corp. and defendant Mosel Vitelic, Inc.

3   (collectively "Mosel"); and (ii) plaintiffs and defendant Nanya Technology Corporation USA, ( "NTC

4   USA") (collectively "Settling Defendants"), hereby **ORDERS**:

5       1.    The Court will hold a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e)

6           on _July 25_ , 2007. The Fairness Hearing will be held to determine the following:

7       (a)    Whether each of the proposed Settlements is fair, reasonable and adequate and should be

8           granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

9       (b)    Whether final judgments should be entered dismissing the claims of the Class against the

10          Settling Defendants with prejudice as required by each of the Settlements; and

11      (c)    Such other matters as the Court may deem appropriate.

12      2.    By _May 25_ 2007, Class Notice, substantially in the form attached hereto as

13  Exhibit "A" shall be sent by the Class Administrator via first class U.S. mail or email, postage

14  prepaid, to all members of the Class at their last known address and/or email address as reflected in the

15  records of Settling Defendants and the non-settling defendants. By _May 25_, 2007, summary

16  notice substantially in the form of Exhibit "B" hereto shall be published in the national edition of The

17  Wall Street Journal. Class Counsel shall also cause a copy of the Notice and the Settlements to be posted

18  on the Internet at a readily accessible website to be created and maintained by the Class Administrator.

19      3.    The Court finds that this manner of giving notice fully satisfies the requirements of

20  Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under

21  the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

22      4.    Plaintiffs' Class Counsel shall file, not later than 14 days before the Fairness

23  Hearing, proof of compliance with paragraph 2 of this Order.

24      5.    All Class Members shall upon final approval of the Settlements, be bound by all the

25  terms and provisions of the Settlements so approved, including but not limited to the releases, waivers,

26  and covenants described in the Settlements, whether or not such person or entity objected to the

27  Settlements and whether or not such person or entity made a claim upon the settlement funds.

28      6.    As provided by the Class Notice, each Class Member shall have the right to object

[PROPOSED] ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS - Master File No. M-02-1486 PJH         -1-

1   to the Settlements by filing written objections with the Court not later than _June 25_____, 2007, copies

2   of which shall be served on all counsel listed in the Class Notice.

3        7.     All briefs, memoranda, and supporting papers in support of final approval of the

4   Settlements shall be filed not later than ____July 5_____, 2007.

5        8.     All further class proceedings as to the Settling Defendants are hereby stayed

6   except for any actions required to effectuate the Settlements.

7        9.     The Court retains exclusive jurisdiction over this action to consider all further

8   matters arising out of or connected with the Settlements.

9      **IT IS SO ORDERED.**

12   Dated _ May 17 _____, 2007

        The Honorable
        United
        Judge Phyllis J. Hamilton

15   ram.643

# EXHIBIT A



1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9

In Re DYNAMIC RANDOM ACCESS
MEMORY (DRAM) ANTITRUST
LITIGATION

Master File No: M-02-1486 PJH (JCS)

MDL No. 1486

10
11
12

This Document Relates to:

ALL DIRECT PURCHASER ACTIONS

**CLASS ACTION**

13
14
15

To:     ALL CLASS MEMBERS

### NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS

16
17
18
19
20

PLEASE READ THIS ENTIRE NOTICE CAREFULLY.  IT AFFECTS YOUR RIGHTS, INCLUDING YOUR RIGHT TO SHARE IN THREE CLASS ACTION SETTLEMENTS TOTALING TWENTY-TWO MILLION U.S. DOLLARS ($22,000,000.00) IN CASH THAT HAVE BEEN REACHED WITH CERTAIN DEFENDANTS TO PARTIALLY SETTLE THIS ACTION.

