1   GUIDO SAVERI (22349)
    R. ALEXANDER SAVERI (173102)
2   GEOFFREY C. RUSHING (126910)
    CADIO ZIRPOLI (179108)
3   SAVERI & SAVERI INC.
    111 Pine Street, Suite 1700
4   San Francisco, CA 94111
    Telephone: (415) 217-6810
5   Facsimile:  (415) 217-6813
    *guido@saveri.com*
6   *rick@saveri.com*

7   STEVE W. BERMAN (*pro hac vice*)
    ANTHONY D. SHAPIRO (*pro hac vice*)
8   CRAIG R. SPIEGEL (122000)
    HAGENS BERMAN SOBOL SHAPIRO LLP
9   1301 Fifth Avenue, Suite 2900
    Seattle, WA  98101
10  Telephone:  (206) 623-7292
    Facsimile:  (206) 623-0594

11
    FRED TAYLOR ISQUITH (*pro hac vice*)
12  MARY JANE FAIT (*pro hac vice*)
    WOLF, HALDENSTEIN, ADLER,
13    FREEMAN & HERZ
    270 Madison Avenue
14  New York, NY  10016
    Telephone:  (212) 545-4600
15  Facsimile: (212) 545-4653

16  Co-Lead Counsel for Plaintiffs

17

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19 IN RE DYNAMIC RANDOM ACCESS<br>20 MEMORY (DRAM) ANTITRUST<br>LITIGATION<br>21<br>22 This Document Relates To:<br>23     All Direct Purchaser Actions<br>24<br>25<br>26<br>27<br>28 | Master File No. M-02-1486-PJH<br><br>MDL No. 1486<br><br>**AMENDED ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH THE MOSEL AND NANYA DEFENDANTS AND CLASS COUNSELS' REQUEST FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE BENEFITS**<br><br>Judge: Hon. Phyllis J. Hamilton<br>Courtroom:     3, 17th Floor |

1   The Court hereby amends its previous Order Approving Joint Notice To Class Regarding
2   Preliminary Approval of Class Action Settlements with the Mosel and Nanya Defendants on May 17,
3   2007. The Court, having preliminarily approved the three settlement agreements ("Settlements") entered
4   into between (i) plaintiffs and defendant Mosel Vitelic Corp. and defendant Mosel Vitelic, Inc.
5   (collectively "Mosel"); and (ii) plaintiffs and defendant Nanya Technology Corporation USA, ( "NTC
6   USA") (collectively "Settling Defendants"), hereby **ORDERS**:

7       1.      The Court will hold a Fairness Hearing pursuant to Federal Rule of Civil Procedure 23(e)
8   on August 1, 2007. The Fairness Hearing will be held to determine the following:

9       (a)     Whether each of the proposed Settlements is fair, reasonable and adequate and should be
10              granted final approval by the Court pursuant to Federal Rule of Civil Procedure 23(e);

11      (b)     Whether final judgments should be entered dismissing the claims of the Class against the
12              Settling Defendants with prejudice as required by each of the Settlements; and

13      (c)     Such other matters as the Court may deem appropriate.

14      2.      By June 5, 2007, Class Notice, substantially in the form attached hereto as
15  Exhibit "A" shall be sent by the Class Administrator via first class U.S. mail or email, postage
16  prepaid, to all members of the Class at their last known address and/or email address as reflected in the
17  records of Settling Defendants and the non-settling defendants. By June 5, 2007, summary notice
18  substantially in the form of Exhibit "B" hereto shall be published in the national edition of The Wall
19  Street Journal. Class Counsel shall also cause a copy of the Notice and the Settlements to be posted on
20  the Internet at a readily accessible website to be created and maintained by the Class Administrator.

21      3.      The Court will hold a hearing on class counsel's request for attorneys' fees, plus interest,
22  plaintiffs' reimbursement of expenses and payment of incentive benefits on August 15, 2007.

23      4.      The Court finds that this manner of giving notice fully satisfies the requirements of
24  Federal Rule of Civil Procedure 23 and due process, constitutes the best notice practicable under
25  the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

26      5.      Plaintiffs' Class Counsel shall file, not later than 14 days before the Fairness
27  Hearing, proof of compliance with paragraph 2 of this Order.

