UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

This Document Relates to:

All Indirect Purchaser Actions
_____/

No. M 02-1486 PJH

**ORDER EXTENDING TIME TO RESPOND TO AMENDED COMPLAINT**

On July 2, 2007, the parties filed a stipulation whereby the parties agreed to extend the time for defendants to respond to the first amended complaint filed on June 28, 2007 by the indirect purchaser plaintiffs.[1] According to the stipulation, defendants are considering whether to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12, and it therefore grants defendants until July 30, 2007 to respond to the first amended complaint.

The same day this stipulation was filed, however, plaintiffs also re-noticed for hearing a motion for leave to file a second amended complaint, which is now set to be heard on August 15, 2007. Plaintiffs' proposed second amended complaint differs from the first amended complaint, in that it seeks to redefine the putative indirect purchaser class in certain respects, and to overcome several of the deficiencies that led the court to grant judgment on the pleadings in defendants' favor with respect to numerous claims asserted in the original complaint.

In view of plaintiffs' pending motion for leave to file a second amended complaint, the court believes that it would be inefficient for defendants to file an answer or response to the first amended complaint, without first learning whether a second amended complaint

---

[1] The first amended complaint was filed pursuant to the court's June 1, 2007 order granting in part and denying in part defendants' motions for judgment on the pleadings with respect to numerous claims asserted in plaintiffs' original complaint.

will be allowed. If the court chooses to allow the filing of a second amended complaint, for example, and assuming that defendants answer or respond to the first amended complaint by July 30, 2007, defendants would be required to answer or respond to a superceding second amended complaint just weeks after responding to the first amended complaint, or even while a motion to dismiss is pending as to the first amended complaint. Not only would such a result be inefficient, it would also create the risk of duplicative and unnecessary motion practice, in the event that defendants decided to file a motion to dismiss in response to both the first amended complaint, and any second amended complaint.

In sum, the court finds that judicial efficiency would be best served by granting defendants additional time so that they may answer or respond to *either* plaintiffs' first amended complaint, *or* plaintiffs' second amended complaint (in the event the court allows the filing of such) – whichever of the two is ultimately deemed to be the operative complaint.

To that end, defendants need not respond to any amended complaint filed by plaintiffs until after the court has issued its decision regarding plaintiffs' motion for leave to file a second amended complaint. In the event the court denies plaintiffs' motion, defendants shall have 30 days from the date of such denial in which to answer or respond to the first amended complaint currently on file. In the event the court grants plaintiffs' motion, defendants shall have 30 days from the date of the filing of the second amended complaint in which to answer or respond to the second amended complaint.

This order supercedes the July 2, 2007 stipulation filed by the parties.

**IT IS SO ORDERED.**

Dated: July 6, 2007

PHYLLIS J. HAMILTON
United States District Judge

2