UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

This Document Relates to:

All Indirect Purchaser Actions
_____/

No. M 02-1486 PJH

**ORDER DENYING REQUEST FOR LEAVE TO FILE AMICUS BRIEF**

Before the court is the State of California's request for leave to appear as amicus curiae in support of the indirect purchaser plaintiffs' motion for leave to file a second amended complaint. The State of California asserts that its presence in connection with plaintiffs' motion is necessary because (1) the court has need of the State's "input" on "the very serious issues addressed" in the indirect purchaser action; and (2) as the "guardian" of the California Cartwright Act, the California Attorney General is "concerned" that the court's June 1, 2007 order granting judgment on the pleadings with respect to certain claims "materially weaken[s] California antitrust enforcement," in a way that only the State Attorney General can adequately address.

There are no strict prerequisites that must be established prior to qualifying for amicus status; an individual or entity seeking to appear as amicus must merely make a showing that his/its participation is useful to or otherwise desirable to the court. See In re Roxford Foods Litig., 790 F. Supp. 987, 997 (E.D. Cal.1991)("The privilege of being heard amicus rests solely within the discretion of the court..."). An amicus curiae is merely a "friend of the court," not a party to the action, and to that end, an amicus may not assume

the functions of a party, nor may it initiate, create, extend, or enlarge the issues. See Miller-Wohl Co., v. Comm'r. of Labor and Indus. of Mont., 694 F.2d 203, 204 (9th Cir.1982); United States v. Alkaabi, 223 F. Supp. 2d 583, 593 n. 19 (D. N.J. 2002).

Here, review of the California Attorney General's proposed amicus brief makes evident that, rather than offering useful or advisory arguments, the State is really seeking to relitigate the issues raised by the actual parties to the instant action in connection with defendants' earlier motions for judgment on the pleadings. Indeed, nearly the whole of the State's proposed brief is aimed at pointing out the various "errors" that the State believes the court committed in issuing its June 1, 2007 order, and the reasons why those errors justify the filing of a second amended complaint. Even more striking, is the State's sweeping conclusion that the court should simply "vacat[e] sua sponte the 6/1/07 Order and enter[] a different order denying defendants' motion for judgment on the pleadings." See Amicus Br. at 25:2-4.

These arguments are not consistent with the role of an amicus. In making them, the State of California, who is not a party to the instant action, seeks to do what plaintiffs, and plaintiffs alone, had the ability to do – i.e., have the court reconsider its June 1, 2007 order. Since, as noted above, the State is prohibited from assuming the functions of a party to the action, the court must accordingly deny the State's request.

Moreover, the court notes – as the State of California itself acknowledges – that the State is already a party to a related action before the court, in which similar issues of California and other states' laws are addressed. That action is proceeding before the court, with the active involvement of the California Attorney General. Accordingly, the court is not deprived wholesale of the benefit of the State's views as to California law, nor is the State deprived of the opportunity to make its views known, even if that opportunity arises in the context of a related action.

For the foregoing reasons, the State's request is therefore DENIED. The State's

corresponding request for judicial notice is also DENIED.

**IT IS SO ORDERED.**

Dated: July 9, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge