UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS
MEMORY (DRAM) ANTITRUST
LITIGATION
_____/

This Document Relates to:

All Indirect Purchaser Actions
_____/

No. M 02-1486 PJH

**AMENDMENT NO. 1 TO THE
JULY 11, 2003 PROTECTIVE
ORDER**

The court is in receipt of the parties' stipulated proposed amendment to the July 11, 2003 protective order entered in this action, which was applied to the indirect purchaser actions on November 3, 2005. By way of their proposal, the parties seek to address the court's concerns about the overly broad nature of the current provision of the protective order regarding the filing of documents under seal. The court finds the stipulated proposal unnecessarily confusing, however, and therefore declines to adopt it. Instead, the court hereby amends the July 11, 2003 protective order's provision regarding the sealing of documents as follows:

15. <u>Filing Protected Material</u>. Without written permission from the party or non-party who produced documents designated as "Confidential" or "Highly Confidential" under this Protective order (the "Producing Party"), or a court order obtained after appropriate notice to all interested persons, a party, other than the Producing Party, may not file in the public record in this action any documents designated "Confidential" or "Highly Confidential." If any documents designated "Confidential" or "Highly Confidential" would be included in any pleading, memorandum or other court filing, counsel for the party wishing to include such "Confidential" or "Highly Confidential" documents shall meet and confer with opposing

counsel and/or counsel for the Producing Party in advance of the filing of any such pleading, memorandum or other court filing, in order to narrow or eliminate the documents for which the Producing Party seeks confidential status.  In attempting to narrow or eliminate the number of documents for which the Producing Party seeks confidential status, counsel shall be guided by the standards set forth in Kamakana v. City and County of Honolulu, 447 F.3d 1172 (9th Cir. 2006).  If the meet and confer does not eliminate the need for all or part of the pleading, memorandum or other court filing in question to be filed under seal, the parties shall follow the procedures specified in Civil local Rule 79-5, and shall furthermore support any request for the sealing of documents with the requisite showing of need, as set forth in Kamakana.

**IT IS SO ORDERED.**

Dated: October 1, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge