UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

This Document Relates to:

All Indirect Purchaser Actions
_____/

No. M 02-1486 PJH

**ORDER DENYING ADMINISTRATIVE MOTION AND VACATING HEARING ON CLASS CERTIFICATION**

Before the court is defendants' administrative motion for leave to file a supplemental brief in opposition to the indirect purchaser plaintiffs' motion for class certification. By way of their motion, defendants seek submission of additional argument challenging plaintiffs' proposed class definition, to the extent the definition includes resellers' claims for some purposes and not others. Defendants assert that a supplemental brief is necessary, since plaintiffs' proposed class definition was materially altered in their August 24, 2007 Amended Proposed Order re Class Certification, and defendants overlooked the change until well after the September 28, 2007 filing of their opposition brief.

Plaintiffs, in response, note that defendants impermissibly seek to replace about 18 lines of text in their opposition brief with nearly 5 pages of new argument, and that defendants were well aware of any changes in class definition, given that their opposition brief was filed more than one month after their Amended Proposed Order was filed, and the issue was also made plain as early as June 2007, via plaintiffs' motion for leave to file a second amended complaint. Plaintiffs further note that, in the event the court grants defendants' motion, plaintiffs would also require additional time to prepare and file their reply brief, until at least January 10, 2008.

Preliminarily, plaintiffs' objections to defendants' administrative motion are valid.

Plaintiffs' filings before the court, in connection with both the motion for leave to file a second amended complaint, the Amended Proposed Order filed on August 24, 2007, *and* plaintiffs' Amendments Re: Motion for Class Certification filed that same day, were sufficient to place defendants on notice of the changes in plaintiffs' proposed class definition.  Accordingly, it was defendants' responsibility to review those filings and address all relevant arguments before filing their September 28, 2007 opposition brief. Alternatively, if they believed such preparation could not be done in the time or with the pages allotted, it was defendants' responsibility to bring that issue to the court's attention prior to the filing of their opposition brief, and at the very least, at some point well prior to now.

Notwithstanding the above, and upon review of the substance of defendants' proposed submission, the court believes that consideration of the arguments raised therein, as well as any response thereto, may ultimately prove helpful to the court in deciding the pending motion for class certification.  The court therefore wishes to consider them.

Additionally, it is apparent from plaintiffs' reasonable request for an enlargement of the time for filing their reply brief in the event that the court grants defendants' motion, that the court may not do so consistent with the current class certification schedule.  Indeed, the court's own review of the briefs in preparation for the hearing on defendants' pending motion to dismiss portions of plaintiffs' second amended complaint, has made clear that modification of the class certification schedule is necessary.  Should portions of plaintiffs' second amended complaint be dismissed, for example, the operative complaint upon which plaintiffs seek class certification may look entirely different than at present.  As such, there is a distinct possibility that plaintiffs' current arguments with respect to the propriety of class certification may be impacted, and might need to be revisited in any event.  Should plaintiffs need to revise their pending arguments, defendants' opposition will similarly need modification.  Accordingly, the court has determined that notwithstanding its case management plan, that it would be more efficient to settle the pleadings before class certification is addressed.   Moreover, the court would prefer one brief from each side that

includes all arguments intended to be raised, rather than several briefs containing arguments that are no longer applicable or arguments intended to supplement ones previously made.

In view of all the above, the January 16, 2008 hearing date on plaintiffs' motion for class certification is hereby VACATED.  The briefing schedule with respect to the motion is also VACATED.  Once the court issues an order on the motion to dismiss, set for hearing on December 12, 2007, the parties will be asked to file revised briefs on plaintiffs' motion for class certification, which take into account the decision on the motion to dismiss.   The moving and opposition briefs will be limited to 35 pages and the reply to 20.

For administrative docketing purposes, the pending motion for class certification (docket no. 1627) is TERMINATED and defendants' motion for leave to file a supplemental brief is DENIED.

**IT IS SO ORDERED.**

Dated: December 5, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge