Josef D. Cooper (53015)
Tracy R. Kirkham (69913)
COOPER & KIRKHAM, P.C.
655 Montgomery Street, Suite 1700
San Francisco, CA 94111
Telephone: (415) 788-3030

Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Qianwei Fu (242669)
ZELLE, HOFMANN, VOELBEL,
MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Co-Lead Counsel and Liaison Counsel for Indirect-Purchaser Plaintiffs*
[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>*Petro Computer Systems, Inc., et al., v. Micron Technology, Inc., et al.,* (C05-02472) | Case No. M-02-1486-PJH<br><br>MDL No. 1486<br>Case No. C-05-02472<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292 (b)**<br><br>Date: April 2, 2008<br>Time: 9:00 a.m.<br>Place: Courtroom 3, 17th Floor<br>Judge: Honorable Phyllis J. Hamilton |

## I.   INTRODUCTION

Plaintiffs move for permission to appeal pursuant to 28 U.S.C. Section 1292(b) as the result of the Court's January 29, 2008 Order dismissing the Indirect-Purchaser Plaintiffs' state-law antitrust damage claims for lack of "antitrust standing" under *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983) ("*AGC*"). In that Order, this Court concluded that *AGC*'s "antitrust injury" requirement applied to claims under the antitrust laws of fifteen states[1] and barred standing under each of these laws to Plaintiffs who purchased DRAM in computers, defined as "BASE DRAM" in the Second Amended Complaint. Because the issue of whether *AGC* applies at all to the state antitrust laws at issue was first decided by the Court in its June 1, 2007 Order, Plaintiffs seek certification pursuant to 28 U.S.C. § 1292(b) of both the June 1, 2007 Order and the January 28, 2008 Order.

Indirect-Purchaser Plaintiffs seek leave to appeal the Court's orders only with respect to the *AGC* antitrust standing issues. The issues raised by these Orders include: (1) whether the requirements for standing under federal antitrust law set forth in *AGC* (as opposed to the applicable state law) apply to Plaintiffs' state-law antitrust claims; (2) if so, whether the Ninth Circuit's decisions in *American Ad Management, Inc. v. General Telephone Co. of California*, 190 F.3d 1051 (9th Cir. 1999) and *Bhan v. NME Hospitals, Inc.*, 772 F.2d 1467, 1470 (9th Cir. 1985) bar indirect-purchaser claims under state law where the plaintiffs are participants in a market that is interlinked with the market in which the defendants are allegedly price-fixing; and (3) whether the Court erred in dismissing Plaintiffs' state-law antitrust claims under Rule 12(b) on the grounds that as a matter of law, indirect purchasers of DRAM in computers do not have standing under *AGC*.

This Court recognized the significance of its decision. The vast majority of Plaintiffs (purchasers of computers, rather than stand-alone DRAM modules) are left with no antitrust

---

[1] These states are: Arizona, California, Iowa, Kansas, Maine, Michigan, Mississippi, Nebraska, Nevada, New Mexico, North Carolina, North Dakota, South Dakota, West Virginia, and Wisconsin. *See* January 29, 2008 Order at 4, n. 2.

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER
PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

damage claims against Defendants. Moreover, it leaves the valuation of the case uncertain and the prospects for any additional settlements uncertain. As a practical matter, unless this issue is resolved through interlocutory appeal, this Court and the parties face the prospect of another round of time- and resource-consuming procedures in the event of a reversal at the end of the case – e.g., class certification, class notice, expert discovery and trial. If not appealed now, it creates the prospect of inconsistent decisions in different courts after MDL pretrial proceedings are concluded and these cases returned to the transferee courts. And it decides an issue which has arisen, and will likely continue to arise, in numerous post-CAFA[2] federal class actions brought under state antitrust laws.

Interlocutory appeal is particularly appropriate in this complex, MDL antitrust case. The Supreme Court determined a strikingly similar issue in a similar case pursuant to 1292(b): whether indirect purchasers lacked standing to recover damages under the Sherman Act. *See In re Wyoming Tight Sands Antitrust Cases,* 695 F. Supp. 1109, 1119-20 (D. Kan. 1988) (certifying order holding indirect purchasers lacked standing to recover damages under Sherman Act, on grounds that "an immediate appeal could avoid the possibility of having to conduct two trials in this extremely complex litigation," noting "[t]he facts of this case present precisely the type of situation contemplated by Congress in section 1292(b)."); *aff'd,* 866 F.2d 1286 (10th Cir. 1989), *aff'd sub nom, Kansas & Missouri v. Utilicorp United,* 497 U.S. 199, 205 (1990).

