United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION _____/ This Document Relates to: Petro Computer Systems, Inc., et al. v. Micron Technology, Inc., et al. C 05-2472 PJH _____/ | No. M 02-1486 PJH **ORDER GRANTING MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** |

Before the court is the motion of plaintiffs for certification of certain orders of the court for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The motion is unopposed by defendants.

The general rule is that an appellate court should not review a ruling from a district court until after entry of final judgment. Coopers & Lybrand v. Livesay, 437 U.S. 463, 474 (1978). An exception to this general rule appears in 28 U.S.C. § 1292, which provides that certification of an interlocutory order for appeal is appropriate when the order involves a controlling question of law, as to which there is substantial ground for difference of opinion, and where a resolution thereof will materially advance the termination of the litigation. 28 U.S.C. § 1292(b). The party seeking certification of an interlocutory appeal has the burden to show the presence of these exceptional circumstances. Coopers & Lybrand, 437 U.S. at 474-75.

The court finds that this case meets all three criteria stated above for the reasons advanced by plaintiffs and those acknowledged by the court in the orders plaintiff seeks to

appeal.

Accordingly, the motion is GRANTED. The court certifies for appeal the following issues decided in the June 1, 2007 order granting in part and denying in part defendants' motion for judgment on the pleadings and the January 29, 2008 order granting in part and denying in part defendants' motion to dismiss:

1. Whether the requirements for standing under federal antitrust law set forth in *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519 (1983), apply to indirect purchaser plaintiffs' state law antitrust claims.

2. If so, whether indirect purchasers, who are not participants in the same market in which the defendants have allegedly fixed prices, but are participants in a related and interlinked market, have antitrust standing in light of *American Ad. Mgmt. v. GTE*, 190 F.3d 1051 (9th Cir. 1990) and *Bhan v. NME Hosps., Inc.*, 772 F.2d 1467 (9th Cir. 1985).

3. Whether this court's dismissal of plaintiffs' state law antitrust claims, based on their indirect purchases of DRAM as a component of computers, for lack of antitrust standing was erroneous.

The hearing on this motion scheduled for April 2, 2008 is VACATED. Should the court of appeals permit the appeal to be taken, the parties shall contact the court to arrange a case management conference to discuss whether a stay should be entered.

**IT IS SO ORDERED**

Dated: March 28, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge