UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION
_____/

This Document Relates To:

ALL ACTIONS
_____/

No. M 02-1486 PJH

**ORDER GRANTING LIMITED INTERVENTION**

The movants' motion to intervene in the underlying action came on for hearing before this court on July 23, 2008.  The movants – consisting of two groups of plaintiffs in two pending securities actions that are unrelated to the underlying actions ("movants") – appeared through their counsel, John Grant.[1]  The various respondents to the motion – including both plaintiffs and defendants in the underlying actions – appeared through their respective counsel, Guido Saveri and R. Alexander Saveri (direct purchaser plaintiffs); Adam Bellsky (indirect purchaser plaintiffs); Howard Ullman (Nanya defendants); Steven Bergman (Hynix defendants); Angela Rafoth (Mosel defendants); Julian Brew and Mia Mazza (Infineon defendants); Joel Sanders (Micron defendants); and Isabelle Young (Elpida defendants)(collectively "respondents").  Having read the parties' papers and carefully considered their arguments and the relevant legal authority as well as the parties' proposed orders, and good cause appearing, the court hereby GRANTS movants' request on limited grounds, for the reasons stated at the hearing, and summarized as follows:

---

[1] The two cases are In re Infineon Technologies AG Securities Litigation, C 04-4156 JW ("Infineon action"), and In re Micron Technology, Inc. Securities Litigation, 1:06 CV-00085 BLW, D. Idaho ("Micron action").  The plaintiffs in those actions (and the movants here) are the International Union of Operating Engineers, Local 132 Pension Plan; Chemical Valley Pension Fund of West Virginia; Reinhard Schroeder; Charter Township of Clinton Police & Fire Retirement System; and Graziella Peano (collectively "movants").

Movants seek intervention pursuant to Federal Rule of Civil Procedure 24(b) for the purposes of modifying the July 11, 2003 protective order entered in the underlying multidistrict litigation, so that movants can gain access to the discovery produced in that litigation for use in their collateral actions. As a general matter, the Ninth Circuit has adopted a strong policy "favor[ing] access to discovery materials to meet the needs of parties engaged in collateral litigation." See, e.g., Foltz v. State Farm Mutual Auto. Ins. Co., 331 F.3d 1122, 1131 (9th Cir. 2003)(holding that district court abused its discretion in denying motion to modify protective order for collateral litigation purposes) ; Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470 (9th Cir. 1992)(affirming district court's grant of motions to intervene and modify protective order for collateral litigation purposes); Olympic Refining Co. v. Carter, 332 F.2d 260 (9th Cir. 1964)(reversing district court denial of motion to intervene and modify protective order for collateral litigation purposes).

As the court made clear in Foltz, however, adoption of such a policy in no way gives those seeking intervention carte blanche to obtain all discovery produced as part of an underlying action, as a matter of course. Rather, the Ninth Circuit noted that a collateral movant's request for intervention and modification should generally be granted only "where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy...". Foltz, 331 F.3d at 1132. To that end, the collateral litigant must initially "demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein." See id. ("requiring this showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding"). 'Relevance' in turn hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order, and the collateral proceedings.

In analyzing a collateral litigant's relevance showing, the district court's task is to simply make a rough estimate of relevance, and satisfy itself "that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative

discovery will be avoided by modifying the protective order." Foltz, 331 F.3d at 1332. Once the court has made this assessment, the only issue the court determines "is whether the protective order will bar the collateral litigants from gaining access to the discovery already conducted." See id. at 1132-33. The court "does not decide whether the collateral litigants will ultimately obtain the discovery materials" – a decision that is to be made by the collateral courts. Id. at 1133.

Even assuming that the court determines the relevance inquiry in the affirmative, however, the court must nonetheless consider other factors in addition to relevance, before finally deciding to modify the protective order. In particular the court "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery." Id. Reliance will be less, however, "with a blanket [protective] order, because it is by nature overinclusive." Foltz, 331 F.3d at 1133.

Applied here, Foltz dictates that the movants' request be granted, for the court finds that movants have satisfactorily established that the collateral actions are sufficiently related to the underlying action, such that a significant amount of duplicative discovery may be avoided by granting the request. See Grant Decl. ISO Mot. Intervene, Exs. B-C (the same illegal price-fixing conspiracy that is at the center of the DRAM MDL litigation, are squarely at the heart of the collateral action complaints). Furthermore, in taking into account respondents' opposition to the motion to intervene, the court finds that respondents' reliance interest is significantly lessened in comparison with the policy of avoiding duplicative discovery, in view of the fact that the July 11, 2003 protective order may fairly be deemed a blanket protective order that errs on the side of over-inclusivity.

This is not to say that there aren't significant distinctions between movants' request here and the request in Foltz, which warrant some discussion. Unlike the underlying case in which the movants sought to intervene in Foltz, for example, the present case is an open one, and is being actively litigated by the parties (i.e., the majority of respondents here). This distinction means that the court must pay careful consideration here before granting

movants' request, so as not to prejudice any of the existing parties or ongoing litigation in the case. Furthermore, while Foltz dealt with discrete categories of sealed documents that were being sought by the collateral litigants, it is unclear precisely what the movants here contemplate when they state that they seek intervention and modification of the protective order in order to gain "access" to the discovery produced in the underlying action. Not only do movants fail to set forth any particularized categories of documents being sought, but their request at times can be read to imply that movants are seeking access to *all* discovery produced in the underlying litigation in its entirety. To the extent such a request is being made, it is problematic, as such a broad request risks colliding with the Ninth Circuit's decree that collateral litigants not be allowed to gain access to underlying discovery materials merely to subvert limitations on discovery in collateral litigation.

On balance, however, the court concludes that these distinctions – while significant – do not warrant outright denial of movants' request. Rather, a grant of movants' request on limited grounds, and with reasonable restrictions to guard against the above stated concerns, is warranted. Thus, the motion to intervene and for modification of the July 11, 2003 protective order is GRANTED. Movants are permitted to intervene in the underlying action, and the July 2003 protective order is hereby modified and/or amended as follows: (a) movants are made parties to the order; and (b) paragraph 3 of the protective order, which states that the "use" of any material protected by the order in any "other case, litigation or proceeding" is prohibited, is hereby construed to exclude both collateral actions at issue here from the definition of any "other case, litigation or proceeding" in which disclosure of the protected material would be prohibited.

Notwithstanding this ruling, however, the movants' request for intervention and modification of the July 2003 protective order is granted *only for the limited purpose* of securing a ruling from this court to the effect that the protective order cannot be used against movants as a bar to any discovery already conducted in the present action, by any party to the collateral actions. In other words, the court's ruling does not allow movants to

4

directly access the underlying documents. It simply establishes that no party may prevent movants from obtaining access as a matter of course, for use in the collateral actions. Any such access is permissible, however, only after the collateral courts have decided upon the proper scope of discovery – including third party discovery – in those cases (and resolved any discovery objections that arise), and only to the extent and in accordance with the scope permitted by those courts. A valid protective order must also be entered in the collateral actions, before movants may access the underlying discovery protected by the July 11, 2003 protective order.

With this understanding and subject to the above limitations, the motion to intervene and for modification of the July 11, 2003 protective order is GRANTED.

**IT IS SO ORDERED.**

Dated: September 10, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge