ANDREW M. CUOMO
Attorney General of the State of New York
JAY L. HIMES
Bureau Chief, Antitrust Bureau
RICHARD L. SCHWARTZ
JEREMY R. KASHA
Assistant Attorneys General
    Office of the New York Attorney General
    120 Broadway, 26th Floor
    New York, New York 10271-0332
    Tel: (212) 416-8262
    Fax: (212) 416-6015
    Email:  Jay.Himes@oag.state.ny.us
            Richard.Schwartz@oag.state.ny.us
            Jeremy.Kasha@oag.state.ny.us
Attorneys for Plaintiff State of New York

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH<br><br>MDL No. 1486<br><br>Case No. C 06-6436 PJH |
| This Document Relates to:<br><br>STATE OF NEW YORK,<br><br>Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>Defendants. | **PLAINTIFF'S AMENDED NOTICE OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR DISCOVERY, AND MEMORANDUM IN SUPPORT**<br><br>Date:       November 19, 2008<br>Time:       9:00 a.m.<br>Courtroom:  3<br>Judge:      Hon. Phyllis J. Hamilton<br><br>**ORAL ARGUMENT REQUESTED** |

PLAINTIFF'S AMENDED MOTION FOR JUDGMENT ON
THE PLEADINGS OR, IN THE ALTERNATIVE,
FOR DISCOVERY                                               C 06-6436 (PJH) M 02-1486 (PJH)

PLEASE TAKE NOTICE that on October 29, 2008, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 3 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff State of New York will and hereby does move this Court for an Order: (a) pursuant to Fed. R. Civ. P. 12(c), granting partial judgment on the pleadings with respect to certain of Defendants' affirmative defenses (*see* Schwartz Decl., Ex. J); or (b) in the alternative, granting the State of New York leave to conduct discovery concerning those affirmative defenses.  This motion is made upon this notice of motion and memorandum, as well as on the pleadings and on the supporting Declaration of Richard L. Schwartz, dated September 15, 2008, and accompanying exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

In their answers, Defendants assert a total of 317 affirmative defenses to New York's four claims, which are based on the antitrust violations already admitted by several of the defendants in guilty pleas or by public acknowledgment.  Although virtually all these defenses are *pro forma*, we move against only those defenses that, if they have any basis at all, are grounded in factual assertions found nowhere in Defendants' pleading, and that are not self-evident. Defendants should not be permitted to burden either the Court or the State of New York by tossing naked allegations into their pleading. Defenses in an answer, like claims in a complaint, must meet a test of plausibility.

The defenses that we now move against do not satisfy this test.  They are, accordingly, insufficient as a matter of law, and dismissible under Rule 12(c).  Alternatively, the Court should grant New York leave to conduct appropriate discovery to ensure that Defendants not be permitted to blind-side the State with their conclusory allegations.

**STATEMENT OF FACTS**

In an April 15, 2008 decision, this Court upheld the four claims that Plaintiff State of New York alleged in its Amended Complaint against Defendants. On May 13, 2008, each defendant filed an answer to our Amended Complaint, asserting scores of newly asserted affirmative defenses. *See* Schwartz Decl. ¶2 ( aggregating the 317 defenses asserted and the 88 at issue on this motion). Many of the affirmative defense are pleaded in a bare-bones, conclusory manner, and thus are unsupported by any facts providing grounds for their assertion. Because fact discovery closed in mid-2007, New York reached out to each Defendant to request that they consent to discovery that would permit New York to probe the various affirmative defenses, subject of course to the Court's approval.[1] Defendants either failed to respond or expressly declined to consent to any discovery on their newly asserted, conclusory affirmative defenses. *Id*. at ¶4.

Accordingly, we apply to the Court for appropriate relief. The 88 defenses that are the subject of this motion are identified on a defendant-by-defendant basis in Exhibit J to Mr. Schwartz's accompanying declaration.

//
//
//
//
//
//

---

[1] The Court will recall that fact discovery closed on July 16, 2007. At that point, no defendant had answered as motions to dismiss were pending. After this Court's August 31, 2007 decision, New York served its Amended Complaint, and defendants again moved to dismiss.

