ANDREW M. CUOMO
Attorney General of the State of New York
JAY L. HIMES
Bureau Chief, Antitrust Bureau
RICHARD L. SCHWARTZ
JEREMY R. KASHA
Assistant Attorneys General
   Office of the New York Attorney General
   120 Broadway, 26th Floor
   New York, New York 10271-0332
   Tel: (212) 416-8262
   Fax: (212) 416-6015
   Email:  Jay.Himes@oag.state.ny.us
           Richard.Schwartz@oag.state.ny.us
           Jeremy.Kasha@oag.state.ny.us
Attorneys for Plaintiff State of New York

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH<br><br>MDL No. 1486<br><br>Case No. C 06-6436 PJH |
| This Document Relates to:<br><br>STATE OF NEW YORK,<br><br>     Plaintiff,<br><br>     v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>     Defendants. | **PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR DISCOVERY**<br><br>Date:      November 19, 2008<br>Time:      9:00 a.m.<br>Courtroom:  3<br>Judge:    Hon. Phyllis J. Hamilton<br><br>**<u>ORAL ARGUMENT REQUESTED</u>** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PRELIMINARY STATEMENT

Defendants largely ignore the principal branch of New York's motion.   There, we demonstrate that the challenged defenses are insufficient under the Supreme Court's *Twombly* decision.[1]   N.Y. Mem. at 3-9.   As the authorities we cite establish, an affirmative defense is subject to the same pleading requirements as a complaint.   Accordingly, New York's motion for partial judgment on the pleadings should be granted under the teaching of *Goose v. Gander*.

Unable to rebut our primary argument persuasively, Defendants set up a straw-person. Defendants contend that the Court should decline to afford New York discovery probing the defenses that we have challenged.   But this alternative branch of our motion arises only if the Court declines to dismiss under *Twombly*.   And, in any event, the discovery branch of our motion is also well-grounded.

There is no merit to Defendants' argument that we should have: (1) scoured their earlier answers to all the other complaints in the MDL proceeding, (2) divined that, of those complaints, the one in *Petro* included affirmative defenses that Defendants might someday assert against New York, and (3) then relied on that divine inspiration to propound discovery to Defendants. Defendants themselves admit that, if we had done anything of the sort, they would have asserted work product objections, Def. Opp. at 7, n.5 – and no doubt others. Nor should Defendants be permitted to preclude New York from probing their recently asserted defenses, based on a discovery schedule established years before these defenses were even asserted.

//

//

//

---

[1] *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2006).

PLAINTIFF'S REPLY ON MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR DISCOVERY                        C 06-6436 (PJH) M 02-1486 (PJH)

**ARGUMENT**

**POINT I:  DEFENDANTS HAVE NOT REFUTED NEW YORK'S *TWOMBLY***

**A.   *Twombly* Applies to Affirmative Defenses**

The case law establishes that *Twombly's* pleading standard applies to affirmative defenses.[2]  Moreover, authorities cited in Defendants' opposition support *New York's* position, not that of Defendants.  For example, *Virginia Woodfield v. Bowman,* 193 F.3d 354, 362 (5th Cir. 1999) – albeit a pre-*Twombly* ruling – expressly states that "[a]n affirmative defense is subject to the same pleading requirements as is the complaint." The Fifth Circuit further held that to "baldly name" an affirmative defense is insufficient as a matter of law.  *Id.*  Indeed, the *Virginia Woodfield* court rejected a defense based on waiver, much like many of the defenses at issue here, as "fall[ing] well short of the minimum particulars needed to identify the affirmative defense in question."  *Id.   See also Smith v. Wal-Mart Stores, Inc*., No. 06-C-2069 SBA, 2006 U.S. Dist. LEXIS 72225 at *14 (N.D. Cal. Sep. 20, 2006); *Stoffels ex rel. SBC Tel. Concession Plan v. SBC Commc'n, Inc.,* No. 05-CV-0233, 2008 U.S. Dist. LEXIS 83135 at *3 (W.D. Tex. Sep. 22, 2008).

