1  KENNETH R. O'ROURKE (S.B. #120144)
   korourke@omm.com
2  STEVEN H. BERGMAN (S.B. #180542)
   sbergman@omm.com
3  O'MELVENY & MYERS LLP
   400 South Hope Street
4  Los Angeles, CA  90071-2899
   Telephone:   (213) 430-6000
5  Facsimile:   (213) 430-6407

6  MICHAEL F. TUBACH (S.B. #145955)
   mtubach@omm.com
7  KATHERINE M. ROBISON (S.B. #221556)
   krobison@omm.com
8  O'MELVENY & MYERS LLP
   Embarcadero Center West
9  275 Battery Street
   San Francisco, CA  94111-3305
10 Telephone:   (415) 984-8700
   Facsimile:   (415) 984-8701

11

12 Attorneys for Defendants
   HYNIX SEMICONDUCTOR INC. and
   HYNIX SEMICONDUCTOR AMERICA INC.

13

14

15              **UNITED STATES DISTRICT COURT**

16             **NORTHERN DISTRICT OF CALIFORNIA**

17 | In re DYNAMIC RANDOM ACCESS | MDL No. 1486 |
   | MEMORY (DRAM) ANTITRUST | Case No. M-02-01486 PJH (JCS) |
18 | LITIGATION | |

19 ------------------------------------------------------  Case Nos:
                                                          C-06-06436 PJH (JCS) (N.D. Cal.)
20 STATE OF NEW YORK,                                     06-CV-5309 (S.D.N.Y.)

21        Plaintiff,                                      Assigned for all purposes to the
                                                          Hon. Phyllis J. Hamilton
22        v.

23 MICRON TECHNOLOGY, INC., et al.,                       **AMENDED ANSWER OF
                                                          DEFENDANTS HYNIX
24        Defendants.                                     SEMICONDUCTOR INC. AND
                                                          HYNIX SEMICONDUCTOR
25                                                        AMERICA INC. TO PLAINTIFF'S
                                                          AMENDED COMPLAINT**

26                                                        **Trial by Jury Demanded**

27

28

1                 **AMENDED ANSWER TO THE AMENDED COMPLAINT**

2          Defendants Hynix Semiconductor Inc. ("HSI") and Hynix Semiconductor America

3  Inc. ("HSA") (collectively "Hynix") respectfully submit this Amended Answer to the

4  Amended Complaint ("Complaint") of Plaintiff State of New York.

5          Except as specifically admitted below, Hynix generally denies the allegations of

6  the Amended Complaint directed at Hynix and Hynix specifically denies that Plaintiff or

7  any person or entity that Plaintiff purports to represent was injured by Hynix or at all or

8  that Plaintiff is entitled to any relief.

9          Hynix denies all allegations contained in section headings or other portions of the

10  Complaint that are not contained within the specifically numbered paragraphs of the

11  Complaint.  Unless specifically noted otherwise, Hynix lacks knowledge or information

12  sufficient to admit or deny the truth of allegations concerning persons other than Hynix.

13  To the extent the Complaint contains allegations concerning other persons, Hynix denies

14  that they support any claim for relief against Hynix.  Hynix objects to responding to any

15  legal conclusions contained within the Complaint.

16

17                          **INTRODUCTION**

18        1.      Hynix admits that DRAM is a type of memory that is used in certain

19  electronic products.  Except as so admitted, to the extent that the allegations in

20  Paragraph 1 are directed to Hynix, Hynix denies those allegations.  Hynix lacks

21  knowledge or information sufficient to form a belief as to the truth of all other allegations

22  contained in Paragraph 1 of the Complaint, and on this basis denies those allegations.

23        2.      To the extent that the allegations in Paragraph 2 of the Complaint are

24  directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

25  sufficient to form a belief as to the truth of all other allegations contained in Paragraph 2,

26  and on this basis denies those allegations.

27        3.      To the extent that the allegations in Paragraph 3 of the Complaint are

28  directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

1  sufficient to form a belief as to the truth of all other allegations contained in Paragraph 3,

2  and on this basis denies those allegations.

3       4.     Hynix admits that, pursuant to plea agreements with the government, Hynix

4  Semiconductor Inc. and Hynix employees D.S. Kim, C.K. Chung, K.C. Suh and C.Y.

5  Choi each pled guilty to a one-count information and avers that the plea agreements speak

6  for themselves.  Hynix admits on information and belief that Infineon Technology AG,

7  Eplida Memory Inc., Samsung Semiconductor, Inc. and certain other individuals pled

8  guilty to certain charges.  Hynix also admits on information and belief that Micron agreed

9  to cooperate with federal investigators.  Except as so expressly admitted, Hynix lacks

10  knowledge or information sufficient to form a belief as to the truth of the allegations

11  contained in Paragraph 4 of the Complaint, and on this basis denies the allegations.

12       5.     Paragraph 5 of the Complaint states legal conclusions and Plaintiff's

13  characterization of this action, to which no response is required.  To the extent that

14  Paragraph 5 may be deemed to require a response and to the extent that the allegations in

15  Paragraph 5 are directed to Hynix, Hynix denies those allegations.  Hynix specifically

16  denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured

17  by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or

18  information sufficient to form a belief as to the truth of all other allegations contained in

19  Paragraph 5, and on this basis denies those allegations.

20

21  **JURISDICTION AND VENUE**

22       6.     Paragraph 6 of the Complaint consists of legal conclusions and Plaintiff's

23  characterization of this action, to which no response is required.  To the extent a response

24  is required and the allegations contained in Paragraph 6 are directed to Hynix, Hynix

25  denies those allegations.  Hynix specifically denies that Plaintiff or any person or entity

26  that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled

27  to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the

28

1    truth of all other allegations contained in Paragraph 6, and on this basis denies those

2    allegations.

