1   STEPHEN V. BOMSE (State Bar No. 40686)
    sbomse@orrick.com
2   DAVID C. BROWNSTEIN (State Bar No. 141929)
    dbrownstein@orrick.com
3   ERIC M. HAIRSTON (State Bar No. 229892)
    ehairston@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    The Orrick Building
5   405 Howard Street
    San Francisco, CA  94105-2669
6   Telephone:  +1-415-773-5700
    Facsimile:   +1-415-773-5759
7
8   Attorneys for Defendants
    MOSEL VITELIC INC. and
9   MOSEL VITELIC CORPORATION

10

11                      UNITED STATES DISTRICT COURT

12                      NORTHERN DISTRICT OF CALIFORNIA

13

14  STATE OF NEW YORK,                    Case No.  C 06-6436 PJH

15              Plaintiff,
                                          **MOSEL VITELIC INC. AND
16       v.                               MOSEL VITELIC
                                          CORPORATION'S AMENDED
17  MICRON TECHNOLOGY, et al.,            ANSWER TO AMENDED
                                          COMPLAINT**
18              Defendant.
                                          **JURY TRIAL DEMAND**
19
                                          The Honorable Phyllis J. Hamilton
20

21

22       Answering the Amended Complaint, filed herein on October 1, 2007,

23  Defendants Mosel Vitelic Inc. ("MVI") and Mosel Vitelic Corporation ("MVC")

24  (collectively "Mosel") respond as follows:

25       The prefatory paragraphs to the Amended Complaint include legal

26  conclusions and characterizations of the allegations in the Amended Complaint that

27  are not averments of facts to which a response is required.  To the extent a response

28  is required, Mosel admits that New York has brought this action seeking the

specified relief.  Mosel denies the remaining statements in the prefatory paragraphs to the Amended Complaint.

## INTRODUCTION

1.     Mosel admits that the Amended Complaint alleges a price-fixing conspiracy related to the market for DRAM.  Mosel denies that it engaged in such an alleged conspiracy.  Except as so stated, Mosel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint, and therefore denies them.

2.     Mosel denies the allegations in paragraph 2 of the Amended Complaint.

3.     Mosel denies the allegations in paragraph 3 of the Amended Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint as they relate to other Defendants, and therefore denies them.

4.     Mosel admits in information and belief that certain DRAM manufacturers, not including Mosel, and certain of their employees have pleaded guilty to criminal charges related to the DRAM industry.  Except as so stated, Mosel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint, and therefore denies them.  To the extent that paragraph 4 purports to quote from a document, Mosel refers the Court to the text of that document.

5.     Mosel admits that New York seeks both monetary and equitable relief in this action.  Except as so stated, Mosel denies the allegations in paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6.     Mosel admits that paragraph 6 of the Amended Complaint purports to invoke the statutes referred to therein, and seeks the remedies listed therein.

1   Excepts as so stated, Mosel avers that the allegations in paragraph 6 of the

2   Amended Complaint constitute legal contentions and conclusions to which no

3   response is required.  To the extent a response is required, Mosel avers that it lacks

4   knowledge or information sufficient to form a belief as to the truth of the

5   allegations in paragraph 6 of the Amended Complaint, and therefore denies them.

6       7.      Mosel avers that the allegations in paragraph 7 of the Amended

7   Complaint constitute legal contentions and conclusions to which no response is

8   required.  To the extent a response is required, Mosel avers that it lacks knowledge

9   or information sufficient to form a belief as to the truth of the allegations in

10  paragraph 7 of the Amended Complaint, and therefore denies them.

11      8.      Mosel avers that the allegations in paragraph 8 of the Amended

12  Complaint constitute legal contentions and conclusions to which no response is

13  required.  To the extent a response is required, Mosel avers that it lacks knowledge

14  or information sufficient to form a belief as to the truth of the allegations in

15  paragraph 8 of the Amended Complaint, and therefore denies them.

16      9.      Mosel avers that the allegations in paragraph 9 of the Amended

17  Complaint constitute legal contentions and conclusions to which no response is

18  required.  To the extent a response is required, Mosel avers that it lacks knowledge

19  or information sufficient to form a belief as to the truth of the allegations in

20  paragraph 9 of the Amended Complaint, and therefore denies them.

21              **THE PARTIES**

22      10.     Mosel admits that Plaintiff, the State of New York purports to state the

23  claims in the Amended Complaint in the capacities described and under the statutes

24  cited in the first and second sentences of paragraph 10 of the Amended Complaint.

