KAYE SCHOLER LLP
Aton Arbisser, SBN 150496
Julian Brew, SBN 150615
Joshua S. Stambaugh, SBN 233834
1999 Avenue of the Stars, Suite 1700
Los Angeles, California 90067
Telephone: (310) 788-1000
Facsimile: (310) 788-1200
E-mail: jbrew@kayescholer.com
E-mail: jstambaugh@kayescholer.com

Attorneys for Defendants Infineon Technologies AG and
Infineon Technologies North America Corp.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | **Case No. M-02-1486-PJH (JCS)** |
| ------------------------------------------------- | **Case Nos.:** <br> **C-06-06436 PJH (JCS) (N.D. Cal.)** |
| STATE OF NEW YORK, | |
| Plaintiff, | **AMENDED ANSWER OF DEFENDANTS INFINEON TECHNOLOGIES NORTH AMERICA CORP. AND INFINEON TECHNOLOGIES AG TO AMENDED COMPLAINT** |
| v. | |
| MICRON TECHNOLOGY, INC., *et al.*, | |
| Defendants. | |

Defendants Infineon Technologies North America Corp. and Infineon Technologies AG

(collectively, "Defendant" or "Infineon"), by and through their undersigned attorneys, hereby answer

Plaintiffs' Amended Complaint (the "Complaint") as follows:

The first and second unnumbered paragraphs of the Complaint contain conclusions of law to

which Defendant is not required to plead. To the extent that Defendant is required to respond,

Defendant admits that Plaintiff purports to bring claims as stated in the first and second unnumbered

paragraphs of the Complaint, but denies that Plaintiff has adequately pled any claim for relief, and

1

KAYE SCHOLER LLP

denies that Plaintiff is entitled to any relief. Except as expressly admitted, Defendant denies each and every allegation contained in the first and second unnumbered paragraphs of the Complaint.

## INTRODUCTION

1.     Paragraph 1 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant admits that DRAM are memory chips that hold data and temporary instructions, and that DRAM chips are used in personal computers and other digital devices. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 1 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 1 of the Complaint and therefore denies them.

2.     Paragraph 2 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation contained in paragraph 2 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and therefore denies them.

3.     Defendant denies each and every allegation contained in paragraph 3 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3 of the Complaint and therefore denies them.

4.     Defendant admits that Infineon Technologies AG entered into a plea agreement with the United States Department of Justice, the terms of which are part of the public record. Except as expressly admitted, Defendant denies each and every allegation in paragraph 4 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and therefore denies them.

5.      Paragraph 5 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant admits that Plaintiff purports to bring claims as stated in paragraph 5 of the Complaint, but denies that Plaintiff has adequately pled any claim for relief. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies them.

## JURISDICTION AND VENUE

6.      Defendant admits that Plaintiff purports to bring claims under the statutes cited in paragraph 6 of the Complaint, but denies that Plaintiff has adequately pled a claim for relief under any statute. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and therefore denies them.

8.      Paragraph 8 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and therefore denies them.

9.      Paragraph 9 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 9 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint and therefore denies them.

**THE PARTIES**

**Plaintiff**

10.     Defendant admits that Plaintiff purports to bring claims as stated in paragraph 10 of the Complaint, but denies that Plaintiff has adequately pled any claim for relief.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10 of the Complaint and therefore denies them.

11.     Upon information and belief, Defendant admits that Micron Technology, Inc. is incorporated in the state of Delaware and that its principal place of business is in the state of Idaho. Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint and therefore denies them.

12.     Upon information and belief, Defendant admits that Micron Semiconductor Products, Inc. is a wholly-owned subsidiary of Micron Technology, Inc. and that it is incorporated in and its principal place of business is in the state of Idaho.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and therefore denies them.

13.     Defendant admits that, during the alleged period, Infineon Technologies AG maintained its principal place of business in Munich, Germany, and that it manufactured and sold DRAM.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 13 of the Complaint.

14.     Defendant admits that Infineon Technologies North America Corp. is a subsidiary of Infineon Technologies AG, with its principal place of business in California, and that, during the alleged period, it sold DRAM to certain customers in the United States of America.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 14 of the

4

Complaint.

15.     Upon information and belief, Defendant admits that Hynix Semiconductor Inc. is incorporated in and has its principal place of business in the Republic of Korea.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint and therefore denies them.

