Robert B. Pringle (SBN: 51365)
rpringle@winston.com
Paul R. Griffin (SBN: 83541)
pgriffin@winston.com
Jonathan E. Swartz (SBN: 203624)
jswartz@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA  94111-5802
Telephone:      (415) 591-1000
Facsimile:      (415) 591-1400

Attorneys for Defendant
NEC ELECTRONICS AMERICA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No.: M-02-1486-PJH |
| | Case No. C-06-06436 PJH |
| | MDL No. 1486 |
| THIS DOCUMENT RELATES TO: | **NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER TO AMENDED COMPLAINT** |
| *State of New York v. Micron Technology Inc., et al.* | **JURY TRIAL DEMAND** |

Defendant NEC Electronics America, Inc. ("NEC") answers Plaintiff, the State of New York's ("Plaintiff"), Amended Complaint (the "Complaint") as follows:

**INTRODUCTION**

1.     NEC denies the allegations in the first sentence of Paragraph 1.  To the extent that the remaining allegations of Paragraph 1 are definitional in nature, no response is required. Nonetheless, NEC admits that DRAM is a type of memory chip used in computers and certain other electronic devices.  Except as so indicated, NEC denies the remaining allegations of Paragraph 1.

2.     NEC denies the allegations of Paragraph 2.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3.      NEC denies the allegations of Paragraph 3.

4.      ~~NEC admits that the United States Department of Justice conducted an investigation~~ into the DRAM industry.  NEC further admits that Hynix Semiconductor, Inc., Infineon Technologies AG, Samsung Electronics Co., Ltd. and its subsidiary Samsung Semiconductor, Inc., and Elpida Memory, Inc. have pled guilty to charges involving price fixing related to DRAM sold in the United States.  NEC further admits that certain employees of Hynix Semiconductor, Inc., Infineon Technologies AG, Samsung Electronics Co., Ltd. and/or its subsidiary Samsung Semiconductor, Inc., and Elpida Memory, Inc. and/or its subsidiary Elpida Memory (USA) Inc. have pled guilty to charges involving price fixing related to DRAM sold in the United States.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 and therefore denies the same.

5.      NEC denies that there was a DRAM conspiracy or that NEC was a part of any such conspiracy.  NEC admits that Plaintiff purports to bring this action to recover the relief requested, but denies that Plaintiff has adequately pled its claims for such relief.  NEC further denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint.  NEC denies the remaining allegations of Paragraph 5.

## JURISDICTION AND VENUE

6.      NEC admits that Plaintiff purports to bring this action for the causes of action cited, but denies that Plaintiff has standing to bring such an action or that Plaintiff has adequately pled the claims described.  NEC further denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint.  NEC denies the remaining allegations of Paragraph 6.

7.      NEC avers that the allegations of Paragraph 7 constitute legal contentions and/or conclusions to which no response is required.  NEC nonetheless denies those allegations.

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

8.     NEC avers that the allegations of Paragraph 8 constitute legal contentions and/or conclusions to which no response is required.  NEC nonetheless denies those allegations.

9.     NEC denies the allegations of Paragraph 9.

## THE PARTIES

10.     NEC admits that Plaintiff purports to bring this action under the statutes cited on behalf of those persons and entities listed in Paragraph 10, but denies that Plaintiff has standing to bring such an action, that Plaintiff is an adequate or proper representative of those persons or entities, or that Plaintiff has adequately pled the claims described.  NEC further denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint.  To the extent that the remaining allegations of Paragraph 10 are definitional in nature, no response is required.  Except as so indicated, NEC denies the remaining allegations of Paragraph 10.

11.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies the same.

12.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies the same.

13.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies the same.

14.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies the same.

15.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies the same.

16.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies the same.

17.     NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies the same.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

18.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies the same.

19.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies the same.

20.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies the same.

21.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies the same.

22.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the same.

23.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies the same.

24.   NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies the same.

25.   NEC admits that it is a wholly owned subsidiary of NEC Electronics Corporation. NEC further admits that its principal place of business is located at 2880 Scott Boulevard, Santa Clara, California, and that it maintains a manufacturing plant in Roseville, California.  NEC further admits that it sold DRAM in the United States, including to customers in New York, during a portion of the time period alleged in the Complaint.  NEC denies that it sold DRAM to customers in New York or anywhere in the United States during the entire time period alleged in the Complaint. NEC denies the remaining allegations of Paragraph 25.

