1
2
3
4
5
6
7
8
9
10                    UNITED STATES DISTRICT COURT
11                    NORTHERN DISTRICT OF CALIFORNIA
12
13

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH<br><br>MDL No. 1486<br><br>[~~PROPOSED~~] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR AN ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND |
| This Document Relates To:<br><br>All Direct Purchaser Actions | Judge:     Hon. Phyllis J. Hamilton<br>Courtroom: 3, 3rd Floor |

[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND – Master File No. M-02-1486 PJH

1   Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of the Settlement Fund ("Motion") came on for hearing on October 28, 2009. The Court previously granted final approval the settlement agreements reached in these class action proceedings and found that due and adequate notice of the settlements was provided to the Class. (Dkt. Nos. 1153-55, 1533-36, 1662-64, 1677.)

Having considered the Motion, the Declaration of Robin Niemiec in Support of Motion Authorizing Distribution of Settlement Fund ("Niemiec Declaration"), the Declaration of R. Alexander Saveri in Support of Direct Purchaser Plaintiffs' Motion for an Order Authorizing Distribution of Settlement Fund, and all other supporting papers and arguments presented at the hearing, it is hereby ORDERED that:

1.  Plaintiffs' Motion is GRANTED.

2.  The Court finds that a *pro rata* distribution of the Net Settlement Fund (determined by multiplying each valid claimant's percentage of the total valid claims times the Net Settlement Fund) is fair, adequate and reasonable.

3.  The Court further finds that the claims review process, as set forth in the Niemiec Declaration, was fair, adequate and reasonable, providing a full and fair opportunity for potential members of the class to submit a valid claim.

4.  The Claims Administrator's recommendations regarding the ineligibility (Exhibit K of the Niemiec Declaration) and eligibility (Exhibit L of the Niemiec Declaration) of the claims are hereby adopted and approved.

5.  Sufficient funds shall be reserved in the Net Settlement Fund for the payment of claims administration costs and taxes.

6.  Until further order of the Court regarding the disputed claims of Kimball Electronics, Inc. f/k/a Reptron Electronics, Inc. ("Reptron"), Plaintiffs' Counsel shall reserve Reptron's *pro rata* share of the Net Settlement Fund in escrow until resolution of its claim.

7. The Court authorizes distribution of the Net Settlement Fund (less the funds reserved for claim administration costs, taxes, and Reptron's disputed claims) as set forth in Exhibit L of the Niemiec Declaration.

IT IS SO ORDERED.

Date: Oct. 28 , 2009.



_____
Judge Phyllis J. Hamilton
United States District Judge

[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR ORDER AUTHORIZING DISTRIBUTION OF SETTLEMENT FUND – Master File No. M-02-1486 PJH
-2-