BURROW & SHIMANE
LANCE BURROW_SBN 94986____
lance@burrow-law.com
96 N. 3rd Street, Suite 500
San Jose, CA 95112
Telephone: (408) 993-8493
Facsimile: (408) 993-8496

BAKER & DANIELS LLP
RYAN M. HURLEY
ryan.hurley@bakerd.com
300 N. Meridian St., Suite 2700
Indianapolis, IN 46204
Telephone: (317) 237-1144
Facsimile: (317) 237-1000

Attorneys for Kimball Electronics Tampa, Inc. f/k/a
Reptron Electronics, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486PJH<br><br>MDL No. 1486<br><br>**STIPULATION AND [PROPOSED] ORDER** |
| This Document Relates to:<br><br>ALL DIRECT PURCHASER ACTIONS | |

Kimball Electronics Tampa, Inc. f/k/a Reptron Electronics, Inc. ("Kimball"), Jaco Electronics, Inc. ("Jaco"), and co-lead counsel for the Direct Purchaser Plaintiffs (the "Parties"), stipulate and agree as follows:

BDDB01 5943265v1

1. Reptron Electronics, Inc. ("Reptron"), either directly or through its agents and/or affiliates or subsidiaries, purchased various dynamic random access memory semiconductor products, modules and components (collectively "DRAM Products") at various times and in various amounts.

2. Reptron purchased DRAM Products for use in both its electronics components distribution business (the "Distribution Business") and its computer products business (the "Module Business").

3. Pursuant to an Asset Purchase Agreement entered into on May 19, 2003, which closed on June 13, 2003, Jaco acquired certain assets of Reptron including Reptron's electronic components distribution business (the "Distribution Business").

4. In February 2006, Kimball merged with Reptron.

5. On October 3, 2006 Jaco opted out of In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, M-02-1486 PJH (the "DRAM Class Action") on behalf of itself and each of its respective parents, predecessors, successors, subsidiaries, agents, affiliates, partners, acquisitions, assignors, divisions, departments and offices. Reptron, Inc. was identified on Schedule A to Jaco's opt out notice and Jaco intended to opt out the portion of Reptron's assets that it had acquired.

6. On February 28, 2007, Jaco commenced the action Jaco Electronics, Inc. v. Hynix Simconductor, Inc. et al, Case No. C-07-01212 PJH (the "Jaco Action") asserting antitrust claims based on purchases of DRAM, including purchases by Reptron's Distribution Business.

7. Kimball has asserted a claim in the DRAM Class Action, claim number 3010370, based on Reptron purchases of DRAM.

8. A dispute has arisen over distribution of proceeds from the DRAM Class Action related to Reptron purchases of DRAM.

BDDB01 5943265v1

9. On June 23, 2009, Kimball filed a Motion to Intervene in the DRAM Class Action ("Kimball Motion to Intervene") seeking a determination that it is the owner of antitrust claims based on Reptron's purchases of DRAM.

10. On August 26, 2009, Jaco filed a Motion Pursuant to Rule 42 ("Jaco Rule 42 Motion") seeking dismissal of Kimball's motion or, in the alternative, that its motion be consolidated with the partial motion to dismiss pending in the Jaco Action and asserting that it is the owner of any and all claims based on DRAM purchased by Reptron's Distribution Business.

11. Jaco and Kimball have entered into a Settlement Agreement and Release contemporaneously with this Stipulation regarding the ownership of antitrust claims relating to Reptron DRAM purchases.

12. As outlined in the Settlement Agreement, Jaco and Kimball agree that Jaco is the owner of all antitrust claims related to purchases of DRAM by Reptron's Distribution Business, that Kimball asserts no claim to all antitrust claims related to purchases of DRAM by Reptron's Distribution Business, that Jaco has no basis to dispute that Kimball is the owner of all antitrust claims related to purchases of DRAM by Reptron's Module Business, and that Jaco asserts no claim to all antitrust claims related to purchases of DRAM by Reptron's Module Business.

13. Jaco and Kimball also agree that Jaco has no basis to dispute that the relevant amount of Reptron Module Business DRAM purchases during the Class Period is $41,000,000.

14. Based on the Settlement Agreement, Kimball agrees to reduce its claim in the DRAM Class Action to $41,000,000. Co-lead counsel for the Direct Purchaser Plaintiffs agree that Kimball is entitled to a distribution of its *pro rata share* of the Net Settlement Fund based on its $41,000,000 claim.

BDDB01 5943265v1

15. Upon approval of this Stipulation, the Parties agree that the Kimball Motion to Intervene and the Jaco Rule 42 Motion will be terminated with prejudice.

**IT IS SO STIPULATED AND AGREED.**

Dated:   December 4, 2009                                         BAKER & HOSTETLER LLP


                                                                 */s/* Tracy Cole
                                                                 Tracy Cole

                                                                 Counsel for Jaco Electronics, Inc.


Dated: December 4, 2009                                           BAKER & DANIELS LLP


                                                                 /s/ Ryan M. Hurley
                                                                 Ryan M. Hurley

                                                                 Counsel for Kimball Electronics Tampa, Inc.
                                                                 f/k/a Reptron Electronics, Inc.


Dated: December 4, 2009                                           SAVERI & SAVERI INC.


                                                                 /s/ Guido Saveri
                                                                 Guido Saveri

                                                                 Co-lead counsel for Direct Purchaser Plaintiffs

**ATTESTATION OF FILING**

Pursuant to General Order 45.X.B, I hereby attest that I have obtained concurrence in the filing of this document from the parties listed above.

                                           */s/* Ryan M. Hurley
                                           Ryan M. Hurley

BDDB01 5943265v1

# [PROPOSED] ORDER

PURSUANT TO THE STIPULATION OF THE PARTIES, IT IS HEREBY ORDERED:

1. The stipulation between Kimball, Jaco, and co-lead counsel for the Direct Purchaser Plaintiffs is approved.

2. Co-lead counsel for the Direct Purchaser Plaintiffs are authorized to distribute to Kimball its *pro rata share* of the Net Settlement Fund based on the approved $41,000,000 claim.

3. The Kimball Motion to Intervene and the Jaco Rule 42 Motion are terminated with prejudice.

Dated: 12/8/09

Hon.
United

*IT IS SO ORDERED*
*Judge Phyllis J. Hamilton*

BDDB01 5943265v1

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 4, 2009, I electronically filed the foregoing **STIPULATION AND [PROPOSED] ORDER** via CM/ECF on all interested parties registered for e-filing in Master File No. M-02-1486PJH.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2009 in Indianapolis, Indiana.

                                                /s/ Ryan M. Hurley
                                                Ryan M. Hurley
                                                E-mail: ryan.hurley@bakerd.com

BDDB01 5943265v1