1  Guido Saveri (22349)
   R. Alexander Saveri (173102)
2  Cadio Zirpoli (179108)
   SAVERI & SAVERI, INC.
3  706 Sansome Street
   San Francisco, CA 94111
4  Telephone: (415) 217-6810
   Facsimile: (415) 217-6813
5  guido@saveri.com
   rick@saveri.com
6  cadio@saveri.com

7  Anthony D. Shapiro (*pro hac vice*)
   George W. Sampson (*pro hac vice*)
8  Ronnie S. Spiegel
   HAGENS BERMAN SOBOL SHAPIRO LLP
9  1301 Fifth Avenue, Suite 2900
   Seattle, WA 98101
10 Telephone: (206) 623-7292
   tony@hbsslaw.com
11 george@hbsslaw.com
   ronnie@hbsslaw.com

12 Fred Taylor Isquith
   WOLF, HALDENSTEIN, ADLER,
13    FREEMAN & HERZ
   270 Madison Avenue
14 New York, NY 10016
   Telephone: (212) 545-4600
15 isquith@whafh.com

16 Attorneys for Plaintiff Alan Preis

17

18                **UNITED STATES DISTRICT COURT**

19        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

20                      **OAKLAND DIVISION**

21 | IN RE DYNAMIC RANDOM ACCESS | Master File No. M-02-1486 PJH |
   | MEMORY (DRAM) ANTITRUST | MDL No. 1486 |

22 | LITIGATION | |

23 | This Document Relates to: | **[~~PROPOSED~~] ORDER GRANTING CLASS CERTIFICATION AND PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH MITSUBISHI, HITACHI, AND TOSHIBA** |

24 | *Preis et. al. v. Hitachi, Ltd., et al.,* Case No. CV 10-0346 PJH | |

25

26

27

28

1    On April 1, 2010, Plaintiff filed a Motion for Preliminary Approval of Class Action

2  Settlements with Defendants (1) Mitsubishi Electric Corporation and Mitsubishi Electric and

3  Electronics USA, Inc. ("Mitsubishi"); (2) Hitachi, Ltd. ("Hitachi"); and (3) Toshiba America

4  Electronic Components, Inc., and Toshiba Corporation ("Toshiba"). The Court, having reviewed

5  the motion, each of the three settlement agreements, the pleadings and other papers on file in this

6  action, and the statements of counsel and the parties, hereby finds that the motion should be

7  GRANTED.

8    NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

9    1.    For purposes of this Order, except as otherwise set forth herein, the Court adopts

10  and incorporates the definitions contained in each of the three settlement agreements;

11    2.    The Court hereby gives its preliminary approval to each of the three settlement

12  agreements, subject to a hearing on the final approval of the settlement agreements (the "Fairness

13  Hearing");

14    3.    Pursuant to Federal Rule of Civil Procedure 23, the Court provisionally certifies the

15  following classes for settlement purposes only:

16  The Mitsubishi class consists of:

> All individuals and entities who, at any time during the period beginning April 1,
> 1999 and continuing through June 30, 2002 (the "Class Period") purchased DRAM
> in the United States directly from Mitsubishi or any of its alleged co-conspirators,
> Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc.,
> Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic,
> Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology
> Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies
> North America Corp., Micron Technology, Inc., Micron Semiconductor Products,
> Inc. through its Crucial Technology division, Samsung Semiconductor, Inc.,
> Winbond Electronics Corporation, Winbond Electronics Corporation America,
> Hitachi, Ltd.; Toshiba America Electronic Components, Inc., Toshiba Corporation
> and each of their parents, subsidiaries or affiliates. The definitions of Class and
> Class Period herein do not limit the scope of the Release provided in paragraphs 13-
> 15 of this [Settlement] Agreement. Excluded from the Class are Mitsubishi and its
> alleged co-conspirators, their parents, subsidiaries, affiliates, and all governmental
> entities.

The Hitachi class consists of:

> All individuals and entities who, at any time during the period beginning
> April 1, 1999 and continuing through June 30, 2002 (the "Class Period"),

1  purchased DRAM in the United States directly from Hitachi or its alleged
2  co-conspirators Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix
   Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon
3  Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC
   Electronics America, Inc., Nanya Technology Corporation USA, Samsung
   Electronics Company, Ltd., Infineon Technologies North America Corp.,
4  Micron Technology, Inc., Micron Semiconductor Products, Inc. through
5  its Crucial Technology division, Samsung Semiconductor, Inc., Winbond
   Electronics Corporation, Winbond Electronics Corporation America,
6  Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics
   USA, Inc.; Toshiba America Electronic Components, Inc., Toshiba
7  Corporation and their parents, subsidiaries or affiliates. The definitions of
   Class and Class Period herein do not limit the scope of the Release
8  provided in paragraphs 13-15 of this [Settlement] Agreement. Excluded
   from the class are Hitachi and its alleged co-conspirators, their parents,
9  subsidiaries, affiliates, and all governmental entities.

