1  JOSEF D. COOPER (53015)
   TRACY R. KIRKHAM (69912)
2  JOHN D. BOGDANOV (215830)
   COOPER & KIRKHAM, P.C.
3  357 Tehama Street, Second Floor
   San Francisco, CA  94103
4  Telephone:  (415) 788-3030
   Facsimile:  (415) 882-7040
5  E-mail:  jdc@coopkirk.com
   Co-Lead Counsel for Indirect-Purchaser Plaintiffs

6

7  KAMALA D. HARRIS
   Attorney General of the State of California
   KATHLEEN FOOTE (65819)
8  Senior Assistant Attorney General
   EMILIO E. VARANINI (163952)
9  455 Golden Gate Avenue, Ste. 11000
   San Francisco, CA 94102
10 Telephone:  (415) 703-5908
   Facsimile:  (415) 703-5480
11 E-mail:  Emilio.Varanini@doj.ca.gov
   Attorneys for the State of California On Behalf of All Attorneys General

12 [Additional counsel listed on signature pages]

13

## UNITED STATES DISTRICT COURT

14

## NORTHERN DISTRICT OF CALIFORNIA

15

## OAKLAND DIVISION

16

17 | In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | ) ) ) | Case No. M-02-1486-PJH MDL No. 1486 |

18 | | ) | Case No. C 06-4333 PJH |

| This Document Relates to: | ) | Case No. C 06-6436 PJH |

19 | | ) | |

| ALL INDIRECT PURCHASER ACTIONS | ) | **[PROPOSED] ORDER GRANTING** |

20 | | ) | **PRELIMINARY APPROVAL OF JOINT** |

| and | ) | **SETTLEMENTS, CONDITIONALLY** |

21 | | ) | **CERTIFYING SETTLEMENT CLASSES,** |

| *State of California et al. v. Infineon* | ) | **ADOPTING SPECIAL MASTER'S** |

22 | *Technologies AG, et al.* | ) | **REPORT AND RECOMMENDATIONS,** |

| | ) | **PARTS I & II, DISSEMINATING NOTICE** |

23 | and | ) | **TO THE SETTLEMENT CLASSES AND** |

| | ) | **SCHEDULING FAIRNESS HEARING** |

24 | *State of New York v. Micron Technology Inc., et al.* | ) | |

25 | | ) | |

| | ) | |

26 | | ) | |

| | ) | |

27 | | ) | |

28

The Indirect Purchaser Plaintiffs and the Attorneys General have jointly moved the Court to:

(1) Preliminarily approve the Proposed Settlements with defendants Samsung, Winbond, Infineon, Elpida, NEC, Micron, Mosel, Hynix, Nanya, Toshiba, Hitachi, and Mitsubishi, as those entities are defined in their respective Settlement Agreements (collectively, the "Settling Defendants") and conditional certification of the proposed settlement classes defined in the Settlement Agreements pursuant to Rule 23, Federal Rules of Civil Procedure;

(2)  Conditionally adopt the findings of fact, conclusions of law and recommendations contained in the "Report and Recommendations of Special Master, Part I: Settlement Class Certifications And Plans Of Allocation And Distribution Of The Settlement Proceeds To The Settlement Classes," ("Report, Part I"), filed January 8, 2013 (Dkt. No. 2132) pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure;

(3)  Conditionally adopt the findings of fact, conclusions of law and recommendations regarding the plans of distribution and claims processing contained in the "Report and Recommendations of Special Master, Part II:  Notice Programs, Claims Procedures, and Processing," ("Report, Part II"), filed June 24, 2013 (Dkt. No. 2147) pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure; and

(4)  Adopt the findings of fact, conclusions of law and recommendations regarding the forms of class notice and methods of disseminating Class Notices contained in the Report, Part II, pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure.

The Court, having reviewed the motion, the Proposed Settlement Agreements, the Report, Part I, the Report, Part II, the arguments of counsel, and the records on file in this action, conditionally adopts the findings of fact, conclusions of law and recommendations of the Special Master as to class certification, plans of allocation and distribution and claims processing and finds that preliminary approval of the Settlement Agreements with the Settling Defendants ("the Proposed Settlements") should be, and hereby is, GRANTED.

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF SETTLEMENTS, ADOPTION OF SPECIAL
MASTER'S FINDINGS AND DISSEMINATING NOTICE – CASE NO. M-02-1486-PJH

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Proposed Settlements with the Settling Defendants are preliminarily approved, subject to a final approval hearing of the Proposed Settlements (the "Fairness Hearing").  The Court finds that the Proposed Settlements fall within the range of possible final approval.  The Court further finds that there is a sufficient basis for notifying class members of the Proposed Settlements,

2.      The following classes are provisionally certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure, bearing in mind that this litigation presented a series of difficult factual, legal and procedural issues, many of which remained undecided at the time of the Proposed Settlements.  This settlement resolves the litigation to give certainty to the parties and nothing in this Order, other than the findings and conclusions of the Court as expressly set forth in this Order, resolves those issues:

> The Indirect Purchaser Settlement Class:  All natural persons and non-governmental entities, who, at any time during the period from January 1, 1998 through December 31, 2002, purchased dynamic random access memory ("DRAM") devices and components, including all products containing DRAM, anywhere in the United States indirectly from the defendants, their parents, subsidiaries and affiliates.  Excluded from this definition are defendants and their parents, subsidiaries and affiliates, legal representatives, successors, assigns or co-conspirators; all governmental entities; any judicial officer presiding over the settled litigation and the members of his/her immediate family and judicial staff.

> The Samsung/Winbond Government Purchaser Settlement Class: All state government entities, all political subdivisions and all public colleges and universities in Class States Alaska, Delaware, Ohio and Pennsylvania, all political subdivisions in New Mexico and all political subdivisions, the University of California and the State Bar of California in Class State California who purchased DRAM or DRAM-containing products directly or indirectly from Samsung and Winbond between January 1, 1998 and December 31, 2002;

> The Multi-Defendant Government Purchaser Settlement Class: All political subdivisions in Class State New Mexico and all political subdivisions, the University of California and the State Bar of California in Class State California who purchased DRAM or DRAM-containing products directly or indirectly from Infineon, Elpida, NEC, Mosel, Micron, Hynix, Nanya, Mitsubishi, Toshiba and Hitachi between January 1, 1998 and December 31,

2

1    2002.

2         3.       Within the context of and for the purposes of the preliminary approval of the

3    Proposed Settlements, the Court finds that the requirements of Rule 23(a) of the Federal Rules of

4    Civil of Procedure have been satisfied by each of the above-described classes in that: (a) there are

5    numerous putative class members, making joinder of all class members impracticable; (b) there are

6    questions of fact and law that are common to all members of the class; (c) the claims of the named

7    plaintiffs who are class representatives are typical of the claims of the absent members of the class;

8    (d) the named plaintiffs who are class representative have and will fairly and adequately protect the

9    interests of the absent members of the class; and (e) the counsel for the class are skilled and

10   experienced litigators who have and will adequately advance the interests of the class.  The Court

11   conditionally adopts the findings of fact and conclusions of law set forth in the Report, Part I, as to

12   satisfaction of the requirements of Rule 23(a) by each of the above-described classes, as if fully set

13   forth herein.

14        4.       Within the context of and for the purposes of the preliminary approval of the

15   Proposed Settlements, the Court further finds that the requirements of Rule 23(b)(3) of the Federal

16   Rules of Civil Procedure have been satisfied for settlement purposes by each of the above-described

17   classes in that:  (a) questions of fact and law common to the class members predominate over any

18   questions affecting only the claims of individual class members; and (b) a class action is superior to

19   other available methods for the fair and efficient adjudication of this controversy.  The Court

20   conditionally adopts the findings of fact and conclusions of law set forth in the Report, Part I, as to

21   satisfaction of the requirements of Rule 23(b)(3) by each of the above-described classes, as if fully

22   set forth herein.

23        5.       The Court hereby appoints the plaintiffs named in the *Petro* Complaint as the

24   representatives of the Indirect Purchaser Settlement Class, and Indirect Purchasers' Co-Lead

25   Counsel, Cooper & Kirkham, Gustafson Gluek, The Mogin Law Firm and Straus & Boies, as

26   counsel for the class.  The Court adopts the findings of fact and conclusions of law set forth in the

27

28

3

Report, Part I, as to the qualification of these firms to serve as class counsel, as if fully set forth herein.

6.      The Court hereby appoints as the representatives of the Samsung/Winbond Government Purchaser Settlement Class, the States of Alaska, Delaware, Ohio and Pennsylvania, and for California class members, the City and County of San Francisco, Santa Clara County and the Los Angeles Unified School District, and for New Mexico class members, the Rio Rancho Public Schools.  The Court further appoints as the representatives of the Multi-Defendant Government Purchaser Settlement Class, for California class members, the City and County of San Francisco, Santa Clara County and the Los Angeles Unified School District, and for New Mexico class members, the Rio Rancho Public Schools.  The Court appoints Emilio E. Varanini, a Deputy Attorney General of California, as counsel for each of the government purchaser classes.  The Court adopts the findings of fact and conclusions of law set forth in the Report, Part I, as to the qualification of Mr. Varanini to serve as class counsel, as if fully set forth herein.

