# ROTHSCHILD LAW FIRM LLC

TWO TOWER CENTER BLVD, TOWER TWO
19TH FLOOR, SUITE 19059
EAST BRUNSWICK, NJ 08816
P: 732-654-2817

J. PHILLIP ROTHSCHILD, ESQUIRE
J.ROTHSCHILD@YAHOO.COM

May 10, 2016

**VIA OVERNIGHT MAIL**
The Honorable Phyllis J. Hamilton,
United States District Court Judge
United States Courthouse
Courtroom 3 – 3rd Floor
1301 Clay Street
Oakland, CA 94612

> Re: *In re DRAM Antitrust Litigation*, Indirect Purchaser Class Action,
> Case No. 4:02-md-01486

Dear Judge Hamilton:

Our firm represents Winthrop Resources Corporation ("Winthrop"), a claimant in the DRAM Indirect-Purchaser Class Action. Winthrop respectfully requests that its claim be included in the distribution of the settlement funds for the DRAM Antitrust Litigation, and that the Court rule that Winthrop's inclusion in the distribution is a condition of the Court granting the motion to distribute the settlement funds.

Winthrop was wrongfully excluded from the planned distribution because its claim was filed after the arbitrary July 1, 2015 date upon which late claims were cut off by Class Counsel. Winthrop was unaware that they were included in this settlement class and never received actual notice of the settlement or claim deadline. Once Winthrop became aware of the settlement, they diligently and expeditiously submitted their claim with full substantiation on December 30, 2015. A claim number was subsequently assigned to Winthrop's claim. Winthrop's claim included a fully completed claim form, together with a declaration and supporting documentation which complies with the Claim's Administrator's requirements[1].

Class Counsel is seeking to allow claims filed after the claim deadline of August 1, 2014 but before an arbitrary date of July 1, 2015. There is no meaningful difference between

---

[1] See "Declaration of Amy L. Lake of Rust Consulting Inc., Notice and Claims Administrator," at pp. 5-6, filed concurrently with *Jt. Mot. to Distribute Settlement Funds*.

The Honorable Phyllis J. Hamilton
May 10, 2016
Page 2

Winthrop's post-July 1st fully-substantiated claim and the other 19,508 late claims[2] that Class Counsel seeks to include in the distribution.

> The *Jt. Mot. to Distribute Settlement Funds* (Dkt. 2273) at pg. 11 states:
>
> The Court has inherent discretion to allow or disallow "late filed" claims. *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1128 (9th Cir. 1977)(district court has discretion with respect to the disallowance of late claims); *Welch & Forbes Inc. v. Cendant Corp. (In re Cendant Corp. Prides Litig.)*, 233 F.3d 188, 194-197 (3d Cir. 2000)(until the fund created by settlement is actually distributed, the court retains its traditional equity powers to protect unnamed but interested persons; a court may assert this power to allow late-filed claims); *In re Elec. Carbon Prods. Antitrust Litig.*, 622 F. Supp. 2d 144, 155 (D.N.J. 2007)(permitting late claimants to share in settlement proceeds).

The above cited cases equally apply to Winthrop's submitted and fully substantiated claim.

It is well established that "[a]ll legitimate class members should, if equitable, be permitted to share in the settlement." *In re Elec. Carbon Prods. Antitrust Litigation., 622 F. Supp. 2d 144, 156 (D. N. J. 2007)*. In determining whether to allow a late claim the Court must consider "all relevant circumstances surrounding the party's failure to act in a timely manner." *In re Oxford Health Plans, Inc., 383 Fed Appx. 43, 45 (2d Cir. 2010)*. Courts considering requests to allow late-filed claims often analyze these late claims "under the rubric of whether the claimant has shown 'excusable neglect.'" *In re Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d 315, 321 (3rd Cir. 2001) (*citing In re Cendant Corp. Prides Litigation*, 189 F.R.D. 321, 324 (D.N.J. 1999)).

In determining whether a claimant should have the benefit of excusable neglect, the court examines the following factors: (i) the danger of prejudice, (ii) the length of delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Each of the factors strongly favors Winthrop's inclusion in the settlement class.

i. Including Winthrop will not prejudice the Defendants or other class members. The Defendants will not be affected since the settlement funds are non-revisionary, and have already been set aside. Other class members will not be prejudiced since there was no expectation to class members of what they would receive. *See In re "Agent Orange" Product Liability Litigation*, 689 F. Supp. 1250, 1263 (E.D.N.Y. 1998). Furthermore, even "the loss of a windfall is not prejudicial." *In re Orthopedic Bone Screw Products Liability Litigation*, 246 F.3d at 324. Winthrop is claiming a total of 145,875 CEUs,

---

[2] 19,508 claims were received by Rust between August 1, 2014 and July 1, 2015. *See Jt. Mot. to Distribute Settlement Funds* (Dkt. 2273) at pg. 12.

