**FRS**

FINANCIAL RECOVERY STRATEGIES

FILED

MAY 13 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

May 11, 2016

**BY OVERNIGHT MAIL**

Honorable Phyllis J. Hamilton
United States District Judge
United States District Court
 for the Northern District of California
Oakland Courthouse
1301 Clay Street
Oakland, CA 94612

      *In re: Dynamic Random Memory (DRAM) Antitrust Litigation,* MDL No. 1486

Dear Judge Hamilton:

Financial Recovery Services, Inc. d/b/a Financial Recovery Strategies ("FRS"), a third-party class action settlement claims recovery consulting firm, hereby requests that this Court exercise its discretion, in the interests of justice and fairness, to accept 68 claims that were submitted after July 1, 2015, including the 18 claims listed in the attachment to this letter (the "Post July 1 Claims").[1] These claims were submitted on behalf of members of the *DRAM* class who suffered the same injury as other *DRAM* class members but, if the requested relief is not granted, will not receive anything from the $310 million settlement. Distributions to these claimants would not delay the distribution to other class members and would reduce other class members' recoveries by approximately 0.15 percent. This request is made pursuant to the Court's inherent discretion to allow late-filed claims. *See* Indirect-Purchaser Plaintiffs and Attorney General's Joint Notice of Motion and Motion to Distribute Settlement Funds (Filed May 4, 2016) (Doc. No. 2273; the "Distribution Motion"), at 11:18-25 (citing cases).

Before addressing the fundamental unfairness and procedural infirmities concerning the July 1, 2015 claims filing deadline, it is important to note that all but 2 of the 18 Post July 1 claims filed by FRS were filed before July 1, 2015.

---

[1] FRS provides our clients with industry leading services without up-front cost or risk, while adhering to the highest level of professional ethics and standards. Our work includes:

- Notifying our clients when we learn of settlements that may be valuable to them;
- Taking actions to enhance the likelihood that all of our clients' eligible business units (*e.g.*, subsidiaries, divisions, acquisitions and divestitures) are included in the claim process;
- Providing advice on what, if any, documents need to be collected and maintained, and, when requested, assisting in that effort;
- When required documents are not available or are too burdensome to collect, developing innovative alternatives and then negotiating, where possible, to obtain claims administrator and class counsel approval of those alternatives;
- Preparing, assembling and submitting clients' proofs of claim, and managing those claims throughout the processing phase, including addressing any concerns or questions claims administrators may have;
- Providing regular updates on the recovery process and all related developments;
- Auditing their payments to assure that they have not been under calculated; and
- Following up with them to assure that their recovery checks are deposited.

Financial Recovery Strategies  80 Wesley Street, South Hackensack, NJ 07606  www.FRSco.com  Phone: (201) 853-0300  Fax: (201) 853-0301



Honorable Phyllis J. Hamilton
May 11, 2016
Page 2

The Indirect Purchaser Plaintiffs, Attorneys General and Rust do not provide in their Distribution Motion any basis for those 16 claims to be rejected. Accordingly, FRS respectfully petitions the Court to overrule that rejection and approve each of those 16 claims.

Turning next to the whether claims filed after July 1, 2015 should be accepted, the Indirect Purchaser Plaintiffs and Attorneys General ask this Court to allow claims that were filed as much as eleven months after the initial August 1, 2014 deadline. *See* Distribution Motion at 10:18-11:25. They inexplicably draw their "line in the sand" over a mere 68 claims that "represent 315,400 CEUs," Distribution Motion at 12:6, and claim that to accept those claims "would add yet another round of claims processing and would unnecessarily delay distribution to class members," *id.* at 11:16-17. What is not explained, either in the Distribution Motion or in the supporting Declaration of Amy L. Lake of Rust Consulting, Inc., Notice and Claims Administrator, executed May 4, 2016 (Doc. No. 2273-2) (the "Rust Declaration"), which the Indirect Purchaser Plaintiffs and Attorneys General cite, is **why** there would be a delay. Any delay – and FRS is not agreeing that in fact there would be any delay – would have been avoided had Rust continued to process the claims it received after July 1, 2015. In fact, these claims have been sitting unprocessed in Rust's possession for over 10 months. Had they continued to process claims, there would not be any "late claims" to consider.

As for the 2 "late" claims submitted by FRS, they were submitted to Rust on July 9, 2015 and July 10, 2015, just 8 and 9 days, respectively, after the "deadline" that the Indirect Purchaser Plaintiffs and the Attorneys General arbitrarily imposed. The two clients on whose behalf FRS filed Post July 1 Claims, like many FRS clients, had not contemplated filing a *DRAM* claim until they were contacted by FRS; FRS prepared and filed their *DRAM* claims as quickly as possible. Under the facts here, FRS does not believe that any reasonable basis exists for the Court to deny those class members their recovery, and, therefore, respectfully submits that fundamental fairness should trump the arbitrary deadline.

