JOSEF D. COOPER (53015)
TRACY R. KIRKHAM (69912)
JOHN D. BOGDANOV (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA  94103
Telephone:  (415) 788-3030
Facsimile:  (415) 882-7040
E-mail:  jdc@coopkirk.com
Co-Lead Counsel for Indirect-Purchaser Plaintiffs

XAVIER BECERRA
Attorney General of the State of California
KATHLEEN FOOTE (65819)
Senior Assistant Attorney General
EMILIO E. VARANINI (163952)
455 Golden Gate Avenue, Ste. 11000
San Francisco, CA 94102
Telephone: (415) 703-5908
Facsimile:  (415) 703-5480
E-mail:  Emilio.Varanini@doj.ca.gov
Attorneys for the State of California On Behalf of All Attorneys General

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION | Case No. M-02-1486-PJH<br>MDL No. 1486 |
| This Document Relates to: | **INDIRECT PURCHASER PLAINTIFFS' AND ATTORNEYS GENERAL'S JOINT REPORT ON SETTLEMENT FUND DISTRIBUTION** |
| ALL INDIRECT PURCHASER ACTIONS | |
| and | Courtoom:  3, 3rd Floor<br>The Honorable Phyllis J. Hamilton |
| *State of California et al. v. Infineon Technologies AG, et al.* | |
| *State of New York v. Micron Technology Inc., et al.* | Case No. C 06-4333 PJH |
| *State of California et al. v. Samsung Electronics Co., Ltd., et al.* | Case No. C 06-6436 PJH<br>Case No. C 07-1347 PJH |
| *State of California et al. v. Winbond Electronics Co.* | Case No. C 07-2589 PJH |
| *Petro Computer Systems, Inc. v. Hitachi, Ltd.* | Case No. C 12-5213 PJH |
| *Petro Computer Systems, Inc. v. Mitsubishi Electric Corporation, et. al.* | Case No. C 12-5214 PJH<br>Case No. C 12-5215 PJH |

| | |
|---|---|
| *Petro Computer Systems, Inc. v. Toshiba Corporation, et. al.* ) | Case No. C 12-5230 PJH |
| ) | Case No. C 12-5229 PJH |
| *State of California et al., v. Toshiba Corporation et al.,* ) | Case No. C 12-5231 PJH |
| *State of California et al., v.  Mitsubishi Electric Corporation, et. al.* ) | |
| *State of California et al., v.  Hitachi, Ltd.* ) | |

Counsel for the Indirect Purchaser Plaintiffs and the Attorneys General hereby jointly report on the status of the distributions of the settlement funds.

## I.    THE COURT'S PRIOR ORDERS

On June 27, 2014, the Court granted final approval of settlements with Samsung, Winbond, Infineon, Elpida, NEC, Micron, Mosel, Hynix, Nanya, Toshiba, Hitachi and Mitsubishi, certified an Indirect Purchaser Settlement Class and Government Purchaser Settlement Classes, approved plans of distribution, and entered final judgment in these actions.[1]  It also awarded attorneys' fees and expenses to counsel for the Indirect Purchaser Plaintiffs and the Attorneys General, and gave incentive awards to the private plaintiffs and class representatives.[2]

Pursuant to the Court's January 14, 2014 Order granting preliminary approval of the settlements and setting a schedule for soliciting claims, the Court set a claims-filing deadline of August 1, 2014.[3]  On May 19, 2016, after resolution of the appeals from the Final Approval Order, the Court appointed Rust Consulting ("Rust") as the Fund Administrator and directed Rust to pay all approved Indirect Purchaser Settlement Class claims, incentive awards, Government Purchaser Plaintiff claims, and the fees and expenses of Indirect Purchaser Plaintiffs' Counsel and the Attorneys General.[4]  The Court ordered the then-current escrow agent, Union Bank, N.A., to transfer "as soon as practicable" all funds in the escrow accounts, except Mosel's, to accounts established for the Qualified Settlement Funds ("QSFs") at Huntington Bank, to be administered by

[1] *See* Order Granting Final Approval Of Settlements, Plans Of Distribution And Claims Protocols, Certifying Settlement Classes, Finally Adopting Special Master's Report And Recommendations, Parts I And II; Final Judgment Of Dismissal With Prejudice (Dkt. 2235) ("Final Approval Order").