21
22
23
24
25
26
27
28

This notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California (the "District Court").  Pending in the District Court are class actions brought on behalf of direct purchasers of DRAM.  The class actions allege violations of the antitrust laws in connection with the sale of DRAM.  If you are a Class Member, your rights will be affected by three separate proposed settlements with Defendants: 1) Mosel Vitelic Corp. and Mosel Vitelic, Inc. (collectively "Mosel"); and Nanya Technology Corporation USA ("NTC USA")(the "Proposed Settlements").  Mosel and NTC USA are collectively referred to as the "Settling Defendants."  This notice is being sent to

inform you of the three Proposed Settlements on behalf of the Class and of your rights with respect thereto.

On June 5, 2006, the Court certified a litigation class and ordered that the action may proceed as a class action.  You were previously notified that settlements had been reached with defendants Infineon Technologies AG and Infineon Technologies North America Corp; Samsung Semiconductor, Inc.; and Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc., in the total amount of $160,750,000.  The Court has granted final approval to those three settlements, and they are now final. Also, prior settlements with Elpdia Memory Inc., Elpida Memory USA, NEC Electronics America, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America and Micron Technology, Inc. and Micron Semiconductor Products, Inc., through its Crucial Technology Division totaling $143,247,000,000 have been granted final approval and they are now final.

Pursuant to Orders of the District Court, the three additional Proposed Settlements with Mosel and NTC USA have been provisionally approved by the Court.  A hearing will be held on _____, at _____, before the Honorable Phyllis J. Hamilton, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether each of the Proposed Settlements is fair, adequate, and reasonable to the Class and, therefore, whether this litigation should be dismissed with prejudice against each of the Settling Defendants (the "Fairness Hearing").  The time and date of the Fairness Hearing may be continued without further notice to the Class.

## I.   THE CLASS

The Class includes all individuals and entities who, during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from the defendants or their subsidiaries, and who did not request exclusion by October 3, 2006, settle or release their claims, and/or whose claims are not otherwise precluded ("Class Members").  Excluded from the Class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

DRAM is defined to mean dynamic random access memory components, including

without limitation, synchronous dynamic random access memory ("SDRAM"), Rambus dynamic random access memory ("RDRAM"), asynchronous dynamic random access memory ("ASYNC"), FPM DRAM, EDO DRAM, BEDO DRAM, and double data rate synchronous dynamic random access memory ("DDR") semiconductor devices and modules.

**IF YOU ARE A MEMBER OF THE CLASS, YOU NEED NOT TAKE ANY ACTION AT THIS TIME. YOUR RIGHTS AS A CLASS MEMBER WILL BE REPRESENTED BY THE PLAINTIFFS AND CLASS COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER DATE, TO SUBMIT A CLAIM FORM TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS.**

## II.     THE CLASS ACTIONS

Class Plaintiffs Onshore, Inc.; Internet Integration, Inc.; Kevin Irwin d/b/a as Kevin's Computer and Photo; PC Doctor, Inc.; Advanced Technology, Inc.; Network Business Solutions, Inc.; JEM Electronics Distributors, Inc.; Daniel Clement; Web Ideals, LLC; and 5207, Inc. ("Plaintiff Class Representatives") have filed a class action lawsuit against defendants Micron Technology, Inc.; Micron Semiconductor Products, Inc.; Crucial Technology, Inc.; Infineon Technologies AG; Infineon Technologies North America Corp.; Hynix Semiconductor, Inc.; Hynix Semiconductor America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Mosel-Vitelic Corporation; Mosel-Vitelic Corporation (USA); Nanya Technology Corporation; Nanya Technology Corporation USA; Winbond Electronics Corporation; Winbond Electronics Corporation America; Elpida Memory, Inc.; Elpida Memory (USA) Inc.; and NEC Electronics America, Inc. ("Defendants").