28      6.      All Class Members shall upon final approval of the Settlements, be bound by all the terms

AMENDED ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS - Master File No. M-02-1486 PJH          -1-

1   and provisions of the Settlements so approved, including but not limited to the releases, waivers, and

2   covenants described in the Settlements, whether or not such person or entity objected to the Settlements

3   and whether or not such person or entity made a claim upon the settlement funds.

4        7.    As provided by the Class Notice, each Class Member shall have the right to object

5   to the Settlements and request for attorneys' fees, plus interest, reimbursement of expenses and

6   incentive benefits by filing written objections with the Court not later than July 6, 2007, copies of which

7   shall be served on all counsel listed in the Class Notice.

8        8.    All briefs, memoranda, and supporting papers in support of final approval of the

9   Settlements shall be filed not later than July 16, 2007.

10       9.    All briefs, memoranda, and supporting papers in support of Class Counsels' request for

11  attorneys' fees, plus interest, reimbursement of expenses and payment of incentive benefits to plaintiffs'

12  class representatives shall be filed not later than July 27, 2007.

13       10.   All further class proceedings as to the Settling Defendants are hereby stayed

14  except for any actions required to effectuate the Settlements.

15       11.   The Court retains exclusive jurisdiction over this action to consider all further

16  matters arising out of or connected with the Settlements.

17      **IT IS SO ORDERED.**

18

19

20  Dated _____May 24_____, 2007

21      The Honorable
        United States   Judge Phyllis J. Hamilton

22

23  ram.783

24

25

26

27

28

AMENDED ORDER APPROVING JOINT NOTICE TO CLASS REGARDING PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENTS - Master File No. M-02-1486 PJH   -2-

# EXHIBIT A

1
2
3
4

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

5
6
7

| | |
|---|---|
| In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No: M-02-1486 PJH (JCS)<br><br>MDL No. 1486 |
| This Document Relates to:<br><br>  ALL DIRECT PURCHASER ACTIONS | **CLASS ACTION** |

8
9
10
11
12
13

To:    ALL CLASS MEMBERS

14
15

### NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES AND INCENTIVE BENEFITS

16
17
18
19
20

PLEASE READ THIS ENTIRE NOTICE CAREFULLY. IT AFFECTS YOUR RIGHTS, INCLUDING YOUR RIGHT TO SHARE IN THREE CLASS ACTION SETTLEMENTS TOTALING TWENTY-TWO MILLION U.S. DOLLARS ($22,000,000.00) IN CASH THAT HAVE BEEN REACHED WITH CERTAIN DEFENDANTS TO PARTIALLY SETTLE THIS ACTION.

21
22
23
24
25
26
27

This notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and Order of the United States District Court for the Northern District of California (the "District Court"). Pending in the District Court are class actions brought on behalf of direct purchasers of DRAM. The class actions allege violations of the antitrust laws in connection with the sale of DRAM. If you are a Class Member, your rights will be affected by three separate proposed settlements with Defendants: 1) Mosel Vitelic Corp. and Mosel Vitelic, Inc. (collectively "Mosel"); and Nanya Technology Corporation USA ("NTC USA")(the "Proposed Settlements"). Mosel and

28

NTC USA are collectively referred to as the "Settling Defendants." This notice is being sent to inform you of the three Proposed Settlements on behalf of the Class and of your rights with respect thereto.

On June 5, 2006, the Court certified a litigation class and ordered that the action may proceed as a class action. You were previously notified that settlements had been reached with defendants Infineon Technologies AG and Infineon Technologies North America Corp; Samsung Semiconductor, Inc.; and Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc., in the total amount of $160,750,000. The Court has granted final approval to those three settlements, and they are now final. Also, prior settlements with Elpdia Memory Inc., Elpida Memory USA, NEC Electronics America, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America and Micron Technology, Inc. and Micron Semiconductor Products, Inc., through its Crucial Technology Division totaling $143,247,000,000 have been granted final approval and they are now final.