Courts in the Ninth Circuit have also granted 1292(b) appeals for orders dismissing indirect purchaser claims in large antitrust cases such as this. *See In re Coordinated Pretrial Proceedings in Western Liquid Asphalt Cases,* 487 F.2d 191 (9th Cir. 1973) (considering order certified under Section 1292(b) holding indirect purchasers lacked standing to recover damages under the Sherman Act); *In re Fertilizer Antitrust Litig.*, No. MF-75-1, 1979 WL 1690, at *6 (E.D. Wash. Sept. 14, 1979) (certifying order pursuant to 1292(b) holding certain indirect purchasers could seek damages under Sherman Act, holding "[r]esolution of the

---

[2] Class Action Fairness Act, Pub. L. No. 109-2, 119 Stat. 4 (2005) (codified in a number of sections of 28 U.S.C.).

question will determine whether certain purchasers should be included in the plaintiffs' class and whether the named plaintiffs can in fact sue for damages, and if so, what transactions may be considered for purposes of computing damages."). As a general matter, courts have repeatedly granted appeal pursuant to 1292(b) in large antitrust cases for orders dismissing some, but not all, of the plaintiffs' claims, in order to prevent avoidable re-litigation in the event of a later reversal. *See, e.g., RFD Publications, Inc. v. Oregonian Publishing Co.*, 749 F.2d 1327 (9th Cir. 1984) (considering a 1292(b) appeal of an order limiting the scope of plaintiffs' antitrust claims); *In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig: California v. Standard Oil Co.*, 691 F.2d 1335 (9th Cir. 1982) (considering a 1292(b) appeal of an order dismissing some, but not all, of the plaintiffs' antitrust claims); *Obron v. Union Camp Corp.*, 355 F. Supp. 902, 904 (D.C. Mich. 1972) (approving certification under Section 1292(b) of an order ruling that antitrust damages were not available for the "bulk" of transactions at issue, noting "[t]he Courts, generally, have determined that [Section 1292(b)] is readily applicable to antitrust cases"), *aff'd,* 477 F.2d 542, 543 (6th Cir. 1973). *See also U.S. Rubber v. Wright,* 359 F.2d 784, 785 n. 2 (9th Cir. 1966) (noting the legislative history of Section 1292(b) indicates it is to be applied in exceptional cases such as "antitrust and similar protracted cases").

Interlocutory appeal of such rulings is also the "favored MDL practice." *In re Cintas Corp. Overtime Pay Arbitration Litig.*, No. M:06-cv-01781-SBA, 2007 WL 1302496, at *3 ("*Cintas*") (N.D. Cal. May 2, 2007) (Armstrong, J.) (holding "certification is particularly appropriate in the context of MDL proceedings" and *"follow[ing] the favored MDL practice* and certif[ying] its order for interlocutory appeal.") (emphasis added). *See also In re Korean Airlines Disaster*, 829 F.2d 1171, 1180-81 (D.C. Cir. 1987) (Ginsburg, J., concurring) (in MDL proceedings, courts should be "receptive" to interlocutory appeals of "outcome-determinative rulings" by transferee courts); *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d 741, 743 (D. Md. 2003) (noting appropriateness of interlocutory appeals on important issues in MDL proceedings to save time and resources), *rev'd on other grounds,* 355 F.3d 322 (4th Cir. 2004); *In re Air Crash Off Long Island, N.Y. on July 17, 1996,* 27 F.

Supp. 2d 431, 435-36 (S.D.N.Y. 1998) ("Because the district court's efficiency concerns are greatest in large, complex cases, certification may be more freely granted in so-called 'big' cases."), *aff'd,* 209 F.3d 200 (2d Cir. 2000).

As in those cases, Plaintiffs seek appellate review under procedural rules designed for cases like this and rulings of the kind at issue here.