## ARGUMENT

## POINT I

### THE DEFENSES IN ISSUE DO NOT RISE TO THE LEVEL OF PLAUSIBILITY AND ARE, THEREFORE, LEGALLY INSUFFICIENT

A.  *Twombly* **Applies to Affirmative Defenses**

The defenses in issue fail to satisfy minimum standards of specificity in pleading under Rule 8, as informed by the United States Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2006).  In *Twombly,* the Supreme Court held complaint allegations of conspiracy legally insufficient where the pleading failed to allege facts showing that the plaintiff's claim was plausible.  As the Court explained, "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974; *see also Johnson v. Riverside Healthcare Sys., L.P.*, No. 06-55280, 2008 U.S. App. LEXIS 15994 (9th Cir. Jul. 28, 2008) at *9  (same).

*Twombly's* "plausibility" standard applies to an affirmative defense as well as to a claim in a complaint.  For example, in *Home Management Solutions v. Prescient*, No. 07-20608, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007), the Court granted plaintiff's motion to strike affirmative defenses of waiver, estoppel and unclean hands because the assertions were entirely conclusory, and thus failed to provide plaintiff fair notice.  *Id*. at *9-10.  Regarding waiver, the Court applied *Twombly* to strike the defense, stating that "Prescient does not plead the specific elements of waiver or provide any factual support to give Plaintiff fair notice of its defense." *Id.* at *9.  The Court similarly struck defendant's affirmative defenses of estoppel and unclean hands, as those too were also devoid of any factual assertions to put plaintiff on fair notice of defense*. Id*. at *10.

Likewise, in *Safeco Ins. Co. v. O'Hara Corp.*, No. 08-CV-10545, 2008 U.S. Dist. LEXIS 48399 (E.D. Mich. Jun. 25, 2008), the Court held that *Twombly* "applies also in the context of a defendant asserting an affirmative defense." *Id.* at *1. Granting plaintiff's motion to strike various defenses, the Court wrote:

> Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis. . . *Id.* at *2.

Applying *Twombly's* plausibility standard, the Court struck the defenses at issue because, like the defenses here, "[t]here is no analysis regarding the applicability of any of the individual affirmative defenses to Plaintiff's complaint." *Id.* at *3.

Similarly, in *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340-G, 2008 U.S. Dist. LEXIS 50165 (N.D. Tex. July 1, 2008), the Court applied *Twombly* in striking certain affirmative defenses. The *T-Mobile* Court emphasized that *Twombly* "clarified the pleading specificity standard, explaining that 'a formulaic recitation of the elements of a cause of action will not do' and that '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* at *5. The Court dismissed certain defenses as insufficient to provide T-Mobile with "fair notice of the defenses being advanced." *Id.* at *7.[2] Absent fact allegations demonstrating plausibility, the defenses simply failed to give the plaintiff fair notice of the issue that it was being called on to meet, thus rendering the defense insufficient as a matter of law. *Id.* at *6-7. *See also SEG Liquidation Co. v. Stevenson*, No. 07 C 3456, 2008 U.S. Dist. LEXIS

---

[2] Citing two pre-*Twombly* cases, *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) ("[B]aldly 'naming' the broad affirmative defenses of 'accord and satisfaction' and 'waiver and release' falls well short of the minimum particulars needed to identify the affirmative defenses in question"), and *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897 907 (N.D. Ill. 2006) ("Laches, waiver, estoppel and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense.")

17221, at *6 (N.D. Ill. Mar. 6, 2008) ("When presented with a motion to strike a defense as insufficient, a court must examine whether the challenged defense raises substantial questions of law or fact. . . Under current Supreme Court jurisprudence [citing *Twombly*], the challenged assertion must be above the level of speculation and articulate a plausible set of underlying facts.")

Thus, the case law teaches that *Twombly* "cannot be a pleading standard that applies only to plaintiffs. It must also apply to defendants in pleading affirmative defenses . . ." *United States v. Quadrini*, No. 07-CV-13227, 2007 LEXIS 89722, at *11-12 (E.D. Mich. Dec. 6, 2007) (granting motion to strike affirmative defenses).