According to Defendants, the "fair notice" standard for defenses, referred to in *Virginia Woodfield,* is more forgiving than that of *Twombly*.  This argument fails.  In *Twombly,* the Supreme Court expressly rejected the notion that it was adopting a "heightened" pleading standard. 127 U.S. at 1973, 1974.  Further, were there any room for doubt, *Twombly* controls

---

[2] *See, e.g., Home Management Solutions v. Prescien*t, No. 07-20608, 2007 U.S. Dist. LEXIS 61608 (S.D. Fla. Aug. 21, 2007); *Safeco Ins. Co. v. O'Hara Corp.,* No. 08-CV-10545, 2008 U.S. Dist. LEXIS 48399 (E.D. Mich. Jun. 25, 2008); *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC,* No. 3:08-CV-0340-G, 2008 U.S. Dist. LEXIS 50165 (N.D. Tex. July 1, 2008); *SEG Liquidation Co. v. Stevenson*, No. 07 C 3456, 2008 U.S. Dist. LEXIS 17221, at *6 (N.D. Ill. Mar. 6, 2008); *United States v. Quadrini*, No. 07-CV-13227, 2007 LEXIS 89722, at *11-12 (E.D. Mich. Dec. 6, 2007).

because it is a subsequent Supreme Court ruling on a matter of Federal procedural law. *Cf. Voeks v. Wal-Mart Stores, Inc.,* No. 07-C-0030, 2008 U.S. Dist. LEXIS 846, at \*16. (E.D. Wis. Jan. 7, 2008) ("the pleading requirements outlined in *Twombly* and *Virginia Woodfield* are not materially different").

      *Wyshak v. City Nat'l Bank,* 607 F.2d 824 (9ᵗʰ Cir. 1979), likewise fails to support Defendants. *Wyshak* addressed the court's discretion in permitting a pleading to be amended, not the sufficiency of the pleading itself. *Id.* at 826. Moreover, the decision turned on considerations of prejudice to the opposing party, and – under the facts of that case – the Court found none. *Id.; see also Perlmutter v. Shatzer,* 102 F.R.D. 245, 248 (D. Mass. 1984). In contrast, New York would suffer prejudice here, particularly if challenged defenses were upheld and New York not permitted the alternative relief of limited discovery.

      Defendants' reliance on *Voeks* is equally misguided. The *Voeks* court rejected many of the affirmative defenses for precisely the reasons we urge. *Voeks,* 2008 U.S. Dist. LEXIS 846, at \*17-19. Specifically, the court held that "[e]quitable defenses must be pled with the specific elements required to establish the defense," and that "[t]hese defenses require at least some direct or inferential allegations as to each element of the defense asserted." *Id.* (quoting *Yash Raj Films v. Atl. Video,* 2004 U.S. Dist. LEXIS 9739 (N.D. Ill. 2004). Accordingly, the Court dismissed certain defenses because, as here, "the defendant has failed 'to set forth any allegations beyond bare-bones legal conclusions.'" *Id.* (quoting *Marina Bartashnik v. Bridgeview Bancorp., Inc.,* 2006 U.S. Dist. LEXIS 33657 (N.D. Ill. 2005)). *See also Mattox v. Watson,* No. 07-CV-5006-RGK, 2007 U.S. Dist. LEXIS 88634, at \*15-16 (C.D. Ca. Nov. 15, 2007); *Premium Leisure, LLC v. Gulf Coast Spa Manufacturers, Inc.,* 2008 WL 3927265, at \*9 (M.D. Fla. Aug. 21, 2008) (striking "affirmative defenses consist[ing] merely of one sentence assertions with no

PLAINTIFF'S REPLY ON MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR DISCOVERY                     C 06-6436 (PJH) M 02-1486 (PJH)

3 of 10

factual support"). Thus, *Twombly* clearly applies to the affirmative defenses challenged.