3         7.    Paragraph 7 of the Complaint consists of legal conclusions and Plaintiff's

4    characterization of this action, to which no response is required.  To the extent that

5    Paragraph 7 is deemed to require a response, Hynix denies those allegations.

6         8.    Paragraph 8 of the Complaint consists of legal conclusions, to which no

7    response is required.  To the extent that Paragraph 8 is deemed to require a response,

8    Hynix denies those allegations.

9         9.    Paragraph 9 of the Complaint consists of legal conclusions and Plaintiff's

10   characterization of this action, to which no response is required.  To the extent a response

11   is required and the allegations contained in Paragraph 9 are directed at Hynix, Hynix

12   admits that HSA had DRAM sales to customers in this District and in New York and that

13   HSA has offices in this District and in New York.  Except as so expressly admitted, to the

14   extent the allegations in Paragraph 9 are directed at Hynix, Hynix denies those allegations.

15   Hynix lacks knowledge or information sufficient to form a belief as to the truth of all

16   other allegations contained in Paragraph 9, and on this basis denies those allegations.

17

18                            **THE PARTIES**

19                             **Plaintiff**

20        10.   Paragraph 10 of the Complaint consists of legal conclusions and Plaintiff's

21   characterization of this action, to which no response is required.  To the extent a response

22   is required and the allegations contained in Paragraph 10 are directed to Hynix, Hynix

23   denies those allegations.  Hynix specifically denies that Plaintiff or any person or entity

24   that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled

25   to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the

26   truth of all other allegations contained in Paragraph 10, and on this basis denies those

27   allegations.

28

LA2:879242.1                          - 3 -

**<u>Defendants</u>**

11.     Hynix admits on information and belief that Micron Technology, Inc. is a Delaware corporation with its principal place of business in Idaho.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 11 of the Complaint, and on this basis denies those allegations.

12.     Hynix admits on information and belief that Micron Semiconductor Products, Inc. has its principal place of business in Idaho.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 12 of the Complaint, and on this basis denies those allegations.

13.     Hynix admits on information and belief that Infineon Technologies AG is incorporated in and has its principal place of business in the Federal Republic of Germany.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 13 of the Complaint, and on this basis denies those allegations.

14.     Hynix admits on information and belief that Infineon Technologies North America Corp. has its principal place of business in California.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 14 of the Complaint, and on this basis denies those allegations.

15.     Hynix admits that HSI is a South Korean corporation with its principal place of business in South Korea, that HSI maintains a facility at the address listed in Paragraph 15 of the Complaint, that HSI manufactured and sold DRAM, and that HSI sold DRAM to HSA in the United States.  Except as so expressly admitted, Hynix denies the allegations in Paragraph 15.

16.     Hynix admits that HSA is a subsidiary of HSI, that HSA has its principal place of business in California, that HSA maintains a facility at the address listed in

Paragraph 16 of the Complaint, and that HSA sold DRAM to customers in the United States.  Except as so expressly admitted, Hynix denies the allegations in Paragraph 16.

17.     Hynix admits on information and belief that Samsung Electronics Co. Ltd. is incorporated in and has its principal place of business in the Republic of Korea.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 17 of the Complaint, and on this basis denies those allegations.

18.     Hynix admits on information and belief that Samsung Semiconductor, Inc. has its principal place of business in California.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 18 of the Complaint, and on this basis denies those allegations.

19.     Hynix admits on information and belief that Mosel Vitelic, Corp. is incorporated in and has its principal place of business in Taiwan.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 19 of the Complaint, and on this basis denies those allegations.

20.     Hynix admits on information and belief that Mosel Vitelic Corporation has its principal place of business in California.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 20 of the Complaint, and on this basis denies those allegations.

21.     Hynix admits on information and belief that Nanya Technology Corp. is incorporated in and has its principal place of business in Taiwan.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 21 of the Complaint, and on this basis denies those allegations.

22.     Hynix admits on information and belief that Nanya Technology Corp. USA has its principal place of business in California.  Except as so expressly admitted, Hynix

1    lacks knowledge or information sufficient to form a belief as to the truth of all other

2    allegations contained in Paragraph 22 of the Complaint, and on this basis denies those

3    allegations.

4            23.    Hynix admits on information and belief that Elpida Memory, Inc. is

5    incorporated in and has its principal place of business in Japan.  Except as so expressly

6    admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth

7    of all other allegations contained in Paragraph 23 of the Complaint, and on this basis

8    denies those allegations.

9            24.    Hynix admits on information and belief that Elpida Memory (USA), Inc. has

10   its principal place of business in California.  Except as so expressly admitted, Hynix lacks

11   knowledge or information sufficient to form a belief as to the truth of all other allegations

12   contained in Paragraph 24 of the Complaint, and on this basis denies those allegations.

13           25.    Hynix admits on information and belief that NEC Electronics America, Inc.

14   has its principal place of business in California.  Except as so expressly admitted, Hynix

15   lacks knowledge or information sufficient to form a belief as to the truth of all other

16   allegations contained in Paragraph 25 of the Complaint, and on this basis denies those

17   allegations.

18

19                          **The Conspiracy and Co-Conspirators**

20           26.    To the extent that the allegations in Paragraph 26 of the Complaint are

21   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

22   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 26,

23   and on this basis denies those allegations.

24           27.    Paragraph 27 of the Complaint states legal conclusions, to which no

25   response is required.  To the extent Paragraph 27 requires a response and the allegations

26   are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or

27   information sufficient to form a belief as to the truth of all other allegations contained in

28   Paragraph 27, and on this basis denies those allegations.

28.     To the extent that the allegations in Paragraph 28 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 28, and on this basis denies those allegations.

## INTERSTATE COMMERCE

29.     Hynix admits that HSA sold DRAM in the United States and admits that HSI manufactured DRAM and sold DRAM to HSA in the United States.  Paragraph 29 of the Complaint consists of legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent that the allegations in Paragraph 29 are directed to Hynix, Hynix denies those allegations.  Except as so expressly admitted or denied, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 29, and on this basis denies those allegations.

## DRAM: THE PRICE FIXED PRODUCT

### The Product And Its Functions

30.     Hynix admits that DRAM are high-speed memory chips, that DRAM is used in a wide variety of computing and other electronic devices and that DRAM chips are manufactured on silicon wafers.  Except as so expressly admitted, Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 30 of the Complaint, and on this basis denies those allegations.