25  The allegations in the last sentence of paragraph 10 of the Amended Complaint

26  define the terms of the Amended Complaint and are not averments of fact for which

27  a response is required.  Except as so stated, Mosel lacks knowledge or information

28  sufficient to form a belief as to the truth of the allegations in paragraph 10 of the

1   Amended Complaint, and therefore denies them.

2       11.   Mosel admits on information and belief that Micron Technology, Inc.

3   is a Delaware corporation with its principal place of business in Boise, Idaho, and

4   that it was a seller of DRAM during the time period covered by the Amended

5   Complaint.  Except as so stated, Mosel avers that it lacks knowledge or information

6   sufficient to form a belief as to the truth of the allegations in paragraph 11 of the

7   Amended Complaint, and therefore denies them.

8       12.   Mosel admits on information and belief that Micron Semiconductor

9   Products, Inc. is an Idaho corporation with its principal place of business in Boise,

10  Idaho, and that it was a seller of DRAM during the time period covered by the

11  Amended Complaint.  Except as so stated, Mosel avers that it lacks knowledge or

12  information sufficient to form a belief as to the truth of the allegations in paragraph

13  12 of the Amended Complaint, and therefore denies them.

14      13.   Mosel admits on information and belief that Infineon Technologies

15  AG has offices in Germany and that it was a seller of DRAM during the time period

16  covered by the Amended Complaint.  Except as so stated, Mosel avers that it lacks

17  knowledge or information sufficient to form a belief as to the truth of the

18  allegations in paragraph 13 of the Amended Complaint, and therefore denies them.

19      14.   Mosel admits on information and belief that Infineon Technologies

20  North America Corp. has offices in California and that it was a seller of DRAM

21  during the time period covered by the Amended Complaint.  Except as so stated,

22  Mosel avers that it lacks knowledge or information sufficient to form a belief as to

23  the truth of the allegations in paragraph 14 of the Amended Complaint, and

24  therefore denies them.

25      15.   Mosel admits on information and belief that Hynix Semiconductor,

26  Inc. has offices in Korea and that it was a seller of DRAM during the time period

27  covered by the Amended Complaint.  Except as so stated, Mosel avers that it lacks

28  knowledge or information sufficient to form a belief as to the truth of the

allegations in paragraph 15 of the Amended Complaint, and therefore denies them.

16.     Mosel admits on information and belief that Hynix Semiconductor America, Inc. has offices in San Jose, California, and that it was a seller of DRAM during the time period covered by the Amended Complaint.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint, and therefore denies them.

17.     Mosel admits on information and belief that Samsung Electronics Co., Ltd. has offices in Korea and that it was a seller of DRAM during the time period covered by the Amended Complaint.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint, and therefore denies them.

18.     Mosel admits on information and belief that Samsung Semiconductor, Inc. has offices in California and that it was a seller of DRAM during the time period covered by the Amended Complaint.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint, and therefore denies them.

19.     Mosel admits that MVI is a Taiwan corporation headquartered at the address listed in paragraph 19 of the Amended Complaint.  Mosel admits that MVI manufactured DRAM during a portion of the time period covered by the Amended Complaint, and that it sold and distributed DRAM to customers in the United States and elsewhere in the world.  Except as so stated, Mosel denies the allegations in paragraph 19 of the Amended Complaint.

20.     Mosel admits that MVC is a California corporation located at the address listed in paragraph 20 of the Amended Complaint.  Mosel further admits that MVC sold and distributed DRAM to customers in the United States during the time period covered by the Amended Complaint.  Except as so stated, Mosel denies the allegations in paragraph 20 of the Amended Complaint.

1    21.    Mosel admits on information and belief that Nanya Technology

2    Corporation has offices in Taiwan and that it was a seller of DRAM during the time

3    period covered by the Amended Complaint.  Except as so stated, Mosel avers that it

4    lacks knowledge or information sufficient to form a belief as to the truth of the

5    allegations in paragraph 21 of the Amended Complaint, and therefore denies them.

6    22.    Mosel admits on information and belief that Nanya Technology

7    Corporation, USA, has offices in California and that it was a seller of DRAM

8    during the time period covered by the Amended Complaint.  Except as so stated,

9    Mosel avers that it lacks knowledge or information sufficient to form a belief as to

10   the truth of the allegations in paragraph 22 of the Amended Complaint, and

11   therefore denies them.