16.     Upon information and belief, Defendant admits that Hynix Semiconductor America Inc. is incorporated in and has its principal place of business in the state of California.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint and therefore denies them.

17.     Upon information and belief, Defendant admits that Samsung Electronics Co., Ltd. is incorporated in and has its principal place of business in the Republic of Korea.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and therefore denies them.

18.     Upon information and belief, Defendant admits that Samsung Semiconductor, Inc. is incorporated in and has its principal place of business in the state of California.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies them.

19.     Upon information and belief, Defendant admits that Mosel Vitelic Inc. is incorporated in and has its principal place of business in Taiwan.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies them.

20.     Upon information and belief, Defendant admits that Mosel Vitelic Corporation is incorporated in and has its principal place of business in the state of California.  Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

5

allegations contained in paragraph 20 of the Complaint and therefore denies them.

21.    Upon information and belief, Defendant admits that Nanya Technology Corporation is incorporated in and has its principal place of business in Taiwan. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and therefore denies them.

22.    Upon information and belief, Defendant admits that Nanya Technology Corporation USA is incorporated in and has its principal place of business in the state of California. Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and therefore denies them.

23.    Upon information and belief, Defendant admits that Elpida Memory, Inc. is incorporated in and has its principal place of business in Japan. Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies them.

24.    Upon information and belief, Defendant admits that Elpida Memory (USA) Inc. is incorporated in the state of Delaware and has its principal place of business in the state of California. Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies them.

25.    Upon information and belief, Defendant admits that NEC Electronics America, Inc. is incorporated in and has its principal place of business in the state of California. Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies them.

**KAYE SCHOLER LLP**

**The Alleged Conspiracy and Co-Conspirators**

26. Paragraph 26 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 26 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and therefore denies them.

27. Paragraph 27 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 27 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of the Complaint and therefore denies them.

28. Paragraph 28 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 28 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the Complaint and therefore denies them.

**INTERSTATE COMMERCE**

29. Defendant admits that, during the alleged period, Infineon Technologies North America Corp. sold DRAM to certain customers in North America. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 29 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 of the Complaint and therefore denies them.

//

//

7

# DRAM:  THE ALLEGEDLY PRICE-FIXED PRODUCT

**The Product and Its Functions**

30.     Defendant admits that DRAM are high-speed memory chips used in a wide variety of computing and other electronic devices, and that they are manufactured on silicon wafers.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and therefore denies them.

31.     Defendant admits that "Random Access Memory" means that stored data can be accessed in any order.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and therefore denies them.

32.     Defendant admits that DRAM chips hold data for quick and random access while an electronic device is in use.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and therefore denies them.

33.     Defendant admits that a DRAM chip's "density" refers to its storage capacity, and that the density of DRAM chips generally has increased over time as technology has advanced.  Defendant further admits that the basic unit of information is called a "bit," and that eight bits are called a "byte."  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and therefore denies them.

34.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and therefore denies them.

35.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint and therefore denies them.

8

36.     Defendant admits that facilities producing DRAM chips are sometimes called "fabs," and that constructing a DRAM manufacturing facility is expensive.  Except as expressly admitted, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint and therefore denies them.

37.     Defendant denies each and every allegation in paragraph 37 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and therefore denies them.

**Major DRAM Purchasers:  Computer OEMs**

38.     Defendant admits that Dell, Inc., Hewlett-Packard Company, Compaq Computer Corporation, IBM Corporation, Apple Computer, Inc., and Gateway, Inc. are all original equipment manufacturers.  Defendant further admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 38 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and therefore denies them.

39.     Defendant admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Defendant further admits that DRAM may be sold as individual chips or in modules.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 39 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 39 of the Complaint and therefore denies them.

40.     Defendant admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 40 as it relates to Defendant.  Defendant lacks knowledge or

9

information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 of the Complaint and therefore denies them.

41.     Defendant admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 41 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 of the Complaint and therefore denies them.

42.     Defendant admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 42 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 42 of the Complaint and therefore denies them.

**The Alleged Conspiracy Forms and Increases Prices**

43.     Defendant admits that, at certain times during the alleged period, it sold DRAM to certain original equipment manufacturers.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 43 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of the Complaint and therefore denies them.