26.   NEC denies the allegations of Paragraph 26.

27.   NEC denies the allegations of Paragraph 27.

28.   NEC denies the allegations of Paragraph 28.

**INTERSTATE COMMERCE**

29.   NEC admits that it manufactured and sold DRAM to certain OEMs and other customers in the United States during a portion of the time period alleged in the Complaint.  NEC

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4

1    denies that it manufactured or sold DRAM in the United States during the entire time period alleged

2    in the Complaint. NEC denies the remaining allegations of Paragraph 29.

### DRAM: THE PRICE FIXED PRODUCT

4        30.    To the extent that the information contained within Paragraph 30 is definitional in

5    nature, no response is required. Nonetheless, NEC admits that DRAM is a type of memory chip that

6    is used to store data in computers and certain other electronic devices. Except as so indicated, NEC

7    denies the remaining allegations of Paragraph 30.

8        31.    To the extent that the information contained within Paragraph 31 is definitional in

9    nature, no response is required. Except as so indicated, NEC denies the remaining allegations of

10   Paragraph 31.

11       32.    To the extent that the information contained within Paragraph 32 is definitional in

12   nature, no response is required. Nonetheless, NEC admits that DRAM serves an important function

13   in computers and certain other electronic devices. NEC further admits that SDRAM and DDR

14   DRAM are higher-speed higher-performance types of DRAM. Except as so indicated, NEC denies

15   the remaining allegations of Paragraph 32.

16       33.    To the extent that the information contained within Paragraph 33 is definitional in

17   nature, no response is required. Nonetheless, NEC admits that density is an attribute of DRAM.

18   NEC further admits that technological advances have resulted in the production of DRAM with

19   higher capacities. Except as so indicated, NEC denies the remaining allegations of Paragraph 33.

20       34.    NEC is without knowledge or information sufficient to form a belief as to the truth of

21   the allegations in Paragraph 34 and therefore denies the same.

22       35.    NEC is without knowledge or information sufficient to form a belief as to the truth of

23   the allegations in the last sentence of Paragraph 35 and therefore denies the same. NEC denies the

24   remaining allegations of Paragraph 35.

25       36.    NEC admits that DRAM is generally produced in manufacturing plants, which are

26   sometimes referred to as "fabs." NEC further admits constructing such a manufacturing facility

27   typically requires a significant investment. NEC further admits that there has been some

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

consolidation in the DRAM industry.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 and therefore denies the same.

37.     NEC denies the allegations of Paragraph 37.

38.     NEC denies that there was a DRAM conspiracy or that it was a part of any such conspiracy.  NEC admits that DRAM is used in personal computers.  NEC further admits that certain of the OEMs listed in Paragraph 38 were important NEC customers.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 38 and therefore denies the same.

39.     NEC admits that it entered into agreements with certain OEMs.  NEC further admits that some of its OEM customers had testing and/or qualification processes.  NEC further admits that some of its OEM customers purchased DRAM modules.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39 and therefore denies the same.

40.     NEC admits that it negotiated with its OEM customers for the price and quantity of DRAM to be sold.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies the same.

41.     NEC admits that it negotiated price with certain of its OEM customers and, from time to time, discussed market conditions and trends.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies the same.

42.     Upon information and belief, NEC admits that certain of its OEM customers purchased DRAM from more than one supplier and, from time to time, shifted from one supplier to another.  NEC denies the allegations in the last sentence of Paragraph 42.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies the same.

43.     NEC admits that a large share of DRAM production was for the PC market.  NEC further admits that DRAM manufacturers competed on price.  NEC denies the remaining allegations

6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

in Paragraph 43.

~~44.    NEC is without knowledge or information sufficient to form a belief as to the truth of~~ the allegations in Paragraph 44 and therefore denies the same.

45.    NEC denies the allegations in the second sentence of Paragraph 45.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies the same.

46.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and therefore denies the same.

47.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and therefore denies the same.

48.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies the same.

49.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies the same.

50.    NEC denies the allegations in the first sentence of Paragraph 50.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies the same.

51.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies the same.

52.    NEC denies the allegations in the first sentence of Paragraph 52.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies the same.