10      4.      The Court further provisionally finds that the prerequisites to a class action under

11  Rule 23 are satisfied for settlement purposes in that:

12          a.      there are hundreds of geographically dispersed class members,

13  making joinder of all members impracticable;

14          b.      there are questions of law and fact common to the class which

15  predominate over individual issues;

16          c.      the claims or defenses of the class plaintiff are typical of the claims

17  or defenses of the class;

18          d.      the plaintiff will fairly and adequately protect the interests of the

19  class, and has retained counsel experienced in antitrust class action litigation who have, and will

20  continue to, adequately represent the class; and

21          e.      a class action is superior to individual actions.

22      5.      The Court finds that each settlement falls within the range of possible final

23  approval. The Court further finds that there is a sufficient basis for notifying the classes of the

24  proposed settlements and for setting a Fairness Hearing.

25      6.      The court appoints plaintiff Alan Preis as representative of the settlement classes.

26
27
28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION    3
SETTLEMENTS WITH MITSUBISHI, HITACHI, AND TOSHIBA – M-02-1486 PJH

1       7.      The court appoints Guido Saveri of Saveri & Saveri, Inc., Anthony D. Shapiro of

2 Hagens Berman Sobol & Shapiro LLP, and Fred T. Isquith of Wolf Haldenstein Adler Freeman &

3 Herz to serve as Class Counsel for the Settlement Classes.

4       8.      The Court approves the form of long form notice attached hereto as Exhibit A

5 ("Long Form Notice"), the Court approves the form of summary notice attached hereto as Exhibit

6 B ("Summary Notice") and the Court approves the form of Claim Form ("Claim Form") attached

7 hereto as Exhibit C. The Court finds that taken together, mailing of the Long Form Notice (U.S

8 Mail and electronic mail), publication of the Summary Notice, and internet posting of the Long

9 Form Notice are: (i) the best practicable notice; (ii) reasonably calculated to, under the

10 circumstances, to apprise the settlement class members of the proposed settlements and of their

11 right to object or to exclude themselves as provided in the settlement agreements; (iii) reasonable

12 and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv)

13 meet all applicable requirements of due process and any other applicable requirements under

14 federal and California law.

15       9.      The Court appoints Rust Consulting as the Claims Administrator.

16       10.     The Claims Administrator shall provide notice of the class settlements. The Claims

17 Administrator shall provide direct notice of the settlements to all members of the class on or before

18 June 23, 2010. Such notice shall be sent either by first class U.S. mail postage prepaid or by

19 electronic mail. The Claims Administrator shall publish the Summary Notice in the national

20 edition of the *Wall Street Journal* on or before June 28, 2010. The Claims Administrator shall also

21 cause a copy of the class notices and Settlement Agreements to be posted on the internet website

22 www.dramantitrustsettlement.com.

23       11.     Each class member of the Mitsubishi and Hitachi settlement classes shall have the

24 right to be excluded from the settlement classes by mailing a request for exclusion to the Claims

25 Administrator no later than August 16, 2010, at least forty-five (45) days after mailing of the direct

26 notice. Requests for exclusion must be in writing and set forth the name and address of the person

27 or entity who wishes to be excluded, as well as all trade names or business names and addresses

28

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION    4
SETTLEMENTS WITH MITSUBISHI, HITACHI, AND TOSHIBA – M-02-1486 PJH

1    used by such person or entity, and must be signed by the class member seeking exclusion.  No later

2    than fourteen (14) days after the date set for exclusions, Class Counsel shall file with the Court a

3    list of all persons or entities who have timely requested exclusion from the settlement classes as

4    provided in the settlement agreements.

5         12.    Any class member who does not properly and timely request exclusion from the

6    settlement classes as provided above shall, upon final approval of the settlements, be bound by the

7    terms and provisions of the settlements so approved, including but not limited to the releases,

8    waivers, and covenants described in the agreements, whether or not such person or entity objected

9    to the settlement agreements and whether or not such person or entity makes a claim upon the

10   settlement funds.

11        13.    Each class member who has not timely excluded itself from the Mitsubishi and

12   Hitachi classes, as well as the Toshiba class members, shall have the right to object to: (1) the

13   settlements; (2) the plan of allocation; (3) the award of attorneys' fees, costs and cost of

14   administration; and (4) the proposed claim form by filing written objections with the Court no later

15   than August 16, 2010, at least forty–five (45) days after mailing of the direct notice, copies of

16   which shall be served on all counsel listed in the class notice.  Failure to timely file and serve

17   written objections will preclude a class member from objecting to any or all of the three class

18   settlements.

19        14.    Each class member as provided above shall have the right to appear at the Fairness

20   Hearing by filing a Notice of Intention to Appear no later than August 16, 2010, copies of which

21   shall be served on all counsel listed in the class notice.

22        15.    The Court will conduct a Fairness Hearing on October 27, 2010 at 9:00 a.m.  The

23   Fairness Hearing will be conducted to determine the following:

24             a.    Whether each proposed settlement is fair, reasonable, and adequate and

25   should be granted final approval;

26             b.    Whether final judgment should be entered dismissing the claims of the class

27   against defendants (1) Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics

28

USA, Inc.; (2) Hitachi, Ltd.; and (3) Toshiba America Electronic Components, Inc., and Toshiba Corporation with prejudice as required by the Settlement Agreements;

        c.     Approval of the plan of allocation;

        d.     Attorneys' fees and costs, plus interest and expenses and costs of administration.  Counsel may also request additional attorneys' fees and costs for administering the distribution of the settlement fund;

        e.     Such other matters as the Court may deem appropriate.