7.      On June 25, 2014, the Court will hold a hearing on final approval of the Proposed Settlements ("Fairness Hearing") to consider: (a) the fairness, reasonableness and adequacy of the Settlements; (b) the dismissal with prejudice of the litigation against the Settling Defendants containing the same or similar allegations to those alleged in this action, and brought on behalf of the members of the Settlement Classes certified by this Order; and (c) the entry of the Final Judgment and Order in this action.  At the Fairness Hearing, the Court will also consider the appropriate amount to be awarded to Counsel in this litigation in attorneys' fees and reimbursement of costs for their services in the event that final approval is granted.

8.      Counsel shall file their petition for an award of attorneys' fees and reimbursement of expenses, along with any motion to adopt the "Report and Recommendations of Special Master, Part III: Attorneys' Fees, Expenses and Incentive Awards For Plaintiffs," filed November 5, 2013, (Dkt. No. 2155) with this Court on or before the date of the first publication of the Publication Notice, as provided below.

9.      Any member of the Settlement Classes who does not timely request exclusion, as provided below, may appear at the Fairness Hearing in support of the Proposed Settlements or to show cause why the Court should not approve the Proposed Settlements and dismiss the litigation with prejudice as to the Settling Defendants, and/or may appear at Fairness Hearing to support or oppose Counsel's application for attorneys' fees and expenses; provided, however that no member of the Settlement Classes shall be heard unless he, she or it files a Notice of Intention to Appear together with his, her or its support for, position on, or objection or opposition to the Proposed Settlements and/or the application for attorneys' fees and expenses in writing, signed by the individual class member, and includes: (a) the complete name and residence or business address of the individual class member; (b) the name and address of any lawyer who represents the individual class member; (c) a statement, signed under penalty of perjury by the class member, that he, she or it purchased DRAM modules or another DRAM-containing product during the period January 1, 1998 through December 31, 2002; and (d) each ground for support for or objection or opposition to the Proposed Settlements and/or Counsel's request for attorneys' fees and expenses.

10.      Any statement of support, position on, or objection or opposition to the Proposed Settlements and/or Counsel's request for attorneys' fees and expenses that any class member wishes the Court to consider must be filed, together with any papers or briefs in support of such position, objection or opposition, with the Clerk of this Court and served on Counsel by May 5, 2014. Service on Counsel may be effectuated by first-class mail, postage prepaid and postmarked no later than May 5, 2014, addressed to DRAM Indirect Objections, P.O. Box 0000, City, ST 00000-0000.

11.      Any putative member of any of the Settlement Classes has the right to exclude himself, herself or itself from his, her or its respective Settlement Class and therefore from the Proposed Settlements and, if applicable, the *parens patriae* actions, should he, she or it choose to do so. Any such person or entity that submits a valid and timely request for exclusion from one of the Settlement Classes shall not be bound by provision of any of the Settlement Agreements or any Orders or Final Judgment(s) that may be entered pertaining thereto and, if applicable, any of the

5

*parens patriae* actions, and shall have no rights to share in any of the benefits of the Proposed Settlements should they be given final approval.  All persons and entities within the definitions of the Settlement Classes who do not submit valid and timely requests for exclusion shall be bound by all terms and provisions of the Settlement Agreements and by any Orders or Final Judgment(s) that may be entered pertaining thereto.

12.     Any request for exclusion from one of the Settlement Classes must be made in writing, signed by the individual putative class member, and contain: (a) the complete name, including all trade or business names used by the putative class member, and the residence or business address of the putative class member requesting exclusion; (b) the name and address of any lawyer representing the putative class member; and (c) a clear statement to the effect that the putative class member does not wish to participate in the Settlement Class, be bound by the provisions of the Proposed Settlements and/or share in the proceeds and benefits of the Proposed Settlements.  Said request for exclusion must be served on or before May 5, 2014, by first class mail, postage prepaid and postmarked no later than May 5, 2014, to DRAM Indirect Exclusions, P.O. Box 0000, City, ST 00000-0000.  There shall be no need for putative class members residing in a State for which a *parens patriae* claim has been asserted to reference such claim as a request to be excluded from the Indirect Purchaser Settlement Class shall be deemed, if applicable, to be a request to be excluded from the settlement of the *parens patriae* claims.

13.     No later than ten (10) days after the last date for putative class members to request exclusion from the Settlement Classes, Plaintiffs' counsel shall file with the Court and serve on the Settling Defendants a list of all persons and entities that have made valid and timely requests for exclusion from the Settlement Classes and the Proposed Settlements.  Within twenty (20) days of the filing and service of this list of putative class members requesting exclusion, any Settling Defendant believing in good faith that there is a risk that it will be forced to defend substantial litigation with respect to claims by opt-outs may exercise its right to terminate its respective Settlement Agreement pursuant to the terms thereof and shall notify Plaintiffs and file a statement

6

with the Court.  Either Plaintiffs or Settling Defendants may seek discovery from opt-outs to obtain information sufficient to calculate opt-out DRAM purchases.

14.     Plaintiffs' counsel shall direct that within seventy-five (75) days of the date of this Order, Kinsella Media, LLC (the "Notice Administrator") shall cause notice to be given to the Indirect Purchaser Settlement Class substantially in the form attached hereto as Exhibit A ("Publication Notice") by being published according to the Notice Program recommended by the Special Master and attached as Exhibit 55 in the Appendix to the Special Master's Report, Part II (Dkt. No. 2147) and described in the declaration of Shannon Wheatman, dated May 21, 2013, (attached as Exhibit 53 in the Appendix to the Report, Part II (Dkt. No. 2147).  Also within seventy-five (75) days of this Order, the Notice Administrator shall cause notice substantially in the form attached hereto as Exhibit B ("Detailed Notice") to be posted on the internet at the website established for notice and claims administration in this litigation.

15.     The Court hereby adopts the findings of fact and conclusions of law set forth in the Report, Part II, as to satisfaction of the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, and any and all state law requirements for notice and exclusion rights from *parens patriae* actions, by the proposed Publication Notice, Detail Notice and Notice Program, as if fully set forth herein.  The Court further finds that notice by publication is the best notice that is practicable under the circumstances of this litigation, and that it constitutes valid, due and sufficient notice that complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure, and all applicable *parens patriae* claim notice requirements.

16.     Within seventy-five (75) days of the entry of this Order, counsel for the Government Purchaser Settlement Classes shall cause Notice to be given to putative members of those classes by substantially in the form attached hereto as Exhibit C by posting said notice on the Attorneys General's websites and disseminating said notice to putative class members by email.

17.     Also within seventy-five (75) days of this Order, the State of Oregon shall cause Notice to be given to government purchasers within the state pursuant to OR. REV. STAT. §646.775

(2)(a) substantially in the form attached hereto as Exhibit D by posting said notice on the Oregon Attorney General's website and by mailing or emailing a copy of said Notice.

18.    The Court hereby adopts the findings of fact and conclusions of law set forth in the Report, Part II, as to satisfaction of the notice requirements of Rule 23, Federal Rules of Civil Procedure, by the form of and procedures for Notice to the Government Purchaser Settlement Classes, as if fully set forth herein.  The Court also adopts the findings of fact and conclusions of law set forth in the Report, Part II, as to satisfaction of the notice requirements of OR. REV. STAT. §646.775 (2)(a) by the form of and program for notice proposed by the Oregon Attorney General. The Court further finds that, as to the dissemination of Notice to the Government Purchase Settlement Classes, notice by publication and email is the best notice that is practicable for these classes under the circumstances of this litigation, and that it constitutes valid, due and sufficient notice that complies with the requirements of Rule 23, Federal Rules of Civil Procedure.

19.    Any government purchaser in the state of Oregon that wishes to exercise the rights provided by Oregon state law to exclude itself from the settlement shall do so by serving a clear written statement to that effect on the Oregon Attorney General on or before May 5, 2014.  No later than ten (10) days after this date, the Oregon Attorney General shall file with the Court and serve on the Settling Defendants a list of all entities that have made valid and timely requests for exclusion from the Proposed Settlements.

20.    The Notices shall inform putative members of the Settlement Classes that the deadline for the submission of Claim Forms is August 1, 2014.

Dated: _____, 2014          _____

                                       PHYLLIS J. HAMILTON
                                       United States District Judge

8

# Exhibit A

# If You Bought Computers, Printers, Video Game Consoles,

## or Other Devices with Memory

# Get Money From $310 Million Settlement

# Simple Online Claim Form Takes 3-5 Minutes

## State Attorneys General Are Participating

There are class action Settlements involving DRAM, a memory part that is sold by itself or as part of electronic devices such as computers, printers, and video game consoles.

The lawsuits claim that the Defendants fixed the price of DRAM causing individuals and businesses to pay more for DRAM and DRAM-containing devices. The Defendants deny that they did anything wrong.