which makes up <u>**0.0007**</u> of the total CEUs claimed.[3] This *de minimis* amount is certainly not a "loss of a windfall", and class members would receive almost the same exact amount, even if Winthrop's claim is accepted. Furthermore, small claimants will be totally unaffected since $25 million was designated for them, and Winthrop will not be receiving from the small claimants' fund.

ii. Including Winthrop will not cause any delay or disruption since Winthrop submitted a fully-substantiated claim over four months before the Joint Motion to Distribute Funds was filed. Furthermore, the settlement administrator writes on the official claim website that distribution will occur in the Fall of 2016.[4] Therefore, the processing of Winthrop's claim, has not, and will not delay the distribution of settlement funds.

iii. Winthrop filed a late claim since it did not receive direct notice of the class action and it was unaware of the class action.[5]

iv. Winthrop acted in good faith, and as soon as Winthrop became aware of the settlement they promptly filed a claim in December, 2015.

In the highly unlikely event that including Winthrop's fully substantiated claim were to cause a delay in claims processing, Winthrop should at the very least receive the amount it would have received from this distribution (approximately $.77 per CEU) from the residual funds[6]. In a very similar case to ours, *In re TFT-LCD (Flat Panel) Antitrust Litigation, Indirect Purchaser Action*, Case No. 3:07-md-1827 (N.D. Cal.), the Court set an initial claim-filing deadline of December 6, 2012. The claims administration website allowed a late claim deadline of June 6, 2014; however, the Court ordered the claims administrator to process all valid claims filed after that date through October 6, 2014 (which was even after the date of the initial Motion for Distribution). *See Order Appointing Fund Administrator and Authorizing Distribution from Settlement Fund* (Dkt. 9273), entered October 20, 2014, ¶¶ 9-10. In the LCD Case, the Court ordered that claims filed after the June 6, 2014 date be paid from residuary funds. *Id.* Here, Winthrop's claim was filed over four months before the motion for distribution was filed and should at the very least receive its full distribution amount from the residual funds.

---

[3] Eligible Claims represent 217,387,799 CEUs. *See Jt. Mot. to Distribute Settlement Funds* (Dkt. 2273) at pg. 12. Claims received after July 1, 2015 total 316,400 CEUs which is 0.001 of the total CEUs claimed. *Id.*

[4] "The Settlement Administrator anticipates the process of issuing settlement checks to all eligible individual and business Class Members who submitted a timely and valid claim form, to begin in the Fall of 2016." *See DRAM Settlement Website,* http://www.dramclaims.com/ (last visited May 10, 2016).

[5] Included with Winthrop's claim submission is a Declaration from its SVP which states that Winthrop only became aware of the settlement on December 28, 2015.

[6] Residuary funds includes funds from uncashed distribution checks, remaining funds from the $1,250,000 reserve fund and any other funds that relate to this settlement. *See Jt. Mot. to Distribute Settlement Funds* (Dkt. 2273) at pg. 3.

Winthrop's post-July 1, 2015 claim is indistinguishable and equally deserving as the pre-July 1, 2015 late claims. Winthrop suffered the same damages as a result of the Defendants' wrongful conduct as other class members and the other class members claims will not be delayed or prejudiced in their settlement recoveries.

For the reasons set forth above, Winthrop respectfully requests that the Court not grant the motion for distribution of the settlement funds unless Winthrop is included in the distribution.

Sincerely,

J. Phillip Rothschild

Copy (as set forth on next page) to:   Co-Lead Class Counsel
Liaison Counsel
Executive Committee Chair
Liaison Counsel On Behalf of All Attorneys General
Rust Consulting

The Honorable Phyllis J. Hamilton
May 10, 2016
Page 5

Josef D. Cooper
Tracy R. Kirkham
John D. Bogdanov
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
*Co-Lead Class Counsel for Indirect-Purchaser Plaintiff*

Timothy D. Battin
Christopher V. Le
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030
*Co-Lead Class Counsel for Indirect-Purchaser Plaintiff*

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway
Suite 1000
San Diego, California 92101
*Co-Lead Class Counsel for Indirect-Purchaser Plaintiff*

Daniel E. Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
*Co-Lead Class Counsel for Indirect-Purchaser Plaintiff*

Francis O. Scarpulla
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
*Liaison Counsel, Indirect Purchaser Plaintiffs*

Terry Gross
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, California 94104
*Chair, Indirect Purchaser Plaintiffs' Executive Committee*

KAMALA D. HARRIS
Attorney General of California
Kathleen Foote
Emilio E. Varanini
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664
*Attorneys for the State of California as Liaison Counsel On Behalf of All Attorneys General*

Amy Lake
RUST CONSULTING
625 Marquette Avenue
Suite 880
Minneapolis, MN 55402