The Indirect-Purchaser Plaintiffs and the Attorneys General have asked this Court to "authorize payments to all class members whose claims were filed by July 1, 2015, and were deemed eligible for payment after conclusion of the audit process by Rust," which is 11 months after the initial August 1, 2014 claims filing bar date, "in the interest of increasing the participation of class members in the settlement distribution." Distribution Motion at 11:4-8. However, the only way to do so – and for justice to be served – is for the Post July 1 Claims also to be approved. Simply put, it is not equitable to exclude a small number of class members who are indistinguishable from all of the others except for the fact that they did not submit their claims sooner.

While some deadline is necessary, fairness recommends that it should be set as late as possible to allow as many class members as possible to participate in the $310 million *DRAM* settlement. Justice suggests that the Post July 1 Claims be treated in the same manner as those filed after August 1, 2014 but before July 1, 2015.

\* \* \* \* \*



FINANCIAL RECOVERY STRATEGIES

Honorable Phyllis J. Hamilton
May 11, 2016
Page 3

For the foregoing reasons, FRS asks this Court to exercise its discretion, in the interests of justice and fairness, to authorize payments to the claimants on whose behalf the Post July 1 Claims were submitted.

Respectfully,

Jeffrey N. Leibell
General Counsel

Copy (as set forth on the last page) to:   Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs
Counsel for the Attorneys General



FINANCIAL RECOVERY STRATEGIES

## POST JULY 1, 2015 CLAIMS FILED BY FRS

| Client | Date Claim Filed | Data Provided | Total Units |
|---|---|---|---|
| Performance Food Group | 07/10/2015 | Yes | 6,240.98 |
| Banc Certified Merchant Services | 07/09/2015 | Yes | 3,430.01 |
| Scripps Health | 04/21/2015 | Yes | 16,087.43 |
| Albeeann Corp dba McDonalds #7205 | 04/07/2015 | Yes | 10.73 |
| Stick Corporation | 04/02/2015 | Yes | 11.40 |
| Macwood Farm or Macwood Food, Inc. | 04/02/2015 | Yes | 10.73 |
| First Leg Corporation | 03/30/2015 | Yes | 11.20 |
| Rick's Café, Inc. | 03/18/2015 | Yes | 17.41 |
| Xavient Information Systems, Inc. | 03/12/2015 | Yes | 534.81 |
| Riviera Café, Inc. | 02/25/2015 | Yes | 16.17 |
| Land Grant Restaurant, Inc. | 02/25/2015 | Yes | 55.62 |
| Giggling Grizzly LLC | 02/25/2015 | Yes | 14.52 |
| Nuthouse, Inc. | 02/25/2015 | Yes | 14.17 |
| Gunderson Dettmer Stough Vulleneuve Franklin & Hac | 02/20/2015 | Yes | 398.74 |
| First State Bank | 02/04/2015 | Yes | 159.33 |
| Hillsdale College | 12/22/2014 | Yes | 1,609.28 |
| Mount Sinai Hospital Medical Center of Chicago | 12/11/2014 | Yes | 5,232.99 |
| Muskego Market Place Foods LLC | 12/08/2014 | Yes | 6.2 |
| | | **Total:** | 33,861.72 |



FINANCIAL RECOVERY STRATEGIES

**Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs**
**and**
**Counsel for the Attorneys General**

Josef D. Cooper
Tracy R. Kirkham
John D. Bogdanov
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
*Co-Lead Class Counsel for*
*Indirect-Purchaser Plaintiffs*

Timothy D. Battin
Christopher V. Le
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030

*Co-Lead Class Counsel for*
*Indirect-Purchaser Plaintiffs*

Daniel J. Mogin
THE MOGIN LAW FIRM, P.C.
707 Broadway
Suite 1000
San Diego, California 92101
*Co-Lead Class Counsel for*
*Indirect-Purchaser Plaintiffs*

Daniel E. Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
*Co-Lead Class Counsel for*
*Indirect-Purchaser Plaintiffs*

Francis O. Scarpulla
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
*Liaison Counsel, Indirect Purchaser Plaintiffs*

Terry Gross
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, California 94104
*Chair, Indirect Purchaser Plaintiffs' Executive*
*Committee*

Kathleen Foote
Emilio E. Varanini
OFFICE OF THE ATTORNEY GENERAL OF THE STATE
OF CALIFORNIA
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664

*Attorneys for the State of California as Liaison*
*Counsel On Behalf of All Attorneys General*