[2] *See* Order Granting Award Of Attorneys' Fees, Reimbursement Of Expenses And Incentive Awards To Plaintiffs; Finally Adopting Special Master's Report And Recommendations, Part III; Final Judgment (Dkt. 2234).

[3] *See* Order Granting Preliminary Approval (Dkt. 2174).

[4] *See gen.,* Distribution Order (Dkt. 2283).

Rust until disbursement.[5]

The Court agreed with Counsel's recommendation of extending the claims-filing deadline for payment of all claims to July 1, 2015.[6]  The Court also directed Rust to process all claims received after July 1, 2015 and before May 19, 2016, from residual funds pursuant to a modified *pro rata* distribution, in accordance with the claims processing and auditing procedures described in the Distribution Order.[7]

## II.   RUST'S DISTRIBUTION ACTIVITIES

### A.  Total Number of Timely Claims Processed

Pursuant to the Court's May 19, 2016 Distribution Order, Rust issued 444,122 checks and made 1,432 wire transfers to class members with a timely claim submission ("Approved Indirect Purchaser Class Claims").[8]  This initial distribution includes: (1) 399,462 Small Claimant cleared checks totaling $22,784,043; (2) 1,142 Large Claimant cleared checks totaling $25,552,811; and (3) 25 completed wire transfers totaling $140,535,582 (primarily to class claim filing services who

---

[5] *Id.* at ¶2.

[6] *Id.* at ¶11.

[7] *See id.* at ¶12. a. & b. ("Any claim, or adjusted claim, at or below the Computer Equivalent Units for a Small Claim, shall be paid *pro rata* with funds from any uncashed checks issued to Small Claimants remaining at the conclusion of the distribution authorized [by the Distribution Order].  Depending upon the funds available, these late-filed claims may be paid up to the full *pro rata* value that the claim would have had as a timely-filed claim under the protocols approved by this Court; and

All other claims shall be paid from uncashed checks issued to claimants other than Small Claimants remaining at the conclusion of the distribution authorized [by the Distribution Order].  If there are sufficient funds from uncashed checks, these claims may be paid up to the full *pro rata* value that the claim would have had as a timely-filed claim under the protocols approved by this Court.  If, however, there are insufficient funds from uncashed checks to pay each such claim at least 50% of its full *pro rata* value as a timely claim, then a contribution shall be made from future settlement funds received from defendant Mosel up to a maximum *pro rata* payment amount equal to 50% of the claim's full value.")

[8] "Declaration of Louise M. Roberts of Rust Consulting, Inc., Notice and Claims Administrator" ("Roberts Decl."), at ¶4.

acted as agents for mostly Large Claimants).[9]

After the initial distribution and payments for tax administration, as of the bank account statement through February 28, 2017 and the account reconciliation performed by Rust, the Claims Distribution Account has a balance of $2,324,241.  Of this amount, $2,148,064 is remaining for Small Claimants' uncashed payments (including $639 refunded for Small withdrawn claims), and $175,767 is remaining for the Large Claimants' uncashed payments (including $678 refunded for Large withdrawn claims).[10]

As of February 28, 2017, approximately 43,518 checks remain uncashed, totaling $2,323,167.  Of these uncashed checks, 43,451 relate to Small Claimants and have a total value of $2,147,439 and 67 relate to Large Claimants and have a total value of $175,728.[11]  Based on the foregoing, 98.8% of the Settlement Fund has been paid to claimants.[12]

Of the total mailed, 18,708 checks were returned as "undeliverable."  Rust has re-mailed payments to 1,447 Claimants who had forwarding addresses registered with the United States Postal Service, and re-mailed payments to 8,658 Claimants located via a batch trace process to update their addresses.[13]  Rust has conducted outreach to claimants in order to increase the rate of cashed checks by:

---

[9] *Id.* at ¶6.