The lawsuit alleges that, beginning at least as early as April 1, 1999 and continuing to June 30, 2002, the Defendants engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of DRAM in the United States and/or to allocate among themselves major customers and accounts in violation of section 1 of the Sherman Act, Title 15 U.S.C. § 1. Plaintiffs allege that, as a result of the unlawful conspiracy, they and other members of the Class paid more for DRAM than they would have paid absent the alleged conspiracy. The Defendants deny all of Plaintiffs' allegations and have asserted numerous affirmative defenses. Defendants Infineon

1   Technologies AG, Samsung Electronics Company, Ltd., Hynix Semiconductor, Inc., Elpida and

2   certain of their employees have pleaded guilty to criminal violations of the federal antitrust laws.

3          The District Court approved appointment of the Plaintiff Class Representatives and

4   Class Counsel to represent the interests of the Class, and ordered that this notice be provided to

5   members of the Class.

6   **THE DISTRICT COURT HAS NOT PASSED ON ANY OF THE CLAIMS OR**

7   **DEFENSES OF THE PARTIES.  THIS NOTICE IS NOT AN EXPRESSION OF ANY**

8   **OPINION BY THE DISTRICT COURT AS TO THE MERITS OF ANY CLAIMS**

9   **OR DEFENSES ASSERTED BY THE PARTIES.**

10  **III.     THE PARTIES' REASONS FOR SETTLEMENT**

11         As part of this litigation, Class Counsel has conducted extensive formal discovery

12  into the claims of the members of the Class and the defenses that might be asserted thereto.  This

13  investigation has included discovery and analysis of millions of pages of Defendants' documents

14  and records, conducting more than one hundred (100) depositions of certain of Defendants' officers

15  and employees and third parties, and consultation with expert consultants, as well as extensive

16  analysis of relevant legal issues.  Based on this investigation, Class Counsel believe that the

17  settlements are fair, reasonable, and adequate and in the best interests of the Class.  Class Counsel

18  and Plaintiff Class Representatives also recognize the expense and length of continued proceedings

19  necessary to continue the litigation against the Defendants through verdict, judgment, and appeals,

20  and have taken into account the uncertainty and the risk of the outcome of continued litigation,

21  especially in complex actions such as these, and the difficulties and delays inherent in such actions.

22         Settling Defendants have denied and continue to deny each and all of the claims and

23  contentions alleged by the Plaintiff Class Representatives.  Settling Defendants have repeatedly

24  asserted and continue to assert many defenses thereto, and have expressly denied and continue to

25  deny any wrongdoing or legal liability arising out of any of the conduct alleged in the class action,

26  or that the Class has suffered any damage by reason of the alleged wrongdoing.  Nevertheless,

27  Settling Defendants have concluded that the further conduct of this litigation against them would be

28  protracted and expensive and that settlement therefore is desirable.  Settling Defendants also have

taken into account the uncertainty and the risk of the outcome in any litigation, especially complex cases such as this one. Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the litigation be settled in the manner and upon the terms and conditions set forth in the parties' settlement agreements.

## IV.   THE PROPOSED SETTLEMENTS

**THIS IS ONLY A SUMMARY OF THE PROPOSED SETTLEMENTS. THE SETTLEMENT AGREEMENTS ARE ON FILE WITH THE DISTRICT COURT AND ARE AVAILABLE ONLINE AT: www.dramantitrustsettlement.com.**

The Proposed Settlements represent compromises of disputed claims. They do not mean that liability or damages would have been found against any of the Settling Defendants. The Settling Defendants continue to deny any and all wrongdoing or liability. Each of the Proposed Settlements is separate and independent from the other.

The total settlement with Mosel requires the payment of Fifteen Million U.S. Dollars ($15,000,000) in cash, Nine Million U.S. Dollars ($9,000,000) to be paid into an interest-bearing account within fifteen (15) business days from April 27, 2007, and Six Million U.S. Dollars ($6,000,000) to be paid into an interest-bearing account on or before April 30, 2007. The settlement also provides that Mosel will contribute up to Two Hundred Fifty Thousand dollars ($250,000) towards payment of the costs of notice to the Class and for administration costs.