Pursuant to Orders of the District Court, the three additional Proposed Settlements with Mosel and NTC USA have been provisionally approved by the Court. A hearing will be held on August 1, 2007 at 9:00 a.m., before the Honorable Phyllis J. Hamilton, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450 Golden Gate Avenue, San Francisco, California 94102, to determine whether each of the Proposed Settlements is fair, adequate, and reasonable to the Class and, therefore, whether this litigation should be dismissed with prejudice against each of the Settling Defendants (the "Fairness Hearing"). The time and date of the Fairness Hearing may be continued without further notice to the Class.

## I.  THE CLASS

The Class includes all individuals and entities who, during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from the defendants or their subsidiaries, and who did not request exclusion by October 3, 2006, settle or release their claims, and/or whose claims are not otherwise precluded ("Class Members"). Excluded from the Class are defendants and their parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

DRAM is defined to mean dynamic random access memory components, including without limitation, synchronous dynamic random access memory ("SDRAM"), Rambus dynamic random access memory ("RDRAM"), asynchronous dynamic random access memory ("ASYNC"), FPM DRAM, EDO DRAM, BEDO DRAM, and double data rate synchronous dynamic random access memory ("DDR") semiconductor devices and modules.

**IF YOU ARE A MEMBER OF THE CLASS, YOU NEED NOT TAKE ANY ACTION AT THIS TIME.   YOUR RIGHTS AS A CLASS MEMBER WILL BE REPRESENTED BY THE PLAINTIFFS AND CLASS COUNSEL, AND YOU WILL BE ENTITLED, AT A LATER DATE, TO SUBMIT A CLAIM FORM TO SHARE IN THE PROCEEDS OF THE SETTLEMENTS.**

**II.     THE CLASS ACTIONS**

Class Plaintiffs Onshore, Inc.; Internet Integration, Inc.; Kevin Irwin d/b/a as Kevin's Computer and Photo; PC Doctor, Inc.; Advanced Technology, Inc.; Network Business Solutions, Inc.; JEM Electronics Distributors, Inc.; Daniel Clement; Web Ideals, LLC; and 5207, Inc. ("Plaintiff Class Representatives") have filed a class action lawsuit against defendants Micron Technology, Inc.; Micron Semiconductor Products, Inc.; Crucial Technology, Inc.; Infineon Technologies AG; Infineon Technologies North America Corp.; Hynix Semiconductor, Inc.; Hynix Semiconductor America, Inc.; Samsung Electronics Co., Ltd.; Samsung Semiconductor, Inc.; Mosel-Vitelic Corporation; Mosel-Vitelic Corporation (USA); Nanya Technology Corporation; Nanya Technology Corporation USA; Winbond Electronics Corporation; Winbond Electronics Corporation America; Elpida Memory, Inc.; Elpida Memory (USA) Inc.; and NEC Electronics America, Inc. ("Defendants").

The lawsuit alleges that, beginning at least as early as April 1, 1999 and continuing to June 30, 2002, the Defendants engaged in an unlawful conspiracy to fix, raise, maintain or stabilize the prices of DRAM in the United States and/or to allocate among themselves major customers and accounts in violation of section 1 of the Sherman Act, Title 15 U.S.C. § 1.  Plaintiffs allege that, as a result of the unlawful conspiracy, they and other members of the Class paid more for DRAM than they would have paid absent the alleged conspiracy.  The Defendants deny all of

Plaintiffs' allegations and have asserted numerous affirmative defenses. Defendants Infineon Technologies AG, Samsung Electronics Company, Ltd., Hynix Semiconductor, Inc., Elpida and certain of their employees have pleaded guilty to criminal violations of the federal antitrust laws.

The District Court approved appointment of the Plaintiff Class Representatives and Class Counsel to represent the interests of the Class, and ordered that this notice be provided to members of the Class.