## II.     ARGUMENT

Certification under 1292(b) is appropriate when an order: (1) involves a controlling question of law, (2) as to which there is a substantial grounds for a difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). *See, e.g., In re Cement Antitrust Litigation (Arizona v. Ideal Basic Indus.)*, 673 F.2d 1020, 1026 (9th Cir. 1982). In considering 1292(b) certification, courts also take into account the importance of the issue decided, and whether resolution of the issue would assist other courts in resolving similar disputes. *See, e.g., APCC Services, Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 109 (D.D.C. Dec 17, 2003).

### A.     Antitrust Standing Is A "Controlling Question of Law."

The Court's January 29, 2008 Order dismissed the claims of Plaintiffs from fifteen states that purchased DRAM as part of a computer on "antitrust standing" grounds. "[A]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, at 1026. *See also In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d at 744 (holding issue "controlling" where it determined "many aspects of the proceedings in substantial respects"). A question of law need not be "dispositive of the lawsuit in order to be regarded as controlling." *United States v. Woodbury*, 263 F.2d 784, 786 (9th Cir. 1959). "Fundamental" or "basic" determinations of law that have a large impact on the case, such as the necessary and proper parties to the litigation, whether a court has jurisdiction, or whether state or federal law applies to the plaintiffs' claims are each examples

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

of "controlling issues."  *See id.* at 787 (citing *United States v. View Crest Garden Apts., Inc.*, 265 F.2d 205 (9th Cir. 1958)).[3]

Here, the issue of antitrust standing under *AGC* constitutes a "controlling issue."  As this Court recognized, resolution of this issue eliminated a substantial portion of the claims in this case, and thus affected the outcome of this litigation.  Indeed, *because* resolution of the issue of antitrust standing, like here, can have a "potentially devastating effect" (January 29, 2008 Order at 15:16) on antitrust claims, courts routinely certify orders deciding antitrust standing issues for interlocutory appeal.  *See, e.g., Kansas v. Utilicorp. United, Inc.*, 497 U.S. 199, 205 (1990) (*parents patrie* antitrust standing issue under the Clayton Act); *Crimpers Promotions Inc. v. Home Box Office, Inc.*, 724 F.2d 290 (2d Cir. 1983) (antitrust standing issue under the Clayton Act); *Reiter v. Sonotone Corp.*, 579 F.2d 1077 (8th Cir. 1978) (indirect purchaser antitrust standing issue under the Sherman Act); *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 962 (3d Cir. 1983) (same); *Burch v. Goodyear Tire & Rubber co.*, 554 F.2d 633 (4th Cir. 1977) (state's *parens patrie* authority to seek injunctive relief under federal antitrust law).  "Standing to maintain the action" is among the examples of "controlling questions" specifically identified in a leading treatise.  *See* 19 J. Moore, *Moore's Federal Practice* § 203.31[2], at 203-88 to 89 (3d ed 2007).

**B.     Immediate Appeal "May Materially Advance The Ultimate Termination Of The Litigation."**

Similar to the "controlling-issue" analysis is the question of whether immediate review of an interlocutory order "may materially advance the ultimate termination of the litigation."  *See, e.g.,* 19 J. Moore, *Moore's Federal Practice* § 203.31[1], at 203-86 (3rd ed. 2002).  Examples of orders meeting this requirement include "orders that define the issues that remain to be tried" where appeal "may forestall unnecessary duplication of proceedings after reversal for trial of issues that should not have been dismissed."  16 Wright, Miller & Cooper, *Federal Practice and Procedure* 2d § 3931, at 462-63 (collecting cases).  As noted

---

[3] *Woodbury* is generally known as "the seminal Ninth Circuit case on certification." *Best Western Intern. Inc. v. Govan,* No. CIV 05-3247-PHX RCB, 2007 WL 1545776, at *3 (D. Ariz. May 29, 2007)).

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

above, because of the unique procedural nature of MDL proceedings, immediate interlocutory appeal of controlling issues of law is the "favored MDL practice." *Cintas.*, 2007 WL 1302496, at *3.