## B. The Court Should Grant Partial Judgment on the Pleadings

*Twombly* and the authorities applying it to affirmative defenses demonstrate that the defenses in issue here fail to pass muster. They are legally insufficient, and should be dismissed.

Collectively, Defendants have asserted hundreds of affirmative defenses. Hynix – which has pleaded guilty to federal antitrust violations – has, for example, asserted 56 defenses to its admitted price-fixing. Infineon – another self-admitted federal felon – has alleged 45 defenses. Virtually all of the defenses in issue consist of a single sentence, lacking any factual specificity of any kind.

We illustrate using the Hynix and Infineon Defendants' answers:

### 1. Hynix

- **22nd Defense:** "Plaintiff's claims against Hynix are barred to the extent that any actionable conduct was committed by any individual acting ultra vires." S*ee* Hynix Defs. Ans., annexed to Schwartz Decl., Ex. L, at 25.

Either Hynix contends that persons acting on its behalf acted beyond the scope of their authority – or it does not. If that is its assertion, Hynix must plead facts sufficient to show that

the defense is plausible – not that it is merely theoretically conceivable.

- **25th Defense:** "Plaintiff's claims are barred, in whole or in part, to the extent that any claimed injury or damages have been offset by benefits received with respect to the challenged conduct." *Id*. at 26.

Again, if Hynix maintains that New York already has received "benefits" that operate to reduce the cartel's damage exposure to New York, Hynix has the responsibility of pleading facts showing that its assertion is plausible.

- **32nd Defense:** "Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands." *Id*. at 27.

Nothing in Hynix's defense gives any specificity to this allegation. Once again, the defense fails the plausibility test.

- **49th Defense:** "Plaintiff's claims under New York law and other applicable laws are barred by the voluntary-payment doctrine, under which one cannot recover payments with full knowledge of the facts." *Id.* at 30.

Hynix, however, does not set out who, when, or by what means, New York supposedly may have had "full knowledge" the DRAM cartel's price-fixing. The assertion is facially implausible.

- **52nd Defense:**, "Plaintiff's claims pursuant to the assignment clauses in the 'Centralized Contract' are barred, in whole or in part, because Hynix has already resolved any such claims with the direct purchaser OEMS and has been released from any further liability for such claims." *Id.* at 31.

The "resolutions" to which Hynix refers are undisclosed, as is the "release" that Hynix contends insulates it from liability to New York.

2. **Infineon**

- **4th Defense:** "Plaintiff's claims are barred, in whole or in part, because the Court lacks personal jurisdiction over the Defendant." S*ee* Infineon Defs. Ans., annexed to Schwartz Decl., Ex. M, at 21.

//

- **5th Defense:** "Plaintiff's claims are barred, in whole or in part, because of insufficiency of process." *Id.* at 21.

- **9th Defense:** "Plaintiff's claims are barred, in whole or in part, because of the equitable doctrine of laches." *Id.* at 21.

- **10th Defense:** "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." *Id.* at 21.

- **16th Defense:** "Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have filed to take all necessary, reasonable and appropriate actions to mitigate the injuries and damages alleged in the Complaint – the existence and extent of which Defendant expressly denies." *Id.* at 22.

- **42nd Defense:** "Defendant reserves the right to assert other defenses and affirmative defenses as this action proceeds and which are not apparent from the face of the Complaint." *Id.* at 27.

- **45th Defense:** "Defendant adopts by reference any defense pled by any other defendant not otherwise set forth herein." *Id.* at 27.

We have quoted these Infineon defenses in their entirety. They are barren of any details showing that they are plausible. Accordingly, these defenses are insufficient as a matter of law.

Moreover, these Hynix and Infineon defenses are only representative examples of the boilerplate that permeates the answers of all the Defendants.[3] We have prepared documents that

---

3 *See also, e.g.*, the following allegations:

**Micron's 12th Defense:** "To the extent there is a finding of an illegal overcharge, Plaintiff's claims are barred, in whole or in part, to the extent that such overcharge was absorbed, in whole or in part, by others, and was not passed through to Plaintiff as an indirect purchaser." Micron Defs. Ans., annexed to Schwartz Decl., Ex. O, at 16.