### B.    The Affirmative Defenses At Issue Are Not Self-Explanatory

In the cases cited by Defendants, the affirmative defenses that were *upheld* were ones in which the defenses were "self-explanatory." Def. Opp. at 13 (citing *Stoffels*). However, in *Stoffels*, only one of two challenged defenses passed muster. *Id.* The Court declined to dismiss the limitations defense. By contrast, the Court did dismiss the "impossibility" defense because it did "not specify what ERISA requirements are impossible to comply with nor does it specify the *grounds* for the assertion of the impossibility." *Stoffels,* 2008 U.S. Dist. LEXIS 83135, at *5 (emphasis in original). As stated in *Stoffels*, defendants must plead the "grounds" for their defenses, not merely the title or general nature of the defense, at least where the defense is not "self-explanatory."

The "self-explanatory" exception does not rescue the defenses at issue on this motion. By way of illustration:

| | **Affirmative Defense** | **Reason Why Not "Self-Explanatory"** |
|---|---|---|
| Infineon's 10th Defense (Schwartz Dec., Ex. M, at 21.) | "Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver." | ▪ What New York actions allegedly constitute waiver? |
| Infineon's 42nd Defense (Schwartz Dec., Ex. M, at 27.) | "Defendant reserves the right to assert other defenses and affirmative defenses as this action proceeds and which are not apparent from the face of the Complaint." | ▪ What defenses are at issue?<br><br>▪ What facts relate to these unnamed defenses? |
| Elpida's 9th Defense (Schwartz Dec. Ex. N, at 24.) | "Plaintiff's claims are barred, in whole or in part, for failing to join indispensable parties." | ▪ Which parties did New York fail to join?<br>▪ Why are those parties "indispensable"? |

| | **Affirmative Defense** | **Reason Why Not "Self-Explanatory"** |
|---|---|---|
| Hynix's 22nd Defense (Schwartz Dec., Ex. L, at 25.) | "Plaintiff's claims against Hynix are barred to the extent that any actionable conduct was committed by any individual acting *ultra vires*." | ▪ Which "individual" and what "actionable conduct" is supposedly *ultra vires*? |
| Hynix's 25th Defense (Schwartz Dec., Ex. L, at 26.) | "Plaintiff's claims are barred, in whole or in part, to the extent that any claimed injury or damages have been offset by benefits received with respect to the challenged conduct." | ▪ What "benefits" are alleged to have accrued to which New York entity? |
| Hynix's 52nd Defense (Schwartz Dec., Ex. L, at 31.) | "Plaintiff's claims pursuant to the assignment clauses in the 'Centralized Contract' are barred, in whole or in part, because Hynix has already resolved any such claims with the direct purchaser OEMS and has been released from any further liability for such claims." | ▪ What settlement agreements are invoked, and what terms allegedly apply? |
| Mosel Vitelic's 25th Defense (Schwartz Dec. Ex. P, at 19.) | "Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence, waiver, and/or confirmation of any alleged conduct and/or omissions by Mosel." | ▪ What New York actions allegedly constitute acquiescence, waiver, and/or confirmation? |
| Mosel Vitelic's 30th Defense (Schwartz Dec. Ex. P, at 20.) | "Plaintiff's claims are preempted by state and/or federal law." | ▪ Which state and/or federal law is said to preempt New York's claims? |
| NEC's 4th Defense (Schwartz Dec. Ex. S, at 13.) | "As a fourth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of unclean hands." | ▪ What conduct by which New York persons is said to constitute unclean hands? <br><br> ▪ "Equitable defenses 'must be pled with the specific elements required to establish the defense.'"[3] |

//

---

[3] *Voeks,* 2008 U.S. Dist. 846, at *18 (citations omitted).

New York has not sought dismissal, under *Twombly*, of *all* of the 317 affirmative defenses that Defendants have pleaded.  To the contrary, we move against only 88 of them.  These are the defenses where Defendants have not adequately pleaded the grounds for the defense.  In consequence, they have failed to satisfy *Twombly's* plausibility standard.