31.     Hynix admits that "Random Access Memory" can be accessed directly from any part of the memory.   Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 31 of the Complaint, and on this basis denies those allegations.

32.     Paragraph 32 of the Complaint consists of Plaintiff's characterization of this action, to which no response is required.  To the extent a response from Hynix is required,

1   Hynix lacks knowledge or information sufficient to form a belief as to the truth of all

2   other allegations contained in Paragraph 32, and on this basis denies those allegations.

3       33.    Paragraph 33 of the Complaint consists of Plaintiff's characterization of this

4   action, to which no response is required.  To the extent a response from Hynix is required,

5   Hynix admits that a "bit" is a unit of measurement for DRAM and that a "byte" consists

6   of eight bits.  Hynix lacks knowledge or information sufficient to form a belief as to the

7   truth of all other allegations contained in Paragraph 33, and on this basis denies those

8   allegations.

9       34.    Hynix lacks knowledge or information sufficient to form a belief as to the

10  truth of the allegations contained in Paragraph 34 of the Complaint, and on this basis

11  denies those allegations.

12      35.    To the extent the allegations of Paragraph 34 of the Complaint are directed

13  at Hynix, Hynix admits that DRAM is a product that multiple firms manufacture and

14  which can be interchangeable at times and otherwise denies those allegations.  Hynix

15  lacks knowledge or information sufficient to form a belief as to the truth of all other

16  allegations contained in Paragraph 35 of the Complaint, and on this basis denies those

17  allegations.

18      36.    To the extent that allegations in Paragraph 36 of the Complaint are directed

19  to Hynix, Hynix admits that DRAM is manufactured at fabs and that in 1999 Hynix

20  acquired LG Semicon and otherwise Hynix denies those allegations.  Hynix lacks

21  knowledge or information sufficient to form a belief as to the truth of all other allegations

22  contained in Paragraph 36 of the Complaint, and on this basis denies those allegations.

23      37.    To the extent that the allegations in Paragraph 37 of the Complaint are

24  directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

25  sufficient to form a belief as to the truth of all other allegations contained in Paragraph 37,

26  and on this basis denies those allegations.

27

28

HYNIX'S AMENDED ANSWER TO
THE AMENDED COMPLAINT
MDL NO. 1486, CASE NO. C-06-06436 PJH

**Major DRAM Purchasers:  Computer OEMs**

38.    To the extent that the allegations in Paragraph 38 of the Complaint are directed to Hynix, Hynix admits that it sold DRAM to Dell, Hewlett-Packard, Compaq, IBM, Apple and Gateway and that DRAM is used in personal computers and otherwise denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 38, and on this basis denies those allegations.

39.    To the extent that the allegations in Paragraph 39 of the Complaint are directed to Hynix, Hynix admits that it sold DRAM modules to Dell, Hewlett-Packard, Compaq, IBM, Apple Computer and Gateway, that it had agreements with certain of these OEMs and that certain of these OEMs tested and qualified Hynix DRAM and otherwise denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and on this basis denies those allegations.

40.    To the extent that the allegations in Paragraph 40 of the Complaint are directed to Hynix, Hynix admits that it negotiated DRAM price and quantity with Dell, Hewlett-Packard, Compaq, IBM, Apple Computer and Gateway and otherwise denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 40, and on this basis denies those allegations.

41.    To the extent that the allegations in Paragraph 41 of the Complaint are directed to Hynix, Hynix admits that it negotiated DRAM price and quantity with Dell, Hewlett-Packard, Compaq, IBM, Apple Computer and Gateway and otherwise denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 41, and on this basis denies those allegations.

42.    To the extent that the allegations in Paragraph 42 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

1   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 42,

2   and on this basis denies those allegations.

3   **The Conspiracy Forms And Increases Prices**

4          43.    To the extent that the allegations in Paragraph 43 of the Complaint are

5   directed to Hynix, Hynix identified employees with competitor contacts relating to pricing

6   or the DRAM market in general in Hynix Semiconductor Inc.'s and Hynix Semiconductor

7   American Inc.'s Supplemental Response to Plaintiff's Second Set of Interrogatories,

8   served on March 6, 2008 in *State of California v. Infineon Tech., et al.*, Case No. C-06-

9   4333 PJH (N.D. Cal.), which speaks for itself.  Hynix otherwise denies the allegations of

10  Paragraph 43 that are directed to Hynix.  Hynix lacks knowledge or information sufficient

11  to form a belief as to the truth of all other allegations contained in Paragraph 43, and on

12  this basis denies those allegations.

13         44.    To the extent the allegations in Paragraph 44 are directed to Hynix, Hynix

14  admits that it identified employees with competitor contacts relating to pricing or the

15  DRAM market in general in Hynix Semiconductor Inc.'s and Hynix Semiconductor

16  America Inc.'s Supplemental Response to the Plaintiff's Second Set of Interrogatories,

17  served on March 6, 2008 in the case of *State of California v. Infineon Technologies*, C 06-

18  4333, which speaks for itself.  Except as so expressly admitted, Hynix lacks knowledge or

19  information sufficient to form a belief as to the truth of all other allegations contained in

20  Paragraph 44, and on this basis denies those allegations.

21         45.    Hynix admits that Paul Palonsky provided sworn testimony in a May 9,

22  2006 deposition, which speaks for itself, and further admits that Paul Palonsky was

23  employed by Hynix, but Hynix denies that the transcript of Paul Palonsky's deposition

24  contains the language quoted in Paragraph 45 of the Complaint.  Except as so expressly

25  admitted, to the extent that the allegations contained in Paragraph 45 are directed to

26  Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient

27  to form a belief as to the truth of all other allegations in Paragraph 45, and on this basis

28  denies those allegations.

46.     Hynix admits that Paul Palonsky provided sworn testimony in a May 9, 2006 deposition, which speaks for itself, and further admits that Paul Palonsky was employed by Hynix.  Except as so expressly admitted, to the extent that the allegations contained in Paragraph 46 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 46, and on this basis denies those allegations.