12   23.    Mosel admits on information and belief that Elpida Memory, Inc. has

13   offices in Japan and that it was a seller of DRAM during the time period covered by

14   the Amended Complaint.  Except as so stated, Mosel avers that it lacks knowledge

15   or information sufficient to form a belief as to the truth of the allegations in

16   paragraph 23 of the Amended Complaint, and therefore denies them.

17   24.    Mosel admits on information and belief that Elpida Memory (USA),

18   Inc. has offices in California and that it was a seller of DRAM during the time

19   period covered by the Amended Complaint.  Except as so stated, Mosel avers that it

20   lacks knowledge or information sufficient to form a belief as to the truth of the

21   allegations in paragraph 24 of the Amended Complaint, and therefore denies them.

22   25.    Mosel admits on information and belief that NEC Electronics

23   America, Inc. has offices in California and that it was a seller of DRAM during the

24   time period covered by the Amended Complaint.  Except as so stated, Mosel avers

25   that it lacks knowledge or information sufficient to form a belief as to the truth of

26   the allegations in paragraph 25 of the Amended Complaint, and therefore denies

27   them.

28   26.    Mosel denies the allegations of paragraph 26 of the Amended

1 | Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or
2 | information sufficient to form a belief as to the truth of the allegations in paragraph
3 | 26 of the Amended Complaint as they relate to other entities, and therefore denies
4 | them.

5 | 27. Mosel denies the allegations of paragraph 27 of the Amended
6 | Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or
7 | information sufficient to form a belief as to the truth of the allegations in paragraph
8 | 27 of the Amended Complaint as they relate to other Defendants, and therefore
9 | denies them.

10 | 28. Mosel avers that it lacks knowledge sufficient to form a belief as to the
11 | truth of the allegations in paragraph 28 of the Amended Complaint concerning the
12 | activities of unnamed "others," and on that basis denies the allegations concerning
13 | such entities in paragraph 28 of the Amended Complaint. Except as so stated,
14 | Mosel denies each and every allegation contained in paragraph 28 of the Amended
15 | Complaint.

16 | **INTERSTATE COMMERCE**

17 | 29. Mosel admits that it was involved in the manufacture, sale, and
18 | distribution of DRAM during some portion of the time period covered by the
19 | Amended Complaint. Mosel denies that it participated in the "illegal fixing and
20 | coordination of [DRAM] prices" or any other illegal activity in connection with its
21 | sale of DRAM. Except as so stated, Mosel avers that it lacks knowledge or
22 | information sufficient to form a belief as to the truth of the allegations in paragraph
23 | 29 of the Amended Complaint, and therefore denies them. Specifically, Mosel
24 | avers that it lacks sufficient information to respond to Plaintiffs' allegations
25 | regarding the "market" for DRAM, because the Amended Complaint does not
26 | define or allege the relevant "market."

27 | **DRAM**

28 | 30. Mosel admits the allegations in paragraph 30 of the Amended

1   Complaint.

2        31.    Mosel admits the allegations in paragraph 31 of the Amended

3   Complaint.

4        32.    Mosel admits that DRAM is used to store data and instructions for

5   quick and random access in many types of computers and other electronic devices.

6   The allegations in the second sentence of paragraph 32 of the Amended Complaint

7   define the terms of the Amended Complaint and are not averments of fact for which

8   a response is required.  To the extent a response is required, Mosel denies the

9   allegations in the second sentence of paragraph 32 of the Amended Complaint.

10       33.    Mosel admits that "density" is an attribute of a DRAM chip that is

11  measured in "bits."  Mosel further admits that a unit of eight bits is defined in the

12  industry as a "byte."  Mosel further admits that as technology has progressed, chip

13  densities have generally increased, thereby increasing the amount of data that can

14  be stored on the same size chip.  Except as so stated, Mosel avers that it lacks

15  knowledge or information sufficient to form a belief as to the truth of the

16  allegations in paragraph 33 of the Amended Complaint, and therefore denies them.

17       34.    Mosel avers that it lacks knowledge or information sufficient to form a

18  belief as to the truth of the allegations in paragraph 34 of the Amended Complaint,

19  and therefore denies them.

20       35.    Mosel denies the allegations in paragraph 35 of the Amended

21  Complaint.

22       36.    Mosel admits that DRAM production facilities are known in the

23  industry as "fabs."  Mosel further admits that construction of a fab is a significant

24  investment.  Except as so stated, Mosel avers that it lacks knowledge or information

25  sufficient to form a belief as to the truth of the allegations in paragraph 36 of the

26  Amended Complaint, and therefore denies them.

27       37.    Mosel denies the allegations in paragraph 37 of the Amended

28  Complaint.

38.     Mosel admits that DRAM chips are used in personal computers manufactured by the companies listed in paragraph 38 of the Amended Complaint. Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint, and therefore denies them.