44.     Defendant admits that, at certain times during the alleged period, certain enterprises compiled DRAM prices, and that some of Defendants' employees sometimes received reports from those enterprises.  Defendant further admits that some of its employees had contacts with certain employees of other Defendants.  Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 44 as it relates to Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in

10

paragraph 44 of the Complaint and therefore denies them.

45.    Defendant admits that, at certain times during the alleged period, certain enterprises compiled DRAM prices, and that some of Defendants' employees sometimes received reports from those enterprises. Defendant further admits that some of its employees had contacts with certain employees of other Defendants. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 45 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 45 of the Complaint and therefore denies them.

46.    Defendant denies each and every allegation contained in paragraph 46 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 46 of the Complaint and therefore denies them.

47.    Defendant denies each and every allegation contained in paragraph 47 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of the Complaint and therefore denies them.

48.    Defendant denies each and every allegation contained in paragraph 48 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of the Complaint and therefore denies them.

49.    Defendant denies each and every allegation contained in paragraph 49 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint and therefore denies them.

50.    Defendant denies each and every allegation contained in paragraph 50 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of the Complaint and therefore denies them.

//

51.     Defendant denies each and every allegation contained in paragraph 51 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 51 of the Complaint and therefore denies them.

52.     Defendant admits that it is aware of the January 2002 e-mail that appears to be the subject of this paragraph and that the e-mail speaks for itself and is the best evidence of its contents. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 52 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 52 of the Complaint and therefore denies them.

53.     Defendant denies each and every allegation contained in paragraph 53 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 53 of the Complaint and therefore denies them.

54.     Defendant denies each and every allegation contained in paragraph 54 of the Complaint as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and therefore denies them.

55.     Defendant admits that, at certain times during the alleged period, it sold DRAM through the spot market. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 55 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and therefore denies them.

56.     Defendant denies each and every allegation contained in paragraph 56 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

Infineon Defendants' Amended Answer to Amended Complaint - MDL No. M-02-1486, Case No. C-06-06436 PJH (JCS) (N.D. Cal.)

the remaining allegations contained in paragraph 56 of the Complaint and therefore denies them.

57.     Defendant denies each and every allegation contained in paragraph 57 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint and therefore denies them.

58.     Defendant denies each and every allegation contained in paragraph 58 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint and therefore denies them.

59.     Defendant denies each and every allegation contained in paragraph 59 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint and therefore denies them.

60.     Defendant denies each and every allegation contained in paragraph 60 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the Complaint and therefore denies them.

61.     Defendant denies each and every allegation contained in paragraph 61 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the Complaint and therefore denies them.

62.     Defendant denies each and every allegation contained in paragraph 62 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and therefore denies them.

63.     Defendant denies each and every allegation contained in paragraph 63 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint and therefore denies them.

64.     Defendant admits that Infineon Technologies AG entered into a plea agreement with the United States Department of Justice, the terms of which are part of the public record. Except as

13

expressly admitted, Defendant denies each and every allegation in paragraph 64 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 64 of the Complaint and therefore denies them.

65.     Defendant denies each and every allegation in paragraph 65 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint and therefore denies them.

66.     Defendant denies each and every allegation in paragraph 66 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 66 of the Complaint and therefore denies them.

67.     To the extent that paragraph 67 of the Complaint quotes from certain documents, Infineon responds that the documents speak for themselves. Except as expressly admitted, Defendant denies each and every allegation contained in paragraph 67 as it relates to Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of the Complaint and therefore denies them.

68.     Defendant denies each and every allegation in paragraph 68 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 68 of the Complaint and therefore denies them.

## FRAUDULENT CONCEALMENT AND TOLLING

69.     Paragraph 69 of the Complaint contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 69 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 69 of the Complaint and therefore denies them.

//

70.    Paragraph 70 of the Complaint contains conclusions of law to which Defendant is not required to plead.  To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 70 as it relates to Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 70 of the Complaint and therefore denies them.

71.    Defendant denies each and every allegation in paragraph 71 of the Complaint.

**THE ASSIGNMENT OF DIRECT CLAIMS TO THE STATE**

72.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 72 of the Complaint and therefore denies them.

73.    Paragraph 73 of the Complaint contains conclusions of law to which Defendant is not required to plead.  To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 73 as it relates to Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 73 of the Complaint and therefore denies them.

74.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 74 of the Complaint and therefore denies them.

75.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 75 of the Complaint and therefore denies them.