53.    NEC denies the allegations in the first sentence of Paragraph 53.  NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies the same.

54.    NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 54 and therefore denies the same.  NEC denies the

1     remaining allegations of Paragraph 54.

2        ~~55.    NEC denies the allegations in the first sentence of Paragraph 55.  NEC further denies~~

3     that it sold DRAM on the spot market during the time period alleged in the Complaint.  NEC admits

4     that some spot market data was available to DRAM manufacturers either publicly or through

5     commercial services.  NEC is without knowledge or information sufficient to form a belief as to the

6     truth of the remaining allegations in Paragraph 55 and therefore denies the same.

7        56.    NEC denies the allegations in the first sentence of Paragraph 56.  NEC is without

8     knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

9     Paragraph 56 and therefore denies the same.

10        57.    NEC denies the allegations of Paragraph 57.

11        58.    NEC denies the allegations in the first sentence of Paragraph 58.  NEC is without

12     knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

13     Paragraph 58 and therefore denies the same.

14        59.    NEC denies that there was a DRAM conspiracy or that it was a part of any such

15     conspiracy.  NEC is without knowledge or information sufficient to form a belief as to the truth of

16     the remaining allegations in Paragraph 59 and therefore denies the same.

17        60.    NEC is without knowledge or information sufficient to form a belief as to the truth of

18     the allegations in Paragraph 60 and therefore denies the same.

19        61.    NEC denies that there was a DRAM cartel or that it was a part of any such cartel.

20     NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining

21     allegations in Paragraph 61 and therefore denies the same.

22        62.    NEC is without knowledge or information sufficient to form a belief as to the truth of

23     the allegations in Paragraph 62 and therefore denies the same.

24        63.    NEC denies that there was a DRAM price fixing scheme or conspiracy or that NEC

25     was a part of any such price fixing scheme or conspiracy.  NEC denies the remaining allegations of

26     Paragraph 63.

27        64.    NEC admits that Hynix Semiconductor, Inc., Infineon Technologies AG, Samsung

28

**Winston & Strawn LLP**
101 California Street
San Francisco, CA 94111-5802

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

1   Electronics Co., Ltd. and its subsidiary Samsung Semiconductor, Inc., and Elpida Memory, Inc.

2   ~~have pled guilty to charges involving price fixing related to DRAM sold in the United States.~~ NEC

3   is without knowledge or information sufficient to form a belief as to the truth of the remaining

4   allegations in Paragraph 64 and therefore denies the same.

5       65.   NEC is without knowledge or information sufficient to form a belief as to the truth of

6   the allegations in Paragraph 65 and therefore denies the same.

7       66.   NEC is without knowledge or information sufficient to form a belief as to the truth of

8   the allegations in Paragraph 66 and therefore denies the same.

9       67.   NEC is without knowledge or information sufficient to form a belief as to the truth of

10   the allegations in Paragraph 67 and therefore denies the same.

11       68.   NEC is without knowledge or information sufficient to form a belief as to the truth of

12   the allegations in Paragraph 68 and therefore denies the same.

13       69.   NEC denies that there was a DRAM conspiracy or that NEC was a part of any such

14   conspiracy.  NEC is without knowledge or information sufficient to form a belief as to the truth of

15   the allegations in the second sentence of Paragraph 69 and therefore denies the same.  NEC denies

16   the remaining allegations of Paragraph 69.

17       70.   NEC denies the allegations of Paragraph 70.

18       71.   NEC denies the allegations of Paragraph 71.

19               **THE ASSIGNMENT OF DIRECT CLAIMS TO THE STATE**

20       72.   NEC is without knowledge or information sufficient to form a belief as to the truth of

21   the allegations in Paragraph 72 and therefore denies the same.

22       73.   NEC is without knowledge or information sufficient to form a belief as to the truth of

23   the allegations in the first sentence of Paragraph 73 and therefore denies the same.  NEC avers that

24   the remaining allegations of Paragraph 73 constitute legal contentions and/or conclusions to which

25   no response is required.  NEC nonetheless denies those allegations.

26       74.   NEC is without knowledge or information sufficient to form a belief as to the truth of

27   the allegations in the first sentence of Paragraph 74 and therefore denies the same. NEC avers that

28

*Winston & Strawn LLP*
*101 California Street*
*San Francisco, CA 94111-5802*

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

the remaining allegations of Paragraph 74 constitute legal contentions and/or conclusions to which ~~no response is required. NEC nonetheless denies those allegations.~~

75. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 and therefore denies the same.