16.    All briefs, memoranda and papers in support of final approval of the settlements and plaintiff's motion for attorneys' fees and costs shall be filed no later than thirty-five (35) days before the Fairness Hearing.

17.    All further direct purchaser class proceedings as to Defendants (1) Mitsubishi Electric Corporation and  Mitsubishi Electric and Electronics USA, Inc.; (2) Hitachi, Ltd.; and (3) Toshiba America Electronic Components, Inc., and Toshiba Corporation are hereby stayed except for any actions required to effectuate the settlements.

18.    The court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the settlements.

IT IS SO ORDERED.

Dated: ___5/12/10_____

Hon. Phyllis

UNITED STATES DISTRICT JUDGE



Ram.973-F

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS WITH MITSUBISHI, HITACHI, AND TOSHIBA – M-02-1486 PJH    6

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| IN RE DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No. M-02-1486 PJH<br>MDL No. 1486 |
| This Document Relates to:<br><br>*Preis et al. v. Hitachi, Ltd., et al.*,<br>Case No. CV 10-0346 PJH | |

TO: ALL INDIVIDUALS AND ENTITIES WHO DIRECTLY PURCHASED DRAM (DYNAMIC RANDOM ACCESS MEMORY) IN THE UNITED STATES DURING THE PERIOD APRIL 1, 1999 THROUGH JUNE 30, 2002 FROM DEFENDANTS MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., HITACHI, LTD., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND TOSHIBA CORPORATION

<u>NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT WITH MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., HITACHI, LTD., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND TOSHIBA CORPORATION.</u>

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A LAWSUIT PENDING IN THIS COURT.**

**1. BACKGROUND OF THE LITIGATION AND PRIOR SETTLEMENTS**

In June of 2005 a class action complaint alleging price-fixing in the Dynamic Random Access Memory ("DRAM") industry was filed against defendants Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, and Winbond Electronics Corporation America ("the earlier lawsuit").

On January 25, 2010, plaintiff filed a class action complaint against Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation alleging price fixing. Plaintiff alleges in that lawsuit, as they did in the earlier lawsuit, that beginning on April 1, 1999 and continuing through June 30, 2002 that defendants Mitsubishi

1

Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation and their co-conspirators named above engaged in an unlawful conspiracy to fix, raise, maintain and stabilize the prices of DRAM sold in the United States, in violation of Section 1 of the Sherman Act. Plaintiff claims that as a result of the alleged unlawful conspiracy, he and other members of the Class have paid more for DRAM than they would have absent the alleged conspiracy. Defendants Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation deny that they violated the antitrust laws.

A Class was certified in the earlier filed lawsuit and settlements were reached with all defendants. Notices were previously mailed to class members about the earlier litigation and the proposed settlements. All settlements were approved, the actions were dismissed with prejudice and the settlement funds were distributed to class members who filed valid claims.

## 2. THE SETTLEMENT CLASSES

The Mitsubishi, Hitachi, and Toshiba Settlement Classes are as follows:

A.      Mitsubishi Class:

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period") purchased DRAM in the United States directly from Mitsubishi or any of its alleged co-conspirators, Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Inc., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Hitachi, Ltd.; Toshiba America Electronic Components, Inc., Toshiba Corporation and each of their parents, subsidiaries or affiliates. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement. Excluded from the Class are Mitsubishi and its alleged co-conspirators, their parents, subsidiaries, affiliates, and all governmental entities.

B.      Hitachi Class:

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from Hitachi or its alleged co-conspirators Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Mitsubishi Electric Corporation and  Mitsubishi Electric and Electronics USA, Inc.; Toshiba America Electronic Components, Inc., Toshiba Corporation and their parents, subsidiaries or affiliates. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement. Excluded from the class are Hitachi and its alleged co-conspirators, their parents, subsidiaries, affiliates, and all governmental entities.

2

C.    Toshiba Class:

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from the Defendants (including their parents, subsidiaries and affiliates), or any of their alleged co-conspirators Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics U.S.A., Inc., Hitachi, Ltd., and each of their parents, subsidiaries or affiliates, and who did not by October 3, 2006, request exclusion from the class certified in the Court's June 5, 2006 Order, settle or release their claims, and/or whose claims are not otherwise precluded. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, all governmental entities, and alleged co-conspirators. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement.

"DRAM" is defined to mean dynamic random access memory components, including without limitation, synchronous dynamic random access memory ("SDRAM"), Rambus dynamic random access memory ("RDRAM"), asynchronous dynamic random access memory ("ASYNC"), FPM DRAM, EDO DRAM, BEDO DRAM, and double data rate synchronous dynamic random access memory ("DDR") semiconductor devices and modules.

The Court has designated plaintiff Alan Preis as class representative.