### Who is included in the Settlements?

Individuals and businesses that:

- Purchased DRAM or a device containing DRAM anywhere in the U.S. between 1998 and 2002,

- For their own use or for resale.

Purchases made directly from a DRAM manufacturer are <u>not</u> included (see the list of manufacturers at www.DRAMclaims.com or by calling 1-800-000-0000).

### What do the Settlements provide?

The combined Settlements total $310 million. The amount of money you will receive depends on the type and quantity of electronic devices you purchased and the total number of claims made.

Eligible individuals are expected to get a minimum $10 payment and perhaps much more. Large purchasers could recover many thousands of dollars.

### How can I get a payment?

Claim online or by mail by **Month 00, 2013**. The simple online Claim Form only takes 3-5 minutes for most individuals.

### What are my rights?

Even if you do nothing you will be bound by the Court's decisions. If you want to keep your right to sue the Defendants yourself, you must exclude yourself from the Settlement Class by **Month 00, 2013**. If you stay in the Settlement Class, you may object to the Settlements by **Month 00, 2013**.

The Court will hold a hearing on **Month 00, 2013** to consider whether to approve the Settlements and a request for attorneys' fees up to __% of the Settlement Fund, plus reimbursement of costs and expenses. You or your own lawyer may appear and speak at the hearing at your own expense.

## For More Information:

## 1-800-000-0000   www.DRAMclaims.com

## Text: "DRAM" to 00000 (Txt messaging rates may apply)

# Exhibit B

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought Computers, Printers, Video Game Consoles, DRAM Modules or Other Devices with Memory

## You Could Get Money from a $310 Million Settlement.

*A Federal Court authorized this notice.  This is not a solicitation.*

- Please read this notice carefully.  Your legal rights may be affected whether or not you act.

- Settlements totalling $310 million have been reached in lawsuits involving the sale of DRAM.  The lawsuits claim that Defendants fixed the price of DRAM, which resulted in increased prices for individuals and businesses that bought DRAM and devices containing DRAM.  Defendants deny that they did anything wrong.

- DRAM is an electronic component that allows for storage and retrieval of electronic data.  DRAM modules can be purchased separately or as a component of various electronics, such as personal computers.

> **File a claim now to request a payment from the Settlements (*see* Question 13).**

- The Settlements will pay individuals and businesses that purchased DRAM or devices containing DRAM from someone other than the manufacturer of DRAM in the United States or any of its territories from January 1, 1998 through December 31, 2002.  In addition, Defendants have agreed not to engage in the conduct that is the subject of the lawsuits, and have also agreed to compliance training and cooperation

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will not receive a payment from the Settlements, but you will retain any rights you currently have to separately sue Defendants for the conduct that is the subject of these lawsuits. |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court explaining why you don't like the Settlements. |
| **GO TO THE HEARING** | Ask to speak in Court about the Settlements. |
| **DO NOTHING** | You will not receive a cash recovery from the Settlements and you will give up any rights you currently have to separately sue Defendants for the conduct that is the subject of the lawsuits.  You will benefit from the agreement of the Defendants to stop that conduct and to engage in compliance training. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

| QUESTIONS ANSWERED IN THIS NOTICE |
|---|

**BASIC INFORMATION** ...........................................................................................................Page 3
 1. What is this Notice about?
 2. What are the lawsuits about?
 3. What is DRAM?
 4. What devices contain DRAM?
 5. What DRAM purchases are included?
 6. What is a class action or *parens patriae* action?

**WHO IS INCLUDED** ...............................................................................................................Page 4
 7. How are the Attorneys General involved?
 8. How do I know if I am included in the Class or Attorneys General Actions?
 9. Who are the Defendant companies?

**THE SETTLEMENTS' BENEFITS** ...........................................................................................Page 5
 10. What do the Settlements provide?
 11. How will the Settlement Funds be distributed?
 12. What is injunctive relief?

**HOW TO GET BENEFITS** .....................................................................................................Page 6
 13. How do I get benefits?
 14. When will I get benefits?

**REMAIN IN THE CLASS OR ATTORNEYS GENERAL ACTIONS** ...........................................Page 7
 15. What am I giving up if I stay in the Class or Attorneys General Actions?

**EXCLUDE YOURSELF FROM THE CLASS OR ATTORNEYS GENERAL ACTIONS** ...............Page 7
 16. How do I get out of the Class or Attorneys General Actions?
 17. If I don't exclude myself, can I sue for the same thing later?
 18. If I exclude myself, can I still get benefits?

**OBJECT TO OR COMMENT ON THE SETTLEMENTS** ...........................................................Page 7
 19. How do I object to or comment on the Settlements?
 20. What is the difference between excluding myself from the Class or Attorneys General Actions and objecting to the Settlements?

**THE LAWYERS REPRESENTING YOU** .................................................................................Page 8
 21. Do I have a lawyer representing me?
 22. How will the lawyers be paid?

**THE FAIRNESS HEARING** ...................................................................................................Page 8
 23. When and where will the Court decide whether to approve the Settlements?
 24. Do I have to come to the hearing?
 25. May I speak at the hearing?

**GET MORE INFORMATION** ..................................................................................................Page 9
 26. Where can I get more information?

## BASIC INFORMATION

| 1.  What is this Notice about? |
| --- |

This Notice is to inform you about settlements of multiple lawsuits ("Settlements") that may affect your rights, before the Court decides whether to approve the Settlements.

The United States District Court for the Northern District of California presides over this case.  The case is called *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486.  The people, businesses and states that sued are called Plaintiffs, and the companies they sued are called the Defendants (*see* Question 9).

| 2. What are the lawsuits about? |
| --- |

The lawsuits claim that Defendants fixed the prices of DRAM from January 1, 1998 through December 31, 2002, which resulted in overcharges to people and businesses that bought DRAM or devices containing DRAM.  The Defendants deny these claims.  The Court has not decided who is right.

| 3. What is DRAM? |
| --- |

DRAM, which stands for Dynamic Random Access Memory, is a form of fast and inexpensive data storage essential to the operation of computers and other digital devices.  DRAM chips, which contain semiconductor integrated circuits, are normally assembled into modules ("DRAM" refers to both chips and modules).

The Settlements include the following types of DRAM: Extended data out ("EDO"); Fast-page mode ("FPM"); Reduced latency ("RLDRAM"); Synchronous ("SDRAM"); Rambus ("RDRAM"); Asynchronous ("ASYNC"); and Double data rate ("DDR").  The Settlements **do not** include static random access memory ("SRAM").

| 4. What devices contain DRAM? |
| --- |

All devices containing DRAM are included in the Settlements.  From January 1, 1998 to December 31, 2002, DRAM was included in many different types of digital devices, including computers (laptops, desktops and servers), graphics cards, video game consoles, MP3 players, printers, PDA's, DVD players, Digital Video Recorders, and others.  For additional information on what devices contain DRAM, visit: www.DRAMclaims.com.

| 5. What DRAM purchases are included? |
| --- |

The Settlements cover only "indirect" purchases of DRAM.  As long as you did not buy DRAM "directly" from a DRAM manufacturer (*see* list of Defendants in Question 9 below), your purchase of DRAM or a device containing DRAM is an indirect purchase.  Indirect purchasers buy DRAM or devices containing DRAM from computer makers (*e.g.* Apple, Gateway, Dell), retailers (*e.g.* Best Buy, Staples, Costco), and many other resellers (*e.g.* CDW, Ingram Micro, Amazon.com).  Direct purchases from the DRAM manufacturers are not covered under these Settlements.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

3

**6. What is a class action or *parens patriae* action?**

In a class action, one or more persons or businesses ("Class Representatives") sue on behalf of a group or "class" of others with similar claims. If the Court determines that a particular case should proceed as a class action, the entire group's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts. In a *parens patriae* action, a state Attorney General brings a lawsuit on behalf of the residents of the state, in this case on behalf of purchasers of DRAM.

## WHO IS INCLUDED

**7. How are the Attorneys General involved?**

Participating in these Settlements are State Attorneys General from around the country, including: Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Illinois, Iowa, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Utah, Virginia, Washington, West Virginia, and Wisconsin.

The nature of the representation by each state Attorney General varies, but includes representation of: (1) state government entities for all; (2) local government entities for most; (3) individuals in their States in a *parens patriae* capacity for many; and (4) businesses in their States in a *parens patriae* capacity for a few. The doctrine of *parens patriae* allows a State to bring claims on behalf of its residents and, in a few cases, on behalf of its businesses. The claims asserted by the various Attorneys General are collectively referred to as the "Attorneys General Actions." A separate notice will be mailed to government entities where required by state law.

The claims brought by the Attorneys General, whether on behalf of state or local government entities or in a *parens patriae* capacity, arise from the same alleged conduct by the Defendants as that asserted in the class actions. The Attorneys General's lawsuits are pending in federal court; California has a second parallel action on behalf of certain of its local and state government entities in state court.