[10] *Id.* at ¶8.  Small Claimants have been paid from the $25,000,000 Settlement Funds designated for Small Claimants in the Claims Distribution Account QSF.  Large Claimants have been paid out of the remaining Settlement Funds in the Claims Distribution Account QSF totaling $166,195,595 designated for Large Claimants.  The Plan of Distribution defines a "Small Claim" as any claim that in a first pass calculation of a pro rata distribution to all approved claimants would receive less than $10.00, and a "Small Claimant" as a person and entity with a "Small Claim."  Although the Plan does not specifically define claims that result in a payment of $10.00 or more, for ease of discussion, all such claims will be referred to herein as, "Large Claims," and "Large Claimants" are persons and entities with "Large Claims."

[11] *Id.* at ¶7.

[12] *Id.* at ¶6.

[13] *Id.* at ¶5.

JOINT REPORT ON SETTLEMENT FUND DISTRIBUTION – CASE NO. M-02-1486-PJH

1) sending a mass distribution email on November 8, 2016, requesting updated mailing addresses from 9,658 claimants who had an undeliverable check and an email address on record;

2) mailing reminder postcards on November 10, 2016, encouraging 42,999 claimants whose checks were not returned as undeliverable to cash their checks; and

3) sending a mass distribution email on February 15, 2017, with a second reminder encouraging claimants who had an uncashed check to cash it.[14]  (Some claimants have received more than one reminder.)

At this time, Rust considers its outreach efforts to maximize check clearing to be complete, and Rust is continuing to re-issue checks as requested.[15]  Since a balance will remain in the distribution account from the uncashed checks, Class Counsel and the Attorneys General are considering options and will recommend a disposition of these funds to the Court in the same timeframe as anticipated for the Class States' *cy pres* distribution noted in paragraph II. D., below.

### B.  Mosel Vitelic

As of May 19, 2016, all settlement funds were held at Union Bank in multiple defendant-specific accounts.  With the exception of the Escrow Account designated for defendant Mosel Vitelic, all Escrow Accounts at Union Bank, N.A., have now been closed and the funds were transferred into accounts at Huntington National Bank, from which they were disbursed by Rust pursuant to the Court's Orders.  Rust has had final tax returns prepared for all of the closed Union Bank Escrow Accounts.  Mosel Vitelic continues to make quarterly payments into its designated

---

[14] *Id.* at ¶9.

[15] *Id.*

JOINT REPORT ON SETTLEMENT FUND DISTRIBUTION – CASE NO. M-02-1486-PJH

Escrow Account at Union Bank in fulfillment of its settlement obligations.[16]

### C. Rust's Costs of Claims Administration

Pursuant to the May 19, 2016 Distribution Order, the costs of claims administration invoiced by Rust is deducted from the Reserve Account.[17]  Since May 19, 2016, Rust has invoiced and been paid $1,047,121.66 for completed administration work, which includes $329,448 for up-front postage and printing costs and $717,673.66 for invoices through February 28, 2017.[18]  As of March 24, 2017, the balance in the Reserve Account is $283,987.[19]

### D. Cy Pres Distribution to Government Entities in Government Purchaser Settlement Classes

For the Government Purchaser Settlement Classes for the States of California, New Mexico, Ohio, and Pennsylvania, the Court approved a distribution process recommended by the Special Master for the state and local government entities of those States by which some or all of the funds directed to those States for these entities would be distributed *cy pres* for the indirect benefit of the Class.[20]  These Class States are in the process of selecting *cy pres* grant recipients (or in the case of the State of Ohio, re-selecting some *cy pres* grant recipients due to the passage of time).  These states anticipate that this process will be completed by the end of June-beginning of July 2017, after which an omnibus motion for all of the Class States' *cy pres* proposals will be submitted to the

---

[16] Mosel entered into a payment plan which requires it to make quarterly payments of $104,208.75 until April 2019, and to pay 50% of all moneys it is able to collect, up to $694,725, from a Hong Kong arbitral award it obtained against a Chinese manufacturer.  *See* Dkt. 2273 at 6.  To date, Mosel has paid $1,226,296.75, leaving approximately $1,552,604 to be paid in the future.