The settlement with NTC USA requires the payment of Seven Million U.S. Dollars ($7,000,000) in cash, to be paid into an interest-bearing account within ten (10) business days from April 27, 2007. The settlement also provides that up to $400,000 of the settlement fund may be used towards payment of the costs of notice to the Class and for administration costs.

The Proposed Settlements also require the Settling Defendants to cooperate with Plaintiff Class Representatives in the ongoing prosecution of the litigation against the remaining Defendants.

If each of the Proposed Settlements is approved by the District Court and becomes effective, each member of the Class that did not timely and validly exclude itself from the Class (the "Releasors") shall have completely released, acquitted, and forever discharged the Settling

Defendants (and their officers, directors, employees, parents, subsidiaries, and other affiliated persons and entities) whose settlements are approved by the District Court from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Releasor objects to the Proposed Settlements or makes a claim upon or participates in the settlement fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof, in any way arising out of or resulting from conduct concerning the pricing, selling, discounting, marketing, or distributing of DRAM to the Class during the Class Period or during any other period whatsoever up to the date the Proposed Settlements were executed.  However, the release shall not affect the rights of Class Members to: (i) pursue claims relative to any product defect, breach of contract, or similar claim against Settling Defendants; or (ii) pursue claims against Settling Defendants based on indirect purchases of DRAM or purchases of DRAM outside the United States.

The releases and dismissals of claims against Settling Defendants will have no effect upon any claims Class Members may have against the Defendants other than Settling Defendants.

## V.   <u>YOUR SHARE OF THE SETTLEMENT</u>

You do not need to do anything to remain in the Class, nor is there another opportunity to request exclusion from the Class.  If the Proposed Settlements are approved by the District Court and become effective, Class Members will be able to share in the settlement proceeds after payment of attorneys' fees, expenses, and interest thereon, costs of the settlements, notice, and administration, and payment of incentive benefits to the Plaintiff Class Representatives if approved by the Court (the "Net Settlement Fund").  The Net Settlement Fund will be distributed at a later date, and therefore no claim forms are to be submitted at this time.  Class Counsel are not requesting attorneys' fees at this time.  At an appropriate time, Class Counsel will request attorneys' fees in an amount not to exceed 25% of the total settlement fund, plus interest, plus their expenses.  The settlement payments received thus far have been, and additional payments will be, deposited into interest bearing accounts for the benefit of the Class.

1          At final approval, Class Counsel and Plaintiff Class Representatives will ask the

2   Court to approve a plan of allocation and distribution of the Net Settlement Fund on a pro rata basis

3   among Class Members based on the dollar amount each Class Member paid to Defendants for

4   direct purchases of DRAM from the Defendants during the period April 1, 1999 through June 30,

5   2002. If the Court approves the plan of allocation, you will be entitled to file a claim to share in the

6   Net Settlement Fund.

7          You should retain all documents that substantiate your purchases of DRAM during

8   the Class Period from each of the Defendants. If you change your address, or if this Notice was not

9   mailed to your correct address, you should immediately provide your correct address to DRAM

10  Antitrust Litigation c/o Rust Consulting, Inc., P.O. Box 24657, West Palm Beach, Florida 33416

11  (the "Class Administrator"). If Class Counsel does not have your correct address, you may not

12  receive the claim form or other important documents in this litigation.