**THE DISTRICT COURT HAS NOT PASSED ON ANY OF THE CLAIMS OR DEFENSES OF THE PARTIES. THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE DISTRICT COURT AS TO THE MERITS OF ANY CLAIMS OR DEFENSES ASSERTED BY THE PARTIES.**

### III.    THE PARTIES' REASONS FOR SETTLEMENT

As part of this litigation, Class Counsel has conducted extensive formal discovery into the claims of the members of the Class and the defenses that might be asserted thereto. This investigation has included discovery and analysis of millions of pages of Defendants' documents and records, conducting more than one hundred (100) depositions of certain of Defendants' officers and employees and third parties, and consultation with expert consultants, as well as extensive analysis of relevant legal issues. Based on this investigation, Class Counsel believe that the settlements are fair, reasonable, and adequate and in the best interests of the Class. Class Counsel and Plaintiff Class Representatives also recognize the expense and length of continued proceedings necessary to continue the litigation against the Defendants through verdict, judgment, and appeals, and have taken into account the uncertainty and the risk of the outcome of continued litigation, especially in complex actions such as these, and the difficulties and delays inherent in such actions.

Settling Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Plaintiff Class Representatives. Settling Defendants have repeatedly asserted and continue to assert many defenses thereto, and have expressly denied and continue to deny any wrongdoing or legal liability arising out of any of the conduct alleged in the class action, or that the Class has suffered any damage by reason of the alleged wrongdoing. Nevertheless, Settling Defendants have concluded that the further conduct of this litigation against them would be

protracted and expensive and that settlement therefore is desirable. Settling Defendants also have taken into account the uncertainty and the risk of the outcome in any litigation, especially complex cases such as this one. Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the litigation be settled in the manner and upon the terms and conditions set forth in the parties' settlement agreements.

### IV.    THE PROPOSED SETTLEMENTS

**THIS IS ONLY A SUMMARY OF THE PROPOSED SETTLEMENTS. THE SETTLEMENT AGREEMENTS ARE ON FILE WITH THE DISTRICT COURT AND ARE AVAILABLE ONLINE AT: www.dramantitrustsettlement.com.**

The Proposed Settlements represent compromises of disputed claims. They do not mean that liability or damages would have been found against any of the Settling Defendants. The Settling Defendants continue to deny any and all wrongdoing or liability. Each of the Proposed Settlements is separate and independent from the other.

The total settlement with Mosel requires the payment of Fifteen Million U.S. Dollars ($15,000,000) in cash, Nine Million U.S. Dollars ($9,000,000) to be paid into an interest-bearing account within fifteen (15) business days from April 27, 2007, and Six Million U.S. Dollars ($6,000,000) to be paid into an interest-bearing account on or before April 30, 2007. The settlement also provides that Mosel will contribute up to Two Hundred Fifty Thousand dollars ($250,000) towards payment of the costs of notice to the Class and for administration costs.

The settlement with NTC USA requires the payment of Seven Million U.S. Dollars ($7,000,000) in cash, to be paid into an interest-bearing account within ten (10) business days from April 27, 2007. The settlement also provides that up to $400,000 of the settlement fund may be used towards payment of the costs of notice to the Class and for administration costs.

If each of the Proposed Settlements is approved by the District Court and becomes effective, each member of the Class that did not timely and validly exclude itself from the Class (the "Releasors") shall have completely released, acquitted, and forever discharged the Settling Defendants (and their officers, directors, employees, parents, subsidiaries, and other affiliated persons and entities) whose settlements are approved by the District Court from any and all claims,

demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Releasor objects to the Proposed Settlements or makes a claim upon or participates in the settlement fund, whether directly, representatively, derivatively, or in any other capacity) that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries, damages, and the consequences thereof, in any way arising out of or resulting from conduct concerning the pricing, selling, discounting, marketing, or distributing of DRAM to the Class during the Class Period or during any other period whatsoever up to the date the Proposed Settlements were executed. However, the release shall not affect the rights of Class Members to: (i) pursue claims relative to any product defect, breach of contract, or similar claim against Settling Defendants; or (ii) pursue claims against Settling Defendants based on indirect purchases of DRAM or purchases of DRAM outside the United States.

The releases and dismissals of claims against Settling Defendants will have no effect upon any claims Class Members may have against the Defendants other than Settling Defendants.