Here, appealing the "potentially devastating effect of this ruling on Plaintiffs' case in chief" (January 29, 2008 Order at 15:16-17) would promote a timely and efficient resolution of the case and conserve judicial resources. *See In re Fertilizer Antitrust Litig.*, 1979 WL 1690, at *6 (holding certification appropriate because "[r]esolution of the question will determine whether certain purchasers should be included in the plaintiffs' class and whether the named plaintiffs can in fact sue for damages, and if so, what transactions may be considered for purposes of computing damages."). Appeal now will spare the parties the avoidable expense of a second round of litigation in the event this Court's ruling is reversed and some or all of the computer purchasers in the fifteen states at issue are allowed to litigate their antitrust claims against Defendants. The January 29, 2008 Order changes the class definition, which in turn impacts all aspects of the class certification proceedings and class notice, rendering them subject to potentially wasteful re-litigation. It requires development of a methodology to ascertain ADDED DRAM[4] purchasers to distinguish them from BASE DRAM purchasers who otherwise will be eliminated from the class under the terms of the Order. Its impact on class notice, expert discovery and trial follow, in turn, and it would be extraordinarily wasteful to have to repeat those proceedings.

For all of these reasons, interlocutory appeal is appropriate. A 1292(b) appeal, combined with this Court's management of this litigation as the appeal is pending, is the best way to prevent needless re-litigation of such issues. Courts frequently certify orders dismissing or limiting claims in complex antitrust cases such as this, in order to prevent needless re-litigation in the event of a later reversal. *See In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig: California v. Standard Oil Co.*, 691 F.2d 1335 (9th Cir. 1982) (considering interlocutory appeal by plaintiff under 1292(b) of an order

---

[4] *See, e.g.,* Indirect Purchasers Plaintiffs' Second Amended Complaint ¶ 74.

1  dismissing some, but not all, of the plaintiffs' antitrust claims); *In re Coordinated Pretrial*
2  *Proceedings in Petroleum Products Antitrust Litig.*, 487 F.2d 191 (9th Cir. 1973)
3  (certification of order granting summary judgment against plaintiffs' claims on behalf of
4  indirect purchasers but allowing claims based on behalf of direct purchasers); *In re Wyoming*
5  *Tight Sands Antitrust Cases,* 695 F. Supp. at 1119-20 (holding certification appropriate
6  because "an immediate appeal could avoid the possibility of having to conduct two trials in
7  this extremely complex litigation."); *In re Microsoft Corp. Antitrust Litig.*, 274 F. Supp. 2d at
8  743 (certifying issue "foundational to the structure within which this MDL litigation will be
9  conducted" due to risk of "senseless waste of private and public resources and an
10 unconscionable delay in the final resolution of these proceedings"); *Bradburn Parent*
11 *Teacher Store, Inc. v. 3M*, No. Civ. A.02-7676, 2005 WL 1819969, at *4 (E.D. Pa. Aug. 2,
12 2005) (certifying order for interlocutory appeal in antitrust action in order to avoid possibility
13 of the need for a "new trial" in the event of appeal after final judgment).

14       The nature of these proceedings, as well as the risks and costs associated with
15 delaying final review, also weigh strongly in favor of certification.  As this Court recognized,
16 it is probable that its *AGC* rulings will be appealed.  *See* January 29, 2008 Order at 15:19
17 (noting "the court does not expect to be the last word on this issue.").  Plaintiffs respectfully
18 suggest that any appeal should occur now, before pretrial proceedings are concluded and the
19 cases returned to their transferor courts.  Given that the rulings at issue predicted the contours
20 of antitrust standing for fifteen different states' antitrust laws, interlocutory appeal is
21 particularly appropriate and is the "favored" approach.  *See, e.g., Hill v. Henderson,* 195 F.3d
22 671, 677-78 (D.C. Cir. 1999) (immediate, consolidated appeal under 1292(b) for potentially
23 outcome determinative rulings "favor[ed]").  "Delaying review would burden not only the
24 parties, but the judicial system itself." *In re Air Crash Off Long Island, N.Y. on July 17, 1996,*
25 27 F. Supp. 2d at 435.

26       Further, if the Court grants Plaintiffs' motion and the Ninth Circuit exercises its
27 discretion to consider Plaintiffs' appeal, this Court would have the power to stay all or some
28 of the proceedings in order to conserve the resources of the parties and the Court.  *See* 28

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER
PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

1  U.S.C. § 1292(b); *Watson v. Yolo County Flood Control & Water Conservation Dist.*, No.
2  2:06-cv-1549 FCD DAD, 2007 WL 4107539, at *2-3 (E.D. Cal. Nov. 16, 2007) (citing
3  *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) and *Mediterranean Enterprises,*
4  *Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)).