**Mosel Vitelic's 5th Defense:** "Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches." Mosel Vitelic Defs. Ans., annexed to Schwartz Decl., Ex. P at 17.

**Mosel Vitelic's 6th Defense:** "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." *Id.*

**Mosel Vitelic's 7th Defense:** "Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel." *Id.*

PLAINTIFF'S AMENDED MOTION FOR JUDGMENT ON
THE PLEADINGS OR, IN THE ALTERNATIVE,
FOR DISCOVERY                          7 of 10                    C 06-6436 (PJH) M 02-1486 (PJH)

identify the defenses against which we move on a defendant-by-defendant basis. Schwartz Decl., Exhs. A, J. We also have annexed Defendants' answers. *Id*., Exhs. L - S. As we believe the Court will appreciate from its review of Defendants' pleadings, these are not "close" calls. The defenses in issue are perfunctory. They are devoid of the fact specificity needed to render them plausible. They fail to give New York fair notice of any issue presented.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Judgment under Rule 12(c) is proper "when the moving party clearly establishes on the facts of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Ransey v. Amfac, Inc.,* 960 F. Supp. 1424, 26 (N.D. Ca. 1997); *Enron Oil Trading & Transp. V. Walbrook Ins. Co.,* 132 F.3d 526, 529 (9th Cir. 1997) ("A judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law.") (citations omitted).

The defenses at issue are legally insufficient. The Court should grant partial judgment of dismissal. *See Savage v. Council on American-Islamic Relations, Inc.*, No. 07-6076 SI, 2008 U.S. Dist. LEXIS 60545, (N.D. Cal. July 25, 2008) ("[a]lthough Rule 12(c) neither specifically authorizes nor prohibits motions for judgment on the pleadings 'directed to less than the entire complaint or answer . . . [i]t is the practice of many judges to permit 'partial' judgment on the pleadings (e.g. on the first claim for relief, or the third affirmative defense") (citing William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, Federal Civil Procedure Before Trial, P 9:340 (2001)); *see also Moran v. Peralta Community College District*, 825 F.Supp. 891 (N.D.

---

**Elpida 14th Defense:** "Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate its damages . . ." Elpida Defs. Ans., annexed to Schwartz Decl., Ex. N, at 25.

Cal. January 21, 1993) ("Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action.").

## POINT II

## THE COURT SHOULD GRANT NEW YORK LEAVE TO CONDUCT APPROPRIATE DISCOVERY

Alternatively, New York should have the opportunity to probe Defendants' conclusory defenses. If any of the defenses in issue presents a matter that is genuinely in dispute, New York is entitled to fair notice of the issue presented. But for the fact that Defendants made motions to dismiss part, but not all, of New York's complaints, and then served their answers after the close of fact discovery in the case, New York would have the ability to probe the defenses in preparation for meeting them at trial, or, after discovery, to move against them under Rule 56. Defendants should not be permitted to benefit from a strategy that has effect of denying New York the ability to invoke the discovery process otherwise available to flesh out and test the general allegations of a pleading.

Accordingly, although the defenses in issue should be dismissed for the reasons set forth above, if the Court is prepared to allow any to stand, then alternatively the Court should grant New York leave to conduct discovery as to them. We sought Defendants' consent to such discovery before applying to the Court for relief, and they have declined to agree. Schwartz Decl. ¶4.

//

//

//

## CONCLUSION

The Court should grant partial judgment on the pleadings dismissing the defenses in issue. In the alternative, the Court should grant New York leave to conduct discovery with respect to those defenses, as well as such other and further relief as the Court deems just and proper.

Dated: October 3, 2008

                            Respectfully submitted,

                            ANDREW M. CUOMO
                            Attorney General of the State of New York
                            120 Broadway, 26th Floor
                            New York, New York 10271
                            (212) 416-8282

                            By:   /s/ Richard L. Schwartz
                            JAY L. HIMES
                            Bureau Chief, Antitrust Bureau
                            RICHARD L. SCHWARTZ
                            JEREMY R. KASHA
                            Assistant Attorneys General
                            Antitrust Bureau