### C.    "[T]he Extensive and Voluminous Discovery Record" – Developed In the "Dozens of Other Cases" in this MDL Proceeding Over the "Six (6) Years that This MDL Has Been Pending" – Does Not Render *Twombly* Inapplicable.[4]

According to Defendants, *Twombly* does not apply because scattered throughout the record in the case, there may be unspecified nuggets of fact that could breathe content in the perfunctory affirmative defenses against which we have moved.  These bits and pieces of the record supposedly provide New York "fair notice" of their many defenses.  Def. Opp. at 13-18.[5]

Put another way, Defendants would have New York undertake a scavenger hunt through the massive MDL record and to pluck occasional fact nuggets here and there.  Indeed, it would be a scavenger hunt with a built-in jigsaw puzzle.  Because Defendants themselves are the ones who know what to look for.  They hold the clues needed to focus the search of the record that supposedly could, if undertaken, map particular record facts to various defenses that they have pleaded.

---

[4] Def. Opp. at 2, 7.  *See also id*. at 13 (referring to the proceeding's "extensive discovery record").

[5] *See, e.g.,* Def. Opp. at 13 ("discovery has revealed that at least some direct purchasers (including Compaq and Viking did not pass-on all overcharges"); 14 ("[d]iscovery in the MDL action (which was provided to New York) shows that certain of the potential assignors either did, or attempted to, pass-on DRAM overcharges to their customers"); 17 ("Defendants have sought extensive discovery on the issue . . . of whether plaintiffs had purchasing power sufficient to control the prices of DRAM and DRAM-containing products . . . .  This factual record clearly gives New York notice"); 18 ("Defendants' expert reports in the MDL provide New York with sufficient notice of Defendants' assertion" that the matters complained of "resulted in increased output and lower prices for DRAM").

Defendants' very knowledge of the contents of their own defenses, however, counsels strongly in favor of applying, not disregarding, *Twombly's* teaching. In any event, Defendants cite no authority to support their position.

### D.   New York Has Asserted the Applicable Standard for a Rule 12(c) Dismissal

Defendants argue that "New York does not claim, as is required to prevail on a Rule 12(c) motion, that assuming the truth of the allegations, the purportedly challenged defenses fail as a matter of law." Def. Opp. at 2. That, however, ignores what we did, in fact, argue: "[a] judgment on the pleadings is properly granted when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." N.Y. Mem. at 8 (quoting *Enron Oil Trading & Transp. v. Walbrook Ins. Co.,* 132 F.3d 526, 528 (9th Cir. 1997)); *see also* N.Y. Mem. at 1, 5.

Furthermore, Defendants' assertion disregards the essence of our argument: for an affirmative defense to be sufficient as a matter of law under *Twombly*, Defendants must allege *facts* demonstrating that the defense is plausible, thereby enabling New York to respond and prepare. If, as is the case here, facts are not pleaded, they cannot be "tak[en] … as true." It is nonsensical for defendants to argue otherwise. Merely pleading a label is not enough.

### POINT II:  NEW YORK'S MOTION IS TIMELY

Defendants' timeliness argument also fails. Rule 12(c) provides that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." New York's application for partial judgment under Rule 12(c) is plainly timely.

Thus, Defendants' timeliness argument relates only to the alternative branch of our motion, which seeks discovery as to any challenged defenses that are not dismissed. On this score, Defendants assert, first, that New York should have sought discovery earlier on the basis

PLAINTIFF'S REPLY ON MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR DISCOVERY                    C 06-6436 (PJH) M 02-1486 (PJH)

7 of 10

of superficially similar affirmative defenses that Defendants included in answers to other complaints in the MDL.  Second, Defendants contend that New York's alternative discovery application should be barred based on unrelated discovery deadlines.  These arguments are without merit.  Of course, the Court need not reach them at all if partial judgment on the pleadings is granted as to the challenged affirmative defenses.

### A.    New York Was Not Obliged To Seek Discovery Based On Defenses Asserted In Other Actions In The MDL

Defendants argue that New York could have initiated discovery, some time back, on their recently asserted affirmative defenses.  According to Defendants, New York should have done so because defenses that they asserted in the *Petro* action are superficially similar to those later pleaded against New York.  Def. Opp. at 6.   In other words, while Defendants were moving to dismiss our complaint and amended complaint:

- We supposedly should have reviewed all the other answers that they had filed in the "dozens of other cases" comprising this MDL proceeding.  Def. Opp. at 6.