47.     Hynix admits that Paul Palonsky was employed by Hynix and that Paul Palonsky testified in a May 9, 2006 deposition that he spoke to Keith Weinstock, which testimony speaks for itself.  Except as so expressly admitted, to the extent that the allegations contained in Paragraph 47 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 47, and on this basis denies those allegations.

48.     Hynix admits that C.K. Chung and Paul Palonsky were employed by Hynix, and that Paul Palonsky was a subordinate to C.K. Chung.  Hynix also admits that C.K. Chung testified in a July 27, 2006 deposition that he discussed pricing information with others at Hynix and that he contacted certain competitors about pricing, which testimony speaks for itself.  Except as so expressly admitted, to the extent that the allegations contained in Paragraph 48 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 48, and on this basis denies those allegations.

49.     Hynix admits that C.K. Chung testified in a July 27, 2006 deposition that he discussed pricing information with others at Hynix and that he contacted certain competitors about pricing, which testimony speaks for itself.  Except as so expressly admitted, to the extent that the allegations contained in Paragraph 49 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 49, and on this basis denies those allegations.

1    50.    Hynix admits to the existence of a March 2001 email that contains the

2    language quoted in Paragraph 50 of the Complaint, which email speaks for itself.  Except

3    as so expressly admitted, Hynix denies the allegations.

4    51.    Hynix admits to the existence of a March 2001 email that contains the

5    language quoted in Paragraph 51 of the Complaint, which email speaks for itself, except

6    Hynix denies that "[Samsung]" appears in that email.  Except as so expressly admitted, to

7    the extent that the allegations in Paragraph 51 are directed to Hynix, Hynix denies the

8    allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the

9    truth of all other allegations in Paragraph 51, and on this basis denies those allegations.

10   52.    To the extent that the allegations in Paragraph 52 of the Complaint are

11   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

12   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 52,

13   and on this basis denies those allegations.

14   53.    To the extent that the allegations in Paragraph 53 of the Complaint are

15   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

16   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 53,

17   and on this basis denies those allegations.

18   54.    To the extent that the allegations in Paragraph 54 of the Complaint are

19   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

20   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 54,

21   and on this basis denies those allegations.

22   55.    To the extent that the allegations in Paragraph 55 of the Complaint are

23   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

24   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 55,

25   and on this basis denies those allegations.

26   56.    To the extent that the allegations in Paragraph 56 of the Complaint are

27   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

28

1   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 56,

2   and on this basis denies those allegations.

3        57.     To the extent that the allegations in Paragraph 57 of the Complaint are

4   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

5   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 57,

6   and on this basis denies those allegations.

7        58.     To the extent that the allegations in Paragraph 58 of the Complaint are

8   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

9   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 58,

10   and on this basis denies those allegations.

11        59.     To the extent that the allegations in Paragraph 59 of the Complaint are

12   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

13   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 59,

14   and on this basis denies those allegations.

15        60.     To the extent that the allegations in Paragraph 60 of the Complaint are

16   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

17   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 60,

18   and on this basis denies those allegations.

19        61.     To the extent that the allegations in Paragraph 61 of the Complaint are

20   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

21   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 61,

22   and on this basis denies those allegations.

23        62.     To the extent that the allegations in Paragraph 62 of the Complaint are

24   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

25   sufficient to form a belief as to the truth of all other allegations contained in Paragraph 62,

26   and on this basis denies those allegations.

27        63.     To the extent that the allegations in Paragraph 63 of the Complaint are

28   directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

1    sufficient to form a belief as to the truth of all other allegations contained in Paragraph 63,

2    and on this basis denies those allegations.

3        64.    Hynix admits that, pursuant to a government plea agreement, Hynix

4    Semiconductor Inc. has pled guilty to a one-count information and avers that the plea

5    agreement speaks for itself.  Hynix admits on information and belief that Infineon

6    Technology AG, Elpida Memory Inc. and Samsung Semiconductor, Inc. pled guilty to

7    certain charges.  Except as so expressly admitted, Hynix lacks knowledge or information

8    sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of

9    the Complaint, and on this basis denies the allegations.

10        65.    Hynix admits to the existence of a transcript of the November 30, 2005

11   sentencing hearing in *United States v. Samsung Electronics Co., Ltd., et al.*, N. D. Ca.,

12   No. CR-05-0634 PJH, which document speaks for itself.  Except as so expressly admitted,

13   Hynix lacks knowledge and information sufficient to form a belief as to the truth of the

14   allegations contained in Paragraph 65 of the Complaint, and on this basis denies those

15   allegations.

16        66.    Hynix admits to the existence of a transcript of the May 11, 2005 sentencing

17   hearing in *United States v. Hynix Semiconductor, Inc.*, N. D. Ca., No. CR 05-249 (PJH),

18   which document speaks for itself.  Except as so expressly admitted, Hynix lacks

19   knowledge and information sufficient to form a belief as to the truth of the allegations

20   contained in Paragraph 66 of the Complaint, and on this basis denies those allegations.

21        67.    Hynix admits to the existence of a transcript of the October 20, 2004

22   sentencing hearing in *United States v. Infineon Technologies AG*, N. D. Ca., No. CR-04-

23   0299 PJH, which document speaks for itself.  Except as so expressly admitted, Hynix

24   lacks knowledge and information sufficient to form a belief as to the truth of the

25   allegations contained in Paragraph 67 of the Complaint, and on this basis denies those

26   allegations.

27        68.     Hynix admits on information and belief that Micron agreed to cooperate

28   with federal investigators.  Except as so expressly admitted, Hynix lacks knowledge or

1    information sufficient to form a belief as to the truth of the allegations contained in

2    Paragraph 68 of the Complaint, and on this basis denies the allegations.

3

4                    **FRAUDULENT CONCEALMENT AND TOLLING**

5           69.     To the extent that the allegations in Paragraph 69 of the Complaint are

6    directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information

7    sufficient to form a belief as to the truth of all other allegations contained in Paragraph 69,

8    and on this basis denies those allegations.