39.     Mosel admits that some OEMs required a DRAM manufacturer's chips to pass a testing and qualification process before the OEM would purchase that manufacturer's product.  Mosel further admits that DRAM is sold as either individual chips or as modules.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint, and therefore denies them.

40.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, and therefore denies them.

41.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint, and therefore denies them.

42.     Mosel denies that it used "illegal means" to gain or maintain its position in the DRAM market or engaged in any other illegal conduct.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint, and therefore denies them.

43.     Mosel admits that it engaged in market research that occasionally included the collection of competitive pricing information.  Except as so stated, Mosel denies the allegations of paragraph 43 of the Amended Complaint as they relate to Mosel and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint as they apply to other Defendants, and therefore denies them.

1      44.    Mosel denies the allegations of paragraph 44 of the Amended

2  Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

3  information sufficient to form a belief as to the truth of the allegations in paragraph

4  44 of the Amended Complaint as they relate to other Defendants, and therefore

5  denies them.

6      45.    Mosel denies the allegations of paragraph 45 of the Amended

7  Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

8  information sufficient to form a belief as to the truth of the allegations in paragraph

9  45 of the Amended Complaint as they relate to other Defendants, and therefore

10  denies them.  To the extent that paragraph 45 purports to quote from a document or

11  testimony, Mosel refers the Court to the text of that document or original testimony.

12      46.    Mosel avers that it lacks knowledge or information sufficient to form a

13  belief as to the truth of the allegations in paragraph 46 of the Amended Complaint,

14  and therefore denies them.

15      47.    Mosel avers that it lacks knowledge or information sufficient to form a

16  belief as to the truth of the allegations in paragraph 47 of the Amended Complaint,

17  and therefore denies them.  To the extent that paragraph 47 purports to quote from a

18  document or testimony, Mosel refers the Court to the text of that document or

19  original testimony.

20      48.    Mosel denies the allegations of paragraph 48 of the Amended

21  Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

22  information sufficient to form a belief as to the truth of the allegations in paragraph

23  48 of the Amended Complaint as they relate to other Defendants, and therefore

24  denies them.

25      49.    Mosel denies the allegations of paragraph 49 of the Amended

26  Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

27  information sufficient to form a belief as to the truth of the allegations in paragraph

28  49 of the Amended Complaint as they relate to other Defendants, and therefore

MOSEL VITELIC INC. AND MOSEL VITELIC CORPORATION'S
AMENDED ANSWER TO AMENDED COMPLAINT
No. C 06-6436 PJH

1   denies them.  To the extent that paragraph 49 purports to quote from a document or

2   testimony, Mosel refers the Court to the text of that document or original testimony.

3       50.     Mosel avers that it lacks knowledge or information sufficient to form a

4   belief as to the truth of the allegations in paragraph 50 of the Amended Complaint,

5   and therefore denies them.  To the extent that paragraph 50 purports to quote from a

6   document, Mosel refers the Court to the text of that document.

7       51.     Mosel avers that it lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations in paragraph 51 of the Amended Complaint,

9   and therefore denies them.  To the extent that paragraph 51 purports to quote from a

10  document, Mosel refers the Court to the text of that document.

11      52.     Mosel admits that it engaged in market research that occasionally

12  included the collection of competitive pricing information.  Except as so stated,

13  Mosel denies the allegations of paragraph 52 of the Amended Complaint as they

14  relate to Mosel and states that it lacks knowledge or information sufficient to form a

15  belief as to the truth of the allegations in paragraph 52 of the Amended Complaint

16  as they apply to other Defendants, and therefore denies them.  To the extent that

17  paragraph 52 purports to quote from documents, Mosel refers the Court to the text

18  of those documents.

19      53.     Mosel denies that it "illegally shared" pricing information or engaged

20  in any other illegal activities.  Except as so stated, Mosel avers that it lacks

21  knowledge or information sufficient to form a belief as to the truth of the

22  allegations in paragraph 53 of the Amended Complaint, and therefore denies them.

23      54.     Mosel denies the allegations of paragraph 54 of the Amended

24  Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

25  information sufficient to form a belief as to the truth of the allegations in paragraph

26  54 of the Amended Complaint as they relate to other Defendants, and therefore

27  denies them.