76.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 76 of the Complaint and therefore denies them.

77.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 77 of the Complaint and therefore denies them.

78.    Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 78 of the Complaint and therefore denies them.

79.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 79 of the Complaint and therefore denies them.

80.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 80 of the Complaint and therefore denies them.

## CLAIMS FOR RELIEF

### *First Claim (Violation of Section 1 of the Sherman Act)*

81.     Paragraph 81 contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant admits that Plaintiff purports to state a claim under the statute cited in paragraph 81, but denies that any claim has been made. Except as expressly admitted, Defendant denies each and every allegation in paragraph 81 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 81 of the Complaint and therefore denies them.

82.     Paragraph 82 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 82 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 82 of the Complaint and therefore denies them.

83.     Paragraph 83 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 83 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 83 of the Complaint and therefore denies them, including all subparts therein.

84.     Paragraph 84 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in

16

paragraph 84 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint and therefore denies them.

85.    Defendant denies each and every allegation in paragraph 85 of the Complaint.

86.    Paragraph 86 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 86 of the Complaint.

### Second Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)

87.    Paragraph 87 contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant admits that Plaintiff purports to state a claim under the statute cited in paragraph 87, but denies that any claim has been made. Except as expressly admitted, Defendant denies each and every allegation in paragraph 87 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 87 of the Complaint and therefore denies them.

88.    Paragraph 88 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 88 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 88 of the Complaint and therefore denies them.

89.    Paragraph 89 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 89 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 89 of the Complaint and therefore denies them, including each subpart therein.

17

90.   Paragraph 90 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 90 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 90 of the Complaint and therefore denies them.

91.   Defendant denies each and every allegation in paragraph 91 of the Complaint.

92.   Paragraph 92 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 92 of the Complaint.

93.   Paragraph 92 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 92 of the Complaint.

**Third Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)**

94.   Paragraph 94 contains conclusions of law to which Defendant is not required to plead. To the extent that Defendant is required to respond, Defendant admits that Plaintiff purports to state a claim under the statute cited in paragraph 94, but denies that any claim has been made. Except as expressly admitted, Defendant denies each and every allegation in paragraph 94 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 94 of the Complaint and therefore denies them.

95.   Paragraph 95 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 95 as it relates to Defendant. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 95 of the Complaint and therefore denies them.

96.    Paragraph 96 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 96 as it relates to Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 96 of the Complaint and therefore denies them, including each subpart therein.

97.    Defendant denies each and every allegation in paragraph 97 of the Complaint.

98.    Paragraph 98 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 98 of the Complaint.

99.    Paragraph 99 contains conclusions of law to which Defendant is not required to plead. To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 99 of the Complaint.

100.    Paragraph 100 contains conclusions of law to which Defendant is not required to plead.  To the extent Defendant is required to respond, Defendant denies each and every allegation in paragraph 100 of the Complaint.

### Fourth Claim (N.Y. Exec. L. § 63(12))

101.    Paragraph 101 contains conclusions of law to which Defendant is not required to plead.  To the extent that Defendant is required to respond, Defendant admits that Plaintiff purports to state a claim under the statute cited in paragraph 101, but denies that any claim has been made. Except as expressly admitted, Defendant denies each and every allegation in paragraph 101 as it relates to Defendant.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 101 of the Complaint and therefore denies them.

//

102.   Paragraph 102 contains conclusions of law to which Defendant is not required to plead.  To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 102.

103.   Paragraph 103 contains conclusions of law to which Defendant is not required to plead.  To the extent that Defendant is required to respond, Defendant denies each and every allegation in paragraph 103.

## RELIEF SOUGHT

The Relief Sought section contains no factual assertions to which a response is required.  To the extent that the Relief Sought section may be deemed to require a response, it is denied.

## **AFFIRMATIVE DEFENSES**

Without assuming any burden that they would not otherwise bear, and reserving their right to amend their Answer to assert additional defenses as they may become known during discovery, Defendants Infineon Technologies AG and Infineon Technologies North America Corp. assert the following separate affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

1.   Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to state any claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover amounts that have already been paid, or will be paid, to private direct purchasers by Defendant for the same injury.

//

//

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs may not recover amounts that have already been paid, or will be paid, to private indirect purchasers by Defendant for the same injury.