76. NEC avers that the allegations in the second sentence of Paragraph 76 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations. NEC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76 and therefore denies the same.

77. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and therefore denies the same.

78. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and therefore denies the same.

79. NEC is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 and therefore denies the same.

80. NEC denies the allegation in Paragraph 80 that the price of DRAM was fixed by Defendants. NEC avers that the remaining allegations of Paragraph 80 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

## CLAIMS FOR RELIEF

### *First Claim (Violation of Section 1 of the Sherman Act)*

81. NEC denies the allegations of Paragraph 81.

82. NEC denies the allegations of Paragraph 82.

83. NEC denies the allegations of Paragraph 83.

84. NEC avers that the allegations of Paragraph 84 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

85. NEC denies the allegations of Paragraph 85.

86. NEC denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to

10

bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint. NEC further denies that it engaged in any illegal conduct as alleged in the Complaint. NEC avers that the remaining allegations of Paragraph 86 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

### Second Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)

87.     NEC denies the allegations of Paragraph 87.

88.     NEC denies the allegations of Paragraph 88.

89.     NEC denies the allegations of Paragraph 89.

90.     NEC avers that the allegations of Paragraph 90 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

91.     NEC denies the allegations of Paragraph 91.

92.     NEC denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint. NEC further denies that it engaged in any illegal conduct as alleged in the Complaint. NEC avers that the remaining allegations of Paragraph 92 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

93.     NEC avers that the allegations of Paragraph 93 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

### Third Claim (Violation of the Donnelly Act, N.Y. Gen. Bus. L. § 340 et seq.)

94.     NEC denies the allegations of Paragraph 94.

95.     NEC denies the allegations of Paragraph 95.

96.     NEC denies the allegations of Paragraph 96.

97.     NEC avers that the allegations of Paragraph 97 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

98.     NEC denies the allegations of Paragraph 98.

99.     NEC denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint. NEC further denies that it engaged in any illegal conduct as alleged in the Complaint. NEC avers that the remaining allegations of Paragraph 99 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

100. NEC avers that the allegations of Paragraph 100 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

### Fourth Claim (N.Y. Exec. L. § 63(12))

101. NEC denies the allegations of Paragraph 101.

102. NEC denies the allegations of Paragraph 102.

103. NEC denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury, or that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any relief by means of the allegations set forth in the Complaint. NEC further denies that it engaged in any illegal conduct as alleged in the Complaint. NEC avers that the remaining allegations of Paragraph 103 constitute legal contentions and/or conclusions to which no response is required. NEC nonetheless denies those allegations.

### RELIEF SOUGHT

NEC denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, have suffered any injury and further denies that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, are entitled to any of the relief they seek by way of the Complaint, under any theory.

### AFFIRMATIVE DEFENSES

### GENERAL AFFIRMATIVE DEFENSES

Unless otherwise specified, NEC asserts the following affirmative defenses to Plaintiff's entire Complaint and each and every cause of action purportedly stated therein, including all claims and/or causes of action made under any applicable federal or state law.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. As a first and separate affirmative defense, NEC avers that the Complaint, and each separately pleaded count or claim alleged therein, fails to state a claim upon which relief can be granted against NEC under any theory.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver and/or Estoppel)

2. [WITHDRAWN]

## THIRD AFFIRMATIVE DEFENSE

### (Laches)

3. As a third and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

4. [WITHDRAWN]

## FIFTH AFFIRMATIVE DEFENSE

### (Due Process Violation)

5. As a fifth and separate affirmative defense, NEC avers that, to the extent Plaintiff purports to seek relief on behalf of members of the general public who have suffered no damages, the Complaint and each of its claims for relief therein violate NEC's right to due process under the United States and New York Constitutions.

## SIXTH AFFIRMATIVE DEFENSE

### (Commerce Clause Violation)

6. As a sixth and separate affirmative defense, NEC avers that, to the extent Plaintiff purports to seek relief under state laws regulating intrastate commerce, the Complaint and each of its claims for relief therein violates the Commerce Clause of the United States Constitution.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### SEVENTH AFFIRMATIVE DEFENSE

### (Remedies Unconstitutional and/or Contrary to Public Policy)

7.      As a seventh and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because the remedies sought are unconstitutional and/or contrary to public policy.