**3. SUMMARY OF THE MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC., HITACHI, LTD., TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND TOSHIBA CORPORATION SETTLEMENTS**

After extensive negotiations, class counsel have reached the following proposed settlements with Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation.:

A.    HITACHI, LTD.

Hitachi, Ltd. has agreed to pay a total of $11,500,000 to the Class, $5,750,000 of which will be paid within fifteen (15) business days from the date on which the motion for preliminary approval of this agreement is filed, and $5,750,000 of which will be paid within fifteen (15) business days from the date on which the motion for preliminary approval of this agreement is granted. In the event that Hitachi determines that valid and timely requests for exclusion have been made by Class Members representing in total between twenty-five percent (25%) and fifty (50%) of remaining sales, the settlement fund shall be reduced by the percentage of those exclusions. For example, if exclusions amount to thirty

3

percent (30%), Hitachi will receive a comparable percentage reduction in the settlement amount.  If Class Members representing less than twenty-five percent (25%) of remaining sales exclude themselves, Hitachi will not be entitled to any reduction.  If Class Members representing more than fifty percent (50%) of remaining sales exclude themselves, Hitachi shall have the right to terminate the Agreement but not to reduce the settlement amount by more than fifty percent (50%).

B. MITSUBISHI ELECTRIC CORPORATION, MITSUBISHI ELECTRIC AND ELECTRONICS USA, INC.

Mitsubishi has agreed to pay $7,100,000 plus (1) a maximum of $400,000 for notice and administration costs, and (2) five percent of Mitsubishi's DRAM sales during the Class Period in excess of $142,000,000 to Class Members who remain in the Class following the deadline to opt out and have not otherwise settled with Mitsubishi (Ex. A, Mitsubishi Settlement 6, 16, 19.) Mitsubishi has agreed to pay $7,500,000 thirty five (35) business days from the date the motion for preliminary approval is filed.

C. TOSHIBA AMERICA ELECTRONIC COMPONENTS, INC. AND TOSHIBA CORPORATION

Toshiba has agreed to pay $9,250,000 to the Class in return for a dismissal with prejudice and release of itself and, inter alia, all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates. (Toshiba Settlement 6,16.)  In addition, Toshiba has agreed to pay a maximum of $400,000 to be used for notice and administration costs.  (Toshiba Settlement 6.) Toshiba agrees to pay $9,650,000 thirty (30) business days from the date a motion for preliminary approval is filed. (Toshiba Settlement 16, 18.)

Each of the settlement agreements also provide for mutual releases and discharges between plaintiff, the members of the Class and Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation.  In addition to the effect of the final judgment upon final approval of each Settlement, Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation shall be completely released, acquitted, and forever discharged, from any and all claims, demands, actions, suits, and causes of action, whether class, individual or otherwise in nature, that Plaintiffs or Class members, or each of

4

them, ever had, now has, or hereafter can, shall, or may have on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected injuries or damages, and the consequences thereof, in any way arising out of or resulting from conduct concerning either the reduction of production capacity, or the pricing, selling, purchasing, discounting, marketing, or distributing of, DRAM in the United States, including but not limited to any conduct alleged, and causes of action asserted, or that could have been alleged or asserted, in the Complaint filed in the Action (the "Complaint"), which arise under any federal or state antitrust, unfair competition, unfair practices, price discrimination, unitary pricing, trade practice, or civil conspiracy law, including, without limitation, the Sherman Antitrust Act, 15 U.S.C. § 1 et. seq., from the beginning of time to the date of each Agreement (the "Released Claims"). The Plaintiffs and Class members shall not, after the date of each Agreement, seek to recover against the Defendant for any of the Released Claims.

The releases and discharges between plaintiff, class members and defendants, do not include any claim for defective product that may have arisen in the ordinary course of business or any obligation to pay any unpaid bill, invoice or

trade account or any claim based on purchases of DRAM outside of the United States.

*The above is only a summary of the Settlements with Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation and you are referred to each Settlement Agreement on file with the Court for the precise terms and conditions, or you may go to the internet website www.dramantitrustsettlement.com where each of the Settlement Agreements is posted.*

## 4. ATTORNEYS' FEES, COSTS AND EXPENSES

All attorneys' fees, costs and expenses in connection with this class action litigation will be paid out of the settlement funds and recoveries from defendants and only as approved by the Court.

Class Counsel will request attorneys' fees in an amount of 25% of the total settlement fund, plus reimbursement of litigation costs and expenses and administrative costs. In addition to their request for attorneys' fees from the Settlement Fund, Class Counsel will request reimbursement for incurred out-of-pocket litigation costs and expenses. Counsel may also request additional fees and costs for administering the distribution of the Settlement Funds.

You will not be individually responsible for payment of attorneys' fees and litigation costs and expenses in connection with the litigation. Any such fees and costs will be paid pursuant to Court approval, out of the Settlement Fund and other recoveries, whether from settlements or judgments.

## 5. HOW TO SHARE IN THE SETTLEMENT FUND

If the Settlements becomes final, you will be entitled to share in the Settlement Fund, provided you have returned a timely and valid Proof of Claim (attached herein).

The Settlement Fund (plus interest, less any amounts approved by the Court for payment of attorneys' fees and reimbursement of litigation costs and expenses) will be distributed among members of the Class who purchased from Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation, and who filed timely and valid Proofs of Claim ("Claimants"). The Settlement fund will be distributed *pro rata* to all claimants based upon the total amount of direct purchases of DRAM in the United States from Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and

Toshiba Corporation during the period April 1, 1999 to and including June 30, 2002.