**8. How do I know if I am included in the Class or Attorneys General Actions?**

You are included in the Class and/or Attorneys General Actions if you meet the following criteria:

- You are a person or business that purchased DRAM or a device containing DRAM;
- Your purchase was made anytime from January 1, 1998 through December 31, 2002;
- Your purchase was made in the United States or from a seller located in the United States; **and**
- Your DRAM purchase was <u>not</u> made directly from any of the DRAM manufacturers.

The specific class definition is available at [www.DRAMclaims.com.](www.DRAMclaims.com)

**9. Who are the Defendant companies?**

The Defendants are:

- Elpida Memory, Inc., Elpida Memory (USA), Inc. ("Elpida");
- Hitachi, Ltd. ("Hitachi");
- Hynix Semiconductor Inc., Hynix Semiconductor America Inc. ("Hynix");
- Infineon Technologies AG, Infineon Technologies North America Corp. ("Infineon");

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

4

- Micron Technology, Inc., Micron Semiconductor Products, Inc. ("Micron");
- Mitsubishi Electric Corp.; Mitsubishi Electric & Electronics USA, Inc. ("Mitsubishi");
- Mosel-Vitelic Corp., Mosel-Vitelic (USA), Inc. ("Mosel");
- Nanya Technology Corp., Nanya Technology Corp. USA, Inc. ("Nanya");
- NEC Electronics America, Inc., presently known as Renesas Electronics America, Inc. ("NEC");
- Samsung Electronics Company Ltd.; Samsung Semiconductor, Inc. ("Samsung");
- Toshiba Corp.; Toshiba America Electronic Components, Inc. ("Toshiba"); and
- Winbond Electronics Corp., Winbond Electronics Corporation America, Inc. ("Winbond")

## THE SETTLEMENTS' BENEFITS

### 10. What do the Settlements provide?

The Settlement Funds total approximately $310 million.  Approximately 89% (or 8/9ths) is for the benefit of businesses and individuals.  The other 11% (or 1/9th) of the Settlement Funds are for the benefit of state and local government entities.  The Attorneys General and Class Counsel have requested attorneys' fees, subject to court approval, in the amount of __% of the total Settlement Funds.  After deduction of the government entity portion of the Settlement, attorneys' fees, notice and claims administration costs, and litigation expenses, approximately $200 million is expected to be available for distribution to businesses and individuals.  Defendants have also agreed not to engage in the conduct that is at issue in these lawsuits and will establish (or maintain) programs to educate their employees about complying with the law (*see* Question 12).  More details about the distribution of the Settlement Funds are in the Settlement Agreements available at www.DRAMclaims.com.

**Settlement Amounts**:  Each Defendant's contribution to the Settlement Fund is:

| Company | Contribution |
|---------|-------------|
| Elpida | $4,259,948 |
| Hitachi | $5,600,000 |
| Hynix | $49,971,842 |
| Infineon | $29,113,776 |
| Micron | $66,774,984 |
| Mitsubishi | $5,600,000 |
| Mosel | $2,778,900 |
| Nanya | $3,823,200 |
| NEC | $20,277,350 |
| Samsung | $113,000,000 |
| Toshiba | $7,600,000 |
| Winbond | $2,000,000 |
| **Total** | **$310,800,000** |

Any interest earned will be added to the Settlement Fund.

**11. How will the Settlement Funds be distributed?**

It is expected that approximately $200 million will be paid to Class Members and consumers represented by their state Attorney General who file valid claims.  Payments will be determined on a *pro rata* basis.  This means it will be based on the number of valid claims filed as well as on the number/type of DRAM modules or electronic devices containing DRAM that you purchased (only the DRAM portion of the value of devices containing DRAM will be considered for claims purposes).  At this time, it is unknown how much money each Class Member will recover.  The distribution plan provides for an anticipated minimum payment of $10 for each individual or business that makes a claim.

It is possible that money will be distributed to public or non-profit organizations instead of Class Members who file small claims:

- If there are fewer than 2.5 million individuals and businesses with small claims ("small claimants"), their claims will be treated as follows:

    o  The small claimants' checks will be increased *pro rata* above $10, up to a maximum of the estimated actual single damages from the alleged overcharge for each claimant, until the available funds up to $25 million are exhausted; and

    o  If the $25 million is <u>not</u> exhausted, any money remaining will be distributed to non-profit organizations approved by the Court to support public or not-for-profit activities on a geographically diverse basis to address the injury alleged in the lawsuits.

- If there are more than five million small claimants, no cash distribution will be made to them.  Instead, $40 million will be distributed to non-profit organizations approved by the Court, as described above.

For additional information regarding the claim process and to fill out a Claim Form, visit www.DRAMclaims.com or call 1-800-000-0000 to obtain a paper Claim Form

**12. What is injunctive relief?**

Defendants have agreed not to engage in certain conduct related to the sale of DRAM that would violate the antitrust laws that are at issue in these lawsuits.  Defendants also agreed to establish (or maintain) antitrust compliance programs for their employees responsible for selling DRAM.  For additional information regarding the injunctive relief provisions of the Settlements, visit www.DRAMclaims.com.

## HOW TO GET BENEFITS

**13. How do I get benefits?**

Simply complete and submit a Claim Form online or mail a paper Claim Form postmarked by **Month 00, 2013**, to:

DRAM Indirect Settlement
P.O. Box 00000
City, ST 00000-0000

**For additional information regarding completing a Claim Form, visit www.DRAMclaims.com.**

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

6

**14. When will I get benefits?**

Benefits will be distributed to Class Members and consumers represented by their state Attorneys General after the Court grants final approval to the Settlements and any appeals are resolved.  Appeals can take a long time to resolve.

## REMAIN IN THE CLASS OR THE ATTORNEYS GENERAL ACTIONS

**15. What am I giving up if I stay in the Class or Attorneys General Actions?**

Unless you exclude yourself, you will give up your right to separately sue the Defendants for any claims you may have relating to this case.  The Settlement Agreements describe the released claims in detail, so read them carefully. The Settlement Agreements are available at www.DRAMclaims.com.

## EXCLUDE YOURSELF FROM THE CLASS OR THE ATTORNEYS GENERAL ACTIONS

**16. How do I get out of the Class or Attorneys General Actions?**

To exclude yourself from the Class or Attorneys General Actions, you must send a letter by mail stating that you want to be excluded from *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486 ("Request for Exclusion").  Your Request for Exclusion must include your name, address, telephone number, and signature, and it must be postmarked no later than **Month 00, 2013**, to:

DRAM Indirect Exclusions
P.O. Box 0000
City, ST 00000-0000

**17. If I don't exclude myself, can I sue for the same thing later?**

No.  Unless you exclude yourself you will remain in the Class and Attorneys General Actions and give up any right to separately sue Defendants for the claims made in this case.

**18. If I exclude myself, can I still get benefits?**

No.  If you exclude yourself, you may not make a claim and you will not be eligible to receive money from the Settlements.

## OBJECT TO OR COMMENT ON THE SETTLEMENTS

**19. How do I object to or comment on the Settlements?**

If you have comments about, or disagree with, any aspect of the Settlements, you may express your views to the Court by writing to the address below.  Include your name, address, telephone number, the case name and number (*In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486), a brief explanation of your comment or objection, and your signature.  Any response must be postmarked no later than **Month 00, 2013** and mailed to:

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

7

U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# If You Bought Computers, Printers, Video Game Consoles, DRAM Modules or Other Devices with Memory

## You Could Get Money from a $310 Million Settlement.

*A Federal Court authorized this notice.  This is not a solicitation.*

- Please read this notice carefully.  Your legal rights may be affected whether or not you act.

- Settlements totalling $310 million have been reached in lawsuits involving the sale of DRAM.  The lawsuits claim that Defendants fixed the price of DRAM, which resulted in increased prices for individuals and businesses that bought DRAM and devices containing DRAM.  Defendants deny that they did anything wrong.

- DRAM is an electronic component that allows for storage and retrieval of electronic data.  DRAM modules can be purchased separately or as a component of various electronics, such as personal computers.

**File a claim now to request a payment from the Settlements (*see* Question 13).**

- The Settlements will pay individuals and businesses that purchased DRAM or devices containing DRAM from someone other than the manufacturer of DRAM in the United States or any of its territories from January 1, 1998 through December 31, 2002.  In addition, Defendants have agreed not to engage in the conduct that is the subject of the lawsuits, and have also agreed to compliance training and cooperation

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **SUBMIT A CLAIM FORM** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF** | You will not receive a payment from the Settlements, but you will retain any rights you currently have to separately sue Defendants for the conduct that is the subject of these lawsuits. |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court explaining why you don't like the Settlements. |
| **GO TO THE HEARING** | Ask to speak in Court about the Settlements. |
| **DO NOTHING** | You will not receive a cash recovery from the Settlements and you will give up any rights you currently have to separately sue Defendants for the conduct that is the subject of the lawsuits.  You will benefit from the agreement of the Defendants to stop that conduct and to engage in compliance training. |

These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

| QUESTIONS ANSWERED IN THIS NOTICE |
|---|

**BASIC INFORMATION** ...................................................................................................................Page 3
    1.   What is this Notice about?
    2.   What are the lawsuits about?
    3.   What is DRAM?
    4.   What devices contain DRAM?
    5.   What DRAM purchases are included?
    6.   What is a class action or *parens patriae* action?