[17] Dkt. 2283 at ¶2 c.

[18] Roberts Decl. at ¶10.

[19] *Id.* at ¶11.

[20] See Report and Recommendation of Special Master, Part I (Dkt. 2132), filed Jan. 8, 2013, at 166-202; Order Granting Final Approval Of Settlements, Plans Of Distribution And Claims Protocols, Certifying Settlement Classes, Finally Adopting Special Master's Report And Recommendations, Parts I And II; Final Judgment Of Dismissal With Prejudice (Dkt. 2235).

Court in late August or September 2017.[21]

### E.  Attorneys Fees

The Court-awarded attorneys fees were segregated from the funds used to pay claimants at the time of the transfers from Union Bank to Huntington Bank.  Attorneys fees and costs have been disbursed to private counsel and the Attorneys General pursuant to the Court's orders, and incentive awards paid to the class representatives.

Dated: April 7, 2017                    COOPER & KIRKHAM, P.C.


By: _/s/  Josef D. Cooper_
        Josef D. Cooper

Josef D. Cooper (53015)
Tracy R. Kirkham (69913)
John D. Bogdanov (215830)
COOPER & KIRKHAM, P.C.
357 Tehama Street, Second Floor
San Francisco, CA 94103
Telephone:  (415) 788-3030
Facsimile:   (415) 882-7040
jdc@coopkirk.com

Timothy D. Battin
Christopher V. Le
STRAUS & BOIES, LLP
4041 University Drive
Fifth Floor
Fairfax, VA 22030
Telephone: (703) 764-8700
Facsimile: (703) 764-8704
tbattin@straus-boies.com

Daniel J. Mogin (95624)
THE MOGIN LAW FIRM, P.C.
707 Broadway
Suite 1000
San Diego, California 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dan@moginlaw.com

---

[21] Lead Counsel for the Class States, who is also Liaison Counsel for the multistate group, will be on a pre-planned trip for the entire month of July to teach in China.

Daniel E. Gustafson
Daniel C. Hedlund
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com

*Co-Lead Class Counsel for Indirect-Purchaser Plaintiffs*

Francis O. Scarpulla (41059)
LAW OFFICES OF FRANCIS O. SCARPULLA
456 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 788-7210
Facsimile: (415) 788-0706
fos@scarpullalaw.com

*Liaison Counsel, Indirect Purchaser Plaintiffs*

Terry Gross (103878)
GROSS BELSKY ALONSO LLP
One Sansome Street, Suite 3670
San Francisco, California 94104
Telephone:     (415) 544-0200
Facsimile:      (415) 544-0201
terry@gba-law.com

*Chair, Indirect Purchaser Plaintiffs' Executive Committee*

Dated: April 7, 2017

XAVIER BECERRA
Attorney General of California

By: */s/ Emilio E. Varanini*
         Emilio E. Varanini

Kathleen Foote
Emilio E. Varanini
Deputy Attorney General
Office of the Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-3664

*Attorneys for the State of California as Liaison Counsel on Behalf of All Attorneys General and Lead Counsel for the Government Purchaser Settlement Classes*

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that I have obtained concurrence in the service and filing of this document with electronic signatures from all counsel of the parties listed above.

Dated:   April 7, 2017                         */s/ Josef D. Cooper*
                                               Josef D. Cooper

JOINT REPORT ON SETTLEMENT FUND DISTRIBUTION – CASE NO. M-02-1486-PJH