13  **VI.**   **RIGHT TO APPEAR AND OBJECT AT THE FAIRNESS HEARING**

14         Any Class Member may appear and be heard regarding any of the matters to be

15  heard by the District Court at the Fairness Hearing. You do not need to appear at the hearing;

16  however, any member of the Class may object to the Proposed Settlements, but any such objections

17  must be filed in writing with the Clerk, United States District Court for the Northern District of

18  California, 450 Golden Gate Avenue, San Francisco, California 94102, no later than _____, 2007,

19  with copies served on the counsel identified below:

20                                  Class Counsel

21

22  GUIDO SAVERI                      ANTHONY D. SHAPIRO

    R. ALEXANDER SAVERI         HAGENS BERMAN SOBOL

23  SAVERI & SAVERI, INC.         SHAPIRO LLP

    111 Pine Street, Suite 1700      1301 Fifth Avenue, Suite 2900

24  San Francisco, CA 94111        Seattle, WA  98101

25  FRED TAYLOR ISQUITH

26  WOLF, HALDENSTEIN, ADLER,

    FREEMAN & HERZ

27  270 Madison Avenue

    New York, NY  10016

28

1

<u>Counsel for Settling Defendants</u>

2

3      Stephen V. Bomse                      Howard M. Ullman
       HELLEREHRMAN LLP                      Orrick, Herrington & Sutcliffe LLP
4      333 Bush Street                       405 Howard Street
       San Francisco, CA 94104-2878          San Francisco, CA 94105
5

6      Defendants Mosel Vitelic Inc. and Mosel      Defendant Nanya Technology Corporation USA
       Vitelic Corp.

7

8          Any Class Member who does not object in the manner provided herein waives any

9      objections.  The time and date of the Fairness Hearing may be continued from time to time.

10         **VII.    ADDITIONAL INFORMATION**

11              **THIS    NOTICE    IS    ONLY    A    SUMMARY    OF    THE    PROPOSED**

12     **SETTLEMENTS AND RELATED MATTERS.**    For more detailed information about this

13     litigation, you are referred to the pleadings, the orders of the District Court, and other papers filed in

14     the action which may be inspected at the Office of the Clerk of the United States District Court for

       the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102,
15
       during regular business hours.   In addition, the settlement agreements are available online at
16
       www.dramantitrustsettlement.com.
17
            **ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENT**
18
       **AGREEMENTS SHOULD BE DIRECTED TO PLAINTIFFS' CLASS COUNSEL OR THE**
19
       **CLASS ADMINISTRATOR AT THE ADDRESSES LISTED ABOVE.     INQUIRIES**
20
       **SHOULD NOT BE DIRECTED TO COUNSEL FOR SETTLING DEFENDANTS, THE**
21
       **COURT, OR THE CLERK'S OFFICE.**
22

23

24                                                   BY ORDER OF THE DISTRICT COURT
       Dated:_____, 2007
25                                                   United States District Court
                                                     for the Northern District of California
26                                                   San Francisco, CA

27

28     ram.778

       NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS - Master File No.: M-02-1486 PJH (JCS)      8

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION

This Document Relates to:

   ALL DIRECT PURCHASER ACTIONS

Master File No: M-02-1486 PJH (JCS)

MDL No. 1486

**CLASS ACTION**

To:    ALL CLASS MEMBERS

## SUMMARY NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS

Class Actions are pending in the above Court against certain manufacturers of DRAM. In the Class Actions, plaintiffs allege that defendants unlawfully agreed to fix, raise, maintain, and stabilize the prices of DRAM and/or to allocate among themselves major customers and accounts in violation of the federal antitrust laws during the period April 1, 1999 through June 30, 2002. Plaintiffs allege that, as a result of defendants' unlawful conduct, they and Class Members paid more for DRAM than they would have in the absence of defendants' wrongful conduct. Defendants deny plaintiffs' allegations and have asserted numerous affirmative defenses.

This notice is given pursuant to the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California to inform Class Members that,

in exchange for the release of claims by Class Members, three separate proposed settlements have been reached with defendants: (1) Mosel Vitelic Corp. and Mosel Vitelic, Inc. for cash payments totaling Fifteen Million U.S. Dollars ($15,000,000); (2) and Nanya Technology Corporation USA for a cash payment totaling Seven Million U.S. Dollars ($7,000,000) (collectively referred to herein as the "Settling Defendants"). Each settlement also provides that a certain amount of the settlement fund may be used towards payment of costs of notice to the Class and for administration costs.