## V.     YOUR SHARE OF THE SETTLEMENT

You do not need to do anything to remain in the Class, nor is there another opportunity to request exclusion from the Class. If the Proposed Settlements are approved by the District Court and become effective, Class Members will be able to share in the settlement proceeds after payment of attorneys' fees, expenses, and interest thereon, costs of the settlements, notice, and administration, and payment of incentive benefits to the Plaintiff Class Representatives if approved by the Court (the "Net Settlement Fund"). The Net Settlement Fund will be distributed at a later date, and therefore no claim forms are to be submitted at this time. The settlement payments received thus far have been, and additional payments will be, deposited into interest bearing accounts for the benefit of the Class.

At final approval, Class Counsel and Plaintiff Class Representatives will ask the Court to approve a plan of allocation and distribution of the Net Settlement Fund on a pro rata basis among Class Members based on the dollar amount each Class Member paid to Defendants for direct purchases of DRAM from the Defendants during the period April 1, 1999 through June 30,

1  2002. If the Court approves the plan of allocation, you will be entitled to file a claim to share in the

2  Net Settlement Fund.

3       You should retain all documents that substantiate your purchases of DRAM during

4  the Class Period from each of the Defendants. If you change your address, or if this Notice was not

5  mailed to your correct address, you should immediately provide your correct address to DRAM

6  Antitrust Litigation c/o Rust Consulting, Inc., P.O. Box 24657, West Palm Beach, Florida 33416

7  (the "Class Administrator"). If Class Counsel does not have your correct address, you may not

8  receive the claim form or other important documents in this litigation.

9  **VI.   ATTORNEYS' FEES AND EXPENSES**

10      Pursuant to order of the District Court, Class Counsel will request attorneys' fees in

11  an amount of 25% of the total settlement of $325,997,000, plus interest, and expenses, and payment

12  of incentive benefits to Plaintiffs Class Representative in an amount not to exceed $10,000 per

13  Class Representative. A hearing on Class Counsel's request for attorneys' fees and reimbursement

14  of expenses and request for incentive benefits to Class Representatives will be held on August 15,

15  2007 before the Honorable Phyllis J. Hamilton, in Courtroom 3, on the 17th Floor of the United

16  States District Courthouse, at 450 Golden Gate Avenue, San Francisco, California 94102. The time

17  and date of such hearing may be continued without further notice.

18  **VII.  RIGHT TO APPEAR AND OBJECT AT THE FAIRNESS HEARING AND**

19       **AT THE HEARING FOR ATTORNEYS' FEES AND EXPENSES**

20      Any Class Member may appear and be heard regarding any of the matters to be

21  heard by the District Court at the Fairness Hearing and at the hearing on Class Counsel's request for

22  attorneys' fees and expenses and incentive benefits. You do not need to appear at either hearing;

23  however, any member of the Class may object to the Proposed Settlements, or request for attorneys'

24  fees and expenses and incentive benefits, but any such objections must be filed in writing with the

25  Clerk, United States District Court for the Northern District of California, 450 Golden Gate

26  Avenue, San Francisco, California 94102, no later than July 6, 2007, with copies served on the

27  counsel identified below:

28

1

<u>Class Counsel</u>

2

3
GUIDO SAVERI
R. ALEXANDER SAVERI
4
SAVERI & SAVERI, INC.
111 Pine Street, Suite 1700
5
San Francisco, CA 94111

ANTHONY D. SHAPIRO
HAGENS BERMAN SOBOL
SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA  98101

6

FRED TAYLOR ISQUITH
7
WOLF, HALDENSTEIN, ADLER,
FREEMAN & HERZ
8
270 Madison Avenue
New York, NY  10016
9

10

<u>Counsel for Settling Defendants</u>

11

12
Stephen V. Bomse
HELLEREHRMAN LLP
13
333 Bush Street
San Francisco, CA 94104-2878
14

Howard M. Ullman
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105

15
Defendants Mosel Vitelic Inc. and Mosel
Vitelic Corp.

Defendant Nanya Technology Corporation USA

16

17
Any Class Member who does not object in the manner provided herein waives any
18
objections.  The time and date of the Fairness Hearing and the hearing on Class Counsel's request
19
for attorneys' fees, expenses, and incentive benefits may be continued from time to time.