      **C.**    **There Is A Substantial Ground For Difference Of Opinion Concerning The Application And Scope Of The Federal *AGC* Requirements To The State Antitrust Claims Dismissed In The January 29, 2008 Order.**

7        The third factor for certification under 1292(b), a substantial ground for a difference
8  of opinion concerning the rulings at issue, can hardly be disputed.  This Court noted that its
9  ruling "is not without controversy or uncertainty, given the state of the law on the issues
10 raised herein with respect to antitrust injury."  January 29, 2008 Order at 15:17-19. *See also*
11 January 29, 2008 Order at 13 ("the case law ultimately provides no ready answer"); June 1,
12 2007 Order at 8-11 (acknowledging that the parameters of antitrust standing under the
13 Cartwright Act present an open question); *id.* at 13 ("[t]he issues raised by the parties are
14 complicated and devoid of ready or simple answer").[5]

15       Other courts have also acknowledged the difficulty of these issues.  *See, e.g., In re*
16 *Graphics Processing Units Antitrust Litig.*, --- F. Supp. 2d ---, 2007 WL 2875685, at *13-14
17 (N.D. Cal. Sept. 27, 2007) (noting conflicting case law).  Others have also reached different
18 conclusions.  The Fourth circuit in *Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302 (4th Cir.
19 2007), in a similar computer component case, rejected Microsoft's *AGC* argument that the
20 plaintiff lacked "antitrust standing," holding that Novell was in a class of plaintiffs "for
21 whom the *AGC* factors support antitrust standing, *even though they are outside the restrained*
22 *PC operating-system market.*."  *Novell,* 505 F.3d at 319-20 (emphasis added).  Contrast that
23 ruling with this Court's ruling that the state-law plaintiffs here lack "antitrust standing"
24 because they are outside the restrained DRAM market.  Other recent federal court decisions
25 have rejected a strict application of *AGC* to state antitrust claims.  *See, e.g., In re Graphics*

---

[5] *See also* December 13, 2006 Hearing Transcript at 8:7-13 (acknowledging "how difficult this area of the law is," and recognizing there is "authority on both sides of almost every argument"); *id.* at 142:15-21 ("this . . . is a state of law that is developing . . . [n]othing is entirely clear.").

8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER
PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

*Processing Units Antitrust Litig.*, --- F. Supp. 2d ---, 2007 WL 2875685, at *13-14 (N.D. Cal. Sept. 27, 2007) (holding "[s]tanding under each state's antitrust statute is a matter of that state's law" and "is a matter for the state policy makers to decide, not for a federal judge to impose by fiat."); *D.R. Ward Const. v. Rohm and Haas Co.*, 470 F. Supp. 2d 485, 502-03 (E.D. Pa. 2006) ("There is no indication that [the repealer states' laws] were enacted to provide remedies to certain types of indirect purchasers, such as those who participate in the immediate market subject to the price-fixing conspiracy, but not to other categories of indirect purchasers which function at a lower level of the distribution chain, such as end users who purchase products containing an ingredient subject to the price-fixing conspiracy.").

For all these reasons, there can be little doubt that there is a "substantial ground for difference of opinion" over whether, and to what extent, the *AGC* requirements apply to the states' antitrust laws addressed in the January 29, 2008 Order.[6]

### D. Immediate Appeal Would Also Assist Many Other Courts In Resolving Similar Disputes.

In considering 1292(b) certification, courts also take into account the importance of the issue decided, and whether resolution of the issue would assist other courts in resolving similar disputes. *See, e.g., APCC Services, Inc. v. AT & T Corp.*, 297 F. Supp. 2d 101, 109 (D.D.C. Dec 17, 2003) (certifying order, holding "[r]esolution of this question would also assist many other courts in resolving similar disputes."); *In re Vitamins Antitrust Litig.*, 2000 WL 33142129, at *2 (D.D.C. Nov. 22, 2000) (certifying order, holding "the Court finds that this is an important issue and that resolution of this question would assist many courts in resolving similar disputes.").

The orders here addressed the application of *AGC* and its "antitrust injury"

---

[6] *See, e.g., Sanders v. City of Bakersfield*, No. CIV-F04-5541AWITAG, 2007 WL 3274219, at *3 (E.D. Cal. Nov 05, 2007) (holding that substantial grounds for difference of opinion existed for "issue of state law" for which "there is no clear answer . . . in California jurisprudence" and "unclear" federal precedent); *Haley v. Medtronic, Inc.*, No. CV 94-4113 WJR (GHKX), 1995 WL 688240, at *1 (D.C. Cal. June 9, 1995) ("As is evidenced from opinions outside this circuit, there is substantial ground for difference of opinion as to whether the MDA preempts plaintiffs' stated causes of action. Although the Court's opinion tracks what Ninth Circuit authority is available, the Ninth Circuit has not directly confronted the issues decided by the Court").