- Based on that review of all their individual answers, we should have identified – from however many other answers they filed in these many cases – the ones served in response to the *Petro* complaint as the relevant answers to focus on.

- Having done that, we should have divined which of the various affirmative defenses in the individual Defendants' answers to the *Petro* complaint were ones that Defendants - in the midst of motions to dismiss our own complaint – might someday interpose in response to our own complaint (or amended complaint).

- We not only should have identified those various defenses, but also should have evaluated which of them would, when asserted against us, be pleaded so perfunctorily as to warrant discovery.

- Then, having reviewed the answers served in response to another party's complaint, we should have propounded discovery to Defendants.

Had we done all of this, Defendants tell the Court that they "could have objected under the work-product doctrine" to our discovery.  Def. Opp. at 7, n. 5. Nevertheless, according to

Defendants, this is what New York had to do to "preserve its right to the discovery" when Defendants eventually answered New York's own complaint.

If we had proceeded as Defendants suggest, can there be any doubt that they would have objected to such discovery, not only on work product grounds, but also on a whole host of other grounds? Defendants cite no authority for their unusual argument.

Equally important, however, the defenses in the *Petro* answers simply are not similar as Defendants assert. For example, that Defendants asserted a "waiver" defense to the *Petro* plaintiffs' allegations does not speak to the question whether they also could later plead a "waiver" defense based on some *other* conduct by New York. "Waiver" is fact-specific. That one plaintiff may have done something resulting in a waiver says nothing about whether such a defense can, in good faith, be interposed in response to a claim asserted by another, unrelated plaintiff.

The same is true for the other defenses at issue. For example, unclean hands, unjust enrichment, intervening or superseding causes, acquiescence and confirmation, *ultra vires*, laches, and mitigation of damages are case-specific. The facts underlying these affirmative defenses are necessarily distinct. Accordingly, Defendants' chart purporting to show "overlap" is meaningless. Def. Opp. at 7. It shows, at most, similarity of affirmative defense labels – not similarity of underlying fact.

**B.    The Discovery Deadlines Asserted By Defendants Are Not Relevant**

Defendants' recitation of the discovery history in this case is irrelevant. The Court set those deadlines long before Defendants answered New York's amended complaint. The deadlines should not be applied to preclude limited discovery as to those challenged defenses, if any, that the Court concludes satisfy *Twombly*. (New York diligently sought to work this out in a

PLAINTIFF'S REPLY ON MOTION FOR JUDGMENT ON THE PLEADINGS
OR, IN THE ALTERNATIVE, FOR DISCOVERY                                    C 06-6436 (PJH) M 02-1486 (PJH)

meet and confer process with Defendants, but their resistance necessitated this motion.)

**C.    Prejudice**

Defendants do not assert prejudice from the discovery we seek as alternative relief.  The case is not on the cusp of trial, and other discovery proceedings are still ongoing (for example, the States' damages survey and, eventually, expert discovery).  New York, on the other hand, would be prejudiced if both branches of our motion were denied.  Defendants would be able to keep secret until trial their information, if any, as to the challenged defenses.  The absence of prejudice to Defendants, compared to the prejudice that New York would suffer if denied the opportunity to prepare for these defenses, are factors that the Court may properly take into account if it reaches the alternative branch of our motion.

**CONCLUSION**

The Court should grant partial judgment on the pleadings dismissing the defenses in issue.  In the alternative, the Court should grant New York leave to conduct discovery with respect to those defenses not dismissed.

Dated: October 31, 2008

Respectfully submitted,

ANDREW M. CUOMO
Attorney General of the State of New York
120 Broadway, 26th Floor
New York, New York 10271
(212) 416-8282

By:   /s/ Jeremy R. Kasha
JAY L. HIMES
Bureau Chief, Antitrust Bureau
RICHARD L. SCHWARTZ
JEREMY R. KASHA
Assistant Attorneys General
Antitrust Bureau