9           70.     To the extent that the allegations in Paragraph 70 of the Complaint are

10   directed to Hynix, Hynix denies those allegations.  Hynix specifically denies that Plaintiff

11   was injured by Hynix or at all or is entitled to any relief.  Hynix lacks knowledge or

12   information sufficient to form a belief as to the truth of all other allegations contained in

13   Paragraph 70, and on this basis denies those allegations.

14          71.     To the extent that the allegations in Paragraph 71 of the Complaint are

15   directed to Hynix, Hynix denies those allegations.  Hynix specifically denies that Plaintiff

16   was injured by Hynix or at all or is entitled to any relief.  Hynix lacks knowledge or

17   information sufficient to form a belief as to the truth of all other allegations contained in

18   Paragraph 71, and on this basis denies those allegations.

19

20               **THE ASSIGNMENT OF DIRECT CLAIMS TO THE STATE**

21          72.     Hynix lacks knowledge or information sufficient to form a belief as to the

22   truth of all other allegations contained in Paragraph 72 of the Complaint, and on this basis

23   denies those allegations.

24          73.     Hynix lacks knowledge or information sufficient to form a belief as to the

25   truth of all other allegations contained in Paragraph 73 of the Complaint, and on this basis

26   denies those allegations.

27

28

74. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 74 of the Complaint, and on this basis denies those allegations.

75. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 75 of the Complaint, and on this basis denies those allegations.

76. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 76 of the Complaint, and on this basis denies those allegations.

77. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 77 of the Complaint, and on this basis denies those allegations.

78. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all allegations contained in Paragraph 78 of the Complaint, and on this basis denies those allegations.

79. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 79 of the Complaint, and on this basis denies those allegations.

80. Paragraph 80 of the Complaint states legal conclusions and Plaintiff's characterization of this action, to which no response is required. To the extent that Paragraph 80 may be deemed to require a response and to the extent that the allegations in Paragraph 80 are directed to Hynix, Hynix denies those allegations. Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief. Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 80, and on this basis denies those allegations.

## CLAIMS FOR RELIEF

### *First Claim (Violation of Section 1 of the Sherman Act)*

81.     To the extent that the allegations in Paragraph 81 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated Section 1 of the Sherman Act, 15 U.S.C. § 1.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 81, and on this basis denies those allegations.

82.     To the extent that the allegations contained in Paragraph 82 of the Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 82, and on this basis denies those allegations.

83.     To the extent that the allegations in Paragraph 83 of the Complaint and all subparts are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 83, including all subparts, and on this basis denies those allegations.

84.     To the extent that the allegations in Paragraph 84 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated Section 1 of the Sherman Act, 15 U.S.C. § 1.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 84, and on this basis denies those allegations.

85.     To the extent that the allegations in Paragraph 8 of the Complaint are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 85, and on this basis denies those allegations.

86.     Paragraph 86 of the Complaint states legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent that Paragraph 86 may be deemed to require a response and to the extent that the allegations in Paragraph 86 are directed to Hynix, Hynix denies those allegations.  Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 86, and on this basis denies those allegations.

### *Second Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)*

87.     To the extent that the allegations in Paragraph 87 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated the Donnelly Act, N.Y. Gen. Bus. L. § 340 *et seq*.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 87, and on this basis denies those allegations.

88.     To the extent that the allegations contained in Paragraph 88 of the Complaint are directed to Hynix, Hynix denies those allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 88, and on this basis denies those allegations.

89.     To the extent that the allegations in Paragraph 89 of the Complaint and all subparts are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 89, including all subparts, and on this basis denies those allegations.

90.     To the extent that the allegations in Paragraph 90 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated the Donnelly Act, N.Y. Gen. Bus. L. § 340 *et seq.*  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 90, and on this basis denies those allegations.

91.     To the extent that the allegations in Paragraph 91 of the Complaint are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 91, and on this basis denies those allegations.

92.     Paragraph 92 of the Complaint states legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent that Paragraph 92 may be deemed to require a response and to the extent that the allegations in Paragraph 92 are directed to Hynix, Hynix denies those allegations.  Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 92, and on this basis denies those allegations.

93.     Paragraph 93 of the Complaint states legal conclusions and Plaintiff's characterization of this action, to which no response is required.  To the extent that Paragraph 93 may be deemed to require a response and to the extent that the allegations in Paragraph 93 are directed to Hynix, Hynix denies those allegations.  Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations contained in Paragraph 93, and on this basis denies those allegations.

- 19 -

*Third Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)*

94.     To the extent that the allegations in Paragraph 94 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated the Donnelly Act, N.Y. Gen. Bus. L. § 340 *et seq*.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 94, and on this basis denies those allegations.

95.     To the extent that the allegations contained in Paragraph 95 of the Complaint are directed to Hynix, Hynix denies those allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 95, and on this basis denies those allegations.

96.     To the extent that the allegations in Paragraph 96 of the Complaint and all subparts are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 96, including all subparts, and on this basis denies those allegations.

97.     To the extent that the allegations in Paragraph 97 of the Complaint are directed to Hynix, Hynix denies those allegations and specifically denies that it violated the Donnelly Act, N.Y. Gen. Bus. L. § 340 *et seq*.  Hynix lacks knowledge or information sufficient to form a belief as to the truth of all other allegations in Paragraph 97, and on this basis denies those allegations.

98.     To the extent that the allegations in Paragraph 98 of the Complaint are directed to Hynix, Hynix denies the allegations and Hynix specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or information sufficient to

1   form a belief as to the truth of all other allegations in Paragraph 98, and on this basis

2   denies those allegations.

3         99.    Paragraph 99 of the Complaint states legal conclusions and Plaintiff's

4   characterization of this action, to which no response is required.  To the extent that

5   Paragraph 99 may be deemed to require a response and to the extent that the allegations in

6   Paragraph 99 are directed to Hynix, Hynix denies those allegations.  Hynix specifically

7   denies that Plaintiff or any person or entity that Plaintiff purports to represent was injured

8   by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks knowledge or

9   information sufficient to form a belief as to the truth of all other allegations contained in

10  Paragraph 99, and on this basis denies those allegations.

11        100.   Paragraph 100 of the Complaint states legal conclusions and Plaintiff's

12  characterization of this action, to which no response is required.  To the extent that

13  Paragraph 100 may be deemed to require a response and to the extent that the allegations

14  in Paragraph 100 are directed to Hynix, Hynix denies those allegations.  Hynix

15  specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent

16  was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks

17  knowledge or information sufficient to form a belief as to the truth of all other allegations

18  contained in Paragraph 100, and on this basis denies those allegations.