28      55.     Mosel admits that DRAM was sold both by contract and on the "spot"

MOSEL VITELIC INC. AND MOSEL VITELIC CORPORATION'S
AMENDED ANSWER TO AMENDED COMPLAINT
NO. C 06-6436 PJH

market.  Mosel further admits that prices on the spot market changed frequently and were publicly available.  Except as so stated, Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint, and therefore denies them.

56.     Mosel denies the allegations of paragraph 56 of the Amended Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint as they relate to other Defendants, and therefore denies them.

57.     Mosel denies the allegations in paragraph 57 of the Amended Complaint.

58.     Mosel denies the allegations of paragraph 58 of the Amended Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the Amended Complaint as they relate to other Defendants, and therefore denies them.

59.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Amended Complaint, and therefore denies them.

60.     Mosel denies the allegations of paragraph 60 of the Amended Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Amended Complaint as they relate to other Defendants, and therefore denies them.  To the extent that paragraph 60 purports to quote from a document, Mosel refers the Court to the text of that document.

61.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Amended Complaint, and therefore denies them.  To the extent that paragraph 61 purports to quote from a

1    document, Mosel refers the Court to the text of that document.

2            62.    Mosel denies the allegations of paragraph 62 of the Amended

3    Complaint as they relate to Mosel.  Mosel avers that it lacks knowledge or

4    information sufficient to form a belief as to the truth of the allegations in paragraph

5    62 of the Amended Complaint as they relate to other Defendants, and therefore

6    denies them.  To the extent that paragraph 62 purports to quote from a document,

7    Mosel refers the Court to the text of that document.

8            63.    Mosel admits that it engaged in market research that occasionally

9    included the collection of competitive pricing information.  Except as so stated,

10   Mosel denies the allegations of paragraph 63 of the Amended Complaint.

11           64.    Mosel admits on information and belief that Samsung, Infineon,

12   Hynix, and Elpida pleaded guilty to certain charges, and that the plea agreements

13   speak for themselves.  Except as so stated, Mosel avers that it lacks knowledge or

14   information sufficient to form a belief as to the truth of the allegations in paragraph

15   64 of the Amended Complaint, and therefore denies them.

16           65.    Mosel admits on information and belief that Samsung pleaded guilty to

17   certain charges.  Except as so stated, Mosel avers that it lacks knowledge or

18   information sufficient to form a belief as to the truth of the allegations in paragraph

19   65 of the Amended Complaint, and therefore denies them.  To the extent that

20   paragraph 65 purports to quote from a court transcript, Mosel refers the Court to the

21   text of that transcript.

22           66.    Mosel admits on information and belief that Hynix pleaded guilty to

23   certain charges.  Except as so stated, Mosel avers that it lacks knowledge or

24   information sufficient to form a belief as to the truth of the allegations in paragraph

25   66 of the Amended Complaint, and therefore denies them.  To the extent that

26   paragraph 66 purports to quote from a court transcript, Mosel refers the Court to the

27   text of that transcript.

28           67.    Mosel denies the allegations of paragraph 67 of the Amended

Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the Amended Complaint as they relate to other Defendants, and therefore denies them. To the extent that paragraph 67 purports to quote from a court transcript, Mosel refers the Court to the text of that transcript.

68.     Mosel denies the allegations of paragraph 68 of the Amended Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the Amended Complaint as they relate to other Defendants, and therefore denies them. To the extent that paragraph 68 purports to quote from a document or testimony, Mosel refers the Court to the text of that document or original testimony.

69.     Mosel denies the allegations of paragraph 69 of the Amended Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the Amended Complaint as they relate to other Defendants, and therefore denies them.

70.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the Amended Complaint, and therefore denies them.

71.     Mosel denies the allegations of paragraph 71 of the Amended Complaint as they relate to Mosel. Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Amended Complaint as they relate to other Defendants, and therefore denies them.

72.     Mosel avers that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the Amended Complaint, and therefore denies them.

73.     Mosel avers that it lacks knowledge or information sufficient to form a

1   belief as to the truth of the allegations in the first sentence of paragraph 73 of the

2   Amended Complaint.  Mosel avers that the allegations in the second sentence of

3   paragraph 73 of the Amended Complaint constitute legal contentions and

4   conclusions to which no response is required.  To the extent a response to the

5   allegations in the second sentence of paragraph 73 of the Amended Complaint is

6   required, Mosel denies them.