### FOURTH AFFIRMATIVE DEFENSE

*4.      This defense has been withdrawn.*

### FIFTH AFFIRMATIVE DEFENSE

*5.      This defense has been withdrawn.*

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs' claims are improperly joined within the meaning of Federal Rule of Civil Procedure 20 because they did not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims are barred, in whole or in part, for failing to join indispensable parties.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims are barred, in whole or in part, because the named Plaintiffs are not proper class representatives.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

//

//

KAYE SCHOLER LLP

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims are barred, in whole or in part, because any and all injuries and damages alleged in the Complaint--the existence and extent of which Defendant expressly denies-- were caused by the independent conduct of one or more persons and or entities over whom Defendant had no control and for whose actions/omissions Defendant is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' claimed injuries and damages were not proximately caused by any acts or omissions of Defendant.

### THIRTEENTH AFFIRMATIVE DEFENSE

*13.     This defense has been withdrawn.*

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims are barred, in whole or in part, because any action taken by or on behalf of Defendant was justified, constituted bona fide business competition, and was taken in pursuit of its legitimate business interests and, therefore, is privileged.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiffs' claims are barred, in whole or in part, because any and all of Defendant's conduct has been reasonable and based on independent, legitimate business and economic justifications.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs has failed to take all necessary, reasonable and appropriate actions to mitigate the injuries and damages alleged in the Complaint--the existence and extent of which Defendant expressly denies.

//

//

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have no injury or damage as a result of the matters alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred, in whole or in part, because any actions taken by Defendant did not lessen competition in the relevant markets or otherwise unreasonably restrain trade.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs would be unjustly enriched if they were allowed to recover any part of the damages alleged in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     The relief sought by Plaintiffs is barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of the ascertainment and allocation of such alleged damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     The relief sought by Plaintiffs is barred, in whole or in part, because the allegations do not warrant the imposition of exemplary damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to 15 U.S.C. § 15b, New York G.B.L. § 340(5), and New York C.P.L.R § 214.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     To the extent the Amended Complaint asserts alleged violations on behalf of indirect purchasers located outside of the State of New York, those claims are barred as improper assertions

of extraterritorial jurisdiction, and any effort to enforce those laws for residents of other states would violate Defendant's right to due process under the Constitutions of the United States and various states.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims are barred, in whole or in part, because Defendant already has resolved any such claims with the direct purchaser OEMs and has been released from any further liability for any such claims.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any actual, cognizable injury, or antitrust injury under applicable law including, but not limited to, the state antitrust, consumer protection, and unfair competition laws identified and contained in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to plead conspiracy with the particularity required by applicable law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs have failed to plead fraud and fraudulent concealment with particularity as required by applicable law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiffs' claims are barred, in whole or in part, because another action between the same parties for the same cause of action is pending in another court within the United States.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    The claims of Plaintiffs are barred by the voluntary payment doctrine, under which they cannot recover payments voluntarily made with full knowledge of the facts.

24

Infineon Defendants' Amended Answer to Amended Complaint - MDL No. M-02-1486, Case No. C-06-06436 PJH (JCS) (N.D. Cal.)

### THIRTIETH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred, in whole or in part, because Defendant did not engage in any materially deceptive trade conduct with respect to or targeting Plaintiffs.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not detrimentally rely on any alleged deceptive trade conduct by Defendant.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

***32.     This defense has been withdrawn.***

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred, in whole or in part, to the extent that any alleged overcharge was absorbed, in whole or in part, by direct purchasers and was not passed through to Plaintiffs.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.     To the extent that Defendant is found liable for damages, if any such damages there were or are, the fact and extent of which are expressly denied by Defendant, those damages must be reduced in proportion to Defendant's degree of fault.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims under New York Gen. Bus. Law §§ 340, *et seq.*, are barred, by a three year statute of limitations pursuant to *Castle Oil Corp. v. Thompson Pension Employee Plans, Inc.*, Index No. 4474/01, 2001 WL 1649246 (Sup. Ct., Westchester Cty., Sept. 17, 2001) ("Claims arising under alleged violations of GBL § 349 are subject to a three-year statute of limitations") (copy attached hereto as Exhibit 5); *Cole v. Equitable Life Assurance Soc'y*, 271 A.D.2d 271, 272 (1st Dep't 2000) (same); *Avdon Capital Corp. v. Nationwide Mut. Fire Ins. Co.*, 240 A.D.2d 353, 354 (2d Dep't 1997) (same).