### EIGHTH AFFIRMATIVE DEFENSE

### (Absence of Injury or Damages)

8.      As an eighth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, due to the absence of any injury or damage as a result of the matters alleged in the Complaint.  To the extent that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, suffered injury or damage, which NEC expressly denies, NEC further avers that any such injury or damage was not by reason of any act or thing done by NEC.

### NINTH AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

9.      As a ninth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because neither Plaintiff, nor those on whose behalf Plaintiff purports to bring the Complaint, have suffered any actual cognizable antitrust injury under either the federal antitrust laws or the applicable antitrust laws of New York by reason of any action by NEC as there has been no injury to competition.

### TENTH AFFIRMATIVE DEFENSE

### (Uncertainty of Damages)

10.      As a tenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any alleged damages are speculative, uncertain, and impossible to ascertain or allocate.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

11.      As an eleventh and separate affirmative defense, NEC avers that Plaintiff, and those

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

on whose behalf Plaintiff purports to bring the Complaint, are barred from recovery of any alleged ~~damages because they failed to reasonably mitigate their alleged damages, if any.~~

### TWELFTH AFFIRMATIVE DEFENSE

#### (No Punitive or Exemplary Damages Allowed)

12.     As a twelfth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because recovery of punitive or exemplary damages is barred by the United States and New York Constitutions.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (No Attorneys' Fees Allowed)

13.     As a thirteenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because an award of attorneys' fees, based upon the conduct alleged in the Complaint, is not allowed under applicable federal or New York law.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Statutes of Limitations)

14.     As a fourteenth and separate affirmative defense, NEC avers that the Complaint, and each and every cause of action therein, is barred, in whole or in part, by all applicable federal and state statute(s) of limitations, including but not limited to 15 U.S.C. § 15b and New York C.P.L.R. 214, the laws under which Plaintiff asserts claims and/or causes of action.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Unjust Enrichment)

15.     As a fifteenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because recovery on such claims would result in unjust enrichment to Plaintiff, or to those on whose behalf Plaintiff purports to bring the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Proximate Cause)

16.     As a sixteenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, due to the absence of any injury or damage for which NEC was the

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

proximate cause.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

17.   As a seventeenth and separate affirmative defense, NEC avers that Plaintiff is not entitled to an injunction or other equitable relief in this action because Plaintiff has available an adequate remedy at law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Justification)**

18.   As an eighteenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any conduct engaged in by NEC has been reasonable, based upon independent, legitimate business and economic justifications, and without any purpose or intent to injure competition.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

19.   As a nineteenth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any action taken by or on behalf of NEC was justified, constituted bona fide business competition, and was taken in pursuit of its own legitimate business and economic interests, and is therefore privileged.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Improper Joinder)**

20.   As a twentieth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because Plaintiff's claims are improperly joined within the meaning of Fed. R. Civ. P. 20.  Plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences and/or do not involve questions of law or fact common to all Defendants.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

16

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

21.     As a twenty-first and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, for failure to join indispensable parties, including non-defendant DRAM manufacturers and those who have purportedly assigned claims to Plaintiff.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault of Plaintiff or Third Parties)

22.     [WITHDRAWN]

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Acquiescence)

23.     As a twenty-third and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, by Plaintiff's acquiescence and confirmation of any and all conduct and/or omissions alleged as to NEC.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Uncertainty)

24.     [WITHDRAWN]

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Ultra Vires Conduct)

25.     [WITHDRAWN]

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Lack of Standing to Sue for Injuries Alleged)

26.     As a twenty-sixth and separate affirmative defense, NEC avers that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, lack standing to sue for the injuries alleged in the Complaint.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Damages Passed On)

27.     As a twenty-seventh and separate affirmative defense, NEC avers that Plaintiff's

claims are barred, in whole or in part, because, assuming the existence of any overcharge, injury, or damage alleged in the Complaint, which NEC expressly denies, such overcharge, injury, or damage was passed on to persons or entities other than Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Conflict of Interest)

28.     As a twenty-eighth and separate affirmative defense, NEC avers that Plaintiff's claims are barred because there is a conflict of interest between the Plaintiff and those on whose behalf Plaintiff purports to bring the Complaint **insofar as Plaintiff purports to represent both direct and indirect purchasers of DRAM or DRAM-containing products**.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Damages Not Passed Through to Plaintiff)