If your company settled with Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation and released its claims, it may not participate in the respective Settlements.

## 6. IF YOU REMAIN A MEMBER OF THE SETTLEMENT CLASSES

If you are a member of the Settlement Classes, in order to share in the Settlement funds you must complete and return the Proof of Claim as described in Section 5 above. As a Class Member, you will be entitled to receive the benefits of any judgment that may be entered in favor of the Classes against Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation. You will also be bound by any judgment adverse to the Classes.

If you choose to remain in the Classes, your rights in this litigation will be presented by the Class Representatives and by Class Counsel identified below. If the Settlements are approved by the Court, you will receive the benefits of the Settlements and you will also be bound by the Settlements, including the release provisions.

## 7. HOW TO BE EXCLUDED FROM THE MITSUBISHI AND HITACHI SETTLEMENT CLASS

If you do not wish to remain a member of the Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., or Hitachi, Ltd. classes and do not wish to share in the Settlement Fund, or the benefits of any judgment or settlement that may be obtained in the future in this litigation, you may exclude yourself from the Classes by sending written notice by first-class mail, postage prepaid, postmarked on or before August 16, 2010 to:

> DRAM Antitrust Litigation
> c/o Rust Consulting, Inc.
> P.O. Box 24657
> West Palm Beach, Fl 33416

The postmark shall determine the time of mailing. The request for exclusion must clearly state your name and address and that you wish to be excluded from the Mitsubishi and/or Hitachi Classes. You need not state your reason.

## 8. HEARING REGARDING APPROVAL OF SETTLEMENTS, PLAN OF DISTRIBUTION AND ATTORNEYS FEES AND COSTS

PLEASE TAKE NOTICE that a hearing will be held on October 27, 2010 at 9:00 a.m. before the Honorable Phyllis J. Hamilton, United States Courthouse, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California, 94612, for the purpose of determining whether the Settlements with Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd.,

Toshiba America Electronic Components, Inc. and Toshiba Corporation are fair, adequate and reasonable, whether the method of distribution of the settlement fund is fair, adequate and reasonable, and whether counsel's requests for attorneys' fees and costs should be approved by the court, and whether the conditional certification of the Settlement Classes should become final. If you have not requested to be excluded from the Classes, you are entitled to appear and be heard at this hearing. The time and date of the hearing may be continued from time-to-time without further notice.

If you do not wish to object to the Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation Settlements, counsel's request for attorneys' fees and costs, or the method of distributing the Settlement Fund, it is not necessary to appear at the hearing or take any action (other than timely submitting a completed Proof of Claim). However, any member of the Mitsubishi or Hitachi classes who has not requested exclusion from the Class in the manner set forth above, or any member of the Toshiba class, may appear at the hearing in person or by duly-authorized attorneys, and show cause why the Settlements, the

method of the distribution of the settlement fund, or counsel's request for attorneys' fees, costs and administrative expenses should not be approved. To be heard by the Court, any objecting class member must file with the Court on or before August 16, 2010, a Notice of Intention to Appear, and a statement of the position to be asserted, and the grounds therefore, together with copies of any supporting papers or brief with the Clerk, United States District Court for the Northern District of California, Oakland Division, The Honorable Phyllis J. Hamilton, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, CA, 94612, with proof of service upon Class Counsel for plaintiffs and counsel for defendants identified below:

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111

Anthony D. Shapiro
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA  98101

Fred T. Isquith
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016

*Plaintiff Class Counsel*

Terrence J. Truax
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654

*Counsel on behalf of  Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc.*

Craig Seebald
McDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005

*Counsel on behalf of Hitachi, Ltd.*

Daniel M. Wall
Latham & Watkins LLP
505 Montgomery Street
Suite 2000
San Francisco CA 94111-6538

*Counsel on behalf of Toshiba America Electronic Components, Inc. and Toshiba Corporation*

Except as provided herein, no person shall be entitled to contest the terms and conditions of the Settlements unless the procedures set forth above are complied with, and persons who fail to object as provided herein shall be deemed to have waived and shall be foreclosed forever from raising any such objections.

## 9.  ADDITIONAL INFORMATION

As is described in the Proof of Claim form, you are requested to preserve all of your records relating to your purchases of DRAM during the period April 1, 1999 through the June 30, 2002.

If you change your address, or if the Notice was not mailed to your correct address, you should immediately provide your correct address to *DRAM Antitrust Litigation, c/o Rust Consulting, Inc., P.O. Box24657, West Palm Beach, Florida*

*33416.* If the attorneys representing the Class do not have your correct address, you may not receive notice of important developments in this class action.

If you wish, you may enter an appearance through your own counsel at your own expense. If you desire to be represented by your own counsel, you must advise the Court of your request and send a copy of your request to Class Counsel.