**WHO IS INCLUDED** ........................................................................................................................Page 4
    7.   How are the Attorneys General involved?
    8.   How do I know if I am included in the Class or Attorneys General Actions?
    9.   Who are the Defendant companies?

**THE SETTLEMENTS' BENEFITS** ....................................................................................................Page 5
   10.  What do the Settlements provide?
   11.  How will the Settlement Funds be distributed?
   12.  What is injunctive relief?

**HOW TO GET BENEFITS** ................................................................................................................Page 6
   13.  How do I get benefits?
   14.  When will I get benefits?

**REMAIN IN THE CLASS OR ATTORNEYS GENERAL ACTIONS** ............................................Page 7
   15.  What am I giving up if I stay in the Class or Attorneys General Actions?

**EXCLUDE YOURSELF FROM THE CLASS OR ATTORNEYS GENERAL ACTIONS** ..............Page 7
   16.  How do I get out of the Class or Attorneys General Actions?
   17.  If I don't exclude myself, can I sue for the same thing later?
   18.  If I exclude myself, can I still get benefits?

**OBJECT TO OR COMMENT ON THE SETTLEMENTS** .................................................................Page 7
   19.  How do I object to or comment on the Settlements?
   20.  What is the difference between excluding myself from the Class or Attorneys General Actions and objecting to the Settlements?

**THE LAWYERS REPRESENTING YOU** .........................................................................................Page 8
   21.  Do I have a lawyer representing me?
   22.  How will the lawyers be paid?

**THE FAIRNESS HEARING** ............................................................................................................Page 8
   23.  When and where will the Court decide whether to approve the Settlements?
   24.  Do I have to come to the hearing?
   25.  May I speak at the hearing?

**GET MORE INFORMATION** ..........................................................................................................Page 9
   26.  Where can I get more information?

**BASIC INFORMATION**

| 1.  What is this Notice about? |
|---|

This Notice is to inform you about settlements of multiple lawsuits ("Settlements") that may affect your rights, before the Court decides whether to approve the Settlements.

The United States District Court for the Northern District of California presides over this case.  The case is called *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486.  The people, businesses and states that sued are called Plaintiffs, and the companies they sued are called the Defendants (*see* Question 9).

| 2. What are the lawsuits about? |
|---|

The lawsuits claim that Defendants fixed the prices of DRAM from January 1, 1998 through December 31, 2002, which resulted in overcharges to people and businesses that bought DRAM or devices containing DRAM.  The Defendants deny these claims.  The Court has not decided who is right.

| 3. What is DRAM? |
|---|

DRAM, which stands for Dynamic Random Access Memory, is a form of fast and inexpensive data storage essential to the operation of computers and other digital devices.  DRAM chips, which contain semiconductor integrated circuits, are normally assembled into modules ("DRAM" refers to both chips and modules).

The Settlements include the following types of DRAM: Extended data out ("EDO"); Fast-page mode ("FPM"); Reduced latency ("RLDRAM"); Synchronous ("SDRAM"); Rambus ("RDRAM"); Asynchronous ("ASYNC"); and Double data rate ("DDR").  The Settlements **do not** include static random access memory ("SRAM").

| 4. What devices contain DRAM? |
|---|

All devices containing DRAM are included in the Settlements.  From January 1, 1998 to December 31, 2002, DRAM was included in many different types of digital devices, including computers (laptops, desktops and servers), graphics cards, video game consoles, MP3 players, printers, PDA's, DVD players, Digital Video Recorders, and others.  For additional information on what devices contain DRAM, visit: www.DRAMclaims.com.

| 5. What DRAM purchases are included? |
|---|

The Settlements cover only "indirect" purchases of DRAM.  As long as you did not buy DRAM "directly" from a DRAM manufacturer (*see* list of Defendants in Question 9 below), your purchase of DRAM or a device containing DRAM is an indirect purchase.  Indirect purchasers buy DRAM or devices containing DRAM from computer makers (*e.g.* Apple, Gateway, Dell), retailers (*e.g.* Best Buy, Staples, Costco), and many other resellers (*e.g.* CDW, Ingram Micro, Amazon.com).  Direct purchases from the DRAM manufacturers are not covered under these Settlements.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

3

**6. What is a class action or *parens patriae* action?**

In a class action, one or more persons or businesses ("Class Representatives") sue on behalf of a group or "class" of others with similar claims.  If the Court determines that a particular case should proceed as a class action, the entire group's claims can be combined into a single proceeding, creating efficiencies for the parties and the courts.  In a *parens patriae* action, a state Attorney General brings a lawsuit on behalf of the residents of the state, in this case on behalf of purchasers of DRAM.

## WHO IS INCLUDED

**7. How are the Attorneys General involved?**

Participating in these Settlements are State Attorneys General from around the country, including: Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Illinois, Iowa, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Nebraska, Nevada, New Mexico, New York, North Carolina, North Dakota, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Carolina, Tennessee, Utah, Virginia, Washington, West Virginia, and Wisconsin.

The nature of the representation by each state Attorney General varies, but includes representation of: (1) state government entities for all; (2) local government entities for most; (3) individuals in their States in a *parens patriae* capacity for many; and (4) businesses in their States in a *parens patriae* capacity for a few.  The doctrine of *parens patriae* allows a State to bring claims on behalf of its residents and, in a few cases, on behalf of its businesses.  The claims asserted the various Attorneys General are collectively referred to as the "Attorneys General Actions."  A separate notice will be mailed to government entities where required by state law.

The claims brought by the Attorneys General, whether on behalf of state or local government entities or in a *parens patriae* capacity, arise from the same alleged conduct by the Defendants as that asserted in the class actions.  The Attorneys General's lawsuits are pending in federal court; California has a second parallel action on behalf of certain of its local and state government entities in state court.

**8. How do I know if I am included in the Class or Attorneys General Actions?**

You are included in the Class and/or Attorneys General Actions if you meet the following criteria:

- You are a person or business that purchased DRAM or a device containing DRAM;
- Your purchase was made anytime from January 1, 1998 through December 31, 2002;
- Your purchase was made in the United States or from a seller located in the United States; **and**
- Your DRAM purchase was <u>not</u> made directly from any of the DRAM manufacturers.

The specific class definition is available at www.DRAMclaims.com.

**9. Who are the Defendant companies?**

The Defendants are:

- Elpida Memory, Inc., Elpida Memory (USA), Inc. ("Elpida");
- Hitachi, Ltd. ("Hitachi");
- Hynix Semiconductor Inc., Hynix Semiconductor America Inc. ("Hynix");
- Infineon Technologies AG, Infineon Technologies North America Corp. ("Infineon");

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

4

- Micron Technology, Inc., Micron Semiconductor Products, Inc. ("Micron");
- Mitsubishi Electric Corp.; Mitsubishi Electric & Electronics USA, Inc. ("Mitsubishi");
- Mosel-Vitelic Corp., Mosel-Vitelic (USA), Inc. ("Mosel");
- Nanya Technology Corp., Nanya Technology Corp. USA, Inc. ("Nanya");
- NEC Electronics America, Inc., presently known as Renesas Electronics America, Inc. ("NEC");
- Samsung Electronics Company Ltd.; Samsung Semiconductor, Inc. ("Samsung");
- Toshiba Corp.; Toshiba America Electronic Components, Inc. ("Toshiba"); and
- Winbond Electronics Corp., Winbond Electronics Corporation America, Inc. ("Winbond")

## THE SETTLEMENTS' BENEFITS

| 10. What do the Settlements provide? |

The Settlement Funds total approximately $310 million.  Approximately 89% (or 8/9ths) is for the benefit of businesses and individuals.  The other 11% (or 1/9th) of the Settlement Funds are for the benefit of state and local government entities.  The Attorneys General and Class Counsel have requested attorneys' fees, subject to court approval, in the amount of __% of the total Settlement Funds.  After deduction of the government entity portion of the Settlement, attorneys' fees, notice and claims administration costs, and litigation expenses, approximately $200 million is expected to be available for distribution to businesses and individuals.  Defendants have also agreed not to engage in the conduct that is at issue in these lawsuits and will establish (or maintain) programs to educate their employees about complying with the law (*see* Question 12).  More details about the distribution of the Settlement Funds are in the Settlement Agreements available at www.DRAMclaims.com.

**Settlement Amounts**:  Each Defendant's contribution to the Settlement Fund is:

| Company | Contribution |
|---|---|
| Elpida | $4,259,948 |
| Hitachi | $5,600,000 |
| Hynix | $49,971,842 |
| Infineon | $29,113,776 |
| Micron | $66,774,984 |
| Mitsubishi | $5,600,000 |
| Mosel | $2,778,900 |
| Nanya | $3,823,200 |
| NEC | $20,277,350 |
| Samsung | $113,000,000 |
| Toshiba | $7,600,000 |
| Winbond | $2,000,000 |
| **Total** | **$310,800,000** |

Any interest earned will be added to the Settlement Fund.