Prior settlements with defendants Infineon Technologies AG and Infineon Technologies North America Corp.; Samsung Semiconductor, Inc.; and Hynix Semiconductor Inc. and Hynix Semiconductor America, Inc., totaling $160,750,000, have been granted final approval by the Court and are now final. Also prior settlements with Elpdia Memory Inc., Elpida Memory USA, NEC Electronics America, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America and Micron Technology, Inc. and Micron Semiconductor Products, Inc., through its Crucial Technology Division totaling $143,247,000,000 have been granted final approval and are now final.

The Class includes:

All individuals and entities who, during the period from April 1, 1999 to June 30, 2002, purchased DRAM in the United States directly from the defendants or their subsidiaries, and who did not request exclusion by October 3, 2006, settle or release their claims, and/or whose claims are not otherwise precluded ("Class Members").  Excluded from the class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

A hearing will be held on _____, 2007 at _____ before the Honorable Phyllis J. Hamilton, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether each of the proposed settlements is fair, adequate, and reasonable to the Class, and whether, therefore, this litigation should be dismissed with prejudice against the Settling Defendants.

The settlement payments will be deposited into interest-bearing accounts for the benefit of the Class. The settlement fund will be distributed at a later date, and therefore no claim forms are to be submitted at this time. Class Counsel are not requesting attorneys' fees at this time. At an

1   appropriate time, Class Counsel will request attorneys' fees in an amount not to exceed 25% of the

2   total settlement fund, plus interest, plus their expenses, and payment of incentive benefits to

3   Plaintiff Class Representatives if approved by the Court.

4          You do not need to do anything to remain in the Class, nor is there another opportunity to

5   request exclusion from the Class.  Class Members will be entitled to receive money from the

6   settlement fund when it is ultimately distributed.  At final approval, Class Counsel and Plaintiffs

7   will ask the Court to approve a plan of allocation and distribution of the Net Settlement Fund on a

8   pro rata basis among Class Members based on the dollar amount each Class Member paid to

9   Defendants for direct purchases of DRAM from the Defendants during the period April 1, 1999

10  through June 30, 2002.  If you wish to object to any of the settlements, you must file a written

11  objection by _____, 2007.

12         A more detailed description of this litigation and the proposed settlements is contained in

13  the Notice of Partial Class Action Settlements (the "Notice").  The Notice has been mailed to

14  identifiable Class Members.  If you are a Class Member and have not received a Notice, you may

15  obtain a copy free of charge by writing to: *In Re DRAM Antitrust Litigation* c/o Rust Corporation,

16  Inc., P.O. Box 24657, West Palm Beach, Florida 33416.  The Notice and the settlement agreements

17  are also posted on this website: www.dramantitrustsettlement.com.

18         Questions concerning the matters contained in this Summary Notice should be directed to

19  the following Class Counsel:

20  GUIDO SAVERI                          ANTHONY D. SHAPIRO
    R. ALEXANDER SAVERI                   HAGENS BERMAN SOBOL SHAPIRO
21  SAVERI & SAVERI, INC.                 LLP
    111 Pine Street, Suite 1700           1301 Fifth Avenue, Suite 2900
22  San Francisco, CA 94111               Seattle, WA  98101

23
    FRED TAYLOR ISQUITH
24  WOLF, HALDENSTEIN, ADLER,
       FREEMAN & HERZ
25  270 Madison Avenue
    New York, NY  10016

26

27

28

SUMMARY NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS
– Master File No. M-02-1486 PJH (JCS)          -3-

1    **PLEASE DO NOT TELEPHONE OR ADDRESS INQUIRIES TO THE COURT.**

2

3    Dated:_____, 2007                    BY ORDER OF THE DISTRICT COURT
                                                United States District Court
4                                               for the Northern District of California
                                                San Francisco, CA
5

6

7

8

9    ram.777

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28