20
**VIII.   ADDITIONAL INFORMATION**

21
**THIS   NOTICE   IS   ONLY   A   SUMMARY   OF   THE   PROPOSED**
22
**SETTLEMENTS  AND  RELATED  MATTERS.**   For more detailed information about this
23
litigation, you are referred to the pleadings, the orders of the District Court, and other papers filed in
24
the action which may be inspected at the Office of the Clerk of the United States District Court for
25
the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102,
26
during regular business hours.   In addition, the settlement agreements are available online at
27
www.dramantitrustsettlement.com.

28

1    **ALL INQUIRIES CONCERNING THIS NOTICE AND THE SETTLEMENT**

2    **AGREEMENTS SHOULD BE DIRECTED TO PLAINTIFFS' CLASS COUNSEL OR THE**

3    **CLASS ADMINISTRATOR AT THE ADDRESSES LISTED ABOVE. INQUIRIES**

4    **SHOULD NOT BE DIRECTED TO COUNSEL FOR SETTLING DEFENDANTS, THE**

5    **COURT, OR THE CLERK'S OFFICE.**

6

7

8    Dated:_____, 2007        BY ORDER OF THE DISTRICT COURT
                                     United States District Court
9                                    for the Northern District of California
                                     San Francisco, CA
10

11

12   ram.794

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

1

2

3

4

5

6

7                           UNITED STATES DISTRICT COURT

8                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11   In Re DYNAMIC RANDOM ACCESS              Master File No: M-02-1486 PJH (JCS)
     MEMORY (DRAM) ANTITRUST
12   LITIGATION                               MDL No. 1486

13                                            **CLASS ACTION**

14   This Document Relates to:

15      ALL DIRECT PURCHASER ACTIONS

16

17   To:     ALL CLASS MEMBERS

18   <u>**SUMMARY NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS, REQUEST FOR**</u>
     <u>**ATTORNEYS' FEES AND EXPENSES AND INCENTIVE BENEFITS**</u>

19

20          Class Actions are pending in the above Court against certain manufacturers of DRAM.  In

21   the Class Actions, plaintiffs allege that defendants unlawfully agreed to fix, raise, maintain, and

22   stabilize the prices of DRAM and/or to allocate among themselves, customers and accounts in

23   violation of the federal antitrust laws during the period April 1, 1999 through June 30, 2002.

24   Plaintiffs allege that, as a result of defendants' unlawful conduct, they and Class Members paid

25   more for DRAM than they would have in the absence of defendants' wrongful conduct.

26   Defendants deny plaintiffs' allegations and have asserted numerous affirmative defenses.

27

28

1   This notice is given pursuant to the Federal Rules of Civil Procedure and an Order of the

2   United States District Court for the Northern District of California to inform Class Members that,

3   in exchange for the release of claims by Class Members,  three separate proposed settlements have

4   been reached with defendants: (1) Mosel Vitelic Corp. and Mosel Vitelic, Inc. for cash payments

5   totaling Fifteen Million U.S. Dollars ($15,000,000); (2) and Nanya Technology Corporation USA

6   for a cash payment totaling Seven Million U.S. Dollars ($7,000,000) (collectively referred to

7   herein as the "Settling Defendants"). Each settlement also provides that a certain amount of the

8   settlement fund may be used towards payment of costs of notice to the Class and for administration

9   costs.

10   Prior settlements with defendants Infineon Technologies AG and Infineon Technologies

11   North America Corp.; Samsung Semiconductor, Inc.; and Hynix Semiconductor Inc. and Hynix

12   Semiconductor America, Inc., totaling $160,750,000, have been granted final approval by the

13   Court and are now final. Also prior settlements with Elpdia Memory Inc., Elpida Memory USA,

14   NEC Electronics America, Inc., Winbond Electronics Corporation, Winbond Electronics

15   Corporation America and Micron Technology, Inc. and Micron Semiconductor Products, Inc.,

16   through its Crucial Technology Division totaling $143,247,000,000 have been granted final

17   approval and are now final.