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER
PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

requirement to fifteen states' antitrust laws. This issue has or will arise in numerous post-CAFA federal cases throughout the country involving indirect purchasers who bought a price-fixed product as a component of another product, including a number of cases in this District.[7] The importance of this issue, and the assistance that immediate interlocutory review would provide, lend further support for 1292(b) certification.

### III.   CONCLUSION

For the above reasons, Plaintiffs respectfully submit that the Court should grant this 1292(b) certification motion.

Dated: February 25, 2008

Respectfully submitted,

By  */s/ Matthew R. Schultz*
Francis O. Scarpulla (41059)
Craig C. Corbitt (83251)
Matthew R. Schultz (220641)
Qianwei Fu (242669)
ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP
44 Montgomery Street, Suite 3400
San Francisco, CA  94104
Telephone: (415) 693-0700
Facsimile: (415) 693-0770
fscarpulla@zelle.com
ccorbitt@zelle.com

*Liaison Counsel for Indirect Purchaser Plaintiffs*

---

[7] *See, e.g., In re Graphics Processing Units Antitrust Litig.*, --- F. Supp. 2d ---, 2007 WL 2875685, at *13-14 (N.D. Cal. Sept. 27, 2007) (noting issue will arise at certification); *In re Static Random Access Memory (SRAM) Antitrust Litig.*, N.D. Cal., No. M:07-CV-01819-CW (involving price-fixing claims by indirect purchasers against manufacturers of static random access memory); *In re Flash Memory Antitrust Litig.*, N.D. Cal., No. C-07-00086 SBA (involving price-fixing claims by indirect purchasers against manufacturers of flash memory); *In re TFT-LCD Antitrust Litig.*, N.D. Cal., No. C07-1827 SI (involving price-fixing claims by indirect purchasers against manufacturers of TFT-LCD panels).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)

| | |
|---|---|
| 1 | Daniel E. Gustafson |
| 2 | Renae D. Steiner |
|   | GUSTAFSON GLUEK PLLC |
| 3 | 650 Northstar East |
|   | 608 Second Avenue South |
| 4 | Minneapolis, MN  55402 |
|   | Telephone:  (612) 333-8844 |
| 5 | Facsimile:  (612) 339-6622 |

```
1                                           Daniel E. Gustafson
                                            Renae D. Steiner
2                                           GUSTAFSON GLUEK PLLC
                                            650 Northstar East
3                                           608 Second Avenue South
                                            Minneapolis, MN  55402
4                                           Telephone:  (612) 333-8844
                                            Facsimile:  (612) 339-6622
5
6                                           David Boies III
                                            STRAUS & BOIES, LLP
7                                           4041 University Drive, Fifth Floor
                                            Fairfax, VA  22030
8                                           Telephone:  (205) 324-3800
9
                                            Josef D. Cooper (53015)
10                                          Tracy R. Kirkham (69913)
                                            COOPER & KIRKHAM, P.C.
11                                          655 Montgomery Street, Suite 1700
                                            San Francisco, CA  94111
12                                          Telephone:  (415) 788-3030
13
                                            Daniel J. Mogin
14                                          THE MOGIN LAW FIRM, P.C.
                                            110 Juniper Street
15                                          San Diego, CA  92101-1502
                                            Telephone:  (619) 687-6611
16
17                                          Co-Lead Counsel For Indirect Purchaser
                                            Plaintiffs
18
                                            Terry Gross
19                                          GROSS & BELSKY, LLP
                                            180 Montgomery Street, Suite 2200
20                                          San Francisco, CA  94101
                                            Telephone:  (415) 544-0200
21
22                                          Executive Committee Chair For Indirect
                                            Purchaser Plaintiffs
23
24
25    3172144v8
26
27
28
                                            11
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF INDIRECT-PURCHASER
       PLAINTIFFS' MOTION FOR CERTIFICATION PURSANT TO 28 U.S.C. § 1292(b)
```