19

20                      ***Fourth Claim (N.Y. Exec. L. § 63 (12))***

21        101.   To the extent that the allegations contained in Paragraph 101 of the

22  Complaint are directed to Hynix, Hynix denies those allegations.  Hynix lacks knowledge

23  or information sufficient to form a belief as to the truth of all other allegations in

24  Paragraph 101, and on this basis denies those allegations.

25        102.   To the extent that the allegations in Paragraph 102 of the Complaint are

26  directed to Hynix, Hynix denies those allegations and specifically denies that it violated

27  Section 1 of the Sherman Act, 15 U.S.C. § 1, the Donnelly Act, N.Y. Gen. Bus. L. § 340

28  *et seq.*, as well as state antitrust laws throughout the United States, and N.Y. Exec. L. §

1  63(12).  Hynix lacks knowledge or information sufficient to form a belief as to the truth of

2  all other allegations in Paragraph 102, and on this basis denies those allegations.

3  103.  Paragraph 103 of the Complaint states legal conclusions and Plaintiff's

4  characterization of this action, to which no response is required.  To the extent that

5  Paragraph 103 may be deemed to require a response and to the extent that the allegations

6  in Paragraph 103 are directed to Hynix, Hynix denies those allegations.  Hynix

7  specifically denies that Plaintiff or any person or entity that Plaintiff purports to represent

8  was injured by Hynix or at all or that Plaintiff is entitled to any relief.  Hynix lacks

9  knowledge or information sufficient to form a belief as to the truth of all other allegations

10  contained in Paragraph 103, and on this basis denies those allegations.

11  104.  Except where specifically admitted, Hynix denies each and every allegation

12  in the Amended Complaint and Hynix specifically denies that Plaintiff or any person or

13  entity that Plaintiff purports to represent was injured by Hynix or at all or that Plaintiff or

14  any person or entity that Plaintiff purports to represent is entitled to any relief.

15

16  **AFFIRMATIVE DEFENSES**

17  Reserving its right to amend its Amended Answer to assert additional defenses as

18  they may become known, and without assuming any burden that it would not otherwise

19  bear, Defendant Hynix asserts the following separate and additional defenses:

20

21  **FIRST AFFIRMATIVE DEFENSE**

22  The Amended Complaint fails to state claims or causes of action upon which relief

23  can be granted.

24

25  **SECOND AFFIRMATIVE DEFENSE**

26  Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to

27  sue.  Among the reasons Plaintiff and those on whose behalf Plaintiff purports to seek

28  recovery do not have standing are:  (i) the alleged injury is not the type addressed by the

laws under which Plaintiff brings its claims; (ii) the alleged injury is indirect and too remote; (iii) more direct victims of the alleged injury exist and are pursuing claims; (iv) the alleged damages are speculative; and (v) Plaintiff's damage claims create an impermissible risk of duplicate recoveries and complex damage apportionment.

## THIRD AFFIRMATIVE DEFENSE

To the extent the Amended Complaint asserts alleged violations on behalf of indirect purchasers located outside of the State of New York, those claims are barred as improper assertions of extraterritorial jurisdiction, and any effort to enforce those laws for residents of other states would violate Defendant's right to due process under the Constitutions of the United States and various states.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, under any applicable law, Plaintiff and those on whose behalf Plaintiff purports to seek recovery have not suffered any cognizable antitrust injury, including but not limited to (a) "injury in fact" and (b) any injury proximately caused by any conduct of Hynix.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed both to allege fraudulent concealment with particularity and to plead the elements of fraudulent concealment under the applicable law.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, because the Amended Complaint fails to plead conspiracy with the particularity required under the applicable law.

1

**SEVENTH AFFIRMATIVE DEFENSE**

2    Plaintiff's claims are barred, in whole or in part, because Plaintiff and those on

3    whose behalf Plaintiff purports to seek recovery have not suffered any cognizable

4    damages.

5

6

**EIGHTH AFFIRMATIVE DEFENSE**

7    Plaintiff and those on whose behalf Plaintiff purports to seek recovery have failed

8    to mitigate damages, if any, and any recovery should be reduced or denied accordingly.

9

10

**NINTH AFFIRMATIVE DEFENSE**

11    To the extent that Hynix is found liable for damages—if any such damages there

12    were or are, the fact and extent of which are expressly denied by Hynix—those damages

13    must be reduced in proportion to Hynix's degree of fault.

14

15

**TENTH AFFIRMATIVE DEFENSE**

16    The relief sought by Plaintiff is barred, in whole or in part, because the alleged

17    damages sought are too speculative and uncertain, and because of the impossibility of

18    ascertaining and allocating the alleged damages.

19

20

**ELEVENTH AFFIRMATIVE DEFENSE**

21    Plaintiff's claims are barred, in whole or in part, because an award of treble

22    damages against Hynix based on the conduct alleged in the Amended Complaint would

23    violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the

24    Constitution of the United States.

25

26

**TWELFTH AFFIRMATIVE DEFENSE**

27    There are other actions pending between the same Defendants and some of those

28    on whose behalf Plaintiff purports to seek recovery for the same causes of action in other

1   courts elsewhere in the United States.  As a result, this case should be dismissed,

2   consolidated or stayed.

3

4                    **THIRTEENTH AFFIRMATIVE DEFENSE**

5          To the extent there is a finding of an illegal overcharge, Plaintiff's claims are

6   barred, in whole or in part, to the extent that the overcharge was absorbed, in whole or in

7   part, by others, and was not passed through to Plaintiff or those on whose behalf Plaintiff

8   purports to seek recovery.