7          74.    Mosel avers that it lacks knowledge or information sufficient to form a

8   belief as to the truth of the allegations in paragraph 74 of the Amended Complaint,

9   and therefore denies them.

10         75.    Mosel avers that it lacks knowledge or information sufficient to form a

11  belief as to the truth of the allegations in paragraph 75 of the Amended Complaint

12  as they relate to other Defendants, and therefore denies them.  To the extent

13  paragraph 75 purports to quote from a contract, Mosel refers the Court to the text of

14  that contract.

15         76.    Mosel avers that it lacks knowledge or information sufficient to form a

16  belief as to the truth of the allegations in paragraph 76 of the Amended Complaint,

17  and therefore denies them.

18         77.    Mosel avers that it lacks knowledge or information sufficient to form a

19  belief as to the truth of the allegations in paragraph 77 of the Amended Complaint,

20  and therefore denies them.

21         78.    Mosel avers that it lacks knowledge or information sufficient to form a

22  belief as to the truth of the allegations in paragraph 78 of the Amended Complaint,

23  and therefore denies them.

24         79.    Mosel avers that it lacks knowledge or information sufficient to form a

25  belief as to the truth of the allegations in paragraph 79 of the Amended Complaint,

26  and therefore denies them.

27         80.    Mosel avers that the allegations in paragraph 80 of the Amended

28  Complaint constitute legal contentions and conclusions to which no response is

1    required.  To the extent a response to the allegations in paragraph 80 of the

2    Amended Complaint is required, Mosel denies them.

3                            **CLAIMS FOR RELIEF**

4              *First Claim (Violation of Section 1 of the Sherman Act)*

5              81.    Mosel denies the allegations in paragraph 82 of the Amended

6    Complaint.

7              82.    Mosel denies the allegations in paragraph 83 of the Amended

8    Complaint.

9              83.    Mosel denies the allegations in paragraph 84 of the Amended

10   Complaint, including each subpart thereof.

11             84.    Mosel avers that the allegations in paragraph 84 of the Amended

12   Complaint constitute legal contentions and conclusions to which no response is

13   required.  To the extent a response to the allegations in paragraph 84 of the

14   Amended Complaint is required, Mosel denies them.

15             85.    Mosel denies the allegations in paragraph 85 of the Amended

16   Complaint.

17             86.    Mosel avers that the allegations in paragraph 86 of the Amended

18   Complaint constitute legal contentions and conclusions to which no response is

19   required.  To the extent a response to the allegations in paragraph 86 of the

20   Amended Complaint is required, Mosel denies them.

21             *Second Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)*

22             87.    Mosel denies the allegations in paragraph 87 of the Amended

23   Complaint.

24             88.    Mosel denies the allegations in paragraph 88 of the Amended

25   Complaint.

26             89.    Mosel denies the allegations in paragraph 89 of the Amended

27   Complaint, including each subpart thereof.

28             90.    Mosel avers that the allegations in paragraph 90 of the Amended

1   Complaint constitute legal contentions and conclusions to which no response is

2   required.  To the extent a response to the allegations in paragraph 90 of the

3   Amended Complaint is required, Mosel denies them.

4        91.    Mosel denies the allegations in paragraph 91 of the Amended

5   Complaint.

6        92.    Mosel avers that the allegations in paragraph 92 of the Amended

7   Complaint constitute legal contentions and conclusions to which no response is

8   required.  To the extent a response to the allegations in paragraph 92 of the

9   Amended Complaint is required, Mosel denies them.

10       93.    Mosel avers that the allegations in paragraph 93 of the Amended

11   Complaint constitute legal contentions and conclusions to which no response is

12   required.  To the extent a response to the allegations in paragraph 93 of the

13   Amended Complaint is required, Mosel denies them.

14       ***Third Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)***

15       94.    Mosel denies the allegations in paragraph 94 of the Amended

16   Complaint.

17       95.    Mosel denies the allegations in paragraph 95 of the Amended

18   Complaint.

19       96.    Mosel denies the allegations in paragraph 96 of the Amended

20   Complaint, including each subpart thereof.

21       97.    Mosel avers that the allegations in paragraph 97 of the Amended

22   Complaint constitute legal contentions and conclusions to which no response is

23   required.  To the extent a response to the allegations in paragraph 97 of the

24   Amended Complaint is required, Mosel denies them.

25       98.    Mosel denies the allegations in paragraph 98 of the Amended

26   Complaint.

27       99.    Mosel avers that the allegations in paragraph 99 of the Amended

28   Complaint constitute legal contentions and conclusions to which no response is

1   required.  To the extent a response to the allegations in paragraph 99 of the