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

36.   Plaintiffs' claims under New York Gen. Bus. Law §§ 340, *et seq.*, are barred, in whole or in part, by Plaintiffs' lack of standing under New York law.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

37.   Plaintiffs' claims under New York Gen. Bus. Law §§ 340, *et seq.*, are barred, in whole or in part, by Plaintiffs' failure to plead conspiracy with the particularity required under New York law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

38.   Plaintiffs' claims under New York Gen. Bus. Law §§ 340, *et seq.*, are barred, in whole or in part, under New York Gen. Bus. Law § 349(d), because any alleged conduct by Defendant is, or if in interstate commerce would be, subject to and complies with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official department, division, commission or agency of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such department, division, commission or agency of the federal courts.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

*39.   This defense has been withdrawn.*

### FORTIETH AFFIRMATIVE DEFENSE

40.   Plaintiffs are not entitled to the requested equitable relief because the injuries and damages alleged in the Complaint, the fact and extent of which are expressly denied by Defendant, would be adequately compensated in an action at law for damages.

### FORTY-FIRST AFFIRMATIVE DEFENSE

41.   Plaintiffs' request for relief is barred, in whole or in part, because the restitution sought in the Complaint is unmanageable and inequitable.

26

Infineon Defendants' Amended Answer to Amended Complaint - MDL No. M-02-1486, Case No. C-06-06436 PJH (JCS) (N.D. Cal.)

### FORTY-SECOND AFFIRMATIVE DEFENSE

42.    Defendant reserves the right to assert other defenses and affirmative defenses as this action proceeds and which are not apparent from the face of the Complaint.

### FORTY-THIRD AFFIRMATIVE DEFENSE

43.    Plaintiffs' claims are barred in whole or in part by the provisions of the Foreign Trade Antitrust Improvements Act and related case law, and/or principles of comity.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

44.    Plaintiffs' claims are barred in whole or in part because some or all overcharges or damages claimed by Plaintiffs, the existence and extent of which Defendant denies, were passed on to Plaintiffs' customers, subsequent purchasers, or third parties.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

45.    Defendant adopts by reference any defense pled by any other defendant not otherwise set forth herein.

By setting forth any particular defense above, Defendant does not hereby assume an affirmative burden of proof as to that defense, but rather relies on applicable law governing which party has the burden of proof and what such burden is.

### **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays as follows:

1.    That Plaintiffs take nothing by way of the Complaint, and the action be dismissed with prejudice;

2.    That judgment be entered in favor of Defendant and against Plaintiffs with respect to all causes of action in the Complaint;

3.    That the Court award Defendant its attorneys' fees and all other costs, plus interest, reasonably incurred in defense of this action; and

27

Infineon Defendants' Amended Answer to Amended Complaint - MDL No. M-02-1486, Case No. C-06-06436 PJH (JCS) (N.D. Cal.)

4.     That the Court award such other relief that it deems just and proper.

Dated:  February 4,  2009.

KAYE SCHOLER LLP

By: _Julian Brew/sss_____
     Julian Brew
1999 Avenue of the Stars, Suite 1700
Los Angeles, California  90067
Telephone:  (310) 788-1000
Facsimile:  (310) 788-1200

Attorneys for Defendants Infineon Technologies AG
and Infineon Technologies North America Corp.

Infineon Defendants' Amended Answer to Amended Complaint - MDL No. M-02-1486, Case No. C-06-06436 PJH (JCS) (N.D. Cal.)

STATE OF CALIFORNIA )
) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1999 Avenue of the Stars, Suite 1700, Los Angeles, California 90067.

On February 4, 2009, I served the documents described as: **AMENDED ANSWER OF DEFENDANTS INFINEON TECHNOLOGIES NORTH AMERICA CORP. AND INFINEON TECHNOLOGIES AG TO AMENDED COMPLAINT** by placing a copy of the above entitled document in a sealed envelope addressed as stated on the attached service list.

**X**    by **ECF: by USDC Live System-Documents Filing System on all interested parties registered for e-filing in cases M-02-1486-PJH and C-06-06436-PJH**

 X    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 4, 2009, at Los Angeles, California.

*/s/ Vickie J. Huntley*
Vickie J. Huntley

23257651.DOC                    PROOF OF SERVICE BY CM/ECF FILING