29.     As a twenty-ninth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because, assuming the existence of any overcharge, injury, or damage alleged in the Complaint, which NEC expressly denies, such overcharge, injury, or damage was absorbed, in whole or in part, by more direct purchasers and was not passed through to Plaintiff, or to those on whose behalf Plaintiff purports to bring the Complaint, or otherwise was incurred by or passed on to persons or entities other than Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Competition Not Harmed)

30.     As a thirtieth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any actions taken by NEC did not lessen competition in the relevant market.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Intervening or Superseding Market Forces and/or Acts of Third Parties)

31.     As a thirty-first and separate affirmative defense, NEC avers that Plaintiff's damages,

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

or the damages of those on whose behalf Plaintiff purports to bring the Complaint, if any, resulted ~~from market forces over which NEC had no control or responsibility and/or the acts or omissions of~~ third parties over whom NEC had no control or responsibility. Such market forces and/or acts of such third parties constitute intervening or superseding causes of the harm, if any, suffered by Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Injury or Damages Offset by Benefits Received)

32.     As a thirty-second and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, to the extent that any claimed injury or damage has been offset by benefits received with respect to the challenged conduct.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Increased Output and Lower Prices)

33.     [WITHDRAWN]

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Prices Fixed by Plaintiff)

34.     As a thirty-fourth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because the price for DRAM was fixed, if at all, by Plaintiff, or by those on whose behalf Plaintiff purports to bring the Complaint, either individually or collectively.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (No Unreasonable Restraint of Trade)

35.     As a thirty-fifth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any actions taken by NEC have not unreasonably restrained trade.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Allege Fraud or Fraudulent Concealment with Particularity)

36.     As a thirty-sixth and separate affirmative defense, NEC avers that Plaintiff's claims are barred because Plaintiff has failed to allege fraud or fraudulent concealment with particularity.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Conspiracy with Particularity)

37.     As a thirty-seventh and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege conspiracy with particularity.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Materially Deceptive Trade Conduct)

38.     As a thirty-eighth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because NEC did not engage in any materially deceptive trade conduct with respect to Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Detrimental Reliance)

39.     As a thirty-ninth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, did not detrimentally rely upon any alleged deceptive trade conduct by NEC.

### FORTIETH AFFIRMATIVE DEFENSE

### (Compliance with FTC Rules, Regulations and Statutes)

40.     As a fortieth and separate affirmative defense, NEC avers that any alleged conduct by NEC has complied with the rules and regulations of, and the statutes administered by, the Federal Trade Commission or other official departments, divisions, commissions, or agencies of the United States as such rules, regulations, or statutes are interpreted by the Federal Trade Commission or such departments, divisions, commissions, agencies, or the federal courts.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Duplicative Damages)

41.     As a forty-first and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, seek damages that are duplicative of damages sought in other actions.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Multiplicity of Litigation)

42.     As a forty-second and separate affirmative defense, NEC avers that this case should be dismissed, consolidated, or stayed pursuant to applicable federal and/or New York law, because there are other actions pending between the same parties for the same causes of action in other courts within the United States.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing as Indirect Purchasers)

43.     As a forty-third and separate affirmative defense, NEC avers that Plaintiff's claims are barred because indirect purchasers lack standing to sue under the antitrust laws of the United States, Illinois Brick Co. v. Illinois, 434 U.S. 881 (1977), and/or applicable New York laws.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Voluntary Payment Doctrine)

44.     As a forty-fourth and separate affirmative defense, NEC avers that Plaintiff's claims are barred by the voluntary payment doctrine, under which one cannot recover payments made with full knowledge of the facts.

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Privity of Contract)

45.     As a forty-fifth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's claims require privity of contract, because Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, had no privity of contract with NEC.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Set Off)

46.     As a forty-sixth and separate affirmative defense, NEC avers, without admitting the existence of any contract, combination, or conspiracy in restraint of trade, that NEC is entitled to set off any amounts paid to Plaintiff by any other Defendants who have settled, or do settle, Plaintiff's

1   claims against them in this matter.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Market Power)

47.    As a forty-seventh and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege or prove that NEC possessed or possesses market power in any legally cognizable relevant market.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Injunctive Relief)

48.    As a forty-eighth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to state a claim for injunctive relief insofar as Plaintiff seeks to enjoin alleged events that have already transpired without the requisite showing of threatened future harm or continuing harm.