Any questions which you have concerning the matters contained in this Notice may be directed, in writing, to any of the following Class Counsel:

Guido Saveri
R. Alexander Saveri
Cadio Zirpoli
SAVERI & SAVERI, INC.
706 Sansome Street
San Francisco, CA 94111-5619

Anthony D. Shapiro
HAGENS BERMAN SOBOL SHAPIRO LLP
1918 8th Avenue, Suite 3300
Seattle, WA 98101

Fred T. Isquith
WOLF, HALDENSTEIN, ADLER, FREEMAN & HERZ
270 Madison Avenue
New York, NY 10016

The pleadings and other records in this litigation may be examined and copied during regular office hours at the office of the Clerk, United States District Court for the United States District Court for the Northern District of California, Oakland Division, The Honorable Phyllis J. Hamilton, Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, CA, 94612

**PLEASE DO NOT TELEPHONE OR DIRECT ANY INQUIRIES TO THE COURT.**

Dated: May 12, 2010

BY ORDER OF THE COURT:

Ram.972

# EXHIBIT B

1
2
3
4
5
6
7                    **UNITED STATES DISTRICT COURT**

8              **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

9                          **OAKLAND DIVISION**

| | |
|---|---|
| In Re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Master File No: M-02-1486 PJH (JCS) |
| | MDL No. 1486 |
| This Document Relates to: | **CLASS ACTION** |
| *Preis et al. v. Hitachi, Ltd., et al.,* Case No. CV 10-0346 PJH | |

To:    ALL CLASS MEMBERS

### SUMMARY NOTICE OF CLASS ACTION SETTLEMENTS AND REQUEST FOR ATTORNEYS' FEES AND EXPENSES

A Class Action lawsuit is pending in the above Court against certain manufacturers of DRAM.  In the Class Action, plaintiff alleges that defendants unlawfully agreed to fix, raise, maintain, and stabilize the prices of DRAM and/or to allocate among themselves, customers and accounts in violation of the federal antitrust laws during the period April 1, 1999 through June 30, 2002.  Plaintiff alleges that, as a result of defendants' unlawful conduct, he and Class Members paid more for DRAM than they would have in the absence of defendants' wrongful conduct.  Defendants deny the plaintiff's allegations and have asserted numerous affirmative defenses.

This notice is given pursuant to the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of California to inform Class Members that, in exchange for the release of claims by Class Members, three separate proposed settlements have been reached with defendants: (1) Mitsubishi Electric Corporation, Mitsubishi Electric and

Electronics USA, Inc. for Seven Million One Hundred Thousand U.S. Dollars ($7,100,000); (2) Hitachi, Ltd. for Eleven Million Five Hundred Thousand U.S. Dollars ($11,500,000); and (3) Toshiba America Electronic Components, Inc. and Toshiba Corporation for Nine Million Two Hundred Fifty Thousand U.S. Dollars ($9,250,000) (collectively referred to herein as the "Settling Defendants"). Each settlement also provides that a certain amount of the settlement fund may be used towards payment of costs of notice to the Class and for administration costs.

In an earlier filed lawsuit settlements were reached with defendants Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, and Winbond Electronics Corporation America. All settlements were approved, the actions were dismissed with prejudice and the settlement funds were distributed to class members who filed valid claims.

The Mitsubishi, Hitachi, and Toshiba Settlement Classes are as follows:

A.    Mitsubishi Class:

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period") purchased DRAM in the United States directly from Mitsubishi or any of its alleged co-conspirators, Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Hitachi Ltd.; Toshiba America Electronic Components, Inc., Toshiba Corporation and each of their parents, subsidiaries or affiliates. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement. Excluded from the Class are Mitsubishi and its alleged co-conspirators, their parents, subsidiaries, affiliates, and all governmental entities.

B.    Hitachi Class

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from Hitachi or its alleged co-conspirators Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America

Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics USA, Inc.; Toshiba America Electronic Components, Inc., Toshiba Corporation and their parents, subsidiaries or affiliates. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement. Excluded from the class are Hitachi and its alleged co-conspirators, their parents, subsidiaries, affiliates, and all governmental entities.

C.      Toshiba Class

Toshiba has entered into a settlement for the following class:

All individuals and entities who, at any time during the period beginning April 1, 1999 and continuing through June 30, 2002 (the "Class Period"), purchased DRAM in the United States directly from the Defendants (including their parents, subsidiaries and affiliates), or any of their alleged co-conspirators Elpida Memory, Inc., Elpida Memory (USA) Inc., Hynix Semiconductor, Inc., Hynix Semiconductor America, Inc., Infineon Technologies AG, Mosel-Vitelic, Inc., Mosel Vitelic Corp., NEC Electronics America, Inc., Nanya Technology Corporation USA, Samsung Electronics Company, Ltd., Infineon Technologies North America Corp., Micron Technology, Inc., Micron Semiconductor Products, Inc. through its Crucial Technology division, Samsung Semiconductor, Inc., Winbond Electronics Corporation, Winbond Electronics Corporation America, Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics U.S.A., Inc., Hitachi Ltd., and each of their parents, subsidiaries or affiliates, and who did not by October 3, 2006, request exclusion from the class certified in the Court's June 5, 2006 Order, settle or release their claims, and/or whose claims are not otherwise precluded. Excluded from the Class are Defendants and their parents, subsidiaries, affiliates, all governmental entities, and alleged co-conspirators. The definitions of Class and Class Period herein do not limit the scope of the Release provided in paragraphs 13-15 of this [Settlement] Agreement.