## 11. How will the Settlement Funds be distributed?

It is expected that approximately $200 million will be paid to Class Members and consumers represented by their state Attorney General who file valid claims.  Payments will be determined on a *pro rata* basis.  This means it will be based on the number of valid claims filed as well as on the number/type of DRAM modules or electronic devices containing DRAM that you purchased (only the DRAM portion of the value of devices containing DRAM will be considered for claims purposes).  At this time, it is unknown how much money each Class Member will recover.  The distribution plan provides for an anticipated minimum payment of $10 for each individual or business that makes a claim.

It is possible that money will be distributed to public or non-profit organizations instead of Class Members who file small claims:

- If there are fewer than 2.5 million individuals and businesses with small claims ("small claimants"), their claims will be treated as follows:

    o The small claimants' checks will be increased *pro rata* above $10, up to a maximum of the estimated actual single damages from the alleged overcharge for each claimant, until the available funds up to $25 million are exhausted; and

    o If the $25 million is <u>not</u> exhausted, any money remaining will be distributed to non-profit organizations approved by the Court to support public or not-for-profit activities on a geographically diverse basis to address the injury alleged in the lawsuits.

- If there are more than five million small claimants, no cash distribution will be made to them.  Instead, $40 million will be distributed to non-profit organizations approved by the Court, as described above.

For additional information regarding the claim process and to fill out a Claim Form, visit www.DRAMclaims.com or call 1-800-000-0000 to obtain a paper Claim Form

## 12. What is injunctive relief?

Defendants have agreed not to engage in certain conduct related to the sale of DRAM that would violate the antitrust laws that are at issue in these lawsuits.  Defendants also agreed to establish (or maintain) antitrust compliance programs for their employees responsible for selling DRAM.  For additional information regarding the injunctive relief provisions of the Settlements, visit www.DRAMclaims.com.

# HOW TO GET BENEFITS

## 13. How do I get benefits?

Simply complete and submit a Claim Form online or mail a paper Claim Form postmarked by **Month 00, 2013**, to:

DRAM Indirect Settlement
P.O. Box 00000
City, ST 00000-0000

**For additional information regarding completing a Claim Form, visit www.DRAMclaims.com.**

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

6

---

**14. When will I get benefits?**

---

Benefits will be distributed to Class Members and consumers represented by their state Attorneys General after the Court grants final approval to the Settlements and any appeals are resolved.  Appeals can take a long time to resolve.

## REMAIN IN THE CLASS OR THE ATTORNEYS GENERAL ACTIONS

---

**15. What am I giving up if I stay in the Class or Attorneys General Actions?**

---

Unless you exclude yourself, you will give up your right to separately sue the Defendants for any claims you may have relating to this case.  The Settlement Agreements describe the released claims in detail, so read them carefully. The Settlement Agreements are available at www.DRAMclaims.com.

## EXCLUDE YOURSELF FROM THE CLASS OR THE ATTORNEYS GENERAL ACTIONS

---

**16. How do I get out of the Class or Attorneys General Actions?**

---

To exclude yourself from the Class or Attorneys General Actions, you must send a letter by mail stating that you want to be excluded from *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486 ("Request for Exclusion").  Your Request for Exclusion must include your name, address, telephone number, and signature, and it must be postmarked no later than **Month 00, 2013**, to:

DRAM Indirect Exclusions
P.O. Box 0000
City, ST 00000-0000

---

**17. If I don't exclude myself, can I sue for the same thing later?**

---

No.  Unless you exclude yourself you will remain in the Class and Attorneys General Actions and give up any right to separately sue Defendants for the claims made in this case.

---

**18. If I exclude myself, can I still get benefits?**

---

No.  If you exclude yourself, you may not make a claim and you will not be eligible to receive money from the Settlements.

## OBJECT TO OR COMMENT ON THE SETTLEMENTS

---

**19. How do I object to or comment on the Settlements?**

---

If you have comments about, or disagree with, any aspect of the Settlements, you may express your views to the Court by writing to the address below.  Include your name, address, telephone number, the case name and number (*In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486), a brief explanation of your comment or objection, and your signature.  Any response must be postmarked no later than **Month 00, 2013** and mailed to:

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

7

| COURT | NOTICE ADMINISTRATOR |
|---|---|
| Clerk's Office<br>United States District Court for the<br>District of Northern California<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | DRAM Indirect Objections<br>P.O. Box 0000<br>City, ST 00000-0000 |

### 20. What is the difference between excluding myself from the Class or Attorneys General Actions and objecting to the Settlements?

If you exclude yourself from the Class or Attorneys General Actions you are telling the Court that you don't want to participate in the Settlements.  Therefore, you will not be eligible to receive any benefits from the Settlements and you will not be able to object to the Settlements.  Objecting to the Settlements simply means telling the Court that you don't like something about the Settlements.  Objecting does not disqualify you from making a claim nor does it make you ineligible to receive a payment.

## THE LAWYERS REPRESENTING YOU

### 21. Do I have a lawyer representing me?

The Court has appointed the following law firms as Class Counsel to represent you and all other members of the class: Cooper & Kirkham, P.C.; Straus & Boies, LLP; Gustafson Gluek PLLC; and The Mogin Law Firm, P.C.  Attorneys General in a number of states are also representing individuals in their states. If you have any question about the Settlement, you can talk to Class Counsel or the Attorneys General listed in Question 8, or you can retain your own lawyer at your own expense.

### 22. How will the lawyers be paid?

You do not need to separately pay the Plaintiffs' lawyers.  Class Counsel and the Attorneys General, who have advanced significant sums over many years in litigating these cases, have requested attorneys' fees of __% of the total Settlement Funds, plus reimbursement of their costs and expenses.  Any award of fees, expenses, and costs comes out of the Settlement Fund and is subject to Court approval.

The attorneys' motion for fees, costs, and expenses (including the Class Representative payments) are available on www.DRAMclaims.com.

## THE FAIRNESS HEARING

### 23. When and where will the Court decide whether to approve the Settlements?

The Court will hold a Fairness Hearing at 00:00 x.m. on **Month 00, 2013**, at the United States District Court for the Northern District of California, <ADDRESS>.  The hearing may be moved to a different date or time without additional notice, so check www.DRAMclaims.com for current information.  At the Fairness Hearing the Court will consider whether these Settlements are fair, reasonable and adequate.  If there are objections or comments, the Court will consider them at that time.  After the hearing, the Court will decide whether to grant final approval to each of the Settlements.  We do not know how long these decisions will take.

CALL TOLL FREE 1-800-000-0000 OR VISIT WWW.DRAMCLAIMS.COM
PARA UNA NOTIFICACIÓN EN ESPAÑOL, LLAMAR O VISITAR NUESTRO WEBSITE

8

**24. Do I have to come to the hearing?**

No.  Class Counsel or the Attorneys General will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection or comment, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court will consider it.  You may also retain a lawyer to appear on your behalf at your own expense.

**25. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing.  To do so, send a letter indicating your intention to appear, styled "Notice of Intent to Appear in *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486."  Be sure to include your name, address, telephone number and your signature.  Your Notice of Intent to Appear must be postmarked no later than **Month 00, 2013**, and must be sent to the addresses listed in Question 19.  You cannot speak at the hearing if you exclude yourself from the Class and Attorneys General Actions.

## GET MORE INFORMATION

**26. Where can I get more information?**

The Notice summarizes the Settlements. You can get more information about the Settlements at www.DRAMclaims.com, by calling 1-800-000-0000, or writing to DRAM Indirect Settlement, P.O. 0000, City, ST 00000.

Exhibit C

# The Settlements Described Below May Affect You As A State or Local Government.

*A Federal Court authorized this notice. This is not a solicitation.*

- Please read this notice carefully. Your legal rights may be affected whether or not you act.

- Settlements totalling $310 million have been reached in lawsuits involving the sale of DRAM. The lawsuits claim that Defendants fixed the price of DRAM, which resulted in increased prices for individuals and businesses that bought DRAM and devices containing DRAM. Defendants deny that they did anything wrong.

- DRAM is an electronic component that allows for storage and retrieval of electronic data. DRAM modules can be purchased separately or as a component of various electronics, such as personal computers.

- The Settlements will pay individuals, businesses and government entities that purchased DRAM or devices containing DRAM from someone other than the manufacturer of DRAM in the United States or any of its territories from January 1, 1998 through December 31, 2002. In addition, Defendants have agreed not to engage in the conduct that is the subject of the lawsuits, and have also agreed to compliance training and cooperation.

| YOUR ORGANIZATIONS' LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS | |
|---|---|
| **GET A PAYMENT** | Your organization will get an automatic payment if it qualifies. |
| **EXCLUDE YOUR ORGANIZATION** | Your organization will not receive a payment from the Settlements, but you will retain any rights it currently has to separately sue Defendants for the conduct that is the subject of these lawsuits. |
| **OBJECT TO THE SETTLEMENTS** | Write to the Court explaining why your organization does not like the Settlements (organizations in Oregon cannot object to the Settlements). |
| **GO TO THE HEARING** | Ask to speak in Court about the Settlements. |
| **DO NOTHING** | Your organization will give up any rights it currently has to separately sue Defendants for the conduct that is the subject of the lawsuits. Your organization may receive a payment and will benefit from the agreement of the Defendants to stop that conduct and to engage in compliance training. |

- You are receiving this notice because the rights of the organization that you represent may be affected by the Settlements in this lawsuit. Please read this notice carefully.