18   The Class includes:

19   All individuals and entities who, during the period from April 1, 1999 to June 30, 2002,
    purchased DRAM in the United States directly from the defendants or their subsidiaries, and who

20   did not request exclusion by October 3, 2006, settle or release their claims, and/or whose claims are
    not otherwise precluded ("Class Members").  Excluded from the class are defendants and their

21   parents, subsidiaries, affiliates, all governmental entities, and co-conspirators.

22   A hearing will be held on August 1, 2007 at 9:00 a.m. before the Honorable Phyllis J.

23   Hamilton, in Courtroom 3, on the 17th Floor of the United States District Courthouse, at 450

24   Golden Gate Avenue, San Francisco, California 94102, to determine whether each of the proposed

25   settlements is fair, adequate, and reasonable to the Class, and whether, therefore, this litigation

26   should be dismissed with prejudice against the Settling Defendants.

27

28

1    The settlement payments will be deposited into interest-bearing accounts for the benefit of

2    the Class.  The settlement fund will be distributed at a later date, and therefore no claim forms are

3    to be submitted at this time.

4        Class Counsel will request attorneys' fees in an amount of 25% of the total settlement fund

5    of $325,997,000, plus interest and expenses and payment of incentive benefits to Plaintiffs' Class

6    Representatives in an amount not to exceed $10,000 per class representative.  A hearing on Class

7    Counsel's request for attorneys' fees and reimbursement of expenses and request for incentive

8    benefits to the Class Representatives will be held on August 15, 2007.

9        You do not need to do anything to remain in the Class, nor is there another opportunity to

10   request exclusion from the Class.  Class Members will be entitled to receive money from the

11   settlement fund when it is ultimately distributed.  At final approval, Class Counsel and Plaintiffs

12   will ask the Court to approve a plan of allocation and distribution of the Net Settlement Fund on a

13   pro rata basis among Class Members based on the dollar amount each Class Member paid to

14   Defendants for direct purchases of DRAM from the Defendants during the period April 1, 1999

15   through June 30, 2002.  If you wish to object to any of the settlements or class counsel's request for

16   attorneys' fees, expenses and incentive benefits, you must file a written objection by July 6, 2007.

17       A more detailed description of this litigation and the proposed settlements is contained in

18   the Notice of Partial Class Action Settlements (the "Notice").  The Notice has been mailed to

19   identifiable Class Members.  If you are a Class Member and have not received a Notice, you may

20   obtain a copy free of charge by writing to: *In Re DRAM Antitrust Litigation* c/o Rust Corporation,

21   Inc., P.O. Box 24657, West Palm Beach, Florida 33416.  The Notice and the settlement agreements

22   are also posted on this website: www.dramantitrustsettlement.com.

23       Questions concerning the matters contained in this Summary Notice should be directed to

24   the following Class Counsel:

25   GUIDO SAVERI                     ANTHONY D. SHAPIRO
     R. ALEXANDER SAVERI             HAGENS BERMAN SOBOL SHAPIRO
26   SAVERI & SAVERI, INC.           LLP
     111 Pine Street, Suite 1700     1301 Fifth Avenue, Suite 2900
27   San Francisco, CA 94111         Seattle, WA  98101

28

SUMMARY NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS
– Master File No. M-02-1486 PJH (JCS)          -3-

1

FRED TAYLOR ISQUITH
WOLF, HALDENSTEIN, ADLER,
   FREEMAN & HERZ
270 Madison Avenue
New York, NY  10016

2

3

4

5

**PLEASE DO NOT TELEPHONE OR ADDRESS INQUIRIES TO THE COURT.**

6

7

Dated:_____, 2007

8

BY ORDER OF THE DISTRICT COURT
United States District Court
for the Northern District of California
San Francisco, CA

9

10

11

12

13   ram.795

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMARY NOTICE OF PARTIAL CLASS ACTION SETTLEMENTS
– Master File No. M-02-1486 PJH (JCS)          -4-