9

10                   **FOURTEENTH AFFIRMATIVE DEFENSE**

11         Plaintiff's claims are barred, in whole or in part, because any recovery or relief

12  would unjustly enrich Plaintiff and those on whose behalf Plaintiff purports to seek

13  recovery.

14

15                   **FIFTEENTH AFFIRMATIVE DEFENSE**

16         Plaintiff's claims are barred, in whole or in part, because the alleged conduct of

17  Hynix has not unreasonably restrained trade.

18

19                   **SIXTEENTH AFFIRMATIVE DEFENSE**

20         Plaintiff's claims are barred, in whole or in part, because any actions taken by

21  Hynix did not lessen competition in a relevant market.

22

23                   **SEVENTEENTH AFFIRMATIVE DEFENSE**

24         Plaintiff's claims are barred, in whole or in part, because Hynix's conduct has been

25  reasonable, based upon independent, legitimate business and economic justifications,

26  without any purpose or intent to injure competition.

27

28

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2       Plaintiff's claims are barred, in whole or in part, because Hynix's actions were

3  taken in the pursuit of its own economic interests, not by wrongful means.

4

5

### NINETEENTH AFFIRMATIVE DEFENSE

6       Plaintiff's causes of action are barred, in whole or in part, because any act or

7  omission by or on behalf of Hynix alleged in the Amended Complaint was undertaken in

8  good faith, was justified, constituted bona fide business competition, was undertaken in

9  pursuit of legitimate business interests, or is privileged.

10

11

### TWENTIETH AFFIRMATIVE DEFENSE

12       Plaintiff's claims are barred, in whole or in part, to the extent they are based on

13  alleged acts, conduct, or statements that are specifically permitted by law.

14

15

### TWENTY-FIRST AFFIRMATIVE DEFENSE

16       Plaintiff's claims are barred, in whole or in part, because they are not based on

17  exclusionary conduct but rather are based on conduct that has the purpose or effect of

18  promoting, encouraging, or increasing competition.

19

20

### TWENTY-SECOND AFFIRMATIVE DEFENSE

21       This defense has been withdrawn.

22

23

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24       Plaintiff's alleged damages, if any, and the alleged damages, if any, of those on

25  whose behalf Plaintiff purports to seek recovery, resulted from the acts or omissions of

26  third parties and/or independent entities over whom Hynix had no control and were not

27  proximately caused by Hynix.  The acts of such third parties constitute intervening or

28

superseding causes of the harm, if any, suffered by Plaintiff and those on whose behalf Plaintiff purports to seek recovery.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

This defense has been withdrawn.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any claimed injury or damages have been offset by benefits received with respect to the challenged conduct as a result of Plaintiff's settlements with other parties.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of Hynix that is the subject of the Complaint either occurred outside of the jurisdiction of the Court or was neither directed to nor affected persons, entities or commerce in the United States or both.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Hynix did not engage in any materially deceptive trade conduct with respect to the Plaintiff and those on whose behalf Plaintiff purports to see recovery.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and those on whose behalf Plaintiff purports to seek recovery are barred, in whole or in part, because Plaintiff and those on whose behalf Plaintiff purports to seek recovery did not detrimentally rely on any alleged deceptive trade conduct by Hynix.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of Hynix that is the subject of the Amended Complaint either occurred outside of the jurisdiction of the Court or was neither directed to nor affected persons, entities or commerce in the United States or both.

## THIRTIETH AFFIRMATIVE DEFENSE

To the extent Plaintiff purports to seek relief on behalf of those who have not suffered any damages, the Complaint and each of its claims for relief therein violate Hynix's rights to due process under the constitutions of various states and of the United States.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

This defense has been withdrawn.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

This defense has been withdrawn.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred because Plaintiff and those on whose behalf Plaintiff purports to seek relief have an adequate remedy at law.

1

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

2    Plaintiff has failed to state a claim for injunction insofar as it seeks to enjoin

3 alleged events that have already transpired without the requisite showing of threatened

4 future harm or continuing violation.

5

6

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

7    As a matter of constitutional right and substantive due process, Hynix is entitled to

8 contest, by jury trial, its liability for damages to any particular individual or entity on

9 whose behalf Plaintiff purports to seek recovery, even if Plaintiff prevails on its claims.

10

11

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

12    Any award of treble damages, civil penalties, disgorgement of profits or restitution

13 to Plaintiff and those on whose behalf Plaintiff purports to seek recovery as indirect

14 purchasers would be duplicative and would violate the Excessive Fines and Due Processes

15 Clauses of the United States Constitution.

16

17

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

18    Plaintiff's claims are barred to the extent they would result in Hynix paying

19 damages to more than one claimant for the same alleged overcharge, because such

20 multiple recoveries would violate rights guaranteed to Hynix by the United States

21 Constitution, including, without limitation, rights guaranteed under the Due Process

22 Clause of the Fourteenth Amendment.

23

24

## THIRTY-NINTH AFFIRMATIVE DEFENSE

25    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of

26 limitations, including but not limited to 15 U.S.C. § 15b, New York General Business

27 Law § 340(5) and New York CPLR § 214.

28

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff and those on whose behalf Plaintiff purports to seek recovery do not have standing under the applicable laws, including, but not limited to 15 U.S.C. § 1 and New York General Business Law §§ 340 and 349 *et seq.*.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Any award of restitution based upon asserted interests or injuries of the Plaintiff or those on whose behalf Plaintiff purports to seek recovery would violate the Excessive Fines Clause of the Eighth Amendment (as incorporated by the Due Process Clause of the Fourteenth Amendment) to the United States Constitution and Article I, section 5 of the New York Constitution.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Any finding of liability under New York General Business Law § 340 *et seq.* and New York Executive Law § 63 would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, section 6 of the New York Constitution because the standards of liability under these statutes are unduly vague and subjective, permitting retroactive, random, arbitrary, and capricious punishment that serves no legitimate governmental interest.