2   Amended Complaint is required, Mosel denies them.

3       100.   Mosel avers that the allegations in paragraph 100 of the Amended

4   Complaint constitute legal contentions and conclusions to which no response is

5   required.  To the extent a response to the allegations in paragraph 100 of the

6   Amended Complaint is required, Mosel denies them.

7                    *Fourth Claim (N.Y. Exec. L. 63 (12))*

8       101.   Mosel denies the allegations in paragraph 101 of the Amended

9   Complaint.

10      102.   Mosel avers that the allegations in paragraph 102 of the Amended

11  Complaint constitute legal contentions and conclusions to which no response is

12  required.  To the extent a response to the allegations in paragraph 102 of the

13  Amended Complaint is required, Mosel denies them.

14      103.   Mosel avers that the allegations in paragraph 103 of the Amended

15  Complaint constitute legal contentions and conclusions to which no response is

16  required.  To the extent a response to the allegations in paragraph 103 of the

17  Amended Complaint is required, Mosel denies them.

18             **ANSWER TO PLAINTIFFS' PRAYER FOR RELIEF**

19      104.   Answering the Prayer for Relief in toto, Mosel denies that Plaintiff is

20  entitled to any of the relief sought in the Amended Complaint or to any relief

21  whatsoever against Mosel by virtue of the Amended Complaint.

22             **SEPARATE AND ADDITIONAL DEFENSES**

23      Without assuming any burden that it would not otherwise bear, and reserving

24  its right to amend its Answer to assert additional defenses as they may become

25  known during discovery, Mosel asserts the following separate and additional

26  defenses:

27      1.     Plaintiff's Amended Complaint fails to state a claim upon which relief

28  can be granted.

MOSEL VITELIC INC. AND MOSEL VITELIC CORPORATION'S
AMENDED ANSWER TO AMENDED COMPLAINT
NO. C 06-6436 PJH

2.     Plaintiff's claims are barred, in whole or in part, because any alleged act or conduct by Mosel was reasonable and justified as a bona fide business competition in pursuit of legitimate business interests and therefore is privileged.

3.     Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4.     Plaintiff's claims are barred, in whole or in part, for failing to join indispensable parties.  Certain entities, whom New York claims have assigned to New York their claims against Mosel as direct purchasers of DRAM, are required to be joined to this action if feasible.

5.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

6.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

7.     Intentionally omitted.

8.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to plead conspiracy with sufficient particularity.

9.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks antitrust standing under the principles articulated in *Associated General Contractors of California v. California State Council of Carpenters*, 459 U.S. 519 (1983).

10.    Intentionally omitted.

11.    Intentionally omitted.

12.    Plaintiff's claims are barred, in whole or in part, because any and all of Mosel's conduct has been reasonable and based on independent, legitimate business and economic justifications.

13.    Plaintiff's claims are barred, in whole or in part, because any actions taken by Mosel did not lessen competition in the relevant market.

14.    Plaintiff's claims are barred, in whole or in part, because the asserted

statutes are not applicable to the alleged conduct that occurred outside of New York or the United States or that was not illegal where it occurred.

15.    Intentionally omitted.

16.    Intentionally omitted.

17.    Plaintiff's claims are barred, in whole or in part, because Plaintiff's claimed injuries and damages, if any, were not proximately caused by any acts or omissions of Mosel.

18.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered actual, cognizable injury under the antitrust laws.

19.    Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to take all necessary, reasonable and appropriate actions to mitigate the injuries and damages alleged in the Amended Complaint, the fact and extent of which are expressly denied by Mosel.

20.    Plaintiff's claims are barred, in whole or in part, because Plaintiff has no injury or damage as a result of the matters alleged in the Amended Complaint.

21.    The relief sought by Plaintiff is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

22.    Plaintiff's claims are barred, in whole or in part, because Plaintiff would be unjustly enriched if allowed to recover any part of the damages alleged in the Amended Complaint.

23.    Plaintiff's claims are barred, in whole or in part, to the extent they seek damages that are duplicative of damages sought in other actions and would therefore violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Due Process provisions of the California Constitution and that of other states.

24.    Plaintiff's claims are barred, in whole or in part, because any injury or damages alleged in the Amended Complaint, the fact and extent of which Mosel

denies, were not incurred by or passed on to Plaintiff by any alleged direct purchasers of DRAM or intermediate purchasers or resellers, or were incurred by or passed on to persons or entities other than Plaintiff.