### FORTY-NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

49.    As a forty-ninth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, by Plaintiff's lack of standing, or the lack of standing of those on whose behalf Plaintiff purports to bring the Complaint, under New York Gen. Bus. Law §§ 349, et seq.  The alleged injuries are too speculative, derivative, indirect, and remote to confer standing.  To the extent that Plaintiff, or those on whose behalf Plaintiff purports to bring the Complaint, purchased products containing DRAM, as opposed to DRAM itself, those alleged injuries are even more speculative, derivative, indirect, and remote.  The damages claims create an impermissible risk of duplicative recoveries and complex damage apportionment.

### FIFTIETH AFFIRMATIVE DEFENSE

### (Improper Venue)

50.    As a fiftieth and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because venue in the Southern District of New York is improper with respect to the allegations, claims, and/or causes of action set forth in the Complaint that arise from

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

22

conduct alleged to have occurred outside of that District.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

#### (Lack of Jurisdiction)

51.    As a fifty-first and separate affirmative defense, NEC avers that Plaintiff's claims are barred, in whole or in part, because any alleged conduct of NEC occurred outside of the jurisdiction of New York and/or was neither directed to nor had any effect on any persons, entities, commerce, or competition in New York.

### FIFTY-SECOND AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

52.    [WITHDRAWN]

### FIFTY-THIRD AFFIRMATIVE DEFENSE

#### (Excessive Fines)

53.    As a fifty-third and separate affirmative defense, Plaintiff's claims pursuant to the purported assignment clauses in Plaintiff's contracts with OEMs are barred, in whole or in part, because NEC has already resolved such claims with at least some of the direct purchaser OEMs and have been released from any further liability for such claims.  Recovery for such claims would therefore be duplicative and would violate the Excessive Fines and Due Processes Clauses of the United States Constitution.

### INCORPORATION BY REFERENCE AND RESERVATION OF RIGHTS
### FIFTY-FOURTH AFFIRMATIVE DEFENSE

#### (Other Defenses Incorporated by Reference)

54.    As a fifty-fourth and separate affirmative defense, NEC hereby adopts and incorporates by this reference any and all other affirmative defenses asserted or to be asserted by any other Defendant in this proceeding to the extent that NEC may share in such affirmative defenses.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

#### (Reservation of Rights to Assert Additional Defenses)

55.    NEC has not knowingly or intentionally waived any applicable affirmative defenses

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   and reserves the right to assert and rely on such other applicable affirmative defenses as may become

2   ~~available or apparent during discovery proceedings. NEC further reserves the right to amend its~~

3   Answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it

4   determines are not applicable during the course of subsequent discovery. NEC further reserves the

5   right to amend its Answer and/or affirmative defenses in order to add any additional affirmative

6   defenses that may become necessary under the statutes of other applicable laws of New York. By

7   setting forth any particular defense above, NEC does not thereby assume an affirmative burden of

8   proof as to that defense, but rather relies on applicable law governing which party has the burden of

9   proof and what such burden is.

10                                     **PRAYER**

11          WHEREFORE, NEC prays as follows:

12          1.      That Plaintiff take nothing by reason of its Complaint, and that the Complaint be

13   dismissed with prejudice;

14          2.      That judgment be entered in favor of NEC as to all causes of action asserted against

15   it;

16          3.      That NEC be awarded its costs of suit, including attorneys' fees, incurred in defense

17   of the action; and

18          4.      For such other relief as the Court deems just and proper.

19                              **DEMAND FOR JURY TRIAL**

20          Pursuant to Federal Rule of Civil Procedure 38(b), Defendant NEC Electronics America,

21   Inc. hereby demands a jury trial.

22

23   Dated: February 4, 2009                    WINSTON & STRAWN LLP

24

25                                      By:  _____
                                                          /s/
26                                              Jonathan E. Swartz
                                                Attorneys for Defendant
27                                              NEC ELECTRONICS AMERICA, INC.

28

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

24

SF:234291.1

NEC ELECTRONICS AMERICA, INC.'S AMENDED ANSWER
TO AMENDED COMPLAINT
Master File No.: M-02-1486-PJH [Related Case No. C-6-06436 PJH]