The settlement payments will be deposited into interest-bearing accounts for the benefit of the Class. The Settlement fund will be distributed *pro rata* to all qualified claimants based upon the total amount of direct purchases of DRAM in the United States from Mitsubishi Electric Corporation, Mitsubishi Electric and Electronics USA, Inc., Hitachi, Ltd., Toshiba America Electronic Components, Inc. and Toshiba Corporation during the period April 1, 1999 to and including June 30, 2002.

In order to submit a claim you must fill out a claim form setting forth your qualifying direct purchases of DRAM. Claims forms and further instructions on submitting a claim may be obtained by either going to the website www.dramantitrustsettlement.com or writing to the Claims Administrator, Rust Consulting, *In Re DRAM Antitrust Litigation* c/o Rust Corporation, Inc., P.O. Box 24657, West Palm Beach, Florida 33416.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

A hearing will be held on October 27, 2010 at 9:00 a.m. before the Honorable Phyllis J. Hamilton, in Courtroom 3, on the 3rd Floor of the United States District Courthouse, at 1301 Clay Street, Oakland, California 94612, to determine whether each of the proposed settlements is fair, adequate, and reasonable to the Class, whether the plan of allocation is fair and reasonable, and whether, therefore, this litigation should be dismissed with prejudice against the Settling Defendants.

Class Counsel will request attorneys' fees in an amount of 25% of the total settlement fund, plus interest and expenses and cost of administration. Counsel may also request additional fees and costs for administering the distribution of the settlement fund. A hearing on Class Counsel's request for attorneys' fees and reimbursement of expenses will be held on October 27, 2010, at 9:00 a.m.

You do not need to do anything to remain in the Class and participate in the settlements other than file a valid claim form. If you wish to exclude yourself from the Mitsubishi or Hitachi Settlement Class, you must do so by August 16, 2010. Class Members will be entitled to receive money from the settlement fund when it is ultimately distributed. If you wish to object to any of the settlements, the plan of allocation or class counsel's request for attorneys' fees, expenses and administrative costs, you must file a written objection by August 16, 2010.

A more detailed description of this litigation and the proposed settlements is contained in the Notice of Class Action Settlements (the "Notice"). The Notice has been mailed to identifiable Class Members. If you are a Class Member and have not received a Notice, you may obtain a copy free of charge by writing to: *In Re DRAM Antitrust Litigation* c/o Rust Corporation, Inc., P.O. Box 24657, West Palm Beach, Florida 33416. The Notice and the settlement agreements are also available online at: www.dramantitrustsettlement.com.

Questions concerning the matters contained in this Summary Notice should be directed to the following Class Counsel:

| | |
|---|---|
| GUIDO SAVERI | ANTHONY D. SHAPIRO |
| R. ALEXANDER SAVERI | HAGENS BERMAN SOBOL SHAPIRO |
| SAVERI & SAVERI, INC. | LLP |
| 706 Sansome Street | 1918 8th Avenue, Suite 3300 |
| San Francisco, CA 94111 | Seattle, WA  98101 |

1  FRED TAYLOR ISQUITH
   WOLF, HALDENSTEIN, ADLER,
2      FREEMAN & HERZ
   270 Madison Avenue
3  New York, NY  10016

4

5      **PLEASE DO NOT TELEPHONE OR ADDRESS INQUIRIES TO THE COURT.**

6

7

8  Dated: May 12, 2010                    BY ORDER OF THE DISTRICT COURT
                                          United States District Court
9                                         for the Northern District of California
                                          San Francisco, CA
10

11 ram.971

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SUMMARY NOTICE OF CLASS ACTION SETTLEMENTS
– Master File No. M-02-1486 PJH            -5-

EXHIBIT C

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IN RE DYNAMIC RANDOM ACCESS MEMORY
(DRAM) ANTITRUST  LITIGATION

This Document Relates To:

*Preis et al. v. Hitachi, Ltd., et al.,*
Case No. CV 10-0346 PJH

Master File No. M-02-1486 PJH
MDL No. 1486

### PROOF OF CLAIM

### I. GENERAL INSTRUCTIONS

This Proof of Claim form ("Claim Form") must be completed and returned by Class Members who seek payment from the settlements. It must be postmarked no later than December 17, 2010.  Claim Forms can be completed and filed on-line at www.dramantitrustsettlement.com.  If you fail to mail a timely, properly addressed Claim Form or complete and file a timely on-line Claim Form, your claim may be rejected and you may be precluded from any recovery from the settlements.  Class Members who choose not to file an on-line Claim Form should mail their completed Claim Form to the Claims Administrator at:

*In re DRAM Antitrust Litigation*
c/o Rust Consulting, Inc.
P.O. Box 24657
West Palm Beach, FL  33416

Members of the Class who did not timely and validly seek exclusion from certain Settlement Classes will be bound by the judgment entered approving these settlements as to Defendants and the Releasees regardless of whether they submit a Claim Form.  If you have submitted a request for exclusion from the Settlement Class in connection with settlements, do not submit this Claim Form.  Also, if you entered into a settlement with any defendant for your purchases from that defendant, or assigned or transferred your claim for any purchases, your Claim Form must not include, as part of your claim, any of those purchases.  For example, if Class Member A purchased $10,000 from defendant 1 and entered into a settlement with defendant 1 for those purchases, that $10,000 must not be included as part of your claim.