## PURPOSE OF THIS NOTICE

**This notice is given under Federal Rule of Civil Procedure 23, applicable state statutes, and by Court Order dated [insert date], from the United States District Court for the Northern District of California, Oakland Division ("the Court").**

The Court granted preliminary approval of several settlements (hereinafter referred to as "Settlements") in the following lawsuit involving claims brought on your behalf: *The State of California, et al. v. Infineon Technologies, et al.,* United States District Court Case No. C 06-4333 (PJH). This lawsuit alleges a conspiracy to fix, raise, maintain, and/or stabilize the prices of Dynamic Random Access Memory ("DRAM") chips that allegedly resulted in overcharges to certain government purchasers of DRAM or products containing DRAM. DRAM is an electronic component that allows for storage and retrieval of electronic data. DRAM modules can be purchased separately or as a component of various electronic products, such as desktop and laptop computers, servers, and printers.

The Settlement Fund for this lawsuit and others brought by individuals and businesses totals approximately $310 million. One-ninth is for government entities, including, but not limited to, you. In addition to your claims, this Settlement resolves claims for non-government indirect purchasers (that is, individuals and businesses), and for various state and local government entities for whom notice of these Settlements is not required.

This lawsuit was brought as a class action in this District Court:

- by the California Attorney General and the City and County of San Francisco, Santa Clara County, and the Los Angeles Unified School District on behalf of all political subdivisions in the State of California, plus the University of California, and the State Bar of California, that purchased DRAM or products containing DRAM; and

- by the States of Alaska, Delaware, Ohio, and Pennsylvania on behalf of all state government entities, political subdivisions, and public colleges and universities in those States as well as by Rio Rancho Public Schools on behalf of all political subdivisions in the State of New Mexico.

The States of Alaska, California, Delaware, New Mexico, Ohio, and Pennsylvania are referred herein as the Class States. They are required to give notice of the application of these Settlements to your class claims (if you are located in one of these States). However, if you are located in Alaska, Delaware, Ohio, or Pennsylvania you should be aware that the application of these Settlements to your class claims is limited as explained below.

The lawsuit names the following Defendants with whom Settlements have been reached: (1) Samsung Semiconductor, Inc., Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. ("Samsung"); (2) Winbond Electronics Corp. and Winbond Electronics Corporation America ("Winbond"); (3) Infineon Technologies AG and Infineon Technologies

North American Corp. ("Infineon"); (4) Elpida Memory, Inc. and Elpida Memory (USA) Inc. ("Elpida"); (5) NEC Electronics America, Inc. (presently known as Renesas Electronics America Inc.) ("NEC"); (6) Micron Technology, Inc. and Micron Semiconductor Products, Inc. ("Micron"); (7) SK hynix , Inc. and SK hynix America, Inc. (formerly known as Hynix Semiconductor, Inc. and Hynix Semiconductor America, Inc., respectively) ("Hynix"); (8) Nanya Technology Corp. and Nanya Technology Corp. USA, Inc. ("Nanya"); (9) Mosel-Vitelic Inc. and Mosel-Vitelic Corp. ("Mosel"), (10) Mitsubishi Electric Corp. and Mitsubishi Electric and Electronics USA, Inc. ("Mitsubishi"), (11) Hitachi Ltd. ("Hitachi"), and (12) Toshiba Corp. and Toshiba America Electronic Components, Inc. ("Toshiba").

The terms of these Settlements are summarized below. Before the Settlement Funds can be distributed, the Class States must also obtain the District Court's final approval of these Settlements. The District Court has scheduled a hearing to determine whether to grant final approval. This hearing is open to the public. The hearing location, date, and time are provided below.

If final approval is granted, then the Settlement Funds will be distributed to you, if you are in one of the Class States, in the manner set out in the January 7, 2012 Report and Recommendation of the Special Master at pages 166-207, which can be found at www.oag.ca.gov and www.DRAMclaims.com, or please contact the Attorney General of your State.

## THE LAWSUIT AND THE SETTLEMENTS

### 1. What is this lawsuit about?

The Class States and other States investigated a global price-fixing conspiracy involving DRAM. As a result, they filed civil lawsuits, alleging violations of various state antitrust and unfair competition laws, as well as claims for unjust enrichment, against Samsung, Winbond, Infineon, Elpida, Nanya, Mosel, Mitsubishi, Hitachi, and Toshiba. Your claims under state antitrust laws may be part of these lawsuits. And, insofar as your claims may be concerned, those lawsuits are being pursued in the proceeding called *The State of California et al. v. Infineon Technologies AG et al.* C 06-4333 PJH. This notice focuses only on your claims and not on the claims of other state and local government entities for whom notice is not required or on the claims of individuals and businesses.

The Complaints filed in these proceedings specifically claimed that between 1998 and December 31, 2002, Samsung, Winbond, Infineon, Elpida, NEC, Micron, Hynix, Mosel-Vitelic, Mitsubishi, Hitachi, and Toshiba conspired with each other to fix, raise, maintain, and/or stabilize the prices of DRAMs, and as a result, state and local government entities who bought DRAM and products containing DRAM suffered overcharges. Defendants deny these allegations. The Court has not decided who is right.

### 2. Who is included in the government entity Classes?

For purposes of the settlements with Samsung and Winbond, the Settlement Class of Government Entities (or Samsung and Winbond Settlement Class) includes the following entities and only these entities that purchased DRAM directly or indirectly from Samsung and Winbond between January 1, 1998 and December 31, 2002:

- All state government entities, all political subdivisions, and all public universities and colleges in Alaska, Delaware, Ohio, and Pennsylvania (though for Alaska, public colleges and universities are not part of the class and the only political subdivisions that are part of the class are the Cities of Anchorage, Fairbanks and Juneau);
- all political subdivisions in New Mexico,
- and all political subdivisions, the University of California, and the State Bar of California.

For purposes of the settlements with all other Defendants, the Settlement Class of Government Entities (or Multi-Defendant Settlement Class) includes the following entities and only these entities that purchased DRAM directly or indirectly from Infineon, Elpida, NEC, Micron, Hynix, Mosel-Vitelic, Mitsubishi, Hitachi, and Toshiba between January 1, 1998 and December 31, 2002:

- All political subdivisions in New Mexico and all political subdivisions, the University of California, and the State Bar of California.

The term "political subdivision" as used in the above class definitions includes all non-federal, non-state government entities in a given State except for public colleges and universities. Examples of political subdivisions include K-12 school districts, cities, counties, and special districts.

3.  **Are these the only lawsuits against the Defendants on behalf of state and/or local government entities for alleged price-fixing of DRAM?**

Yes.

4.  **What do the Settlements provide?**

Below is a summary of the Settlements:
   (a) **Injunction:** The Defendants are banned for three years from the date of execution of their settlement agreements from engaging in illegal *per se* activity involving DRAM, including price-fixing, market allocation, and bid-rigging, as well as the exchange of pricing information when they have the intent to fix prices.
   (b) **Antitrust Compliance:** All of the Defendants except for Mitsubishi, Hitachi, and Toshiba have agreed to maintain an antitrust compliance program to educate their officers and employees responsible for pricing and sales of DRAM about United States federal and state antitrust laws. Hitachi, Mitsubishi, and Toshiba have agreed to certify that they have an antitrust compliance program; if any of these three Defendants should resume selling

DRAM, they must establish the same antitrust compliance program as the other Defendants.

(c) **Monetary Benefit:**   The Settlement is $310 million, of which one-ninth is allocated for state and local government entities whose claims are being released, including, but not limited to, those state and local government entities for which notice is required. The cost to administer the Settlements, attorneys' fees, costs, expenses, and incentive awards are paid mostly from the Settlement Fund although two Defendants have agreed to provide additional amounts of monies to defray in part the costs of notice and implementation of these Settlements.  The Attorneys General and the Indirect Purchaser Plaintiffs will request attorneys' fees and costs not to exceed 30% of the total Settlement Fund.

(d) **Ongoing Cooperation:**  All of the Defendants have agreed to cooperation provisions that facilitate the introduction of evidence at trial, including providing access to employees for deposition and trial, assisting in locating former employees for trial, assisting in locating former employees, and providing witnesses who can testify to certain specific issues such as the amount of sales or the authenticity of documents

## 5.  What is the Planned Distribution of the Settlement Fund?

Those Settlement Funds available to state and local government entities, and public colleges and universities, have been divided up among the Attorneys General involved in this lawsuit in accordance with a survey they conducted of the procurement of DRAM-containing equipment and the full-time employees of those state and local government entities that they represent in this lawsuit.