## FORTY-THIRD AFFIRMATIVE DEFENSE

Any award of damages, civil penalties, disgorgement or restitution to the Plaintiff or those on whose behalf Plaintiff purports to seek recovery under New York General Business Law § 340 *et seq.* and/or New York Executive Law § 63 would constitute a taking of property without just compensation in violation of the Taking Clause of the Fifth Amendment to the United States Constitution (as incorporated by the Due Process Clause

of the Fourteenth Amendment to the United States Constitution) and Article I, section 7 of the New York Constitution.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Any attempt to require Defendants to identify, locate or notify absent persons on whose behalf this action is allegedly prosecuted would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Any award of restitution under New York General Business Law §340 *et seq.* to persons who refuse to execute an acknowledgement that the payment is in full settlement of claims against Defendants would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action with respect to New York General Business Law §340 *et seq.* are barred, in whole or in part, because the application of section 16700 *et seq.* to wholly interstate or foreign commerce violates the Commerce Clause of the United States Constitution.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Any award of treble damages, civil penalties, disgorgement or restitution pursuant to New York General Business Law §340 *et seq.* would violate the Excessive Fines and Due Processes Clauses of the United States Constitution and equivalent clauses in the California Constitution.

1

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

2       Plaintiff's claims under New York General Business Law § 340 *et seq.* are barred,

3 in whole or in part, because any alleged conduct by Hynix is, or if in interstate commerce

4 would be, subject to and compliant with the rules and regulations of, and the statutes

5 administered by, the Federal Trade Commission or other official department, division,

6 commission or agency of the United States, as these rules, regulations, or statutes are

7 interpreted by the Federal Trade Commission or such department, division, commission or

8 agency of the federal courts.  N.Y. G.B.L. § 349(d).

9

10

### FORTY-NINTH AFFIRMATIVE DEFENSE

11       Plaintiff's claims under New York law and other applicable laws are barred by the

12 voluntary-payment doctrine, under which one cannot recover payments with full

13 knowledge of the facts.  As Plaintiff has alleged, investigation into the alleged conduct of

14 defendants began in June 2002.  Additionally, lawsuits against defendants began as early

15 as July 2002.   Notwithstanding these facts, Plaintiff has alleged that it and those who it

16 purports to represent continued to purchase DRAM and/or DRAM-containing products

17 through December 2002 that were allegedly affected by the defendants' alleged conduct.

18

19

### FIFTIETH AFFIRMATIVE DEFENSE

20       Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to

21 properly notify or obtain consent from the entities the Plaintiff purports to represent in this

22 lawsuit, as required under statute or case law.

23

24

### FIFTY-FIRST AFFIRMATIVE DEFENSE

25       Plaintiff's claims by assignment are barred, in whole or in part, because such

26 claims cannot be assigned or were not properly assigned.

27

28

1

## **FIFTY-SECOND AFFIRMATIVE DEFENSE**

2      Plaintiff's claims pursuant to the assignment clauses in the "Centralized Contract"

3  are barred, in whole or in part, because Hynix has already resolved any such claims with

4  the direct purchaser OEMs and has been released from any further liability for any such

5  claims, and recovery for such claims therefore would be duplicative and would violate the

6  Excessive Fines and Due Processes Clauses of the United States Constitution.

7

8

## **FIFTY-THIRD AFFIRMATIVE DEFENSE**

9      Plaintiff's claims are barred, in whole or in part, because Plaintiff does not have the

10 right to bring a suit on behalf of certain entities Plaintiff purports to represent in this

11 lawsuit.

12

13

## **FIFTY-FOURTH AFFIRMATIVE DEFENSE**

14     Plaintiff's claims are barred, in whole or in part, because Plaintiff has not met the

15 prerequisites for a viable claim.

16

17

## **FIFTY-FIFTH AFFIRMATIVE DEFENSE**

18     Hynix avers, without admitting the existence of any contract, combination, or

19 conspiracy in restraint of trade, that Hynix is entitled to set off any amounts paid to

20 Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's claims against

21 them in this matter.

22

23

## **FIFTY-SIXTH AFFIRMATIVE DEFENSE**

24     Hynix hereby adopts and incorporates by reference any additional defenses

25 asserted by the other Defendants in this proceeding insofar as those defenses may properly

26 be asserted by Hynix.

27

28

1    Hynix reserves the right to amend this Amended Answer in order to add any

2    additional affirmative defenses that may become necessary under the statutes or other

3    applicable law of the State of New York.

4        **WHEREFORE**, HYNIX prays for the following relief:

5        a.    That Plaintiff the State of New York's Amended Complaint be dismissed

6    with prejudice;

7        b.    That Plaintiff the State of New York on behalf of itself and all entities that

8    the State of New York purports to represent take nothing by way of the Amended

9    Complaint;

10       c.    That Judgment be entered in favor of Hynix and against the State of New

11   York on its own behalf on behalf of all entities the State of New York purports to

12   represent;

13       d.    That Hynix be awarded costs and, if applicable, attorneys' fees; and

14       e.    For such further or other relief as the Court deems proper.

15   Dated:  February 4, 2009            O'MELVENY & MYERS LLP
                                         KENNETH R. O'ROURKE
16                                       MICHAEL F. TUBACH
                                         STEVEN H. BERGMAN
17                                       KATHERINE M. ROBISON

18

19                                       By: _____*/Steven H. Bergman/*_____
                                              Steven H. Bergman
20
                                         Attorneys for Defendants
21                                       HYNIX SEMICONDUCTOR INC. and
                                         HYNIX SEMICONDUCTOR AMERICA INC.
22

23

24

25

26

27

28

1

## **JURY DEMAND**

2        Pursuant to the provisions of Rule 38, Federal Rules of Civil Procedure, Hynix

3   Semiconductor Inc. and Hynix Semiconductor America Inc. hereby respectfully demand

4   trial by jury.

5   Dated:  February 4, 2009                    O'MELVENY & MYERS LLP
                                                 KENNETH R. O'ROURKE
6                                                MICHAEL F. TUBACH
                                                 STEVEN H. BERGMAN
7                                                KATHERINE M. ROBISON

8

9                                           By: _____ */Steven H. Bergman/* _____
                                                       Steven H. Bergman
10

11                                          Attorneys for Defendants
                                            HYNIX SEMICONDUCTOR INC. and
12                                          HYNIX SEMICONDUCTOR AMERICA INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28