25.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to allege fraudulent concealment by Mosel with sufficient particularity.

26.     To the extent that Mosel is found liable for damages, the fact and extent of which Mosel expressly denies, such damages must be reduced in proportion to Mosel's degree of fault.

27.     Without admitting the existence of any contract, combination, or conspiracy in restraint of trade, Mosel is entitled to set off any amounts paid to Plaintiff by any other Defendants who have settled Plaintiff's claims against them in this matter or by any alleged co-conspirators with which Plaintiff entered into a covenant not to sue or other agreement, or which Plaintiff expressly or impliedly relinquished in any such settlement, covenant not to sue, or other agreement with Defendants or alleged co-conspirators.

28.     To the extent that Plaintiff purports to state claims under state statutes for alleged injuries arising from alleged conduct or injuries outside the state, Plaintiff lacks standing to sue for the alleged injuries and this Court is without subject matter jurisdiction to hear Plaintiff's claims.

29.     Plaintiff's claims are preempted by state and/or federal law.

30.     Plaintiff's claims are barred, in whole or in part, because Plaintiff passed on any alleged overcharges, the fact and extent of which Mosel expressly denies, to other persons.

31.     Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to plead fraud or misrepresentation with sufficient particularity.

32.     Plaintiff's claims are barred, in whole or in part, because Plaintiff did not detrimentally rely on any alleged representations or conduct by Mosel.

33.     Plaintiff has failed to state a claim for injunction insofar as it seeks to

1  enjoin alleged events that have already transpired without the requisite showing of

2  threatened future harm or continuing harm or because it is not a remedy at all under

3  the relevant statutes.

4     34.    Plaintiff's claims are barred, in whole or in part, because the restitution

5  Plaintiff seeks is punitive and excessive.

6     35.    Plaintiff's claims are barred, in whole or in part, because the remedies

7  sought are unconstitutional and contrary to public policy.

8     36.    Plaintiff's claims are barred, in whole or in part, because the alleged

9  conduct of Mosel and the other defendants has not unreasonably restrained trade.

10    37.    Plaintiff's claims are barred, in whole or in part, because the Amended

11  Complaint does not adequately define the relevant market or markets allegedly

12  affected by the alleged conduct of Mosel that is the subject of the Amended

13  Complaint.

14    38.    Recovery of punitive or exemplary damages based on the conduct

15  alleged in the Amended Complaint and/or recovery of attorneys' fees is barred

16  under various state laws.

17    39.    Plaintiff's claims are barred, in whole or in part, to the extent such

18  claims seek the extraterritorial application of state law.

19    40.    Plaintiff is not entitled to the requested equitable relief because the

20  injuries and damages alleged in the Amended Complaint, the fact and extent of

21  which are expressly denied by Mosel, would be adequately compensated in an

22  action at law for damages.

23    41.    Mosel reserves the right to assert other defenses and affirmative

24  defenses as this action proceeds.

25    42.    Mosel adopts by reference any defense pled by any other defendant

26  that is not otherwise set forth herein and is not inconsistent with those set forth

27  herein.

28

MOSEL VITELIC INC. AND MOSEL VITELIC CORPORATION'S
AMENDED ANSWER TO AMENDED COMPLAINT
No. C 06-6436 PJH

1

**PRAYER FOR RELIEF**

WHEREFORE, Mosel Vitelic Inc. and Mosel Vitelic Corporation pray as

follows:

1.     That Plaintiff takes nothing by way of the Amended Complaint, and

the action be dismissed with prejudice;

2.     That judgment be entered in favor of Mosel Vitelic Inc. and Mosel

Vitelic Corporation and against Plaintiff with respect to all causes of action in the

Amended Complaint;

3.     That the Court award Mosel Vitelic Inc. and Mosel Vitelic Corporation

their attorney's fees and all other costs reasonably incurred in defense of this action;

and

4.     That the Court award such other relief that it deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants Mosel Vitelic

Inc. and Mosel Vitelic Corporation hereby demand a jury trial.


Dated:   February 4, 2009          STEPHEN V. BOMSE
                                   DAVID C. BROWNSTEIN
                                   Orrick, Herrington & Sutcliffe LLP


                                   /s/ David C. Brownstein
                                   ─────────────────────────
                                   DAVID C. BROWNSTEIN
                                   Attorneys for Defendants
                                   MOSEL VITELIC INC. and
                                   MOSEL VITELIC CORPORATION