---

### REMINDER LIST

Please make sure that you:

1. Sign the Certification on page 3 of the Claim Form (Part IV);

2. Keep a copy of the completed Claim Form for your records;

3. You must keep originals and/or copies of your purchase orders, invoices, or other documentation of your purchases in case verification of your claim is necessary. ***DO NOT*** attach documentation to this Claim Form;

4. Send your Claim Form by Certified Mail (return receipt requested) if you want proof that your claim form was received; and

5. Submit your claim form **postmarked no later than December 17, 2010.**

---

**CLAIM FORMS MAY BE FILED ON-LINE AT WWW.DRAMANTITRUSTSETTLEMENT.COM**

## ADDITIONAL INFORMATION

Contact the Claims Administrator at:
Toll-free 1-866-483-9938
**OR**
Visit the website:
www.dramantitrustsettlement.com.

If you change your mailing address, please notify the Claims Administrator, in writing, at:
*In re DRAM Antitrust Litigation*
c/o Rust Consulting, Inc.
P.O. Box 24657
West Palm Beach, FL  33416

Ram.950

**DRAM** 1-4

# PROOF OF CLAIM

*Must Be Postmarked*
*No Later Than*
*December 17 , 2010*

### In Re: DRAM Antitrust Litigation

For Official Use Only

☐ Please check the box if the name or address
is different from information on left and
complete below:

_____

_____

_____

_____

## PART 1: CLAIMANT INFORMATION

Please type or neatly print all information.  Report all purchases of DRAM made directly from any Defendant during the Class Period.  Failure to include all purchases will reduce the amount of your claim. You **DO NOT** need to attach documentation.  However, you must keep copies of your purchase orders, invoices, or other documentation of your purchases in case verification of your claim is necessary.

Telephone Number (Day):

☐☐☐   ☐☐☐   ☐☐☐☐

Telephone Number (Evening):

☐☐☐   ☐☐☐   ☐☐☐☐

Email Address:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Person to contact if there are questions regarding this claim:

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

# *DRAM*

**CLAIM FORMS MAY BE FILED ON-LINE AT WWW.DRAMANTITRUSTSETTLEMENT.COM**

**DRAM** *2-4*

## PART 2:  SCHEDULE OF QUALIFYING PURCHASES

In the table below, list the total dollar amount (in U.S. dollars) of your purchases of DRAM made directly in the Unites States from each Defendant during the Class Period. ***Amounts should be rounded to the nearest dollar.*** (Example: $12,345.67 should be entered as $12,346.)  Do not include transportation charges, rebates, refunds, credits, etc.  If you did not purchase DRAM from a Defendant, or if you settled with a particular Defendant, assigned or transferred your claim, write "No Purchases" in the corresponding Defendant box below.

### PURCHASES IN DOLLARS FROM APRIL 1, 1999 THROUGH JUNE 30, 2002

Mitsubishi[1]      $ ☐☐☐ , ☐☐☐ , ☐☐☐

Hitachi      $ ☐☐☐ , ☐☐☐ , ☐☐☐

Toshiba[2]      $ ☐☐☐ , ☐☐☐ , ☐☐☐

**Total**      $ ☐☐☐ , ☐☐☐ , ☐☐☐

Pursuant to Court order, the Settlement Fund will be distributed to Class Members based upon the *pro rata* share of the total amount of DRAM that each Class Member purchased directly from Defendants from April 1, 1999 through June 30, 2002.

**DRAM** *3-4*

## PART 3: SUBMISSION TO JURISDICTION OF THE DISTRICT COURT

By signing below, you are verifying that:

1.    You have documentation to support your claim and agree to provide additional information to Class Counsel or the Claims Administrator to support your claim if necessary;

2.    You have not assigned or transferred (or purported to assign or transfer) or settled for the same purchases or submitted any other claim for the same purchases of DRAM and have not authorized any other person or entity to do so, and know of no other person or entity having done so on your behalf; and

3.    The information provided in this Claim Form is accurate and complete.

## PART 4: CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

---

1  "Mitsubishi " means Mitsubishi Electric Corporation and Mitsubishi Electric and Electronics USA, Inc.

2  "Toshiba" means Toshiba America Electronic Components, Inc. and Toshiba Corporation .

**CLAIM FORMS MAY BE FILED ON-LINE AT WWW.DRAMANTITRUSTSETTLEMENT.COM**

I (WE) DECLARE, UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, THAT THE INFORMATION PROVIDED IN THIS PROOF OF CLAIM FORM IS TRUE AND CORRECT.

This certification was executed on the _____ of _____, 2007,
                                   (day)                    (month)

in _____.
            (City/State/Country)

**SIGNATURE OF CLAIMANT:** (If this claim is being made on behalf of Joint Claimants, then each must sign.)

Signature:

Type/Print Name:

Company's Name:

Capacity of person signing; e.g. President:

---

**ACCURATE PROCESSING OF CLAIMS MAY TAKE SIGNIFICANT TIME. THANK YOU, IN ADVANCE, FOR YOUR PATIENCE.**

---

# *DRAM2*

**DRAM**   *4-4*

ram.951

**CLAIM FORMS MAY BE FILED ON-LINE AT WWW.DRAMANTITRUSTSETTLEMENT.COM**