For any entity located in a Class State, any direct payment will depend on the planned distribution of Settlement Funds by your Attorney General.  For example, for those of you located in California, some will receive a direct distribution of funds while others will be eligible to apply for technology-related *cy pres* grants to redress the injury that the California Attorney General alleged in these lawsuits.  When it is difficult for all affected parties to receive individual shares of the recovery, the legal doctrine known as *cy pres* allows the courts to approve the distribution of the Settlement Fund to support public or non-profit activities to address the injury alleged in a lawsuit instead of distributing funds directly to the affected party. If you are located in a Class State, you may find out how much you may be receiving (if anything) directly (as opposed to a *cy pres* distribution) by reviewing the January 7, 2012 Report and Recommendation of the Special Master at pages 166-207, which can be found at www.oag.ca.gov and www.DRAMclaims.com, or by contacting the Attorney General of your State.

## 6.  When and where is the court hearing concerning final approval of the Settlements?

The Court will hold a hearing to determine whether to approve the Settlements.  The legal term for this type of hearing is **"Fairness Hearing."**  It will be held on [*insert date*], beginning at [*insert time*] a.m. before Judge Phyllis J. Hamilton at 1301 Clay Street, Oakland, California 94612, in Courtroom Three.  The hearing may be adjourned or continued without further notice.

---

### LEGAL RIGHTS AND OPTIONS

---

### 1.   What are the legal rights of each class member?

Members of the Samsung and Winbond Settlement Class, and the Multi-Defendant Settlement Class listed above, have the right to sue Defendants for violating state antitrust and unfair competition laws, and/or for unjust enrichment, based on the subject matter of this lawsuit. Each Class Member may bring its own lawsuit against those Defendants against whom claims are being settled via these Classes or instead be part of this lawsuit for purposes of settlement of their class claims.  **But unless a class member excludes itself in writing as described below, its claims against the Defendants will be released by the Settlements in this lawsuit.**

### 2.   Regarding the legal claims, what are Class Member options?

- **Do Nothing**: If you want to participate in these class action Settlements, no further action on your part is required. By doing nothing, you agree to be represented by the California Attorney General as class counsel and by the following class representatives:
  - City and County of San Francisco, Santa Clara County, and the Los Angeles Unified School District (if you are located in California);
  - Rio Rancho Public Schools as the class representative (if you are located in New Mexico), and
  - with the State itself (if you are located in another Class State).

  You also agree to the terms of the Settlements with the Defendants and, as such, you agree to release Defendants from claims relating to the allegations in these lawsuits in exchange for the benefits described above.  The scope of your release of claims is described in more detail in the Settlement Agreements at www.DRAMclaims.com.

- **Opt-Out or Exclude Yourself from your Settlement Class:**  You have the right to exclude yourself ("opt-out") from your Settlement Class, meaning you will not be legally bound by these Settlements.  But you will not get any money or other benefit from the lawsuit, although you can file your own lawsuit against the Defendants based on the subject matter of this lawsuit.  To "opt-out", you must send a letter stating that you want to be excluded from this case, *The State of California, et al. v. Infineon Technologies, et al.,* United States District Court Case No. C 06-4333 (PJH).  Your letter must include the entity name, address, telephone number, and the name, title, and signature of the person signing on behalf of the entity.  The letter must be postmarked on or before [*insert date*], and mailed to:   We will make sure that all opt-outs are forwarded to the District Court.
  **Object or Request to Appear at Fairness Hearing:** You also have the following rights: (a) to object to these Settlements, the plan of distribution, attorneys' fees and costs, and awards to the other groups; and (b) to request to appear at the Fairness Hearing described above.  But if you choose to "opt-out" of your Settlement Class, you may not object, intervene, or appear at the Fairness Hearing.  Regarding the Fairness Hearing, Class Members have the right, but are not required, to appear at the hearing and be heard on the question of whether the Settlements should be approved.  Each Class Member may retain their own attorney for the hearing, but this is not a requirement to appear.  If you do not retain a separate attorney, then your interests will be represented by the California

Attorney General at the hearing, unless you choose to represent yourself. To object, you must express your views to the District Court in writing. You must include the entity name, address, telephone number, and the name, title, and signature of the person signing on behalf of the entity, refer to this case, *The State of California, et al. v. Infineon Technologies, et al.,* United States District Court Case No. C 06-4333 (PJH), and include a brief explanation of your comment or objection. The letter must be postmarked on or before [*insert date*], and mailed to

---

**For More Information: call 1-415-703-5000 (ask for Deputy Attorney General Emilio Varanini) or visit www.DRAMclaims.com**

# Exhibit D

# NOTICE

## THIS SETTLEMENT APPLIES TO ALL OREGON GOVERNMENT ENTITIES AND POLITICAL SUBDIVISIONS

This is to notify all Oregon government entities and political subdivisions of their rights and options in this settlement of an antitrust action by the Oregon Attorney General. Please read this notice carefully.

### A. The Lawsuits

The Oregon Attorney General, along with other States, investigated and filed a joint lawsuit against the manufacturers of dynamic random access memory (DRAM) computer memory for a price-fixing conspiracy in *The State of California, et. al. v. Infineon Technologies AG, et. al.*, U.S. District Court for the Northern District of California case no. C 06-4333 PJH. The States allege that DRAM manufacturers violated state and federal antitrust laws by meeting with each other and agreeing to fix, raise, maintain, or stabilize the price DRAM memory chips starting in 1998 and continuing until December, 2002.

The defendant manufacturers include: Elpida, Infineon, Nanya, Mosel, Mitsubishi, Hitachi, Samsung, Toshiba, and Winbond. Defendants deny the States' allegations, and the Court has not decided who is right.

Oregon's Action: The Oregon Attorney General filed this action on behalf of the State, natural persons, and all political subdivisions in Oregon, under the authority granted by ORS 646.775. "Political subdivisions" include all Oregon counties, cities, municipalities, public universities, school districts, special districts, and all other local government entities.

Other Actions: Defendants also have settled with the other States in this action, and with separate private class actions. For more information on those actions, go to www.DRAMclaims.com.

### B. The Settlements

Defendants will pay $310 million as a Settlement Fund to all plaintiffs. State and local government entities are entitled to one-ninth of that Fund. The Attorneys General and attorneys for the private class actions will request the Court approve attorneys' fees and litigation costs not to exceed 30% of the total Settlement Fund. Additional costs to administer and distribute the Settlement Fund will mostly come from the Fund. Defendants also will be banned from the alleged conduct for three years, and must undertake other compliance measures.

Oregon's share of the Settlement Fund was determined from an expert analysis of state government purchase data. Based on that statistical analysis, Oregon's share of the fund will be split into three portions: 24% will go the state; 48% will go to local government entities; and 28% will go to public colleges and universities. The portion for local government entities will be split on a pro rata basis based on fulltime employee (FTE) census numbers, with a cut-off for any entities that would receive $50 or less. The portion for colleges and universities will be split based on current enrollment data. In addition, up to $48,000 will be set aside to reimburse the 12 Oregon entities for actual expenses incurred by participating in the expert survey, for their extra work in gathering their purchase data.

## C. Legal Rights and Options of Oregon Government Entities and Political Subdivisions

The Court will hold a hearing and decide whether to approve these settlements. This fairness hearing will be held on [date], starting at [time] a.m. before Judge Phyllis J. Hamilton, in Courtroom Three of the U.S. District Court for the District of Northern California, at 1301 Clay Street, Oakland, California 94612. The hearing date or time may be moved by the Court without further notice.

Before this hearing, Oregon government entities and political subdivisions may:

1. Do Nothing. If an Oregon government entity wants to participate in this action, it does not need to take any action. Oregon government entities will continue to be represented by the Oregon Attorney General in this action. Oregon government entities will be bound by the terms of this settlement, including releasing Defendants from any claims relating to the allegations in this lawsuit, in exchange for the benefits described above. Oregon government entities that are owed money under the distribution plan described above will be contacted and sent that money—without any further action by the entity—if the settlement and distribution plan are approved by the Court at the fairness hearing.

2. Exclude Themselves (opt-out). Oregon government entities have the right to exclude themselves from this action under ORS 646.775. Entities that opt out will not be legally bound by this settlement, but also will not get any money or any other benefit from this settlement. Please note that under Oregon law, authority to bring antitrust actions for indirect purchaser claims, like this action, was limited to actions by the Attorney General until January 1, 2010.

To opt-out, a government entity must send a written letter stating that it wants to be excluded from the Oregon Attorney General's action in this case, *The State of California, et. al. v. Infineon Technologies AG, et. al.*, Case No. C 06-4333 PJH. The letter must include the entity's name, address, telephone number, and the name, title, and signature of the person signing on behalf of the entity. The letter must be postmarked on or before [date], and mailed to:

[Address]

The Oregon Attorney General will make sure that the Court is provided all opt-out letters.


**For More Information on the Oregon Attorney General's action, call : 1-800-[number] or visit: [website]**

Att - 2